**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RYAN PETERSON** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-00646** |
| | § | |
| | § | |
| **LOTTERY.COM, INC. d/b//a** | § | |
| **SPORTS.COM, INC. d/b/a** | § | |
| **AUTOLOTTO, INC.** | § | |
| | § | **JURY DEMANDED** |
| ***Defendant.*** | § | |

---

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

---

TO THE HONORABLE JUDGE ESKRIDGE:

Comes now Ryan Peterson, ("Plaintiff") files this Motion for Entry of Default Judgment pursuant to pursuant to Rule 55 of the Federal Rules of Civil Procedure for the repeated failure of Defendant to participate at all in this matter, despite being served with this lawsuit on June 26, 2023. Thus, Plaintiff will show the Court as follows:

## I. BACKGROUND FACTS

The Defendant in this case has defaulted. Therefore, Plaintiff request that this Court grant the judgment prayed for in their Original Complaint. As stated in the Original Complaint, Plaintiff prays for the following relief:

a) All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to back

pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

b) A Declaratory Judgment from the AAA declaring that Plaintiff is the sole owner of the Domain Names <lottery.com> and <sports.com>;

c) Past, present, and future physical pain and mental suffering;

d) Compensatory damages, including, but not limited to, emotional distress;

e) Liquidated Damages;

f) Punitive damages in an amount above the minimum jurisdictional limits of the Court;

g) Reasonable attorneys' fees as allowed by law (with conditional awards in the event of appeal);

h) Pre-judgment interest at the highest rate permitted by law;

i) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

j) Costs of Court; and

Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by proper amendment thereto.

## II. EVIDENCE SUBMITTED

In Support of the foregoing Motion, Plaintiff respectfully shows the Court as follows:

1. Plaintiff filed its Original Complaint and filed a Rule 11 Agreement with Defendant's counsel, Ali Amar on June 26, 2023. After the time expired in the Rule

11 Agreement; Defendant failed to appear and file an answer. (See attached copy of Original Complaint and Request to Waive Service **EXHIBIT A**);

2. Defendant's failure to answer Plaintiffs' Original Complaint in a timely fashion and failure to make any efforts to contact Plaintiffs' counsel or the Court, prompts The Court's to Consider whether this case was ripe for a Default Judgement.

3. Defendant is neither an infant nor incompetent and has the capacity to sue or be sued.

4. As [t]he court … in *Gold & Silver Buyers, Inc.*, [Defendant]'s failure to answer or otherwise appear, within the time required by the Federal Rules, places it in default, and after reviewing the well-pleaded facts alleged in the complaint, entry default judgment is warranted. *McNiel v. Gold & Silver Buyers, Inc.*, CIVIL ACTION H-13-3206, at *3 (S.D. Tex. Sep. 16, 2014). By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact . . . and is barred from contesting on appeal the facts thus established." *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The court, therefore, [found Defendant] liable for unpaid overtime wages as requested in the plaintiff's motion for default judgment. *Id.* The court also [found Defendant] liable for an equal amount of liquidated damages for its willful conduct, as established by the facts alleged in the complaint. *Id.*

*5.* Here, similar to *Gold & Silver Buyers, Inc.* Case, the Defendant, failed to answer or otherwise appear within the time required by the Federal Rules of Civil Procedure and the Rule 11 agreement in place, which makes Defendant in default. *See id.* Therefore, Defendant has admitted the well-pleaded allegations of fact and

is barred from contesting, *See id.* Accordingly, Plaintiff motions this Court to render a default judgment against Defendant, Lottery.com.

## III. <u>STANDARD FOR ENTRY OF DEFAULT</u>

The Federal Rules of Civil Procedure provide that the clerk "shall" enter a default when a party "has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." FED. R. CIV. P. 55(a). The Fifth Circuit has explained the distinction between a default, entry of default, and a default judgment under Rule *55:*

> A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.

*New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original). As set forth in detail below, entry of default against the non-answering Defendant, Lottery.com, is warranted because they have failed to answer Plaintiff's Complaint in accordance to the Rule 11 agreement.

## IV. <u>ARGUMENT AND AUTHORITIES</u>

Rule 55 of the Federal Rules of Civil Procedure allows entry of a default when a party against whom a judgment for affirmative relief is sought has failed to "plead or otherwise defend as provided by the federal rules." FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). In the instant case, the clerk should enter a default against Lottery.com because they have not -and did not- file an Answer or other responsive pleading to Plaintiff's Complaint. Indeed, to this date, Defendant

Lottery.com has not filed an Answer or otherwise shown they will defend against Plaintiff's claims.

Entry of default judgment is warranted after consideration of the Fifth Circuit's discretionary factors.

First, there can be no material issues of fact because "[o]nce a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages." *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725, at *2 (E.D. Tex. Nov. 26, 2013).

Second, Plaintiffs have suffered, and will continue to suffer, substantial prejudice as Lottery.com's inaction has "threaten[ed] to bring the adversary process to a halt, effectively prejudicing plaintiff's interest." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *2 (E.D. Tex. June 15, 2017). Even if there were some potential prejudices to Lottery.com, it would be offset by Lottery.com's own intentional failure to participate in these proceedings to defend itself.

Finally, there is no evidence that the default was caused by a good faith mistake or excusable neglect by Lottery.com. Defendant was served, counsel conferred during the time period allotted, but after the time expired Defendant failed to Answer the Complaint in this matter.

Plaintiff satisfies the procedural requirements for obtaining an entry of default from the clerk. Moreover, Defendant, Lottery.com, are not infants, incompetent, or currently in the military. *See* FED. R. CIV. P. 55(b). Thus, because Defendant Lottery.com's time for answering Plaintiff's Original Complaint has expired, the Court should grant Plaintiff's Motion for Entry of Default.

## V. CONCLUSION

For these reasons. Plaintiff asks the Court to grant this Motion for Entry of Default against Defendant, Lottery.com, and grant all relief sought and to which Plaintiff is justly entitled.

Respectfully Submitted,

**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Federal I.D. No. 713316
**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
Federal Bar No.: 3479748
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Main: (713) 742-0900
Fax: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
Email: filings@kennardlaw.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that on this 8th day of September 2023, a true and correct copy of this Motion for Default Judgment was filed with the Court using the Court's CM/ ECF system and served on Defendant through email to counsel of record Amar Ali (amar.ali@lottery.com; amarali1978@gmail.com).

**Amar Ali, Esq.**
Texas Bar No.: 24042295
5656 N. Central Expy., #401
Dallas, Texas 75206
(214) 682-6835
Email: amar.ali@lottery.com
Email: amarali1978@gmail.com
ATTORNEY FOR DEFENDANT

Alfonso Kennard, Jr.