IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN PETERSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-646-RP |
| | § | |
| LOTTERY.COM, INC., *d/b/a* SPORTS.COM, INC., *d/b/a* AUTOLOTTO, INC., | § | |
| | § | |
| Defendant. | § | |

**<u>Notice of Appearance, Request for Notice, and Request for Jury Trial</u>**

1. Defendant Lottery.com, Inc. ("Defendant") appears in this action. Service of all pleadings, papers, and documents required to be served in this action should be served on the undersigned. *See* FED. R. CIV. P. 5(b)(1).

2. Because Defendant has appeared, Defendant must be served with written notice of any application to the court for a default judgment, at least 7 days before the hearing. *See* FED. R. CIV. P. 55(b)(2).

3. Defendant intends to promptly move this Court to set aside the entry of default (Dkt. 11), for good cause, pursuant to FED. R. CIV. P. 55(c). Should the Court refuse to set aside the entry of default, Defendant requests that the Court exercise its discretion and allow remaining matters to be decided by a jury.[1] Plaintiff has also requested a jury. *See Plaintiff's Original Complaint* (Dkt. 1), at p. 1. Remaining matters include Plaintiff failing to establish

[1] *See Freeman v. Giuliani*, 2023 U.S. Dist. LEXIS 216074, at * (D.D.C. December 3, 2023) (Identifying authority that there is "no absolute right, under the Seventh Amendment or by statute, to a jury trial on damages after entry of default on liability… but that th[e] Court retains discretion to 'order a jury trial as to damages…'").

Defendant's liability by well-pleaded Complaint,[2] and determining any damages[3] Alternatively, Defendant requests an evidentiary hearing before the Court on the determination of damages.

Local Court Rule CV-10(b) Required Information:

Signature: Andrew R. Korn
ANDREW R. KORN
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Lottery.com

**Certificate of Service**

I hereby certify that I served the document on Defendants' counsel via the court's electronic filing system on December 21, 2023.

By: Andrew R. Korn
ANDREW R. KORN

---

[2] A defendant, by his default, admits only the plaintiff's well-pleaded allegations of fact. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In this Case, Plaintiff's causes of action are based on "a written employment contract [Exhibit A]," yet *Plaintiff's Original Complaint* (Dkt. 1) fails to attach an Exhibit A.

[3] *See Finkel v. Romanowicz*, 577 F.3d 79, 83 n. 6 (2d Cir.2009) ("Although a court accepts as true all well pleaded allegations against a defaulting defendant for purposes of determining liability, a default is not an admission of damages, which must be established in a separate evidentiary proceeding. Even where a party has defaulted, it may still contest the amount of damages awarded to a plaintiff."); *Holloway v. Auto. Promotion Consultants, LLC*, 2021 U.S. Dist. LEXIS 84920, at *9 (W.D. Tex. May 3, 2021):

> With regard to liability, the entry of default by the Clerk of the Court causes all well-pleaded allegations of fact related to liability to be deemed admitted. *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524-25 (5th Cir. 2010). Although the Court must accept these allegations as true, the default alone does not warrant entry of default judgment; rather, the Court retains the burden of ascertaining whether the well-pleaded facts state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"; rather, "[t]here must be a sufficient basis in the pleadings for the judgment to be entered").

*White v. Hayden*, 2020 U.S. Dist. LEXIS 175312, at *8 (E.D. Tex. September 24, 2020) ("the Fifth Circuit has held that conclusory allegations, unwarranted deductions, and legal conclusions are not 'well-pleaded facts' for purposes of evaluating a complaint.").