**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RYAN PETERSON** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-00646-RP** |
| | § | |
| | § | |
| **LOTTERY.COM, INC. d/b//a** | § | |
| **SPORTS.COM, INC. d/b/a** | § | |
| **AUTOLOTTO, INC.** | § | |
| | § | **JURY DEMANDED** |
| ***Defendant.*** | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Ryan Peterson ("Plaintiff") complaining of and about Lottery.com, Inc. d/b/a Sports.com, Inc. d/b/a AutoLotto, Inc. ("Defendant" or "Lottery"), by and through the undersigned counsel, and files this, his First Amended Complaint, which incorporates by reference Plaintiff's Original Complaint [Dkt. 1]; additionally adding a federal claim under the Fair Labor Standards Act ("FLSA") and states the following:

## I. PARTIES

1. Plaintiff RYAN PETERSON is an individual residing in the State of Pennsylvania.

2. Defendant LOTTERY.COM, INC. d/b/a SPORTS.COM is incorporated under the laws of Delaware with principal executive offices located in Spicewood, Texas. Lottery's shares and warrants began trading on the NASDAQ under the symbols "LTRY" and "LTRYW," respectively. At all times pertinent to this case, Plaintiff is employed by Defendant. Defendant Lottery may be

served by and through its registered agent, Sohail Quraeshi, at 20808 State Hwy 71, Unit B, Spicewood, TX 78669.

## II. JURISDICTION AND VENUE

3. This case is brought under 29 U.S.C. § 206(a) based on Defendant's failure to pay minimum wages. Lottery.com's practices violate the provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. As a result of these unlawful practices, Plaintiff suffered a loss of wages.

4. Venue is proper in this judicial district since all Defendant's unlawful practices alleged herein, and/or the adverse effects from these unlawful practices negatively affecting Plaintiff, were committed and/or occurred in Spicewood, Texas, located in this judicial district pursuant to 28 USC § 1391.

## III. NATURE OF THE ACTION

5. This is an action brought pursuant to 29 U.S.C. § 201 et seq. for violations of the Fair Labor Standards Act, common law breach of contract, fraud, misrepresentation, breach of the covenant of good faith and fair dealing, and violation of federal and state wage laws to correct and recover for Defendant Lottery's unlawful employment practices by failing to compensate Plaintiff for the wages he earned and continued to earn. Defendant's actions violate minimum wage laws and requirements that employees are paid on "regular pay days." Moreover, Defendant's failure to pay consideration is a breach of the employment contract entered by Plaintiff and Defendant, which has caused Plaintiff to suffer damages. Lastly, Plaintiff seeks declaratory relief over the use of the domain names <lottery.com> and <sports.com>.

## IV. FACTS

6. Plaintiff's official Employment Start Date was March 30, 2020, when he was offered and accepted the position of Vice President of Research & Development, which included an annual salary of $200,000.00 paid bi-weekly.

7. Plaintiff was hired to develop and manage internal IT and develop software solutions for Lottery.com's day-to-day operations in the US. In addition, Plaintiff was asked to recruit for various positions and establish compliance and operational staff for operations as well as lead the development of Lottery.com's core products for doing business.

8. On February 14, 2022, Plaintiff was promoted to Executive Vice President, Technology and his salary increased annually to $350,000.

9. Plaintiff received regular pay roll from February 14, 2022 to July 8, 2022, and his last date of full payroll was July 8, 2022. Since that date Plaintiff continued to be employed by Defendant and continued to complete work for Defendant.

10. On July 29, 2022, Defendant made a furlough announcement for "certain employees." Other employees, including Plaintiff, were asked to work during furlough while receiving NO compensation to date: (1) Greg Potts; (2) Brandon Marsh; (3) Trevor Selle; and (4) Carl Wells.

11. To date, Defendant has made several representations that Plaintiff would be fully compensated for the work performed, bonus earned, and reimbursements. As of this filing, Plaintiff has not received any compensation since July 8, 2022.

12. Plaintiff has continued to complete work for Defendant as a salaried employee but without any income for over a year. During this time, Plaintiff continued to keep the company operational

and would receive and complete work but was never compensated. At all times, Plaintiff engaged in interstate commerce when he performed his job.

13. For the following pay periods Defendant has failed to compensate Plaintiff, a salaried employee based on the terms of his employment contract:

a.

| | Pay Date | Gross Salary |
|---|---|---|
| i. | 7/22/2022 | $13,461.54 |
| ii. | 8/5/2022 | $13,461.54 |
| iii. | 8/19/2022 | $13,461.54 |
| iv. | 9/2/2022 | $13,461.54 |
| v. | 9/16/2022 | $13,461.54 |
| vi. | 9/30/2022 | $13,461.54 |
| vii. | 10/14/2022 | $13,461.54 |
| viii. | 10/28/2022 | $13,461.54 |
| ix. | 11/11/2022 | $13,461.54 |
| x. | 11/25/2022 | $13,461.54 |
| xi. | 12/9/2022 | $13,461.54 |
| xii. | 12/23/2022 | $13,461.54 |
| xiii. | 1/6/2023 | $13,461.54 |
| xiv. | Annual Bonus | $70,000.00 |
| xv. | 1/20/2023 | $13,461.54 |
| xvi. | 2/3/2023 | $13,461.54 |
| xvii. | 2/17/2023 | $13,461.54 |
| xviii. | 3/3/2023 | $13,461.54 |
| xix. | 3/17/2023 | $13,461.54 |
| xx. | 3/31/2023 | $13,461.54 |
| xxi. | 4/14/2023 | $13,461.54 |
| xxii. | 4/28/2023 | $13,461.54 |
| xxiii. | 5/12/2023 | $13,461.54 |
| xxiv. | 5/26/2023 | $13,461.54 |
| xxv. | 6/9/2023 | $13,461.54 |
| xxvi. | 6/23/2023 | $13,461.54 |
| xxvii. | 7/7/2023 | $13,461.54 |
| xxviii. | 7/21/2023 | $13,461.54 |
| xxix. | 8/4/2023 | $13,461.54 |
| xxx. | 8/18/2023 | $13,461.54 |
| xxxi. | 9/1/2023 | $13,461.54 |
| xxxii. | 9/15/2023 | $13,461.54 |
| xxxiii. | 9/29/2023 | $13,461.54 |
| xxxiv. | 10/13/2023 | $13,461.54 |

| | | |
|---|---|---|
| xxxv. | 10/27/2023 | $13,461.54 |
| xxxvi. | 11/10/2023 | $13,461.54 |
| xxxvii. | 11/24/2023 | $13,461.54 |
| xxxviii. | 12/8/2023 | $13,461.54 |
| xxxix. | 12/22/2023 | $13,461.54 |

14. Plaintiff is also owed reimbursements for company expenses he personally paid to keep the company operating. Plaintiff continued to complete work and was not compensated for any of the above pay periods.

15. Plaintiff purchased employee stock options of 6000 shared at the exercise price of $2.01, equaling a total of $12,060 based on companies transition to a public entity. These stocks were then granted as Restricted Stock Units (RSU) until April 27th, 2022 at which the shares became available. Due to the limitations of Lottery.com's Insider Trading Policy, Mr. Peterson was put into a position where his role as the head of IT and Cyber Security overseeing his direct report of VP of IT was unable to execute any sale of options due to ongoing internal company issues that would be a violation of this policy. These issues persisted until the Legal Department ceased operating and continue to date. The positions required for approval of these transactions no longer exist in the company and therefore there is no option to exit without being in breach of company policy or obtaining proper approvals due to no acting CLO or compliance officer.

16. Plaintiff has financially maintained the registration of the domain <lottery.com> and <sports.com> (including annual renewal fees) continuously since January 11, 2022. Plaintiff has personally paid the annual renewal fees without any reimbursement to be used by Defendant in a wide variety of business pursuits.

## V. CAUSES OF ACTION

### 1. VIOLATION OF THE FAIR LABOR STANDARDS ACT – 29 U.S.C. § 206 (A)

17. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

18. FLSA guarantees certain minimum wages for employees. 29 U.S.C. § 206(a).

19. Plaintiff is not an exempt employee under the FLSA because he was compensated less than $684 per week, (no administrative or executive exemption applies). Specifically, Plaintiff received no compensation during the above-mentioned time period and continues to not receive compensation for his work performed.

20. For purposes of the FLSA, the employment practices of Defendant were and are uniform in all respects material to the claims asserted in this Complaint.

21. Plaintiff is covered by the Fair Labor Standards Act (FLSA) on an individual basis because he engaged in interstate or foreign commerce on the job. Interstate commerce means any work involving or related to the movement of persons or things (including intangibles, such as information) across state lines or from foreign countries (i.e. the sale of lottery tickets across the country). Plaintiff's work is so directly and vitally related to the sale of lottery tickets in the U.S. and in foreign countries and is not an isolated purely local activity.

22. As a result of Defendant's failure to pay full regular pay, Plaintiff was damaged in an amount to be proved at trial, including but not limited to backpay, front-pay, reimbursements, compensatory, and exemplary damages.

23. Defendant's violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a).

24. Therefore, Plaintiff respectfully demand that he be paid full regular pay compensation as required by the FLSA for every hour worked in any workweek for which he was not compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

**2. <u>BREACH OF CONTRACT</u>**

25. On March 30, 2020, Plaintiff and Defendant entered into a written employment contract whereby Plaintiff was employed to perform services as Vice President of Research and Development for Lottery.com. The offer letter stated the essential terms of the employment relationship between Plaintiff and Defendant. The offer letter was eventually amended by Plaintiff's February 2022 promotion to Executive Vice President, Technology.

26. The contract was supported by mutual consideration.

27. The contract incorporated the laws of Texas.

28. Defendant Lottery breached the contract by:

a. Failing to pay Plaintiff his bi-weekly salary of $ $13,461.54 (being $350,000 annualized) – from 7/22/2022 to present;
b. Failing to pay Plaintiff his 25% annual bonus
c. Failing to reimburse Plaintiff for company expenses; and
d. Making false misrepresentations that Plaintiff would be compensated.

29. Plaintiff fully performed his obligations under the contract, however, Defendant continues to willfully breach the agreement by failing to compensate Plaintiff on a regular bi-weekly basis. Plaintiff fully performed his obligations to be awarded his annual bonus, yet Defendant has not compensated Plaintiff since July 7, 2022.

30. As a direct and proximate result of Defendant Lottery's breach, Plaintiff incurred direct damages including but not limited to, the loss of salary and lost employment benefits due him under the contract, together with reasonable attorney fees and interest as allowed by law.

## 3. COMMON LAW FRAUD AND FRAUD IN THE INDUCEMENT

31. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

32. Plaintiff would not have entered into the contract but for the reasonable expectations from representations exhibited in the terms of the contract that he would not be compensated for his work for over ten months. In addition representatives for Defendant represented and assured Plaintiff that they would honor all contract terms and fully compensate Plaintiff. Defendant knew or should have known these representations were false or made recklessly.

33. These representations and/or omissions were material and were made or omitted with the intent that Plaintiff rely upon them. Defendant Lottery had an obligation to fully disclose information to Plaintiff but failed to do so. Plaintiff relied upon such representations and/or omissions to his detriment and has suffered damages in excess of the minimum jurisdictional limits for which he now sues.

34. Defendant made a material misrepresentation that Plaintiff would be fully compensated for all the pay periods missed. Defendant Lottery knew the representation was false or made the representation recklessly without any knowledge of its truth because Defendant continued to NOT compensate Plaintiff after these representations were made. Defendant made the representations with the intent that the Plaintiff would act on that representation or intended to induce the Plaintiff's reliance on the representation so that Plaintiff would not bring claims against it. Causing Plaintiff to suffer an injury by actively and justifiably relying on that representation so that he suffered damages including but not limited to the loss of contracted salary, future salary, lost employee benefits, diminished earnings capacity, lost career and business opportunities, litigation

expenses, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages.

**4. COMMON LAW MISREPRESENTATION**

35. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

36. Defendant Lottery represented to Plaintiff that (1) he would be fully compensated for the unpaid wages from July 22, 2022 to present; (2) that Defendant would honor all contract terms including reimbursing Plaintiff for moving and closing costs; (3) that Defendant would compensate Plaintiff for his annual bonus earned in 2022. Defendant's statements were made negligently without due care. Plaintiff has suffered actual damages for which he now sues.

37. Defendant made representations to Plaintiff that he would be fully compensated. Defendant, in bad faith, failed to exercise reasonable care or competence in obtaining or communicating the misinformation, given that Plaintiff was never given a direct response to when he would be fully compensated. Plaintiff justifiably relied on Defendant's material statements that he would eventually be fully compensated, therefore, Defendant negligently misrepresented that Plaintiff would be compensated, which proximately caused Plaintiff's injury including but not limited to the loss of contracted salary, future salary, lost employee benefits, diminished earnings capacity, lost career and business opportunities, litigation expenses, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages.

**5. BREACH OF THE COVENANT OF GOOD-FAITH AND FAIR DEALING**

38. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

39. Under Delaware law, implied in every contract is an obligation to engage in good faith and deal fairly with the other party to the agreement.

40. Despite the specific provisions of the employment agreement requiring a bi-weekly salary, Defendant improperly and without justification failed to compensate Plaintiff for over ten months (July 22, 2022 to present), which ultimately is a direct breach of the employment agreement.

41. Defendant's conduct was a breach of the covenant of good faith and fair dealing implied in every contract, as a result of which, Plaintiff has been damaged in an amount to be proven at trial. Plaintiff seeks judgment against Defendant for damages, lost profits, costs, expenses, attorney fees, and any other remedy the Court deems just and appropriate.

**6. QUANTUM MERUIT/UNJUST ENRICHMENT**

42. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

43. In the alternative, if for any reason Plaintiff's employment contract is not enforceable then Defendant is liable to Plaintiff for unjust enrichment. Plaintiff continues to render valuable sales services to Defendant by participating in management of Defendant's business, the benefits of which were accepted by Defendant. Plaintiff rendered management services with an understanding and expectation that Plaintiff would be compensated for his services as agreed. Defendant has accepted and continues to retain the benefits of Plaintiff's efforts by receiving and retaining

substantial revenues. In the alternative to Plaintiff's breach of contract allegations, Plaintiff is entitled to recover the reasonable value of his management services rendered to Defendant.

44. The elements of an action for quantum meruit are: (a) the Plaintiff provided valuable services or materials; (b) the services or materials were provided for the Defendant; (c) the Defendant accepted the services or materials; and (d) the Defendant had reasonable notice that the plaintiff expected compensation for the services or materials.

45. Plaintiff was not properly compensated for his work at the applicable salary that he contracted to earn. Such services to the Company provided by Plaintiff, at the request of and on behalf of Defendant, have a reasonable fair market value in excess of the minimum jurisdictional limits of this Court, for all of which Plaintiff hereby sues.

46. Plaintiff now seeks damages in the amount of all respective unpaid wages, bonuses, and reimbursements, plus liquidated damages. Plaintiff seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant.

### 7. TORTIOUS INTERFERENCE WITH CONTRACT

47. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

48. The elements of a claim for tortious interference with contract are "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiffs injury, and (4) caused actual damages or loss."

49. Plaintiff's employment agreement with Defendant was tortuously interfered with by Defendant by and through its representatives by continuing to make false misrepresentations about Plaintiff's bi-weekly salary.

50. Defendant has tortiously interfered with the employment agreement, in bad faith, based on the following:

a. The employment agreement was the contract subject to interference;

b. Defendant continues to make willful and intentional acts by failing to compensate Plaintiff. Defendant continues misrepresenting and fabricating that Plaintiff would be and will be fully compensated for his work, bonuses, reimbursements from (July 2022 to present); and

c. Defendant's willful and intentional acts in bad faith proximately caused Plaintiff damages when he including: the loss of contracted salary, future salary, lost employee benefits, diminished earnings capacity, lost career and business opportunities, litigation expenses, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages.

51. Defendant acted willfully and intentionally to serve its own personal interests at Plaintiff's expense, given that Plaintiff continues to receive the 'run-around' since July 2022, completely disregarding the employment agreement.

**8. <u>DECLARATORY JUDGMENT – DOMAIN NAME OWNERSHIP</u>**

52. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

53. From January 11, 2022 through the present, Plaintiff has continuously maintained and paid the renewal fees (without reimbursement) for the Domain Names <lottery.com> and <sports.com> for the purpose of keeping Defendant's business afloat.

54. Plaintiff contends that by virtue of the joint development and his renewal payments of the Domain Names <lottery.com> and <sports.com> and his rendering of services under the Domain Names, and the shared quality control exercised with respect to the services offered under the Domain Name since 2022, Plaintiff is the sole owner, or at minimum he is an equal co-

owner of all right, title and interest in and to the Domain Names <lottery.com> and <sports.com> and goodwill appurtenant thereto.

55. Plaintiff contends that Defendant has no ownership rights in or to the Domain Names <lottery.com> and <sports.com> and that Plaintiff is the sole and exclusive owner thereof.

56. Plaintiff seeks an order from the Court declaring that Plaintiff is the sole owner, or at minimum is an equal co-owner of the Domain Names <lottery.com> and <sports.com> and is entitled to (100%) interest, or at minimum an undivided one-half (50%) interest of all right, title and interest in and to the Domain Names <lottery.com> and <sports.com> and goodwill appurtenant thereto.

57. An actual controversy has arisen and exists between Specialists and Surgery within the meaning of 28 U.S.C. § 2201.

58. Since making the renewal payments for the Registration, Plaintiff has tried to resolve this matter with Defendant by asking Defendant to either (1) memorialize in writing his sole ownership of the Domain Names or (2) reimburse Plaintiff for the expenses related to the renewal of the Domain Names. Plaintiff's numerous attempts to resolve this matter amicably have been greeted with delay and silence.

59. Defendant's false assertion of sole ownership and exclusive rights in and to the Domain Names is adverse to Plaintiff's rights as the sole owner, or at minimum equal co-owner of the Domain Names <lottery.com> and <sports.com>.

## VI. PRAYER

60. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final hearing, Plaintiff have judgment against Defendant for:

a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

b. A Declaratory Judgment from the AAA declaring that Plaintiff is the sole owner of the Domain Names <lottery.com> and <sports.com>;

c. Past, present, and future physical pain and mental suffering;

d. Compensatory damages, including, but not limited to, emotional distress;

e. Liquidated Damages;

f. Punitive damages in an amount above the minimum jurisdictional limits of the Court;

g. Reasonable attorneys' fees as allowed by law (with conditional awards in the event of appeal);

h. Pre-judgment interest at the highest rate permitted by law;

i. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

j. Costs of Court; and

k. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by proper amendment thereto.

Respectfully submitted,

Kennard Law P.C.

**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
W.D. Admission (Bar. No. pending)
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Kennard Law, P.C.
5120 Woodway Dr. Suite 10010
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Email: filings@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
Email: alfonso.kennard@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**