# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN PETERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-646-RP |
| | § | |
| LOTTERY.COM, INC., | § | |
| | § | |
| Defendant. | § | |

**DECLARATION OF AMAR B. ALI, ESQ.**
**PURSUANT TO 28 U.S.C. § 1746**

I am:

- Amar B. Ali;
- more than 18 years of age;
- of sound mind;
- clearly remembering the subject matter of my statements in this Declaration;
- competent to make this Declaration and to testify to the matters stated herein.

I declare, certify, verify, and state under the penalty of perjury under the laws of the State of Texas and pursuant to 28 U.S.C. § 1746, related to unsworn declarations, that the statements contained herein are true and correct and within my personal knowledge acquired through my:

- status as an attorney licensed to practice law in the State of Texas;
- role as an attorney for Lottery.com;

- personal participation, observation, interactions; or
- review of documents in this Case, my personal documents, the documents of Lotttery.com, or public records.

1. Lottery.com, Inc. ("Lottery.com") is a publicly traded company listed on the Nasdaq Stock Market's global exchange and trades under the symbol "LTRY." Lottery.com is a leading technology company that is transforming how, where and when lottery is played.

2. Based on my knowledge of the history of employees at Lottery.com and my observation as Outside General Counsel for Lottery.com, Plaintiff Peterson was an at-will employee of Lottery.com[1] whose compensation included a discretionary annual bonus which had to be recommended by the Compensation Committee of Lottery.com and approved by the Board of Directors.

3. Peterson was furloughed in July, 2022. The only evidence of a written employment offer that I have personal knowledge of is one that dates to 2016 where the stated compensation is far less than that alleged by Plaintiff Peterson in his Original Complaint and Amended Complaint. Furthermore, there are no Lottery.com board minutes or other records obligating Lottery.com, or properly delegating authority to anyone at Lottery.com to agree to the contract terms alleged by Plaintiff Peterson in his Original Complaint and Amended Complaint.

[1] Plaintiff Peterson remains a shareholder of Lottery.com.

4. I first contacted Mr. Eddie Hodges at The Kennard Firm in late June 2023 after learning about this lawsuit to inform him that I was acting as outside general counsel for Lottery.com. During our initial conversation(s), I made it clear to Mr. Hodges that Lottery.com had no intention of turning this case into a contentious and adversarial matter. Instead, Lottery.com wanted to focus on amicably resolving the matter out of court. When Plaintiff Peterson initiated this lawsuit, Lottery.com and Plaintiff Peterson were not adversaries. In fact, the parties continued to communicate in a professional capacity and Lottery.com's management team had regular and frequent conversations with Plaintiff Peterson. Plaintiff Peterson continued to remain in contact with Lottery.com and its management team. As such, I indicated to Mr. Hodges that we wished to proceed with having earnest compromise discussions with Plaintiff Peterson, by and through counsel to reach a settlement. Mr. Hodges seemed receptive to this approach and the parties initiated a process for settlement negotiations. Unfortunately, Mr. Hodges started the process by making an excessive written demand for money ($1,400,000.00, including demand for attorney's fees of $490,000.00). *See* Exhibit A attached hereto, a true and correct copy of the demand I received from Mr. Hodges.

5. From late June to mid July 2023, Mr. Hodges and I exchanged several text messages, emails and had several phone conversations wherein I continuously emphasized Lottery.com's desire to avoid conflict and our aim to settle the matter through Mr. Hodges. Mr. Hodges continued to represent that his client and his Law Firm were receptive to this approach and the parties commenced general discussions related to

settling the matter. *See* Exhibit B attached hereto, true and correct copies of e-mails and text messages between Mr. Hodges and me.

6. In furtherance of the settlement negotiations and because the parties agreed that there was a question about whether or not Lottery.com had been formally served in this matter, on July 10, 2023, as counsel for Lottery.com, I sent an email to Mr. Hodges and provided an executed copy of the Rule 11 Agreement dated June 26, 2023 that waived service of summons and extended the deadline to answer until July 27, 2023. *See* Exhibit C (true and correct copies of the e-mail I sent to Mr. Hodges) and *Rule 11 Agreement - Waiver of The Service of Summons* (Dkt. 6) Mr. Hodges never provided me with a copy of the complaint, much less two copies. The understanding between Mr. Hodges and me was that the parties would essentially stay the proceedings so that we could both focus on resolving the differences between our clients and reach an amicable settlement, ultimately causing the case to be dismissed.

7. Mr. Hodges and I remained in regular communication by exchanging phone calls, emails and text messages to discuss any movement on our settlement talks and to continue to bridge the gap between the most recent settlement terms exchanged in our last communication. *See* Exhibit B.

8. On July 20, 2023, Lottery.com appointed Matthew McGahan as its new Chief Executive Officer. Though Mr. McGahan in his role of Chairman of the Board for Lottery.com was aware of this lawsuit, in his new appointed role as CEO, it was anticipated that Mr. McGahan would be more involved in the settlement discussions,

especially since Plaintiff Peterson was continually communicating with Lottery.com in matters related to information technology. On July 21, 2023, I informed Mr. Hodges by text message about the change in management and the Board at Lottery.com and thereafter advised him by telephone that I would need some additional time to get the new management team up to speed on this matter and the other disputes that Mr. Hodges' law firm was handling against Lottery.com.

9. After updating Mr. McGahan (Lottery.com's new CEO) about this matter, I called Mr. Hodges to reassure him that Lottery.com remained steadfast in its good faith approach to settle this case out of court and that the new management team at Lottery.com fully supported a settlement in this matter without going through a costly, adversarial, and long-drawn-out legal proceeding. Mr. Hodges sounded pleased to know that the change in management did not change the parties' desire to amicably resolve the matter out of court.

10. Through the end of July, 2023, Mr. Hodges and I continued our settlement discussions including receiving, reviewing and discussing formal settlement terms proposed by Mr. Hodges on behalf of Plaintiff Peterson. *See* Exhibit B. Although I told Mr. Hodges that the claims and damages asserted by Plaintiff Peterson in this Case were without merit, I would continue to work with him towards a settlement. We both agreed that there was a settlement to be reached in this Case and continued our genuine settlement discussions. We continued our settlement discussions despite the formal deadline to answer as agreed in the original Rule 11 Agreement having passed. We did so

on the basis that we would continue to extend the deadline to answer and stay the proceedings so that the parties could focus on reaching a settlement.

11. With the hope of bridging the settlement gap further, I believed it might be a good idea to bring the parties together by hosting an informal mediation (without a mediator). Accordingly, I requested a Zoom call with Mr. Hodges and Plaintiff Peterson and informed Mr. Hodges that I would make Lottery.com's CEO Mr. McGahan available so that the parties could discuss their differences directly, but in the presence of counsel, with the expectation that such direct discussion could further move the settlement discussions in a positive direction.

12. On August 23, 2023, we held a lengthy Zoom conference wherein Mr. Hodges presented Plaintiff Peterson and his other clients (who have similar disputes with Lottery.com). The first part of the Zoom conference included all litigants and the second part focused only on Plaintiff Peterson's matter because Plaintiff Peterson's situation was unique in that he was a vital part of some of Lottery.com's developed technology and future plans. As such, Lottery.com wanted to prioritize the settlement discussions with Plaintiff Peterson before addressing Mr. Hodges' other clients. During the Zoom conference, the parties had an opportunity to exchange their views and discuss concerns with respect to the settlement terms. By the end of the meeting, my impression was that the parties were able to move the needle and thought a settlement was within reach. Accordingly, I specifically asked Mr. Hodges for additional time to extend the answer deadline and stay the proceeding because the time provided in the Rule 11 Agreement

had expired and no extensions had been formalized. Mr. Hodges indicated that he didn't see a problem with that, but first wanted to confer privately with his client Plaintiff Peterson before committing to extending the time to answer and stay the proceedings.

13. Later on August 23, 2023, Mr. Hodges sent me an email thanking me for setting up the call between the parties. He also informed me that "Ryan [Peterson] has agreed to enter into a new Rule 11 Agreement, but…will want to limit the timeframe to a reasonable time that this case can be resolved." *See* Exhibit D. I informed Mr. Hodges that we would use the additional time to get a counter-offer to him and that we could then go back and forth to close the gap, if needed.

14. I recently learned that Mr. Hodges filed a *Waiver of the Service of Summons* with the Court in this matter on August 30, 2023, that included a conformed s-signature for me as the attorney for Lottery.com. *See* Dkt 9, page 3. However, neither Mr. Hodges nor his co-counsel Alfonso Kennard, Jr. ever sought my consent for the use of my e-signature on the filing, nor did they provide me with a copy of the filing after-the-fact. I never authorized either of Plaintiff's counsel to use my s-signature on the *Waiver of the Service of Summons.*

15. On September 8, 2023, without any provocation or notice to me or Lottery.com, that settlement discussions were over, the Kennard Firm moved for an entry of clerk's default. *See* (Dkt. 10). The Clerk entered default on September 11, 2023. *See* (Dkt. 11). Mr. Hodges did not inform me directly of either event. Instead, I received an email from Mr. Steeven Placencio, a case manager at the Kennard Firm **after** the entry of the clerk's

default. *See* Exhibit E. The e-mail and the Kennard Firm's decision to move for a clerk's default came as a huge surprise to me. Mr. Hodges did not provide any notice of his intent to default Lottery.com. I made clear to Mr. Hodgers several times that Lottery.com had defenses and counterclaims and would litigate the Case if necessary. Instead of confirming my client's intent to defend this Case, Mr. Hodges chose to secretly move for and obtain entry of default before contacting me at all about the status of the Case.

16. Soon after receiving Mr. Placencio's email, I contacted Mr. Hodges by phone to express my deep dismay that his firm would move for a clerk's default without any prior notice and while we continued to have good faith settlement discussions without having reached an impasse on those settlement discussions. Mr. Hodges admitted that his law firm only sent the clerk's default to me after-the-fact, but that we did not need to address the entry of default because he would not be moving for default judgment until such time that we were at a settlement impasse.

17. Despite being ambushed by Mr. Hodges and the Kennard Firm on the clerk's entry of default, I withheld action in the Case to keep attention on settlement. Despite Mr. Hodges betrayal, I chose to move this Case in the direction of reaching an amicable solution. The surreptitious obtaining of the entry of default appeared to be a form of unfair tactics aimed at gaining leverage in the settlement talks. But I felt we could overlook this and achieve a full settlement with Plaintiff Peterson.

18. Thereafter, through mid-December 2023, the parties continued to negotiate a compromise of this Case. *See* Exhibit F attached hereto, true and correct copies of e-mails

and text messages between Plaintiff's counsel and me. In mid-December 2023, Plaintiff's counsel again secretly obtained entries of default in two cases against Lottery.com.[2] In each motion for entry of default Alonso Kennard, Jr. certified that he served me by e-mail on the day the motion was filed. I did not receive either motion at either of the e-mail addresses that Mr. Kennard certified he sent them to prior to the day the Clerk entered default based on the motion. I did not receive a copy of either motion for entry of default until after the Clerk entered default in each Case. *See* Exhibit G attached hereto, true and correct copies of the e-mail from Plaintiff's Counsel to me transmitting copies of the motions and entries of default in the Wells and Marsh cases.

19. Thereafter, Lottery.com engaged counsel who appeared and began seeking relief in this Case, the Wells Case, the Marsh Case, and the Yes Period Case.[3]

20. Since entering into the original Rule 11 Agreement with The Kennard Firm to extend the deadline to answer and avoid the cost and expense of litigation for the sole purpose of trying to settle the matter outside of court, Lottery.com made honest and earnest efforts through the Kennard firm to settle the matter in an efficient manner. I reasonably relied in good faith on the repeated representations made to me by Mr. Hodges

---

[2] Civil Action No. 1:23-CV-1081-RP; *Carl Wells v. Lottery.com*; In the United States District Court for the Western District of Texas, Austin Division ("Wells Case") (Dkt. 3) & (Dkt. 4); and
Civil Action No. 1:23-CV-880-RP; *Brandon Marsh v. Lottery.com*; In the United States District Court for the Western District of Texas, Austin Division ("Marsh Case") (Dkt.5) & (Dkt. 6)

[3] Civil Action No. 1:23-CV-616-RP; *Yes Period, LLC v. Lottery.com*; In the United States District Court for the Western District of Texas, Austin Division ("Yes Period Case").

that Lottery.com was not expected to defend Plaintiff's claims until one of the parties declared an impasse. I relied on the word of counsel for the Plaintiff because of the local rules and customs of the Bar. The parties continue to have settlement discussions and have not reached an impasse. Although now, Plaintiff Peterson communicates directly to Lottery.com because the unfair tactics and dishonesty of his attorneys have destroyed their credibility in any negotiation. As recently as January 9, 2024, and January 23, 2024, Plaintiff Peterson contacted Lottery.com directly regarding settlement and future employment as Lottery.com's Chief Technology Officer.

21. Well before filing this Lawsuit and throughout its pendency, Plaintiff Peterson made repeated statements, both oral and written that he does not own nor claim to have any ownership interest in the domain names <lottery.com> and <sports.com>. On November 17, 2023, Plaintiff Peterson also provided me with an email that included two screenshots evidencing that both domain names, <lottery.com> and <sports.com> were owned and registered to Lottery.com, Inc. *See* Exhibit G attached hereto, true and correct copies of communications from Plaintiff Peterson to me.

Signed in Dallas County, State of Texas, on January 24, 2024.

/s/ *Amar B. Ali*
Amar B. Ali, Declarant

Gmail **Exhibit 1-A** Amar Ali <amarali1978@gmail.com>

## RYAN PETERSON & YES PERIOD - RULE 11 - 408 DEMAND

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Mon, Jun 26, 2023 at 5:02 PM
To: "amar.ali@lottery.com" <amar.ali@lottery.com>, "amarali1978@gmail.com" <amarali1978@gmail.com>
Cc: Steeven Placencio <steeven.placencio@kennardlaw.com>

Good Afternoon:

I have attached a draft of the Rule 11 agreement that we will file in the federal court for both the Yes Period and Ryan Peterson lawsuits. The Rule 11 agreement covers the thirty-day grace period to stay the proceedings to attempt to come to a resolution. I have also attached Mr. Ryan Peterson's settlement demand and Yes Period's settlement demand. The demand has a deadline to respond back by June 30th in hope we can expedite these conversations.

Once I receive the Rule 11 agreement back I will get it on file. Please let me know if you would like to discuss Mr. Peterson's settlement demand any further, feel free to give me a call.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard ATTORNEYS AT LAW



Eddie R. Hodges Jr.
Associate Attorney
kennard

Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

**4 attachments**

**Yes Period Demand 6.26.23.pdf**
735K

**Peterson Demand 6.26.23.pdf**
516K

**Yes Period Original Rule 11.docx**
44K

**Peterson Original Rule 11.docx**
45K

Kennard
ATTORNEYS AT LAW

Eddie Hodges, Jr.
Associate Attorney
Direct: 346. 980.8204
eddie.hodges@kennardlaw.com

June 26, 2023

**Sent via Email:**
**AMAR ALI**
Outside Counsel for Lottery.com
amar.ali@lottery.com
Amarali1978@gmail.com

**CONFIDENTIAL COMMUNICATION PURSUANT TO RULE 408**

**RE: Ryan Peterson's Wage Claim and Breach of Contract Claims with Lottery.com – Cause No. 1:23-cv-00646 – U.S. District Court for the Western District of Texas.**

Dear Mr. Ali:

As you know, this firm has been retained by Mr. Ryan Peterson (hereinafter "Mr. Peterson") to represent him concerning his employment wage dispute and breach of contract claims against Lottery.com d/b/a Sports.com (hereinafter "Lottery"). Accordingly, please accept this demand letter as a good-faith effort to continue settlement dialogue.

After reviewing the circumstances surrounding his employment, it is our firm belief that Mr. Peterson would be successful in pursuing the breach of contract, quantum meruit, misrepresentation, fraud, tortious interference with contract, and Texas Wage Claims, as pled in the attached federal complaint.

Mr. Peterson has filed a lawsuit in federal court – the United States District Court for the Western District of Texas; cause no. 1:23-cv-00646. In good faith, Mr. Peterson has agreed to allow both sides thirty (30) days to reach an amicable agreement before continuing with the ongoing lawsuit in federal court.

Mr. Peterson is not litigious but will continue to protect his rights until Lottery.com makes him whole. It is our firm belief that Mr. Peterson would be successful in pursuing several legal avenues including: breach of contract or quantum meruit, misrepresentation, and violations of Texas Payday Act.

## I. **Brief Factual Summary**

Mr. Peterson's official Employment Start Date was March 30, 2020, when he was offered and accepted the position of Vice President of Research & Development, which included an annual salary of $200,000.00 paid bi-weekly.

Mr. Peterson was hired to develop and manage internal IT and develop software solutions for Lottery.com's day-to-day operations in the US. In addition, Mr. Peterson was asked to recruit for various positions and establish compliance and operational staff for operations as well as lead the development of Lottery.com's core products for doing business.

On February 14, 2022, Plaintiff was promoted to Executive Vice President, Technology and his salary increased annually to $350,000. Mr. Peterson received regular pay roll from February 14, 2022 to July 8, 2022, and his last date of full payroll was July 8, 2022. Since that date Mr. Peterson has continued to complete work for Lottery.com in his capacity as an employee and continues to complete work for Lottery.com.

To date, Lottery.com has made several representations that Mr. Peterson would be fully compensated for the work performed, bonus earned, and reimbursements. As of this letter, Mr. Peterson has not received any compensation since July 8, 2022.

Mr. Peterson purchased employee stock options of 6000 shared at the exercise price of $2.01, equaling a total of $12,060 based on companies transition to a public entity. These stocks were then granted as Restricted Stock Units (RSU) until April 27th, 2022 at which the shares became available. Due to the limitations of Lottery.com's Insider Trading Policy, Mr. Peterson was put into a position where his role as the head of IT and Cyber Security overseeing his direct report of VP of IT was unable to execute any sale of options due to ongoing internal company issues that would be a violation of this policy. These issues persisted until the Legal Department ceased operating and continue to date. The positions required for approval of these transactions no longer exist in the company and therefore there is no option to exit without being in breach of company policy or obtaining proper approvals due to no acting CLO or compliance officer.

Mr. Peterson has maintained the registration of the domain <lottery.com> and <sports.com> and (including annual renewal fees) continuously since January 11, 2022. Mr. Peterson has personally paid the annual renewal fees without any reimbursement to be used by Lottery.com in a wide variety of business pursuits.

HOUSTON/SAN ANTONIO/ AUSTIN/ EL PASO/RIO GRANDE VALLEY/ SOUTHERN CALIFORNIA/WASHINGTON D.C.
5120 Woodway Dr. Suite 10010, Houston, TX 77056
TEL: 713.742.0900 FAX: (832) 558-9412 TOLL-FREE: 855.KENNLAW
www.kennardlaw.com

To date, Lottery.com has made several representations that Mr. Peterson would be fully compensated for the work performed, bonus earned, and reimbursements. As of this filing, Mr. Peterson has not received full compensation since July 8, 2022.

| Pay Date | Gross Salary |
|---|---|
| 7/22/2022 | $13,461.54 |
| 8/5/2022 | $13,461.54 |
| 8/19/2022 | $13,461.54 |
| 9/2/2022 | $13,461.54 |
| 9/16/2022 | $13,461.54 |
| 9/30/2022 | $13,461.54 |
| 10/14/2022 | $13,461.54 |
| 10/28/2022 | $13,461.54 |
| 11/11/2022 | $13,461.54 |
| 11/25/2022 | $13,461.54 |
| 12/9/2022 | $13,461.54 |
| 12/23/2022 | $13,461.54 |
| 1/6/2023 | $13,461.54 |
| Annual Bonus | $87,500.00 |
| 1/20/2023 | $13,461.54 |
| 2/3/2023 | $13,461.54 |
| 2/17/2023 | $13,461.54 |
| 3/3/2023 | $13,461.54 |
| 3/17/2023 | $13,461.54 |
| 3/31/2023 | $13,461.54 |
| 4/14/2023 | $13,461.54 |
| 4/28/2023 | $13,461.54 |
| 5/12/2023 | $13,461.54 |
| 5/26/2023 | $13,461.54 |
| | $13,461.54 |
| | $13,461.54 |

**TOTAL: $424,038.50**

## II. Damages, Attorney's Fees, and Costs

Mr. Peterson is willing to negotiate the release of his claims, however, Lottery.com has to take into account that Mr. Peterson was forced to seek legal representation to protect his rights and has a contracted 35% contingency fee. Therefore, any resolution will have to consider the full amount of damages that are available in court or arbitration. Mr. Peterson issues the following demand (based on itemized damages of back pay, annual bonus, and legal fees):

| | |
|---|---|
| BACK PAY | $336,538.50 |
| ANNUAL BONUS | $87,500 |
| STOCK PURCHASE W/ LOCK-UP OF SHARED UNTIL POST FRAUD DISCOVERY (18000 shares @ 11.60 high) | $12,060.00 |
| REIMBURSEMENTS | $26,000 |
| LIQUIDATED DAMAGES / PENALTIES | $424,038.50+ |
| ATTORNEYS' FEES (35%)<br>(to recover under contingency fee) | $490,000.00 |
| **TOTAL DEMAND** | **$1,400,000.00** |

The demand of **$1,400,000.00** in exchange for a general release of claims and a confidentiality agreement. The initial demand also includes an estimation for the damages, which would include liquidated and likely punitive damages + attorneys fees, which are available to be awarded in Federal Court. A settlement would allow the parties to preserve their relative status quo by resolving the issues, without the need to engage in discovery and costly litigation expenses. Mr. Peterson was forced to engage with an attorney and file a lawsuit to resolve these claims and so the starting demand is based on a liquidated damage award he would receive in his current lawsuit.

## III. Resolution

So long as no further costs are incurred by either party; a settlement would allow the parties to preserve their relative status quo by resolving the issues, without the need for further litigation. I look forward to hearing from you in response to this demand. Mr. Peterson is open to a counteroffer; however, Mr. Peterson would like to be expeditiously paid in full to be caught up on almost a year of wages, loss earnings, and attorneys' fees. Time is of the essence and Mr. Peterson has agreed to a thirty (30) day window to discuss resolution. If this case was to go to a final trial Mr. Peterson will be seeking more damages than what has been asserted in this demand. We will look forward to your response no later than close of business on **June 30, 2023.**

Thank you in advance for your cooperation in the timely resolution of this matter. Please feel free to contact us at any time if you have any questions or if you would like to further discuss any of the foregoing.

kennard law P.C.

By: Eddie Hodges Jr.

cc: (filings@kennardlaw.com)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RYAN PETERSON** | **§** | |
| | **§** | |
| ***Plaintiff,*** | **§** | |
| | **§** | |
| **v.** | **§** | **CASE NO. 1:23-CV-00646** |
| | **§** | |
| | **§** | |
| **LOTTERY.COM, INC. d/b//a** | **§** | |
| **SPORTS.COM, INC. d/b/a** | **§** | |
| **AUTOLOTTO, INC.** | § | |
| | **§** | **JURY DEMANDED** |
| ***Defendant.*** | **§** | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

NOW COMES Ryan Peterson ("Plaintiff") complaining of and about Lottery.com, Inc. d/b/a Sports.com, Inc. d/b/a AutoLotto, Inc. ("Defendant" or "Lottery"), by and through the undersigned counsel, and files this, his Original Complaint, and states the following:

## I. PARTIES

1. Plaintiff RYAN PETERSON is an individual residing in the State of Pennsylvania.

2. Defendant LOTTERY.COM, INC. d/b/a SPORTS.COM is incorporated under the laws of Delaware with principal executive offices located in Spicewood, Texas. Lottery's shares and warrants began trading on the NASDAQ under the symbols "LTRY" and "LTRYW," respectively. At all times pertinent to this case, Plaintiff is employed by Defendant. Defendant Lottery may be served by and through its registered agent, Sohail Quraeshi, at 20808 State Hwy 71, Unit B, Spicewood, TX 78669.

## II. JURISDICTION AND VENUE

3. In this case, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, Plaintiff is a citizen of Pennsylvania, and Defendant's principle place of business is Texas. Therefore, this Court has diversity jurisdiction over this action pursuant to 28 USC § 1332.

4. Venue is proper in this judicial district since all Defendant's unlawful practices alleged herein, and/or the adverse effects from these unlawful practices negatively affecting Plaintiff, were committed and/or occurred in Spicewood, Texas, located in this judicial district pursuant to 28 USC § 1391.

## III. NATURE OF THE ACTION

5. This is an action brought pursuant to common law breach of contract, fraud, misrepresentation, breach of the covenant of good faith and fair dealing, and violation of Texas and federal wage laws to correct and recover for Defendant Lottery's unlawful employment practices by failing to compensate Plaintiff for the wages he earned and continued to earn. Defendant's actions violate state and federal minimum wage laws and requirements that employees are paid on "regular pay days." Moreover, Defendant's failure to pay consideration is a breach of the employment contract entered by Plaintiff and Defendant, which has caused Plaintiff to suffer damages.

## IV. FACTS

6. Plaintiff's official Employment Start Date was March 30, 2020, when he was offered and accepted the position of Vice President of Research & Development, which included an annual salary of $200,000.00 paid bi-weekly.

Case 1:24-cv-23646-RS   Document 17-1   Filed 06/03/25   Page 19 of 162

7. Plaintiff was hired to develop and manage internal IT and develop software solutions for Lottery.com's day-to-day operations in the US. In addition, Plaintiff was asked to recruit for various positions and establish compliance and operational staff for operations as well as lead the development of Lottery.com's core products for doing business.

8. On February 14, 2022, Plaintiff was promoted to Executive Vice President, Technology and his salary increased annually to $350,000.

9. Plaintiff received regular pay roll from February 14, 2022 to July 8, 2022, and his last date of full payroll was July 8, 2022. Since that date Plaintiff continued to be employed by Defendant and continued to complete work for Defendant.

10. On July 29, 2022, Defendant made a furlough announcement for "certain employees." Other employees, including Plaintiff, were asked to work during furlough while receiving NO compensation to date: (1) Greg Potts; (2) Brandon Marsh; (3) Trevor Selle; and (4) Carl Wells.

11. To date, Defendant has made several representations that Plaintiff would be fully compensated for the work performed, bonus earned, and reimbursements. As of this filing, Plaintiff has not received any compensation since July 8, 2022.

12. Plaintiff purchases employee stock options of 6000 shared at the exercise price of $2.01, equaling a total of $12,060 based on companies transition to a public entity. These stocks were then granted as Restricted Stock Units (RSU) until April 27th, 2022 at which the shares became available. Due to the limitations of Lottery.com's Insider Trading Policy, Mr. Peterson was put into a position where his role as the head of IT and Cyber Security overseeing his direct report of VP of IT was unable to execute any sale of options due to ongoing internal company issues that would be a violation of this policy. These issues persisted until the Legal Department ceased

operating and continue to date. The positions required for approval of these transactions no longer exist in the company and therefore there is no option to exit without being in breach of company policy or obtaining proper approvals due to no acting CLO or compliance officer.

13. Plaintiff has maintained the registration of the domain <lottery.com> and <sports.com> (including annual renewal fees) continuously since January 11, 2022. Plaintiff has personally paid the annual renewal fees without any reimbursement to be used by Defendant in a wide variety of business pursuits.

## V. CAUSES OF ACTION

### 1. <u>BREACH OF CONTRACT</u>

14. On March 30, 2020, Plaintiff and Defendant entered into a written employment contract [Exhibit A] whereby Plaintiff was employed to perform services as Vice President of Research and Development for Lottery.com. The offer letter stated the essential terms of the employment relationship between Plaintiff and Defendant. The offer letter was eventually amended by Plaintiff's February 2022 promotion to Executive Vice President, Technology.

15. The contract was supported by mutual consideration.

16. The contract incorporated the laws of Texas.

17. Defendant Lottery breached the contract by:

a. Failing to pay Plaintiff his bi-weekly salary of $ $13,461.54 (being $350,000 annualized) – from 7/22/2022 to present;
b. Failing to pay Plaintiff his 25% annual bonus
c. Failing to reimburse Plaintiff for company expenses; and
d. Making false misrepresentations that Plaintiff would be compensated.

18. Plaintiff fully performed his obligations under the contract, however, Defendant continues to willfully breach the agreement by failing to compensate Plaintiff on a regular bi-weekly basis.

Plaintiff fully performed his obligations to be awarded his annual bonus, yet Defendant has not compensated Plaintiff since July 7, 2022.

19. As a direct and proximate result of Defendant Lottery's breach, Plaintiff incurred direct damages including but not limited to, the loss of salary and lost employment benefits due him under the contract, together with reasonable attorney fees and interest as allowed by law.

**2. COMMON LAW FRAUD AND FRAUD IN THE INDUCEMENT**

20. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

21. Plaintiff would not have entered into the contract but for the reasonable expectations from representations exhibited in the terms of the contract that he would not be compensated for his work for over ten months. In addition representatives for Defendant represented and assured Plaintiff that they would honor all contract terms and fully compensate Plaintiff. Defendant knew or should have known these representations were false or made recklessly.

22. These representations and/or omissions were material and were made or omitted with the intent that Plaintiff rely upon them. Defendant Lottery had an obligation to fully disclose information to Plaintiff but failed to do so. Plaintiff relied upon such representations and/or omissions to his detriment and has suffered damages in excess of the minimum jurisdictional limits for which he now sues.

23. Defendant made a material misrepresentation that Plaintiff would be fully compensated for all the pay periods missed. Defendant Lottery knew the representation was false or made the representation recklessly without any knowledge of its truth because Defendant continued to NOT compensate Plaintiff after these representations were made. Defendant made the representations

with the intent that the Plaintiff would act on that representation or intended to induce the Plaintiff's reliance on the representation so that Plaintiff would not bring claims against it. Causing Plaintiff to suffer an injury by actively and justifiably relying on that representation so that he suffered damages including but not limited to the loss of contracted salary, future salary, lost employee benefits, diminished earnings capacity, lost career and business opportunities, litigation expenses, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages.

**3. <u>COMMON LAW MISREPRESENTATION</u>**

24. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

25. Defendant Lottery represented to Plaintiff that (1) he would be fully compensated for the unpaid wages from July 22, 2022 to present; (2) that Defendant would honor all contract terms including reimbursing Plaintiff for moving and closing costs; (3) that Defendant would compensate Plaintiff for his annual bonus earned in 2022. Defendant's statements were made negligently without due care. Plaintiff has suffered actual damages for which he now sues.

26. Defendant made representations to Plaintiff that he would be fully compensated. Defendant, in bad faith, failed to exercise reasonable care or competence in obtaining or communicating the misinformation, given that Plaintiff was never given a direct response to when he would be fully compensated. Plaintiff justifiably relied on Defendant's material statements that he would eventually be fully compensated, therefore, Defendant negligently misrepresented that Plaintiff would be compensated, which proximately caused Plaintiff's injury including but not limited to the loss of contracted salary, future salary, lost employee benefits, diminished earnings

capacity, lost career and business opportunities, litigation expenses, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages.

**4. BREACH OF THE COVENANT OF GOOD-FAITH AND FAIR DEALING**

27. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

28. Implied in every contract is an obligation to engage in good faith and deal fairly with the other party to the agreement.

29. Despite the specific provisions of the employment agreement requiring a bi-weekly salary, Defendant improperly and without justification failed to compensate Plaintiff for over ten months (July 22, 2022 to present), which ultimately is a direct breach of the employment agreement.

30. Defendant's conduct was a breach of the covenant of good faith and fair dealing implied in every contract, as a result of which, Plaintiff has been damaged in an amount to be proven at trial. Plaintiff seeks judgment against Defendant for damages, lost profits, costs, expenses, attorney fees, and any other remedy the Court deems just and appropriate.

**5. QUANTUM MERUIT/UNJUST ENRICHMENT**

31. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

32. In the alternative, if for any reason Plaintiff's employment contract is not enforceable then Defendant is liable to Plaintiff for unjust enrichment. Plaintiff continues to render valuable sales services to Defendant by participating in management of Defendant's business, the benefits of which were accepted by Defendant. Plaintiff rendered management services with an understanding

and expectation that Plaintiff would be compensated for his services as agreed. Defendant has accepted and continues to retain the benefits of Plaintiff's efforts by receiving and retaining substantial revenues. In the alternative to Plaintiff's breach of contract allegations, Plaintiff is entitled to recover the reasonable value of his management services rendered to Defendant.

33. The elements of an action for quantum meruit are: (a) the Plaintiff provided valuable services or materials; (b) the services or materials were provided for the Defendant; (c) the Defendant accepted the services or materials; and (d) the Defendant had reasonable notice that the plaintiff expected compensation for the services or materials.

34. Plaintiff was not properly compensated for his work at the applicable salary that he contracted to earn. Such services to the Company provided by Plaintiff, at the request of and on behalf of Defendant, have a reasonable fair market value in excess of the minimum jurisdictional limits of this Court, for all of which Plaintiff hereby sues.

35. Plaintiff now seeks damages in the amount of all respective unpaid wages, bonuses, and reimbursements, plus liquidated damages. Plaintiff seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant.

**6. <u>TORTIOUS INTERFERENCE WITH CONTRACT</u>**

36. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

37. The elements of a claim for tortious interference with contract are "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiffs injury, and (4) caused actual damages or loss."

38. Plaintiff's employment agreement with Defendant was tortuously interfered with by Defendant by and through its representatives by continuing to make false misrepresentations about Plaintiff's bi-weekly salary.

39. Defendant has tortiously interfered with the employment agreement, in bad faith, based on the following:

a. The employment agreement [Exhibit A] was the contract subject to interference;
b. Defendant continues to make willful and intentional acts by failing to compensate Plaintiff. Defendant continues misrepresenting and fabricating that Plaintiff would be and will be fully compensated for his work, bonuses, reimbursements from (July 2022 to present); and
c. Defendant's willful and intentional acts in bad faith proximately caused Plaintiff damages when he including: the loss of contracted salary, future salary, lost employee benefits, diminished earnings capacity, lost career and business opportunities, litigation expenses, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages.

40. Defendant acted willfully and intentionally to serve its own personal interests at Plaintiff's expense, given that Plaintiff continues to receive the 'run-around' since July 2022, completely disregarding the employment agreement.

## 7. <u>DECLARATORY JUDGMENT – DOMAIN NAME OWNERSHIP</u>

41. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

42. From January 11, 2022 through the present, Plaintiff has continuously maintained and paid the renewal fees (without reimbursement) for the Domain Names <lottery.com> and <sports.com> for the purpose of keeping Defendant's business afloat.

43. Plaintiff contends that by virtue of the joint development and his renewal payments of the Domain Names <lottery.com> and <sports.com> and his rendering of services under the Domain Names, and the shared quality control exercised with respect to the services offered under the Domain Name since 2022, Plaintiff is the sole owner, or at minimum he is an equal co-owner of all right, title and interest in and to the Domain Names <lottery.com> and <sports.com> and goodwill appurtenant thereto.

44. Plaintiff contends that Defendant has no ownership rights in or to the Domain Names <lottery.com> and <sports.com> and that Plaintiff is the sole and exclusive owner thereof.

45. Plaintiff seeks an order from the Court declaring that Plaintiff is the sole owner, or at minimum is an equal co-owner of the Domain Names <lottery.com> and <sports.com> and is entitled to (100%) interest, or at minimum an undivided one-half (50%) interest of all right, title and interest in and to the Domain Names <lottery.com> and <sports.com> and goodwill appurtenant thereto.

46. An actual controversy has arisen and exists between Specialists and Surgery within the meaning of 28 U.S.C. § 2201.

47. Since making the renewal payments for the Registration, Plaintiff has tried to resolve this matter with Defendant by asking Defendant to either (1) memorialize in writing his sole ownership of the Domain Names or (2) reimburse Plaintiff for the expenses related to the renewal of the Domain Names. Plaintiff's numerous attempts to resolve this matter amicably have been greeted with delay and silence.

48. Defendant’s false assertion of sole ownership and exclusive rights in and to the Domain Names is adverse to Plaintiff’s rights as the sole owner, or at minimum equal co-owner of the Domain Names <lottery.com> and <sports.com>.

## VI. PRAYER

49. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final hearing, Plaintiff have judgment against Defendant for:

a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

b. A Declaratory Judgment from the AAA declaring that Plaintiff is the sole owner of the Domain Names <lottery.com> and <sports.com>;

c. Past, present, and future physical pain and mental suffering;

d. Compensatory damages, including, but not limited to, emotional distress;

e. Liquidated Damages;

f. Punitive damages in an amount above the minimum jurisdictional limits of the Court;

g. Reasonable attorneys’ fees as allowed by law (with conditional awards in the event of appeal);

h. Pre-judgment interest at the highest rate permitted by law;

i. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

j. Costs of Court; and

k. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by proper amendment thereto.

Respectfully submitted,

Kennard Law P.C.

**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Kennard Law, P.C.
5120 Woodway Dr. Suite 10010
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Email: alfonso.kennard@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

**Exhibit 1-B**

Gmail Amar Ali <amarali1978@gmail.com>

## CARL WELLS - RULE 11 - 408 DEMAND

6 messages

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Thu, Jun 22, 2023 at 11:43 AM
To: "amar.ali@lottery.com" <amar.ali@lottery.com>, "amarali1978@gmail.com" <amarali1978@gmail.com>
Cc: Steeven Placencio <steeven.placencio@kennardlaw.com>

Good Morning Mr. Ali:

It was a pleasure speaking with you yesterday regarding these matters. I agree that we should start separate email threads for each individual to keep it organized. I have attached a draft of the Rule 11 agreement that we will file in the JAMS portal upon your signature. The Rule 11 agreement covers the thirty-day grace period to stay the proceedings to attempt to come to a resolution. I have also attached Mr. Carl Wells' settlement demand. The demand has a deadline to respond back by June 26 in hope we can expedite these conversations.

Once I receive the Rule 11 agreement back I will get it on file. Please let me know if you would like to discuss Mr. Wells' settlement demand any further, feel free to give me a call.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW



Eddie R. Hodges Jr.
Associate Attorney

kennard

Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

**2 attachments**

- **C Wells 408 Demand (6.22.23).pdf**
  889K
- **Rule 11 - Agreement (Wells).pdf**
  192K

**Amar Ali** <amarali1978@gmail.com> Thu, Jun 22, 2023 at 12:32 PM
To: Eddie Hodges <eddie.hodges@kennardlaw.com>
Cc: amar.ali@lottery.com, Steeven Placencio <steeven.placencio@kennardlaw.com>

Thanks, Eddie. Looking forward to receiving the same for both matters related to Mr. Ryan Peterson and the contemplated legal proceeding with respect to Mr. Brandon Marsh.

--Amar

> On Jun 22, 2023, at 9:43 AM, Eddie Hodges <eddie.hodges@kennardlaw.com> wrote:
>
> Good Morning Mr. Ali:
>
> It was a pleasure speaking with you yesterday regarding these matters. I agree that we should start separate email threads for each individual to keep it organized. I have attached a draft of the Rule 11 agreement that we will file in the JAMS portal upon your signature. The Rule 11 agreement covers the thirty-day grace period to stay the proceedings to attempt to come to a resolution. I have also attached Mr. Carl Wells' settlement demand. The demand has a deadline to respond back by June 26 in hope we can expedite these conversations.
>
> Once I receive the Rule 11 agreement back I will get it on file. Please let me know if you would like to discuss Mr. Wells' settlement demand any further, feel free to give me a call.

Best Regards,

<image001.jpg>




Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

<C Wells 408 Demand (6.22.23).pdf>
<Rule 11 - Agreement (Wells).pdf>

---

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Fri, Jun 23, 2023 at 3:13 PM
To: Amar Ali <amarali1978@gmail.com>
Cc: "amar.ali@lottery.com" <amar.ali@lottery.com>, Steeven Placencio <steeven.placencio@kennardlaw.com>

Amar:

If you agree with the Rule 11 agreement attached I will get electronically sign on your behalf and submit with JAMS. Thank you, look forward to hearing back from you on Monday regarding Carl Wells' 408 demand.

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW

Best Regards,




Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

[Quoted text hidden]

**Rule 11 - Agreement (Wells).pdf**
192K

---

**Amar Ali** <amar.ali@lottery.com> Mon, Jun 26, 2023 at 1:22 PM
To: Eddie Hodges <eddie.hodges@kennardlaw.com>
Cc: Amar Ali <amarali1978@gmail.com>, Steeven Placencio <steeven.placencio@kennardlaw.com>

Eddie-

Substantively, I'm agreeable. Could you please send me the letter in Word, so that I could make some minor changes as to form?

Thanks.

--Amar

On Jun 23, 2023, at 3:13 PM, Eddie Hodges <eddie.hodges@kennardlaw.com> wrote:

Amar:

If you agree with the Rule 11 agreement attached I will get electronically sign on your behalf and submit with JAMS. Thank you, look forward to hearing back from you on Monday regarding Carl Wells' 408 demand.

Best Regards,

<image001.jpg>




Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

---

**From:** Amar Ali <amarali1978@gmail.com>
**Sent:** Thursday, June 22, 2023 12:32 PM
**To:** Eddie Hodges <eddie.hodges@kennardlaw.com>
**Cc:** amar.ali@lottery.com; Steeven Placencio <steeven.placencio@kennardlaw.com>
**Subject:** Re: CARL WELLS - RULE 11 - 408 DEMAND

Thanks, Eddie. Looking forward to receiving the same for both matters related to Mr. Ryan Peterson and the contemplated legal proceeding with respect to Mr. Brandon Marsh.

--Amar

> On Jun 22, 2023, at 9:43 AM, Eddie Hodges <eddie.hodges@kennardlaw.com> wrote:
>
> Good Morning Mr. Ali:
>
> It was a pleasure speaking with you yesterday regarding these matters. I agree that we should start separate email threads for each individual to keep it organized. I have attached a draft of the Rule 11 agreement that we will file in the JAMS portal upon your signature. The Rule 11 agreement covers the thirty-day grace period to stay the proceedings to attempt to come to a resolution. I have also attached Mr. Carl Wells' settlement demand. The demand has a deadline to respond back by June 26 in hope we can expedite these conversations.
>
> Once I receive the Rule 11 agreement back I will get it on file. Please let me know if you would like to discuss Mr. Wells' settlement demand any further, feel free to give me a call.
>
> Best Regards,
>
> <image001.jpg>




> Click for my contact details
>
> I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.
>
> CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.
>
> <C Wells 408 Demand (6.22.23).pdf>
>
> <Rule 11 - Agreement (Wells).pdf>

<Rule 11 - Agreement (Wells).pdf>

May be privileged. May be confidential. Please delete if you are not the addressee.

---

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Mon, Jun 26, 2023 at 4:58 PM
To: Amar Ali <amar.ali@lottery.com>
Cc: Amar Ali <amarali1978@gmail.com>, Steeven Placencio <steeven.placencio@kennardlaw.com>

Mr. Ali:

Please see the Rule 11 agreement in word document format.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY /
SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW



Eddie R. Hodges Jr.
Associate Attorney

kennard

Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

[Quoted text hidden]

---

**Rule 11 - Agreement (Wells).docx**
206K

---

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Tue, Jul 11, 2023 at 2:50 PM
To: Amar Ali <amar.ali@lottery.com>
Cc: Amar Ali <amarali1978@gmail.com>, Steeven Placencio <steeven.placencio@kennardlaw.com>

Amar:

For Carl Wells please find the attached bates labeled documents **Wells 0001 – 0209**. These documents are directly related to Mr. Wells damages as follows:

1. Reimbursements/Credit Card charges **Wells 0076-0196**.
    a. Various receipts of payments made by Mr. Wells
2. Back Pay/Work Completed **Wells 0016-0072**.
    a. Mr. Wells logs of work completed which includes call and text logs of work to be completed.
    b. Acknowledgement emails regarding Mr. Well's work – **Wells 0001 – 0015**.
3. Annual Bonus **Wells 0072-0073**.
    a. Spreadsheet regarding accrued bonuses of all employees
4. Moving Costs/Closing Expenses **Wells 0197-0209**.
    a. According to the employment contract "Lottery.com shall pay those reasonable expenses, approved in advance by Lottery.com, to relocate you and your immediate family members to the Austin, Texas area, including the expenses associated with the packing, loading, and transportation of your household goods, possessions and not more than two (2) vehicles; provided, however, you shall be required to provide Lottery.com with three (3) vendor quotes from companies not affiliated with you for such service; provided, further, however, Lottery.com reserves the right to obtain an additional quote or quotes and select a vendor or vendors of its choosing and to pay such vendor or vendors directly. Such relocation has been considered and agreed by you in connection with this offer letter. **Wells 0199**.
5. Liquidated Damages under breach of contract and wage claim theory
    a. Respondent, without any reasonable grounds for dispute, failed to pay Claimant's wages as required by Del. Code Ann. tit. 19, § 1101, et. seq., and is therefore liable to Claimant for his unpaid wages and liquidated damages pursuant to Del. Code Ann. tit. 19, § 1103(b).

I hope this helps. Mr. Wells has more documentation regarding his work completed during this time as well. Mr. Wells is expecting a reasonable settlement offer within the coming days after producing evidence and documents related to his claims. Let me know if you have any questions or concerns.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW



Eddie R. Hodges Jr.
Associate Attorney

kennard
ATTORNEYS AT LAW

Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

[Quoted text hidden]

**Carl Wells Initial Disclosures Wells 0001-0209.pdf**
14406K

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RYAN PETERSON** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-00646** |
| | § | |
| | § | |
| **LOTTERY.COM, INC. d/b//a** | § | |
| **SPORTS.COM, INC. d/b/a** | § | |
| **AUTOLOTTO, INC.** | § | |
| | § | **JURY DEMANDED** |
| ***Defendant.*** | § | |

---

**RULE 11 AGREEMENT - WAIVER OF THE SERVICE OF SUMMONS**

---

**TO: AMAR ALI**

Attorney for Defendant, Amar Ali, has agreed to represent Defendant in the above-named case. Mr. Amar Ali has agreed to accept service of the Original Complaint; Civil Cover Sheet; and waive service of the summons on behalf of Lottery.com d/b/a Sports.com d/b/a AutoLotto, Inc.

Mr. Amar Ali and Plaintiff's counsel have agreed that Defendant's counsel shall file and serve an answer within **30 days from June 26, 2023**, the date when this request was sent and signed, The Answer will be due on or before **July 27, 2023**.

Date: June 26, 2023

Respectfully submitted,

Kennard Law P.C.

**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Kennard Law, P.C.
5120 Woodway Dr. Suite 10010
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Email: alfonso.kennard@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

**Amar Ali, Esq.**
Texas Bar No.: 24042295
5656 N. Central Expy., #401
Dallas, Texas 75206
(214) 682-6835
Email: amar.ali@lottery.com
Email: amarali1978@gmail.com
**ATTORNEY FOR DEFENDANT**

Gmail **Amar Ali <amarali1978@gmail.com>**

**Lottery.com, Inc./Various Matters**
3 messages

**Amar Ali** <amarali1978@gmail.com> Mon, Jul 10, 2023 at 1:17 PM
To: Eddie Hodges <eddie.hodges@kennardlaw.com>
Cc: Amar Ali <amar.ali@lottery.com>

Eddie-

Sorry we were not able to reconnect on Friday. Nevertheless, please find attached fully-executed copies of the Rule 11 Agreements for the Wells, Peterson and Yes Period, LLC matters. Please file these and kindly copy me on the submissions.

Also, please let me know if you are available this afternoon to pick-up the conversation we started on Thursday. I am also available tomorrow afternoon. I have a funeral to attend starting at 11 am and should be back at my desk by 3 pm tomorrow, if this afternoon does not work for you.

Last, please provide any additional information as requested on our last call re the Wells matter.

Thanks.

--Amar

**3 attachments**

**Rule 11 - Agreement (Wells) (Fully-Executed).pdf**
278K

**Peterson Original Rule 11 (Fully-Executed).pdf**
213K

**Yes Period Original Rule 11 (Fully-Executed).pdf**
463K

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Mon, Jul 10, 2023 at 1:20 PM
To: Amar Ali <amarali1978@gmail.com>
Cc: Amar Ali <amar.ali@lottery.com>

Amar:

Thank you for this. I am currently in a deposition, most likely will be here for the remainder of the day. Tomorrow afternoon works better. I will send you the filed copies. Also, I will be sending you information on each individual thread as each client's initial disclosures that will be directly related to all the damages asserted. It will be organized and easy to follow. I should have that sent to you by end of day or early tomorrow morning.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW



Eddie R. Hodges Jr.
Associate Attorney
kennard

Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

[Quoted text hidden]

**Amar Ali** <amarali1978@gmail.com> Mon, Jul 10, 2023 at 1:24 PM
To: Eddie Hodges <eddie.hodges@kennardlaw.com>
Cc: Amar Ali <amar.ali@lottery.com>

Thanks, Eddie. Good luck with your depo. Will speak to you tomorrow afternoon at or after 3 pm, once I return from the funeral.

I'll send you a text on my way back, so you can anticipate my call.

--Amar
[Quoted text hidden]

9:51 5G

535

EH

Eddie

iMessage
Fri, Jun 30 at 5:39 PM

It's Amar. Please call when you can.

Give me 15 minutes

Wed, Jul 5 at 10:58 AM

Hey Amar. My clients are getting real antsy. Is there any update? Let's follow up today thank you.

Will call you today.

Thank you.

Wed, Jul 5 at 4:46 PM

Working on cleaning up the Rule 11 agreements for each matter. Will flip them to you soon. Let's speak after you've had a chance to review them. Thanks.

Ok will look out for them. Does

iMessage

Cash

9:51 5G

535

EH

Eddie

Wed, Jul 5 at 4:46 PM

Working on cleaning up the Rule 11 agreements for each matter. Will flip them to you soon. Let's speak after you've had a chance to review them. Thanks.

Ok will look out for them. Does your client have a response to each demand?

No formal response. Just some questions. But let's talk through those for each on our call, so I can get a formal response from my client thereafter.

Great. Look forward to talking soon.

Wed, Jul 5 at 6:29 PM

Hey Amar I didn't receive anything yet. Feel free to reach out after hours my clients are ready to move forward.

iMessage

9:51 5G

535

EH

Eddie

Wed, Jul 5 at 6:29 PM

Hey Amar I didn't receive anything yet. Feel free to reach out after hours my clients are ready to move forward.

Thu, Jul 6 at 11:33 AM

Good Morning Amar is there any update? I believe at this point my clients are looking for a formal response versus working out the issues on the Rule 11. We will likely be filing Brandon Marsh's claims soon. Looking forward to speaking today.

Yes, sir. I'll call you between 3-4 pm today. I've got the Rule 11 agreements cleaned up. Just waiting for authorization from my client, which I should have before our call this afternoon. Sorry for the delay.

Thu, Jul 6 at 3:40 PM

iMessage

Cash

9:51 5G

535

EH

Eddie

Thu, Jul 6 at 3:40 PM

Calling you at 4 pm. Will that work for you?

Ok give me 15 minutes wrapping up a mediation right now

Text me when you are ready. No rush.

I'm ready now

Ok. Calling you momentarily.

Fri, Jul 7 at 11:46 AM

Can we move our call up to 2 pm today?

I've got a special board meeting that was called for another client that I need to attend via zoom at 3:30 pm.

I didn't want to cut our call short.

iMessage

9:51 5G

535

EH

Eddie

Fri, Jul 7 at 2:56 PM

Hey sorry I am just seeing this message. I am with a client finishing depo prep and also gathering information for you regarding Carl. Can we touch base after your zoom today. Thank you.

Yes. I'll text you when I'm done. Thanks.

Fri, Jul 7 at 4:56 PM

Hadn't forgotten about you. Still on this zoom special meeting for another client.

Tue, Jul 11 at 2:48 PM

I don't think I will make it back in time for our call. The funeral was in Bonham. Can we connect tomorrow?

Yes I sent you the initial

iMessage

Cash

9:51 5G

535

EH

Eddie

Tue, Jul 11 at 2:48 PM

I don't think I will make it back in time for our call. The funeral was in Bonham. Can we connect tomorrow?

Yes I sent you the initial disclosures for Wells that should be what you were looking for as it relates to his damages. I will send over Ryan's and Brandon's later today.

Wed, Jul 12 at 4:53 PM

Do you have time to speak

Sorry. I'm dealing with a family medical issue. Are you available tomorrow at 1 pm?

Yes I am. No worries hope everything is ok.

Thu, Jul 13 at 10:52 AM

I've got quick call re the family

iMessage

9:51 5G

535

EH

Eddie

Thu, Jul 13 at 10:52 AM

I've got quick call re the family medical issue at 1 pm. The call should be fast. I'll call you immediately after.

Thu, Jul 13 at 11:53 AM

Ok I will be free. Thanks for the notice.

Thu, Jul 13 at 3:06 PM

Just tried you

Fri, Jul 14 at 5:03 PM

I am about to email you the documents for Ryan and Brandon. Let's talk Monday have a good weekend.

Thanks, Eddie. You as well.

Tue, Jul 18 at 4:58 PM

Hey Amar just checking in my

iMessage

Cash

9:51 5G

535

EH

Eddie

Tue, Jul 18 at 4:58 PM

Hey Amar just checking in my clients were hoping to hear back today, Brandon was hoping for an offer. Let me know if there is any update or if we can touch base.

Wed, Jul 19 at 8:02 AM

Hey Amar I'm pretty open this morning if you would like to discuss.

I've got a couple things I need to knock out this morning, but happy to discuss today.

Wed, Jul 19 at 9:31 AM

Just let me know what works best Brandon wants to file today so if you can get me an offer I can maybe hold him back.

Thu, Jul 20 at 11:43 AM

iMessage

9:51 5G

535

EH

Eddie

Thu, Jul 20 at 11:43 AM

Are you available today? Any offers to exchange?

Fri, Jul 21 at 7:43 AM

**EDGAR Entity Landing Page**
sec.gov

I'm going to call you right back

MarketScreener.com

**Lottery.com Announces Changes to Executive Management Team and Board of Directors**
marketscreener.com

Fri, Jul 28 at 9:35 AM

iMessage

9:52 5G

535

EH

Eddie

Fri, Jul 28 at 9:35 AM

Hey Amar is there any update here?

Let's catch-up this afternoon.

Fri, Jul 28 at 2:18 PM

Ok sounds good

I am available after 4 pm today

Gmail **Exhibit 1-C** **Amar Ali <amarali1978@gmail.com>**

## CARL WELLS - RULE 11 - 408 DEMAND

6 messages

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Thu, Jun 22, 2023 at 11:43 AM
To: "amar.ali@lottery.com" <amar.ali@lottery.com>, "amarali1978@gmail.com" <amarali1978@gmail.com>
Cc: Steeven Placencio <steeven.placencio@kennardlaw.com>

Good Morning Mr. Ali:

It was a pleasure speaking with you yesterday regarding these matters. I agree that we should start separate email threads for each individual to keep it organized. I have attached a draft of the Rule 11 agreement that we will file in the JAMS portal upon your signature. The Rule 11 agreement covers the thirty-day grace period to stay the proceedings to attempt to come to a resolution. I have also attached Mr. Carl Wells' settlement demand. The demand has a deadline to respond back by June 26 in hope we can expedite these conversations.

Once I receive the Rule 11 agreement back I will get it on file. Please let me know if you would like to discuss Mr. Wells' settlement demand any further, feel free to give me a call.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard ATTORNEYS AT LAW



Eddie R. Hodges Jr.
Associate Attorney
kennard

Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

**2 attachments**

- **C Wells 408 Demand (6.22.23).pdf**
  889K
- **Rule 11 - Agreement (Wells).pdf**
  192K

**Amar Ali** <amarali1978@gmail.com> Thu, Jun 22, 2023 at 12:32 PM
To: Eddie Hodges <eddie.hodges@kennardlaw.com>
Cc: amar.ali@lottery.com, Steeven Placencio <steeven.placencio@kennardlaw.com>

Thanks, Eddie. Looking forward to receiving the same for both matters related to Mr. Ryan Peterson and the contemplated legal proceeding with respect to Mr. Brandon Marsh.

--Amar

> On Jun 22, 2023, at 9:43 AM, Eddie Hodges <eddie.hodges@kennardlaw.com> wrote:
>
> Good Morning Mr. Ali:
>
> It was a pleasure speaking with you yesterday regarding these matters. I agree that we should start separate email threads for each individual to keep it organized. I have attached a draft of the Rule 11 agreement that we will file in the JAMS portal upon your signature. The Rule 11 agreement covers the thirty-day grace period to stay the proceedings to attempt to come to a resolution. I have also attached Mr. Carl Wells' settlement demand. The demand has a deadline to respond back by June 26 in hope we can expedite these conversations.
>
> Once I receive the Rule 11 agreement back I will get it on file. Please let me know if you would like to discuss Mr. Wells' settlement demand any further, feel free to give me a call.

Best Regards,

<image001.jpg>




Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

<C Wells 408 Demand (6.22.23).pdf>
<Rule 11 - Agreement (Wells).pdf>

---

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Fri, Jun 23, 2023 at 3:13 PM
To: Amar Ali <amarali1978@gmail.com>
Cc: "amar.ali@lottery.com" <amar.ali@lottery.com>, Steeven Placencio <steeven.placencio@kennardlaw.com>

Amar:

If you agree with the Rule 11 agreement attached I will get electronically sign on your behalf and submit with JAMS. Thank you, look forward to hearing back from you on Monday regarding Carl Wells' 408 demand.

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW

Best Regards,




Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

[Quoted text hidden]

---

**Rule 11 - Agreement (Wells).pdf**
192K

---

**Amar Ali** <amar.ali@lottery.com> Mon, Jun 26, 2023 at 1:22 PM
To: Eddie Hodges <eddie.hodges@kennardlaw.com>
Cc: Amar Ali <amarali1978@gmail.com>, Steeven Placencio <steeven.placencio@kennardlaw.com>

Eddie-

Substantively, I'm agreeable. Could you please send me the letter in Word, so that I could make some minor changes as to form?

Thanks.

--Amar

On Jun 23, 2023, at 3:13 PM, Eddie Hodges <eddie.hodges@kennardlaw.com> wrote:

Amar:

If you agree with the Rule 11 agreement attached I will get electronically sign on your behalf and submit with JAMS. Thank you, look forward to hearing back from you on Monday regarding Carl Wells' 408 demand.

Best Regards,

<image001.jpg>




Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

---

**From:** Amar Ali <amarali1978@gmail.com>
**Sent:** Thursday, June 22, 2023 12:32 PM
**To:** Eddie Hodges <eddie.hodges@kennardlaw.com>
**Cc:** amar.ali@lottery.com; Steeven Placencio <steeven.placencio@kennardlaw.com>
**Subject:** Re: CARL WELLS - RULE 11 - 408 DEMAND

Thanks, Eddie. Looking forward to receiving the same for both matters related to Mr. Ryan Peterson and the contemplated legal proceeding with respect to Mr. Brandon Marsh.

--Amar

On Jun 22, 2023, at 9:43 AM, Eddie Hodges <eddie.hodges@kennardlaw.com> wrote:

Good Morning Mr. Ali:

It was a pleasure speaking with you yesterday regarding these matters. I agree that we should start separate email threads for each individual to keep it organized. I have attached a draft of the Rule 11 agreement that we will file in the JAMS portal upon your signature. The Rule 11 agreement covers the thirty-day grace period to stay the proceedings to attempt to come to a resolution. I have also attached Mr. Carl Wells' settlement demand. The demand has a deadline to respond back by June 26 in hope we can expedite these conversations.

Once I receive the Rule 11 agreement back I will get it on file. Please let me know if you would like to discuss Mr. Wells' settlement demand any further, feel free to give me a call.

Best Regards,

<image001.jpg>




Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

<C Wells 408 Demand (6.22.23).pdf>

<Rule 11 - Agreement (Wells).pdf>

<Rule 11 - Agreement (Wells).pdf>

May be privileged. May be confidential. Please delete if you are not the addressee.

---

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Mon, Jun 26, 2023 at 4:58 PM
To: Amar Ali <amar.ali@lottery.com>
Cc: Amar Ali <amarali1978@gmail.com>, Steeven Placencio <steeven.placencio@kennardlaw.com>

Mr. Ali:

Please see the Rule 11 agreement in word document format.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard ATTORNEYS AT LAW



Eddie R. Hodges Jr.
Associate Attorney
kennard

Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

[Quoted text hidden]

---

**Rule 11 - Agreement (Wells).docx**
206K

---

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Tue, Jul 11, 2023 at 2:50 PM
To: Amar Ali <amar.ali@lottery.com>
Cc: Amar Ali <amarali1978@gmail.com>, Steeven Placencio <steeven.placencio@kennardlaw.com>

Amar:

For Carl Wells please find the attached bates labeled documents **Wells 0001 – 0209**. These documents are directly related to Mr. Wells damages as follows:

1. Reimbursements/Credit Card charges **Wells 0076-0196**.
    a. Various receipts of payments made by Mr. Wells
2. Back Pay/Work Completed **Wells 0016-0072**.
    a. Mr. Wells logs of work completed which includes call and text logs of work to be completed.
    b. Acknowledgement emails regarding Mr. Well's work – **Wells 0001 – 0015**.
3. Annual Bonus **Wells 0072-0073**.
    a. Spreadsheet regarding accrued bonuses of all employees
4. Moving Costs/Closing Expenses **Wells 0197-0209**.
    a. According to the employment contract "Lottery.com shall pay those reasonable expenses, approved in advance by Lottery.com, to relocate you and your immediate family members to the Austin, Texas area, including the expenses associated with the packing, loading, and transportation of your household goods, possessions and not more than two (2) vehicles; provided, however, you shall be required to provide Lottery.com with three (3) vendor quotes from companies not affiliated with you for such service; provided, further, however, Lottery.com reserves the right to obtain an additional quote or quotes and select a vendor or vendors of its choosing and to pay such vendor or vendors directly. Such relocation has been considered and agreed by you in connection with this offer letter. **Wells 0199**.
5. Liquidated Damages under breach of contract and wage claim theory
    a. Respondent, without any reasonable grounds for dispute, failed to pay Claimant's wages as required by Del. Code Ann. tit. 19, § 1101, et. seq., and is therefore liable to Claimant for his unpaid wages and liquidated damages pursuant to Del. Code Ann. tit. 19, § 1103(b).

I hope this helps. Mr. Wells has more documentation regarding his work completed during this time as well. Mr. Wells is expecting a reasonable settlement offer within the coming days after producing evidence and documents related to his claims. Let me know if you have any questions or concerns.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW



Eddie R. Hodges Jr.
Associate Attorney

kennard
ATTORNEYS AT LAW

Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

[Quoted text hidden]

---

**Carl Wells Initial Disclosures Wells 0001-0209.pdf**
14406K

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RYAN PETERSON** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-00646** |
| | § | |
| | § | |
| **LOTTERY.COM, INC. d/b//a** | § | |
| **SPORTS.COM, INC. d/b/a** | § | |
| **AUTOLOTTO, INC.** | § | |
| | § | **JURY DEMANDED** |
| ***Defendant.*** | § | |

**RULE 11 AGREEMENT - WAIVER OF THE SERVICE OF SUMMONS**

**TO: AMAR ALI**

Attorney for Defendant, Amar Ali, has agreed to represent Defendant in the above-named case. Mr. Amar Ali has agreed to accept service of the Original Complaint; Civil Cover Sheet; and waive service of the summons on behalf of Lottery.com d/b/a Sports.com d/b/a AutoLotto, Inc.

Mr. Amar Ali and Plaintiff's counsel have agreed that Defendant's counsel shall file and serve an answer within **30 days from June 26, 2023**, the date when this request was sent and signed, The Answer will be due on or before **July 27, 2023**.

Date: June 26, 2023

Respectfully submitted,

Kennard Law P.C.

**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Kennard Law, P.C.
5120 Woodway Dr. Suite 10010
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Email: alfonso.kennard@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

**Amar Ali, Esq.**
Texas Bar No.: 24042295
5656 N. Central Expy., #401
Dallas, Texas 75206
(214) 682-6835
Email: amar.ali@lottery.com
Email: amarali1978@gmail.com
**ATTORNEY FOR DEFENDANT**

# Exhibit 1-D

Gmail — Amar Ali <amarali1978@gmail.com>

## Ryan Peterson Letter

**Eddie Hodges** <eddie.hodges@kennardlaw.com> — Wed, Aug 23, 2023 at 1:06 PM
To: "amar.ali@lottery.com" <amar.ali@lottery.com>, "amarali1978@gmail.com" <amarali1978@gmail.com>

**CONFIDENTIAL COMMUNICATION PURSUANT TO RULE 408**

-

Amar:

Thank you again for your time and setting up that call today. It was truly appreciated. I have attached the drafted letter on behalf of Ryan Peterson. It was unclear as to what kind of detail needed to be included but I have authorization from my client to send this to you all to expedite the resolution process. The following letter is being sent under Rule 408 confidentiality provisions. The purpose of this letter is to provide Lottery the opportunity to negotiate deals without the idle threat of Ryan claiming ownership to the domain names <lottery.com> and <sports.com>. In no way does this letter make any admission to the currently pending lawsuit but should be used a confidential vehicle to help resolve the pending litigation. Again, this letter and or its final complete version is being transmitted with the understanding that efforts to progress settlement talks will intensify thereafter, including an email (as referenced on the call) by Saturday to all clients of the progress and steps moving forward. Moreover, we are expecting a meaningful counterproposal or offer in exchange for our efforts to resolve these issues. We expect full transparency and a timeline moving forward. Ryan has agreed to enter into a new Rule 11 Agreement, but we will want to limit the timeframe to a reasonable time that this case can be resolved. Please send me back the letter if any additions or omissions are made for final approval. Again, thank you for you all's time and I hope that this will be useful in resolving these claims in the very near future.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard ATTORNEYS AT LAW



Eddie R. Hodges Jr.
Associate Attorney
kennard attorneys at law

Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

---

**Ryan Peterson Letter - Domain Names.docx**
13K

Gmail **Exhibit 1-E** **Amar Ali <amarali1978@gmail.com>**

## Notice of filing Motion Civil Action No. 1:23-cv-646 RP

**Steeven Placencio** <steeven.placencio@kennardlaw.com> Mon, Sep 11, 2023 at 2:18 PM
To: "amar.ali@lottery.com" <amar.ali@lottery.com>, "amarali1978@gmail.com" <amarali1978@gmail.com>
Cc: Eddie Hodges <eddie.hodges@kennardlaw.com>, Andres Escobar <andres.escobar@kennardlaw.com>

Good afternoon,

On behalf of the lead attorney, please find attached the Motion presented for entry of default. When corresponding, please include filings@kennardlaw.com to ensure a prompt response.

Best regards,



Steeven Placencio
Case Manager

kennard

Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.
CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

**2 attachments**

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT.pdf**
880K

**Clerk's Entry of Default.pdf**
185K

Case 1:23-cv-00646-RP Document 1-6 Filed 09/08/23 Page 1 of 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RYAN PETERSON** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-00646** |
| | § | |
| | § | |
| **LOTTERY.COM, INC. d/b//a** | § | |
| **SPORTS.COM, INC. d/b/a** | § | |
| **AUTOLOTTO, INC.** | § | |
| | § | **JURY DEMANDED** |
| ***Defendant*.** | § | |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

TO THE HONORABLE JUDGE ESKRIDGE:

Comes now Ryan Peterson, ("Plaintiff") files this Motion for Entry of Default Judgment pursuant to pursuant to Rule 55 of the Federal Rules of Civil Procedure for the repeated failure of Defendant to participate at all in this matter, despite being served with this lawsuit on June 26, 2023. Thus, Plaintiff will show the Court as follows:

## I. BACKGROUND FACTS

The Defendant in this case has defaulted. Therefore, Plaintiff request that this Court grant the judgment prayed for in their Original Complaint. As stated in the Original Complaint, Plaintiff prays for the following relief:

a) All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to back

pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

b) A Declaratory Judgment from the AAA declaring that Plaintiff is the sole owner of the Domain Names <lottery.com> and <sports.com>;

c) Past, present, and future physical pain and mental suffering;

d) Compensatory damages, including, but not limited to, emotional distress;

e) Liquidated Damages;

f) Punitive damages in an amount above the minimum jurisdictional limits of the Court;

g) Reasonable attorneys' fees as allowed by law (with conditional awards in the event of appeal);

h) Pre-judgment interest at the highest rate permitted by law;

i) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

j) Costs of Court; and

Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by proper amendment thereto.

## II. EVIDENCE SUBMITTED

In Support of the foregoing Motion, Plaintiff respectfully shows the Court as follows:

1. Plaintiff filed its Original Complaint and filed a Rule 11 Agreement with Defendant's counsel, Ali Amar on June 26, 2023. After the time expired in the Rule

11 Agreement; Defendant failed to appear and file an answer. (See attached copy of Original Complaint and Request to Waive Service **EXHIBIT A**);

2. Defendant's failure to answer Plaintiffs' Original Complaint in a timely fashion and failure to make any efforts to contact Plaintiffs' counsel or the Court, prompts The Court's to Consider whether this case was ripe for a Default Judgement.
3. Defendant is neither an infant nor incompetent and has the capacity to sue or be sued.
4. As [t]he court … in *Gold & Silver Buyers, Inc.,* [Defendant]'s failure to answer or otherwise appear, within the time required by the Federal Rules, places it in default, and after reviewing the well-pleaded facts alleged in the complaint, entry default judgment is warranted. *McNiel v. Gold & Silver Buyers, Inc.*, CIVIL ACTION H-13-3206, at *3 (S.D. Tex. Sep. 16, 2014). By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact . . . and is barred from contesting on appeal the facts thus established." *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The court, therefore, [found Defendant] liable for unpaid overtime wages as requested in the plaintiff's motion for default judgment. *Id.* The court also [found Defendant] liable for an equal amount of liquidated damages for its willful conduct, as established by the facts alleged in the complaint. *Id.*
5. Here, similar to *Gold & Silver Buyers, Inc.* Case, the Defendant, failed to answer or otherwise appear within the time required by the Federal Rules of Civil Procedure and the Rule 11 agreement in place, which makes Defendant in default. *See id.* Therefore, Defendant has admitted the well-pleaded allegations of fact and

is barred from contesting, *See id.* Accordingly, Plaintiff motions this Court to render a default judgment against Defendant, Lottery.com.

## III. STANDARD FOR ENTRY OF DEFAULT

The Federal Rules of Civil Procedure provide that the clerk "shall" enter a default when a party "has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." FED. R. CIV. P. 55(a). The Fifth Circuit has explained the distinction between a default, entry of default, and a default judgment under Rule *55:*

> A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.

*New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original). As set forth in detail below, entry of default against the non-answering Defendant, Lottery.com, is warranted because they have failed to answer Plaintiff's Complaint in accordance to the Rule 11 agreement.

## IV. ARGUMENT AND AUTHORITIES

Rule 55 of the Federal Rules of Civil Procedure allows entry of a default when a party against whom a judgment for affirmative relief is sought has failed to "plead or otherwise defend as provided by the federal rules." FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). In the instant case, the clerk should enter a default against Lottery.com because they have not -and did not- file an Answer or other responsive pleading to Plaintiff's Complaint. Indeed, to this date, Defendant

Lottery.com has not filed an Answer or otherwise shown they will defend against Plaintiff's claims.

Entry of default judgment is warranted after consideration of the Fifth Circuit's discretionary factors.

First, there can be no material issues of fact because "[o]nce a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages." *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725, at *2 (E.D. Tex. Nov. 26, 2013).

Second, Plaintiffs have suffered, and will continue to suffer, substantial prejudice as Lottery.com's inaction has "threaten[ed] to bring the adversary process to a halt, effectively prejudicing plaintiff's interest." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *2 (E.D. Tex. June 15, 2017). Even if there were some potential prejudices to Lottery.com, it would be offset by Lottery.com's own intentional failure to participate in these proceedings to defend itself.

Finally, there is no evidence that the default was caused by a good faith mistake or excusable neglect by Lottery.com. Defendant was served, counsel conferred during the time period allotted, but after the time expired Defendant failed to Answer the Complaint in this matter.

Plaintiff satisfies the procedural requirements for obtaining an entry of default from the clerk. Moreover, Defendant, Lottery.com, are not infants, incompetent, or currently in the military. *See* FED. R. CIV. P. 55(b). Thus, because Defendant Lottery.com's time for answering Plaintiff's Original Complaint has expired, the Court should grant Plaintiff's Motion for Entry of Default.

## V. CONCLUSION

For these reasons. Plaintiff asks the Court to grant this Motion for Entry of Default against Defendant, Lottery.com, and grant all relief sought and to which Plaintiff is justly entitled.

Respectfully Submitted,

**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Federal I.D. No. 713316
**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
Federal Bar No.: 3479748
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Main: (713) 742-0900
Fax: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
Email: filings@kennardlaw.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that on this 8th day of September 2023, a true and correct copy of this Motion for Default Judgment was filed with the Court using the Court's CM/ ECF system and served on Defendant through email to counsel of record Amar Ali (amar.ali@lottery.com; amarali1978@gmail.com).

**Amar Ali, Esq.**
Texas Bar No.: 24042295
5656 N. Central Expy., #401
Dallas, Texas 75206
(214) 682-6835
Email: amar.ali@lottery.com
Email: amarali1978@gmail.com
ATTORNEY FOR DEFENDANT

Alfonso Kennard, Jr.

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

RYAN PETERSON
*Plaintiff*

Civil Action No. 1:23-cv-646 RP

vs.

LOTTERY.COM, INC. d/b/a
SPORTS.COM, INC. d/b/a, AUTOLOTTO, INC.
*Defendants*

## CLERK'S ENTRY OF DEFAULT

IT APPEARING from the records of the above-entitled action that service of the complaint has been made upon the defendant LOTTERY.COM, INC. d/b/a SPORTS.COM, INC. d/b/a, AUTOLOTTO, INC., and it further appearing from the Plaintiff's motion that said Defendant has failed to plead, respond, or otherwise defend in said action as directed.

NOW, THEREFORE, on Plaintiff's request, this the 11th day of September 2023, DEFAULT is hereby entered against defendant LOTTERY.COM, INC. d/b/a SPORTS.COM, INC. d/b/a, AUTOLOTTO, INC..

Philip Devlin, CLERK
U.S. DISTRICT COURT

By: Deanna Massie
Deputy Clerk

Gmail **Exhibit 1-F** **Amar Ali <amarali1978@gmail.com>**

## RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Mon, Sep 25, 2023 at 5:30 PM
To: Amar Ali <amarali1978@gmail.com>
Cc: Alfonso Kennard <alfonso.kennard@kennardlaw.com>

Amar:

I have attached the counteroffer on behalf of Mr. Ryan Peterson and YES Period. Please let me know if you have any questions or concerns. I will be sending over Brandon's soon. Let me know if there is a response to Carl's demand.


**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW





Click for my contact details


I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.


---

**From:** Amar Ali <amarali1978@gmail.com>
**Sent:** Monday, September 18, 2023 4:55 PM
**To:** Eddie Hodges <eddie.hodges@kennardlaw.com>
**Subject:** LTRY/Various Matters - Rule 408 Settlement Communications

Eddie-

Please find below settlement proposals. Let me know what you think.

Thanks.

-Amar

Settlement Proposals:

Commercial Terms of Settlement Offer for Ryan Peterson

**Back Pay and Interim Accrual of Wages (July 22, 2022 – October 28, 2023)**

Total Amount: $228,846.24

Total Amount to be paid as follows:

1. Beginning November 1, 2023, and continuing the first of each month for a period of five (5) months, payment in the amount of $19,070.52 for a total amount of $114,423.12 paid after six (6) months; and
2. On November 1, 2023, issuance of unrestricted shares of common stock in LTRY in the amount of $114,423.12 at strike price per share at market close on October 31, 2023.

**On-Going Employment:**

1. Beginning November 1, 2023, Company intends to begin making regular payments toward wages moving forward at the same annual base salary of $350,000.00; and

2. Employee shall be eligible for an annual bonus of 15% of base salary, subject to approval by the Company's Compensation Committee.

**Reimbursements:**

Total Amount of Reimbursement (subject to receipts to be verified by Company's CFO): $26,000.00

Payment of Reimbursement: Due on or before December 31, 2023.

<u>Commercial Terms of Settlement Offer for Brandon Marsh</u>

**Back Pay and Interim Accrual of Wages (July 22, 2022 – October 28, 2023)**

Total Amount: $228,846.24

Total Amount to be paid as follows:

1. Beginning November 1, 2023, and continuing the first of each month for a period of five (5) months, payment in the amount of $19,070.52 for a total amount of $114,423.12 paid after six (6) months; and

2. On November 1, 2023, issuance of unrestricted shares of common stock in LTRY in the amount of $114,423.12 at strike price per share at market close on October 31, 2023.

**Reimbursements:**

Total Amount of Reimbursement (subject to receipts to be verified by Company's CFO): $1,300.00

Payment of Reimbursement: Due on or before November 1, 2023.

**On-Going Employment:**

1. To be determined between Brandon and Company on or before November 1, 2023

<u>Commercial Terms of Settlement Offer for Carl Wells</u>

**Back Pay and Interim Accrual of Wages (July 22, 2022 – October 28, 2023)**

Total Amount: $160,058.76

Total Amount to be paid as follows:

1. Beginning November 1, 2023, and continuing the first of each month for a period of five (5) months, payment in the amount of $13,338.23 for a total amount of $80,029.38 paid after six (6) months; and

2. On November 1, 2023, issuance of unrestricted shares of common stock in LTRY in the amount of $80,029.38 at a strike price per share at market close on October 31, 2023.

**On-Going Employment:**

1. Beginning November 1, 2023, Company intends to begin making regular payments toward wages moving forward at the same annual base salary of $250,000.00; and

2. Employee shall be eligible for an annual bonus of 15% of base salary, subject to approval by the Company's Compensation Committee.

**Reimbursements:**

Total Amount of Reimbursement (subject to receipts to be verified by Company's CFO): $43,598.63

Payment of Reimbursement: Due on or before December 31, 2023.

<u>Commercial Terms of Settlement Offer for Yes Period, LLC</u>

1. On November 1, 2023, payment in the amount of $7,660.72 for full satisfaction of past due balance owed; and

Continued revenue share per agreement.

---

**Ryan Peterson (yes period) Demand (9.25.23).pdf**
266K

Gmail **Amar Ali <amarali1978@gmail.com>**

**RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)**

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Tue, Sep 26, 2023 at 6:57 PM
To: Amar Ali <amarali1978@gmail.com>
Cc: Alfonso Kennard <alfonso.kennard@kennardlaw.com>

Amar:

To clarify on Ryan's demand letter the promoted position is incorrect. It would be promotion to CTO instead of CIO.

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW




Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

[Quoted text hidden]

Gmail

Amar Ali <amarali1978@gmail.com>

**RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)**

**Amar Ali** <amarali1978@gmail.com> Thu, Oct 12, 2023 at 10:26 PM
To: Eddie Hodges <eddie.hodges@kennardlaw.com>

Eddie-

Please find attached the settlement offer we discussed related to Ryan Peterson' wage claims. I will send you a separate email with respect to the settlement offer for Yes Period, LLC.

Further, as mentioned on our call, I would also like to extend our Rule 11 agreement by a couple of weeks to October 27, 2023, in the interest of settling both matters. Please acknowledge your acceptance of extending the Rule 11 agreement as proposed herein.

Thanks.

--Amar
[Quoted text hidden]

**Commercial Terms of Settlement Offer for Ryan Peterson - 10.12.2023.pdf**
116K

Commercial Terms of Settlement Offer for Ryan Peterson

**Back Pay and Interim Accrual of Wages (July 22, 2022 – October 28, 2023)**

Total Amount: $343,269.24

Total Amount to be paid as follows:

1. Beginning December 2023, and continuing the first of each month for a period of five (5) months, payment in the amount of $28,605.77 per month for a total amount of $171,634.62 paid after six (6) months; and
2. On December 31, 2023, issuance of unrestricted shares of common stock in LTRY in the amount of $171,634.62 at strike price per share at market close on December 31, 2023.

**On-Going Employment:**

1. Beginning December 2023, Company intends to begin making regular payments toward wages moving forward at the same annual base salary of $350,000.00; and
2. Employee shall be eligible for an annual bonus of 20% of base salary, subject to approval by the Company's Compensation Committee.
3. Promotion to CTO for Lottery.com, Inc.

**Reimbursements:**

Total Amount of Reimbursement (subject to receipts to be verified by Company's CFO): $26,000.00

Payment of Reimbursement: Due on or before December 31, 2023.

Gmail **Amar Ali <amarali1978@gmail.com>**

---

**RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)**

---

**Amar Ali** <amarali1978@gmail.com> Tue, Oct 17, 2023 at 7:24 AM
To: Eddie Hodges <eddie.hodges@kennardlaw.com>

Good morning, Eddie-

Just following-up on the extension of the Rule 11 Agreement. I know when we spoke, you indicated that it should not be a problem.

Thanks.

--Amar

> On Oct 12, 2023, at 10:26 PM, Amar Ali <amarali1978@gmail.com> wrote:
>
> Eddie-
>
> Please find attached the settlement offer we discussed related to Ryan Peterson' wage claims. I will send you a separate email with respect to the settlement offer for Yes Period, LLC.
>
> Further, as mentioned on our call, I would also like to extend our Rule 11 agreement by a couple of weeks to October 27, 2023, in the interest of settling both matters. Please acknowledge your acceptance of extending the Rule 11 agreement as proposed herein.
>
> Thanks.
>
> --Amar
>
> On Tue, Sep 26, 2023 at 6:57 PM Eddie Hodges <eddie.hodges@kennardlaw.com> wrote:
>
>> Amar:
>>
>> To clarify on Ryan's demand letter the promoted position is incorrect. It would be promotion to CTO instead of CIO.
>>
>> <image001.jpg>
>>
>> 
>> 
>>
>> I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.
>>
>> CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.
>>
>> ---
>>
>> **From:** Eddie Hodges <eddie.hodges@kennardlaw.com>
>> **Sent:** Monday, September 25, 2023 5:31 PM
>> **To:** Amar Ali <amarali1978@gmail.com>
>> **Cc:** Alfonso Kennard <alfonso.kennard@kennardlaw.com>
>> **Subject:** RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)
>>
>> Amar:
>>
>> I have attached the counteroffer on behalf of Mr. Ryan Peterson and YES Period. Please let me know if you have any questions or concerns. I will be sending over Brandon's soon. Let me know if there is a response to Carl's demand.
>>
>> <image001.jpg>
>>
>> [Quoted text hidden]
>
> <Commercial Terms of Settlement Offer for Ryan Peterson - 10.12.2023.pdf>

Gmail

**Amar Ali <amarali1978@gmail.com>**

**RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)**

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Tue, Oct 17, 2023 at 3:12 PM
To: Amar Ali <amarali1978@gmail.com>
Cc: Alfonso Kennard <alfonso.kennard@kennardlaw.com>

Amar:

Yes. The client has agreed to a 14-day Rule 11 agreement [October 31st[ to withhold from filing the motion for default judgment. Also, I am waiting for Ryan to provide approval for his counteroffer to the previous offer. Just a heads up, Ryan has indicated that he is not interested in any stocks, and if he was to agree to a payment plan it would have to include a late fee penalty for any late payments. We will address those points in the incoming counter demand.

Also, let me know if I have your approval to file these Rule 11 agreements for Brandon and Carl. We will stipulate that Lottery.com has 21-days additional days to file an answer. I hope that you can provide me with an update on their demands this week to continue the conversation. Thank you, and I look forward to hearing from you soon.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW

[Quoted text hidden]
[Quoted text hidden]

**2 attachments**

**Rule 11 Agreement (Wells)(FINAL).pdf**
214K

**Marsh Original Rule 11 (10.17.23).pdf**
214K

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CARL WELLS** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-01081-RP** |
| | § | |
| | § | |
| **LOTTERY.COM, INC. d/b//a** | § | |
| **SPORTS.COM, INC. d/b/a** | § | |
| **AUTOLOTTO, INC.** | § | |
| | § | **JURY DEMANDED** |
| ***Defendant*.** | § | |

---

**RULE 11 AGREEMENT - WAIVER OF THE SERVICE OF SUMMONS**

---

**<u>TO THE HONORABLE COURT:</u>**

Attorney for Defendant, Amar Ali, has agreed to represent Defendant in the above-named case. Mr. Amar Ali has agreed to accept service of the Original Complaint; Civil Cover Sheet; and waive service of the summons on behalf of Lottery.com d/b/a Sports.com d/b/a AutoLotto, Inc.

Mr. Amar Ali and Plaintiff's counsel have agreed that Defendant's counsel shall file and serve an answer within **<u>the next 21 days</u>** the date when this request was sent and signed, The Answer will be due on or before **<u>November 7, 2023</u>**.

Date: <u>October 17, 2023</u>

Respectfully submitted,

Kennard Law P.C.

**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Kennard Law, P.C.
5120 Woodway Dr. Suite 10010
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Email: alfonso.kennard@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

**Amar Ali, Esq.**
Texas Bar No.: 24042295
5656 N. Central Expy., #401
Dallas, Texas 75206
(214) 682-6835
Email: amar.ali@lottery.com
Email: amarali1978@gmail.com
**ATTORNEY FOR DEFENDANT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRANDON MARSH** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-00880-RP** |
| | § | |
| | § | |
| **LOTTERY.COM, INC. d/b//a SPORTS.COM, INC. d/b/a AUTOLOTTO, INC.** | § | |
| | § | |
| | § | |
| | § | **JURY DEMANDED** |
| ***Defendant*.** | § | |

**RULE 11 AGREEMENT - WAIVER OF THE SERVICE OF SUMMONS**

**TO THE HONORABLE COURT:**

Attorney for Defendant, Amar Ali, has agreed to represent Defendant in the above-named case. Mr. Amar Ali has agreed to accept service of the Original Complaint; Civil Cover Sheet; and waive service of the summons on behalf of Lottery.com d/b/a Sports.com d/b/a AutoLotto, Inc.

Mr. Amar Ali and Plaintiff's counsel have agreed that Defendant's counsel shall file and serve an answer within **the next 21 days** the date when this request was sent and signed, The Answer will be due on or before **November 7, 2023**.

Date: October 17, 2023

Respectfully submitted,

Kennard Law P.C.

**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Kennard Law, P.C.
5120 Woodway Dr. Suite 10010
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Email: alfonso.kennard@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

**Amar Ali, Esq.**
Texas Bar No.: 24042295
5656 N. Central Expy., #401
Dallas, Texas 75206
(214) 682-6835
Email: amar.ali@lottery.com
Email: amarali1978@gmail.com
**ATTORNEY FOR DEFENDANT**

Gmail Amar Ali <amarali1978@gmail.com>

## RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)

**Amar Ali** <amarali1978@gmail.com>
To: Eddie Hodges <eddie.hodges@kennardlaw.com>
Cc: Alfonso Kennard <alfonso.kennard@kennardlaw.com>

Tue, Oct 17, 2023 at 3:39 PM

Eddie-

Thanks for accepting to extend the Rule 11 Agreement with regards to Ryan Peterson's matters.

Also, I approve the Rule 11 Agreements for both Wells and Marsh matters.

Thank you.

--Amar
[Quoted text hidden]

Gmail **Amar Ali <amarali1978@gmail.com>**

## RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Tue, Oct 31, 2023 at 11:48 AM
To: Amar Ali <amarali1978@gmail.com>, "amar.ali@lottery.com" <amar.ali@lottery.com>
Cc: Alfonso Kennard <alfonso.kennard@kennardlaw.com>

Good Morning Amar:

I have attached Mr. Peterson's response to Lottery's October 12 demand. Also, as stated in the letter, Mr. Peterson is amendable to extending the Rule 11 on a week-by-week basis given we continue to make progress. The goal would be to have an agreement in place prior to the shareholder meeting in November. Therefore, we anticipate exchanging offers at a quicker pace, if possible. This current demand also does not address YES Period because no counter to YES period was attached to the October 12th letter. Please feel free to give me a call with any questions or concerns.

Best Regards,

[Quoted text hidden]

**Ryan Peterson (yes period) Demand (10.31.23)(FINAL).pdf**
274K

Kennard
ATTORNEYS AT LAW

Eddie Hodges, Jr.
Associate Attorney
Direct: 346. 980.8204
eddie.hodges@kennardlaw.com

October 31, 2023

**Sent via Email:**
**AMAR ALI**
Outside Counsel for Lottery.com
amar.ali@lottery.com
Amarali1978@gmail.com

**CONFIDENTIAL COMMUNICATION PURSUANT TO RULE 408**

**RE: Ryan Peterson's/YES PERIOD Wage Claim and Arbitration with Lottery.com**

Dear Mr. Ali:

As you know, this firm has been retained by Mr. Ryan Peterson (hereinafter "Mr. Peterson") to represent him concerning his employment wage dispute and contract claims against Lottery.com d/b/a Sports.com (hereinafter "Lottery"). Accordingly, please accept this demand letter as a good-faith effort to continue settlement dialogue.

Mr. Peterson is not litigious but will continue to protect his rights until Lottery.com makes him whole. It is clear that Lottery.com must accept that Mr. Peterson was forced to hire legal representation to protect his rights. Now, Mr. Peterson is contractually obligated to pay his attorneys a portion of the monies he is owed. Mr. Peterson would encourage Lottery.com to take that into consideration when considering this offer, or any future offer.

## I. Damages, Attorney's Fees, and Costs

Mr. Peterson is willing to negotiate the release of his claims in Federal Court, however, Lottery.com has to take into account that Mr. Peterson was forced to seek legal representation to protect his rights and has a contracted **40% contingency fee** (the previous letter mistakenly stated 35%). Mr. Peterson's current accruing salary and bonus is $350K and 20%, which was also mistakenly stated. Therefore, any resolution will have to consider the full amount of damages that are available in his current lawsuit proceedings, which will likely include liquidated/treble damages. Mr. Peterson issues the following counteroffer to Lottery.com's October 12th offer (based on itemized damages of back pay, reimbursements for expenses, and legal fees):

1. Mr. Peterson's June 21st Offer: **$1,400,000.00**
   a. in exchange for a general release of claims and a confidentiality agreement
2. YES PERIOD OFFER: **$2,475,000.00**

3. Lottery.com's September 18th Offer: TOTAL VALUE: **$228,846.24**
   a. BACKPAY

    i. Beginning November 1, 2023, and continuing the first of each month for a period of five (5) months, payment in the amount of $19,070.52 for a total amount of $80,029.38 paid after six (6) months; and

  b. STOCK
    i. On November 1, 2023, issuance of unrestricted shares of common stock in LTRY in the amount of $114,423.12 at a strike price per share at market close on October 31, 2023
  c. REIMBURSEMENT
    i. Total Amount of Reimbursement (subject to receipts to be verified by Company's CFO): $26,000. Due on or before December 31, 2023.
  d. Ongoing employment beginning November 1, 2023

4. Lottery.com's September 18th Offer (YES PERIOD) **$7,660.72**
  a. On November 1, 2023, payment in the amount of $7,660.72 for full satisfaction of past due balance owed; and
  b. Continued revenue share per agreement.

5. Mr. Peterson's September 25th Offer: **$1,262,057.74**
  a. REIMBURSEMENTS: **$26,000**
    i. Full reimbursement of **$26,000** to be paid no later than **11/1/2023**
  b. BACKPAY: **$417,307.74**
    i. Full payment **of $417,307.74** for 2022 Back Pay to be paid no later than **11/1/2023** (Employee will be responsible for payment of payroll taxes to the IRS)
    ii. Full payment **of $43,750.00** for 2022 15% Annual Bonus to be paid on or before **12/31/2023** (Employee will be responsible for payment of payroll taxes to IRS)
    iii. Full payment of **$43,750.00** for 2023 15% Annual Bonus to be paid on or before **1/31/2024** (Employer will be responsible for payment of payroll taxes to IRS)
  c. ACTUAL DAMAGES: **$318,750.00**
    i. 75% payment of liquidated damages **$119,062.62** for financial losses associated with nonpayment of wages (due to non-payment of salary) to be paid on or before **12/31/2023**) *Actual damages*
  d. ONGOING EMPLOYMENT
    i. Beginning November 1, 2023, Company guarantees regular payments of wages moving forward at the same annual base salary of $350,000.00
    ii. Promotion to CTO for BOTH Lottery.com AND Sports.com reporting to the CEO and Board of Directors
    iii. 100% of D&O Insurance Paid by the Company
    iv. Employee shall be eligible for an annual bonus of 20% of base salary, subject to approval by the Company's Compensation Committee.
  e. ATTORNEYS FEES:
    i. 40% Contingency Fee
    ii. Company agrees to pay all employee's legal fees due to Kennard Law P.C. on or before 11/1/2023

6. Lottery.com's October 12th Offer: TOTAL VALUE: **$343,269.24**
    a. BACKPAY
        i. Beginning December 2023, and continuing the first of each month for a period of five (5) months, payment in the amount of $28,605.77 per month for a total amount of $171,634.62 paid after six (6) months; and
    b. STOCK
        i. On December 31, 2023, issuance of unrestricted shares of common stock in LTRY in the amount of $171,634.62 at strike price per share at market close on December 31, 2023REIMBURSEMENT
    c. Total Amount of Reimbursement (subject to receipts to be verified by Company's CFO): $26,000. Due on or before December 31, 2023).
    d. Ongoing employment beginning November 1, 2023
        i. Employee shall be eligible for an annual bonus of 20% of base salary, subject to approval by the Company's Compensation Committee
        ii. Promotion to CTO for Lottery.com
7. Lottery.com's October 12th Offer (YES PERIOD) **$7,660.72**
    a. On November 1, 2023, payment in the amount of $7,660.72 for full satisfaction of past due balance owed; and
    b. Continued revenue share per agreement.

8. Mr. Peterson's October 31st Offer: **$1,017,692.38**
    a. REIMBURSEMENTS: **$26,000**
        i. Full reimbursement of **$26,000** to be paid no later than **11/1/2023**
    b. BACKPAY: **$417,307.74**
        i. Full payment **of $417,307.74** for 2022 Back Pay to be paid no later than **12/1/2023** (Employee will be responsible for payment of payroll taxes to the IRS)
        ii. Full payment **of $21,875.00** for 2022 7.5% Annual Bonus to be paid on or before **1/31/2024** (Employee will be responsible for payment of payroll taxes to IRS)
        iii. Full payment of **$21,875.00** for 2023 7.5% Annual Bonus to be paid on or before **1/31/2024** (Employer will be responsible for payment of payroll taxes to IRS)
    c. ACTUAL DAMAGES: **$250,384.64**
        i. 60% payment of liquidated damages for financial losses associated with nonpayment of wages (due to non-payment of salary) to be paid on or before **12/31/2023**) *Actual damages*
    d. ONGOING EMPLOYMENT
        i. Beginning November 1, 2023, Company guarantees regular payments of wages moving forward at the same annual base salary of $500,000.00
        ii. Promotion to CTO for BOTH Lottery.com AND Sports.com reporting to the CEO and Board of Directors
        iii. 100% of D&O Insurance Paid by the Company

iv. Employee shall be eligible for an annual bonus of 20% of base salary, subject to approval by the Company's Compensation Committee.

v. Employee shall have opportunity to negotiate a 2-year severance package associated with continued employment.

e. ATTORNEYS FEES:
   i. 40% Contingency Fee
   ii. Company agrees to pay all employee's legal fees due to Kennard Law P.C. on or before 12/1/2023

The demand of **$1,017,692.38** in exchange for a general release of claims and a confidentiality agreement. Obviously, with these black and white claims liquidated/treble damages would likely be granted by the Court or jury and Mr. Peterson has given the opportunity to Lottery.com to avoid having to pay more in a legal proceeding than what he has offered as a counter. Moreover, any payment plan agreed to by Mr. Peterson would include a notice and motion to stay the proceedings until the payments have been paid in full. To avoid having the case linger on the docket for five to six months; Mr. Peterson is encouraging Lottery.com to present a front-end number. Also, with regards to morality issues, the settlement agreement will also include a confidentiality/non-disclosure close. A settlement would allow the parties to preserve their relative status quo by resolving the issues, without the need for further litigation in federal court. Mr. Peterson wants to engage in good-faith communications but will not waive his claims if he is not compensated for the actual damages he has incurred.

## II. Resolution

Mr. Peterson is aware of Lottery.com's ongoing financial situation and is amendable to continue to negotiate a settlement in an attempt to have an agreement in place prior to the November 16 or November 17 shareholder meeting. So long as no further costs are incurred by either party; a settlement would allow the parties to preserve their relative status quo by resolving the issues, without the need for further litigation. I look forward to hearing from you in response to this demand. Mr. Peterson is open to mediation; however, Mr. Peterson would like to be expeditiously paid in full to be caught up on a year's worth of missed wages, reimbursement expenses, loss earnings, and attorneys' fees. Time is of the essence the clerk has entered default on Mr. Peterson's claims. If this case was to go to a trial Mr. Peterson will be seeking more, likely double, the damages than what has been asserted in this demand. Lastly, attached is Mr. Peterson's pending complaints filed in federal court. We will look forward to your swift response.

Thank you in advance for your cooperation in the timely resolution of this matter. Please feel free to contact us at any time if you have any questions or if you would like to further discuss any of the foregoing.

kennard law P.C.

By: Eddie Hodges Jr.

cc: (filings@kennardlaw.com)

Gmail **Amar Ali <amarali1978@gmail.com>**

## RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Tue, Oct 31, 2023 at 12:08 PM
To: "amarali1978@gmail.com" <amarali1978@gmail.com>, "amar.ali@lottery.com" <amar.ali@lottery.com>
Cc: Alfonso Kennard <alfonso.kennard@kennardlaw.com>

Amar:

Here is the correct response to Lottery's October 12th Letter. Moreover, my client has expressed that the new employment agreement, severance package, and confirmation of bonuses moving forward must be included in any agreement. Let me know if you have any questions or concerns about my client's offer.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW




Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

[Quoted text hidden]

**Ryan Peterson Demand (10.31.23) FINAL.pdf**
275K

Gmail Amar Ali <amarali1978@gmail.com>

**RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)**

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Tue, Oct 31, 2023 at 11:48 AM
To: Amar Ali <amarali1978@gmail.com>, "amar.ali@lottery.com" <amar.ali@lottery.com>
Cc: Alfonso Kennard <alfonso.kennard@kennardlaw.com>

Good Morning Amar:

I have attached Mr. Peterson's response to Lottery's October 12 demand. Also, as stated in the letter, Mr. Peterson is amendable to extending the Rule 11 on a week-by-week basis given we continue to make progress. The goal would be to have an agreement in place prior to the shareholder meeting in November. Therefore, we anticipate exchanging offers at a quicker pace, if possible. This current demand also does not address YES Period because no counter to YES period was attached to the October 12th letter. Please feel free to give me a call with any questions or concerns.

Best Regards,

[Quoted text hidden]

**Ryan Peterson (yes period) Demand (10.31.23)(FINAL).pdf**
274K

Gmail

Amar Ali <amarali1978@gmail.com>

## RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)

**Amar Ali** <amarali1978@gmail.com> Wed, Nov 1, 2023 at 7:34 PM
To: Eddie Hodges <eddie.hodges@kennardlaw.com>
Cc: amar.ali@lottery.com, Alfonso Kennard <alfonso.kennard@kennardlaw.com>

The fees on Ryan's cases alone are north of $90k or the fees for all the cases total to $90k?

--Amar

On Nov 1, 2023, at 5:05 PM, Eddie Hodges <eddie.hodges@kennardlaw.com> wrote:

Amar:

According to the Lodestar calculation the attorney fees incurred as of today is north of $90k. But it is simple, this is a contingency case. The clients were forced to hire legal representation to protect their rights. Lottery has put these guys in a position where they are now contractually obligated to pay their representation a portion of any award/settlement. Any exchange in offers should put that into consideration.

On another note, I believe we need to start making some progress with Carl and Brandon. It is tough message to convey that Lottery wants them to "punch sand" until a deal with Ryan is done. I understand that you want to use Ryan's deal as framework, but all three have their own separate views and authority. I think there should be room to continue to negotiate for all three in this brief bubble between now and the shareholders meeting. I think a counteroffer to their offer would be moving in the right direction. Carl has given notice that time is of the essence, and he wants his opportunity to resolve outside of Court.

I appreciate your efforts here and I look forward to hearing from you regarding your response to Ryan's last demand and Carl and Brandon's previous offers.

Best Regards,

<image001.jpg>

[Quoted text hidden]
[Quoted text hidden]

Gmail

Amar Ali <amarali1978@gmail.com>

**RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)**

**Alfonso Kennard** <alfonso.kennard@kennardlaw.com> Wed, Nov 1, 2023 at 8:18 PM
To: Amar Ali <amarali1978@gmail.com>
Cc: Eddie Hodges <eddie.hodges@kennardlaw.com>, "amar.ali@lottery.com" <amar.ali@lottery.com>

Are we talking about lodestar fees this early on this process. These will likely skyrocket, across the board, north of 500k lodestar. Otherwise, our fees are 40 percent per case. Thanks.




**Alfonso Kennard, Jr.**
*Managing Shareholder*

Kennard Law P.C.
*Direct Line:* *713.742.0906*
*Toll Free:* 855.kennlaw
*Email:*alfonso.kennard@kennardlaw.com

kennardlaw.com

On Nov 1, 2023, at 7:34 PM, Amar Ali <amarali1978@gmail.com> wrote:

The fees on Ryan's cases alone are north of $90k or the fees for all the cases total to $90k?
[Quoted text hidden]

Gmail **Amar Ali <amarali1978@gmail.com>**

## RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Wed, Nov 1, 2023 at 5:05 PM
To: Amar Ali <amarali1978@gmail.com>
Cc: "amar.ali@lottery.com" <amar.ali@lottery.com>, Alfonso Kennard <alfonso.kennard@kennardlaw.com>

Amar:

According to the Lodestar calculation the attorney fees incurred as of today is north of $90k. But it is simple, this is a contingency case. The clients were forced to hire legal representation to protect their rights. Lottery has put these guys in a position where they are now contractually obligated to pay their representation a portion of any award/settlement. Any exchange in offers should put that into consideration.

On another note, I believe we need to start making some progress with Carl and Brandon. It is tough message to convey that Lottery wants them to "punch sand" until a deal with Ryan is done. I understand that you want to use Ryan's deal as framework, but all three have their own separate views and authority. I think there should be room to continue to negotiate for all three in this brief bubble between now and the shareholders meeting. I think a counteroffer to their offer would be moving in the right direction. Carl has given notice that time is of the essence, and he wants his opportunity to resolve outside of Court.

I appreciate your efforts here and I look forward to hearing from you regarding your response to Ryan's last demand and Carl and Brandon's previous offers.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW

[Quoted text hidden]
[Quoted text hidden]

To Whom It May Concern:

Please let this letter serve as notice that I, Ryan Peterson, do not claim ownership of the domain names for <sports.com> and <lottery.com>. Within my position in the company, I was employed to ensure the renewal and safekeeping of the aforementioned domain names. I have kept the domain names active in the ordinary course of business.

Sincerely,

[Ryan Peterson]

Gmail

Amar Ali <amarali1978@gmail.com>

**RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)**

**Alfonso Kennard** <alfonso.kennard@kennardlaw.com> Thu, Nov 9, 2023 at 5:01 AM
To: Amar Ali <amarali1978@gmail.com>
Cc: Eddie Hodges <eddie.hodges@kennardlaw.com>, "amar.ali@lottery.com" <amar.ali@lottery.com>

We agree herein to extend the current “Rule 11” for 7 more days beyond its current deadline.




**Alfonso Kennard, Jr.**
*Managing Shareholder*

**Kennard Law P.C.**
*Direct Line:* *713.742.0906*
*Toll Free:* **855.kennlaw**
*Email:* **alfonso.kennard@kennardlaw.com**

kennardlaw.com

On Nov 9, 2023, at 3:35 AM, Amar Ali <amarali1978@gmail.com> wrote:

Eddie-
[Quoted text hidden]

Gmail

Amar Ali <amarali1978@gmail.com>

## RE: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)

**Amar Ali** <amarali1978@gmail.com> Thu, Nov 9, 2023 at 3:35 AM
To: Eddie Hodges <eddie.hodges@kennardlaw.com>
Cc: amar.ali@lottery.com, Alfonso Kennard <alfonso.kennard@kennardlaw.com>

Eddie-

I never received the email from you as promised by you and Alfonso yesterday during our phone conversation memorializing our oral agreement to extend the Rule 11 agreements on the Peterson matters and other 2 matters.

I will need that first thing this morning so that we can continue our efforts to settle the matters outside of court. Thanks.

--Amar

On Nov 1, 2023, at 5:05 PM, Eddie Hodges <eddie.hodges@kennardlaw.com> wrote:

Amar:

According to the Lodestar calculation the attorney fees incurred as of today is north of $90k. But it is simple, this is a contingency case. The clients were forced to hire legal representation to protect their rights. Lottery has put these guys in a position where they are now contractually obligated to pay their representation a portion of any award/settlement. Any exchange in offers should put that into consideration.

On another note, I believe we need to start making some progress with Carl and Brandon. It is tough message to convey that Lottery wants them to "punch sand" until a deal with Ryan is done. I understand that you want to use Ryan's deal as framework, but all three have their own separate views and authority. I think there should be room to continue to negotiate for all three in this brief bubble between now and the shareholders meeting. I think a counteroffer to their offer would be moving in the right direction. Carl has given notice that time is of the essence, and he wants his opportunity to resolve outside of Court.

I appreciate your efforts here and I look forward to hearing from you regarding your response to Ryan's last demand and Carl and Brandon's previous offers.

Best Regards,

<image001.jpg>

[Quoted text hidden]
[Quoted text hidden]

Gmail **Amar Ali <amarali1978@gmail.com>**

## Ryan Peterson Letter

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Thu, Nov 16, 2023 at 3:28 PM
To: Amar Ali <amar.ali@lottery.com>
Cc: "amarali1978@gmail.com" <amarali1978@gmail.com>

Amar:

Sorry I have been working on a Summary Judgment motion and just left another hearing. Here is the signed version. Let me know if you have any questions.

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW




Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

[Quoted text hidden]

**Ryan Peterson Letter - Domain Names.pdf**
44K

Lottery.com

**Amar Ali <amar.ali@lottery.com>**

**Response for One Stream Invest Ltd.**

**Ryan Peterson** <peterson@lottery.com>
To: Amar Ali <amar.ali@lottery.com>

Fri, Nov 17, 2023 at 12:18 PM

Amar,

Here's a redacted screenshot of the registration entries.

- Ryan

**Ryan J. Peterson**
Executive Vice President, Technology
peterson@lottery.com | 737.309.4567
Lottery.com | https://lottery.com

[Quoted text hidden]

**2 attachments**



**Lottery.com Registration.png**
135K



**Sports.com Registration.png**
138K

< Domain Portfolio

# lottery.com

Overview DNS Products

[redacted]

## Contact Info ⓘ

Edit

Your contact info won't show in our public WHOIS directory when Domain Privacy is on.

Registrant Administrative Technical Billing

| | |
|---|---|
| Organization | Lottery.com, Inc |
| Name | Ryan Peterson |
| Address | 20808 State Highway 71 W, Unit B, Spicewood, Texas, United States 78669 |
| Telephone | [redacted] |
| Email | [redacted] |

## Domain Privacy

On

Your personal contact info is replaced in our public WHOIS directory with details from our partner, Domains by Proxy®.

| | |
|---|---|
| Organization | Domains By Proxy, LLC |
| Name | Registration Private |
| Address | DomainsByProxy.com, 2155 E Warner Rd, Tempe, Arizona, United States 85284 |
| Telephone | +1.4806242599 |
| Email | lottery.com@domainsbyproxy.com |

## Email Privacy

Edit

| | |
|---|---|
| Private email address | lottery.com@domainsbyproxy.com |
| Forwarding email address | [redacted] |
| Spam filter | On |

[redacted]

< Domain Portfolio

# sports.com

Overview | DNS | Products

[redacted]

## Contact Info

Edit

Your contact info won't show in our public WHOIS directory when Domain Privacy is on.

Registrant | Administrative | Technical | Billing

| | |
|---|---|
| Organization | Lottery.com, Inc |
| Name | Ryan Peterson |
| Address | 20808 State Highway 71 W, Unit B, Spicewood, Texas, United States 78669 |
| Telephone | [redacted] |
| Email | |

## Domain Privacy

On

Your personal contact info is replaced in our public WHOIS directory with details from our partner, Domains by Proxy®.

| | |
|---|---|
| Organization | Domains By Proxy, LLC |
| Name | Registration Private |
| Address | DomainsByProxy.com, 2155 E Warner Rd, Tempe, Arizona, United States 85284 |
| Telephone | +1.4806242599 |
| Email | 25ab42e34adc4e7ea74bd1e167b401ba@domainsbyproxy.com |

## Email Privacy

Edit

| | |
|---|---|
| Private email address | 25ab42e34adc4e7ea74bd1e167b401ba@domainsbyproxy.com |
| Forwarding email address | [redacted] |
| Spam filter | On |

[redacted]

CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

THIS CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT (the "Agreement") is entered into by and among the Plaintiff (defined below) and Plaintiff's Counsel (defined below), on the one hand, and LOTTERY.COM d/b/a SPORTS.COM d/b/a AUTOLOTTO, INC. ("Lottery.com"), on the other hand.

WHEREAS the lawsuit styled *Ryan Peterson v. LOTTERY.COM, INC. d/b//a SPORTS.COM, INC. d/b/a AUTOLOTTO, INC*, Civil Action No. 1:23-cv-00646, in the United States District Court for the Western District of Texas, Austin Division (the "*Peterson* Lawsuit"), an action requesting declaratory judgment and alleging breach of contract, fraud, misrepresentation, tortious interference, and violations of state law wage claims;

WHEREAS, with the named Plaintiff, Ryan Peterson is the Plaintiff in the *Peterson* Lawsuit;

WHEREAS, Plaintiff and Defendant (collectively, the "Parties") wish to resolve all existing or potential matters between them, including any and all existing or potential claims and/or damages, to avoid the uncertainty in any lawsuit, and the further expenditure of time and resources for each of them;

WHEREAS, *bona fide* disputes exist among the Parties;

WHEREAS, Plaintiff, through Plaintiff's Counsel, have made a thorough and independent investigation of the facts and laws relating to the allegations in the *Peterson* Lawsuit, and have concluded that the terms of this Agreement are fair, reasonable, and adequate and that it is in the best interests of Plaintiff and Defendant to resolve and settle the *Peterson* Lawsuit and waive and release all claims to date, the "Released Claims," pursuant to the terms set forth herein.

NOW, THEREFORE, for these reasons and in consideration of the representations, covenants and mutual promises set forth in this Agreement, Plaintiff, Plaintiff's Counsel, and Defendant agree as follows.

1. **DEFINITIONS**. When used in the Agreement, the following terms shall have the following meanings:

(a) "Plaintiff" means the *Peterson* Lawsuit Plaintiff, individually Ryan Peterson, and his spouse, heirs, executors, administrators, beneficiaries, estate, attorneys, representatives, successors, and assigns.

(b) "Plaintiff's Counsel" means Eddie Hodges, Jr. and Alfonso Kennard Jr., and their law firm, Kennard Law, P.C.

(c) "Effective Date" means the date Defendant have received all executed copies of this Agreement that have been signed by Plaintiff and Plaintiff's Counsel (assuming no timely revocation by any Claimant, see below).

(d) "Fees" means the total amount of ______________ ($_________), which shall be allocated from the Settlement Sum for Claimants' Counsel's fees and costs.

(e) "Dismissal" means dismissal with prejudice, in a form approved of by Defendant, in accordance with the Court's requirements.

(f) "Individual Settlement Amount" means the amount of money due to Plaintiff individually under this Agreement as his allocation from the Settlement Sum, as reflected on Exhibit 1.

(g) Defendant and Plaintiff individually referred to as a "Party" and collectively referred to as the "Parties."

(h) "Released Claims" means any and all claims, demands, rights, liabilities, damages, and causes of action of every nature and description whatsoever, known or unknown, from the beginning of time through the date of execution of this Agreement or the Individual Release Agreement (defined below), whichever is later, that any Plaintiff may have against any or all of the Released Parties, for, arising from, or related to (i) the *Peterson* Lawsuit, including the legal and factual allegations or basis stated, at any time; (ii) the classification or alleged misclassification of Claimants, whether as employees, exempt, or otherwise; (iii) the payment or nonpayment of wages or compensation (including all claims for unpaid regular, minimum, overtime wages, bonuses, per diems, expense reimbursements, liquidated damages, penalties, benefits, benefit plan contributions, costs, interest, attorneys' fees, equitable relief or any related remedies or damages, including any compensatory and punitive damages) under the FLSA and other federal law, state law, local law, or common law theories; (iv) any claim or theory of retaliation under the FLSA and other federal law, state law, local law, or common law theories; and (v) any costs, fees, or other expenses, including attorneys' fees incurred in connection with, or with respect to, the Released Claims, that was or could have been asserted by Plaintiffs or any person claiming through Plaintiffs, including each Plaintiff's spouse, heirs, executors, administrators, beneficiaries, estate, representatives, successors, assigns, and all others claiming under him or through him.

The term "Released Claims" also means (i) *any and all* theories of recovery of whatever nature, for any and all alleged associated damages, as defined below, whether known or unknown, occurring at any time at or prior to the Effective Date, and whether recognized by the law or equity of any jurisdiction, by Claimants against Defendants from the beginning of time to the date this Agreement is signed by Claimants. Thus, the term "Released Claims" means the following:

- All Released Claims and all alleged associated damages Claimants have asserted or could have asserted against Defendants, at any time, including, without limitation, all matters related or connected to or arising under (1) any alleged wrongful discharge, constructive discharge, discrimination, harassment, and/or retaliation of any nature (including, without limitation, all claims of disability, sex, race, nationality, and/or age discrimination, harassment and/or retaliation claims that may be asserted under Title VII or the Texas Labor Code (including under Chapter 451), or under any other statute or common law theory, in federal or state law), and/or all claims of discrimination, harassment and/or retaliation on the basis of sex, race, age, national origin, religion, creed, disability, or any other protected

category, or as a result of any workers' compensation claim, or as might be brought under any common law theory; (2) a breach of any alleged expressed or implied contract, including any claims of fraud, fraudulent inducement, *quantum meruit*, and/or estoppel or any claims asserting that Jones was the third-party beneficiary of any of the contract to which Defendants are a party or parties; and/or (3) any tort, such as, without limitation, negligence, gross negligence, invasion of privacy, defamation, assault and battery, fraud, and infliction of emotional distress relating to Claimants' employment with and/or separation from Company;

(i) "Released Parties" means Lottery.com d/b/a Sports.com d/b/a AutoLotto, Inc., and each of their past, present and future parents, subsidiaries, affiliates, predecessors, successors, owners, partners assigns, business units, divisions, members, related companies, employee benefit plans (including trusts, administrators and fiduciaries), all plans sponsored, maintained or administered by any Released Party, and each of the foregoing entities' or persons' respective past, present, and future stockholders, directors, officers, fiduciaries, trustees, employees, principals, agents, representatives, insurers, attorneys, partners, predecessors, successors, assigns, contractors, and legal representatives. Each of the Released Parties is an intended beneficiary of this Agreement.

(j) "Settlement Sum" means the total amount of SEVEN HUNDRED AND FIFTY THOUSAND DOLLARS ($750,000.00), which shall be consideration for this Agreement; the Settlement Sum is comprised of funds, which comprehensively include both the Fees and the Individual Settlement Amounts to be paid out over six months' time, see below, without interest. The Settlement Sum is the total amount of monies due from Defendant to Plaintiff under this Agreement; nothing more is due and owing, and nothing more will be paid. The division of monies for Plaintiff and Plaintiff's Counsel's Fees shall be made by Plaintiff's Counsel, as allocated in Exhibit 1 to this Agreement (note that the original amount the Parties agreed upon was adjusted slightly due to rounding given the payout over time). The Parties agree that the Settlement Sum shall be considered non-wage payments, out of which no taxes will be taken out and as to which Defendant will eventually issue IRS 1099 forms.

2. **CLAIMANTS' RELEASE AND WAIVER OF CLAIMS**.

(a) In consideration of the payments to be received by Plaintiff under this Agreement, each Plaintiff forever, fully, and finally waives, releases and discharges the Released Parties from all Released Claims and all alleged associated damages, including, if applicable, claims and alleged damages related to age discrimination, harassment, and/or retaliation, to the fullest extent permitted by law, from the beginning of time to the date each Plaintiff signs this Agreement.

(b) Except to the extent prohibited by law, Plaintiff agrees not to bring, or cause to be brought, and represents and warrants that, except for the *Peterson* Lawsuit, he has not brought any Released Claims against any Released Party in any court, before any arbitral authority, or before any governmental agency. Nothing in this Agreement prevents Plaintiff from filing any non-legally waivable claim with the Wage and Hour Division of the U.S. Department of Labor, the Equal Employment Opportunity Commission, National Labor Relations Board, Occupational Safety and Health Administration, Securities and Exchange Commission ("SEC") or any other federal, state or local governmental agency or commission (collectively, "Governmental

Agencies") or participating in any investigation or proceeding conducted by a Governmental Agency; however, Plaintiff understands and agrees that he is waiving any and all rights to recover any monetary or personal relief or to obtain any other recovery as a result of such proceeding or subsequent legal action related to the Released Claims, except for any right to receive an award for information provided to the SEC. **Finally, nothing in this Agreement (including the confidentiality and non-disparagement clauses, below) is intended to, nor does it, interfere with or restrain employee's rights to share or discuss information with other employees regarding the terms and conditions of employment (*e.g.,* compensation), as permitted by, and in the exercise of any rights provided by, the National Labor Relations Act.**

3. ***BONA FIDE* DISPUTE**. The Parties acknowledge and agree that this Agreement fully and finally resolves a *bona fide* dispute between them. Plaintiff expressly represent, acknowledge and agree that they are represented by counsel, have been fully advised by an attorney of his choosing as to their rights with respect to their disputed claims, and that the waiver and release of rights hereunder is enforceable in these circumstances, that they have been advised by their counsel that such waiver and release of rights is final, and that the payment offered and provided hereunder is a fair, equitable, and enforceable resolution of all Released Claims.

4. **NO ADMISSION OF LIABILITY**. Claimants acknowledge that, by entering into this Agreement, Defendant do not admit any unlawful conduct or any other wrongdoing in connection with any Plaintiff or the *Peterson* Lawsuit, and that Defendant has entered into this Agreement for the sole purpose of avoiding further disruption, cost and expense associated with the *Peterson* Lawsuit and Plaintiff's claims. Defendant specifically deny that it, its employees and/or agents or any other Released Party committed any unlawful, tortious or improper acts against Claimants at any time.

5. **SETTLEMENT AMOUNT AND PAYMENT; COURT REQUIREMENTS**.

(a) In reliance on and in consideration of Claimants' releases, representations, warranties and covenants set forth in this Agreement, Defendant will issue two individual checks in the amount of **$__________,** made payable to Ryan Peterson and in the amount of **$__________ Kennard Law, P.C.,** made payable in six months, and each check shall equal the Settlement Sum. Payments shall begin on January 1 2024, and continue each month thereafter, on the 1st of each month, until July 1, 2024. Should a payment date fall on a weekend or holiday, then the payment date shall be extended to the next business day following the holiday or weekend. While these payments are being made, the Court will be noticed that the *Peterson* Lawsuit will be stayed.

(b) Within ten business days after Defendant's receipt, through their counsel, of the executed Agreement and a completed W-9 for each Plaintiff and for Plaintiff's Counsel, Defendant shall begin to provide the monthly payments noted ($____________, per month). Defense counsel already possesses, and holds in trust, the initial check (and has advised Claimants' Counsel of that check), and Defense Counsel will duly release the initial check within the ten business days period, as stated herein, assuming that all Claimants timely sign and return this Agreement.

(c) If, Defendants fail to pay any of the six (6) total settlement payments, upon notice to defense counsel of such failure, Defendants shall have five (5) calendar days to cure and pay the portion of the Settlement Payment owed at that time. Notice to defense counsel may be made

by email and shall be effective upon the date of such email being sent. If Defendant fails to pay within the 5-day notice period the portion of the Settlement Sum due at that time, Plaintiff may file with the Court a motion to end the stay in the *Peterson* Lawsuit and ask for additional damages that accrued. In that latter event and assuming the motion is granted and the stay is lifted with further Court proceedings, Defendant shall receive no credit for all payments made by Defendant to Plaintiff, but without prejudice for Defendant to argue that Plaintiff may owe money to Defendant, however, no portions of the Settlement Sum will be repaid to Defendant, unless ordered by the Court.

(d) Plaintiff shall be solely responsible for all taxes owed by such Plaintiff with respect to the payments set forth herein, and Plaintiff expressly promises and agrees to satisfy all such obligations and to cause such obligations to be satisfied and to indemnify and hold harmless Defendant and the other Released Parties for any failure to do so. Defendant's cost of defense will be included in any Claimant's indemnity obligation. Plaintiff agrees that Defendants have not made any representations to the Claimants, collectively or individually, regarding the tax liabilities or consequences of any amounts received by him pursuant to this Agreement. Plaintiff understands and agrees that he or she should seek independent advice regarding such matters from professional advisors of his choosing, including his counsel.

(e) Within seven (7) calendar days following full payment by Defendants of the $750,000.00 settlement amount (that is, after all six payments of $________ have been made to Ryan Peterson and Plaintiff's Counsel), Plaintiff's counsel and defense counsel, on behalf of their respective clients, shall file in the *Peterson* Lawsuit an agreed-upon motion to dismiss, and request entry of Final Judgment dismissing the case, in its entirety, with prejudice. Further, the Parties agree to file such paperwork, *but only if required by the Court*, for approval of this settlement, and, in that event, the Parties will strive not to make the Agreement itself a matter for public review, as long as permitted by the Court.

(f) Except as expressly stated herein, each Party shall bear its own costs, expenses and attorneys' fees, including those attendant to the negotiation of and entry into this Agreement, the resolution of all disputes that existed on or prior to the Effective Date between the Parties, and the implementation of the terms and conditions of this Agreement.

6. **CONFIDENTIALITY**. Plaintiff and Plaintiff's Counsel agree that the amount of the Settlement Sum, the Individual Settlement Amounts, and other terms of the Agreement and any related documents, papers and writing shall be confidential and shall not be disclosed, specifically including to any current or former employee, contractor, or vendor of Defendants or any other Released Party, except (i) to Claimants' attorneys, tax advisors, investment advisors, and spouses; (ii) as may be required under subpoena power or court order; (iii) to the extent legally necessary to enforce this Agreement; or (iv) as otherwise required by law. Plaintiff agrees that, before disclosing the amount of his or her Individual Settlement Amount or any other information deemed confidential by this paragraph to any of the excepted individuals identified above, Plaintiff will obtain his or her commitment to abide by this confidentiality provision set forth in this Section 7. If a Plaintiff is asked about the resolution of the *Peterson* Lawsuit by any person (other than those set out in this Agreement) they will respond with the phrase "The matter is resolved" or words substantially similar. Plaintiff understands that their agreement to, and compliance with, this provision was a material inducement to Defendants to enter into this Agreement and that any

violation thereof would be a material violation, but that the resulting damages would be difficult to calculate.

7. **NON-DISPARAGEMENT**. Plaintiff and Defendant agrees that he will not make any statement, oral or written (including electronic or in print), which Plaintiff and Defendant knows or reasonably should know to be a disparaging, defamatory, false, and/or negative comment concerning the Released Parties or otherwise detrimental to the reputation or goodwill of the Released Parties, and shall refrain from encouraging or suggesting to anyone else that such disparaging, negative or detrimental comment be made. This clause includes any statement, oral or written, published or communicated to any person or entity, including, without limitation, via any form of mass media, any internet forum, or any form of social media and also includes, without limitation, the forwarding, the "liking" or otherwise of the comments of others about Released Parties and its employees. As noted, nothing herein is to be construed to preclude or dissuade either Party from engaging in any legally protected rights or legal obligations, including such rights to share or discuss information with other employees regarding the terms and conditions of employment (*e.g.,* compensation), as permitted by, and in the exercise of any rights provided by, the National Labor Relations Act.

8. **RE-EMPLOYMENT**. Plaintiff and Defendant agree Plaintiff will continued to be employed in the new position as Chief Technical Officer (CTO) and will be paid an annual salary of $500,000 per year. Plaintiff's new salary will begin to be paid out simultaneously with the payment of this settlement agreement. Plaintiff's reemployment is subject to a new employment agreement separate from this agreement.

9. **ACCORD AND SATISFACTION**. It is agreed and understood by the Parties that the consideration recited in this Agreement is accepted by Plaintiff's Counsel, on behalf of Plaintiff, in full accord and satisfaction of all claims, known and unknown, including, without limitation, the Released Claims. Plaintiff further acknowledges and agrees that he understands this to be a full, final, and complete settlement and one that cannot be reopened at any time.

10. **WAIVER**. One or more waivers of a breach of any covenant, term, or provision of this Agreement by any Party shall not be construed as a waiver of a subsequent breach of, or relinquishment of rights under, the same covenant, term or provision, nor shall it be considered a waiver of any other then existing, preceding, or subsequent breach of, or relinquishment of rights under, a different covenant, term, or provision.

11. **SEVERABILITY**. Any term or provision of this Agreement that renders such term or provision or any other term or provision hereof invalid or unenforceable in any respect shall be modified to the extent necessary to avoid rendering such term or provision invalid or unenforceable, including by severance, and such modification shall be accomplished in the manner that most nearly preserves the benefit of the Parties' bargain hereunder. The only exception is that Defendant's obligation to make, and Plaintiff's entitlement to, the Settlement Sum described in Exhibit 1 is dependent upon the validity and enforceability of Plaintiff's agreement to this release of Released Claims.

12. **FURTHER ACKNOWLEDGMENTS AND REPRESENTATIONS**. By executing and delivering this Agreement, Plaintiff and Plaintiff's Counsel, acknowledge and expressly represent that it has and will ensure that Plaintiff:

(a) has carefully read this Agreement;

(b) has had sufficient opportunity to review and consider this Agreement before the execution and delivery hereof to Defendants;

(c) has been, and hereby is, advised in writing to discuss this Agreement with an attorney of his choice and that he has had adequate opportunity to do so and has done so;

(d) fully understands the final and binding effect of this Agreement; the only promises made to him to sign this Agreement are those stated herein; and he is signing this Agreement voluntarily, knowingly and of his own free will, and that he understands and agrees to each of the terms of this Agreement;

(e) has been provided 21 calendar days to consider this Agreement;

(f) acknowledges that he or she has 7 days after signing the Agreement to revoke this Agreement, if he/she chooses;

(g) acknowledges that the Individual Settlement Amount is not something to which Plaintiff is otherwise entitled, is good and sufficient consideration for his execution of this Agreement and the Individual Release Agreement, and is paid by or on behalf of the Released Parties in full satisfaction and settlement of any and all Released Claims, and therefore, he is receiving consideration in addition to anything of value to which he already is entitled;

(h) is legally competent and authorized to execute and carry out the terms of this Agreement;

(i) affirms that the Agreement is clear and understandable;

(j) affirms that he/she is receiving consideration beyond that to which he or she is entitled;

(k) is the sole legal owner of all right, title and interest in and to all Released Claims which he has or may have asserted against Defendants and any other Released Party;

(l) has full right and authority to execute this Agreement and bind to the Agreement his spouse, heirs, administrators, attorneys, representatives, executors, successors and assigns and each person within the definition of "Claimants" set forth above; and

(m) has not assigned, pledged, alienated or otherwise in any manner, sold or transferred, or purported to assign or transfer, either by instrument in writing or otherwise, to any person or entity, any right, title or interest in any Released Claim, or any portion thereof, which he or any other Plaintiff has or may have against Defendants or any other Released Party, except to Claimants' Counsel.

13. **PLAINTIFF'S COUNSEL'S AUTHORITY**. By executing and delivering this Agreement, Plaintiff's Counsel acknowledges and expressly represents that Plaintiff's Counsel has full right and authority to execute this Agreement on behalf of each Claimant, and to bind each Plaintiff to the terms of this Agreement.

14. **ENTIRE AGREEMENT**. This Agreement contains the entire agreement between the Parties regarding the subject matters herein, except for any and all promises by Plaintiff regarding non-disclosure of confidential information not contained herein, which shall continue in place. No term, provision or condition of this Agreement may be modified in any respect except by a writing executed by the Plaintiff's Counsel (or, with respect to Plaintiff) and Defendant. No person has made any representations or promises, written or oral, on behalf of any of the Parties that are not set forth in this Agreement. This Agreement has not been executed in reliance upon any representation or promise except those contained herein.

15. **GOVERNING LAW**. This Agreement shall be governed and construed according to the laws of the State of Texas without reference to principles of conflicts of laws.

16. **SUCCESSORSS AND ASSIGNS**. This Agreement shall be binding upon all Parties, including their respective heirs, administrators, attorneys, representatives, executors, successors, and assigns, and shall inure to their benefit. Each person and entity within the definition of "Released Parties" that is not a signatory hereto shall be a third-party beneficiary of Plaintiff's releases, promises, and obligations hereunder.

17. **COUNTERPARTS**. This Agreement may be executed in multiple originals and/or counterparts, each of which shall be deemed an original for all purposes, but all such counterparts together shall constitute one and the same instrument. The Parties agree that Plaintiff, Plaintiff's Counsel, and the Defendants shall sign this Agreement on separate execution pages. This Agreement may be executed and transmitted by facsimile or email attachment, and any such signatures shall be treated as an original.

18. **CONSTRUCTION**. This Agreement shall be deemed drafted equally by the Parties. The language of all parts of this Agreement shall, in all cases, be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. As used in this Agreement, the singular or plural number shall be deemed to include the other whenever the context so indicates or requires. All references to "including" shall be construed as meaning "including without limitation." The terms of this Agreement are contractual and are not mere recitals. Headings in this Agreement are for the Parties' convenience and not intended to be used for construction.

19. **BINDING EFFECT OF THIS AGREEMENT**. Plaintiff's Counsel acknowledges and agrees that this Agreement and the release of all claims, known and unknown, are intended to and shall be binding on all Claimants.

[*Exhibit 1 and the signature pages follow*]

**EXHIBIT 1: Individual Settlement Amount Allocation**

| **PLAINTIFF** | **FULL AMOUNT OWED** | **1ST CHECK** | **REIMBURSE** | **MONTHLY CHECK** |
|---|---|---|---|---|
| Ryan Peterson | $____________ | $__________ | $____________ | $_________ |
| Kennard Law | $____________ | $__________ | | $__________ |
| **TOTAL** | **$____________** | **$ ___________** | | **$__________** |

IN WITNESS WHEREOF, the Parties have caused this Confidential Settlement and Release Agreement to be executed by each of them or by their duly authorized agents. The Parties understand and agree that Plaintiff and the Defendant may sign this Agreement on separate pages, as follows.

______________________________
Plaintiff Ryan Peterson

Date:____________________________

## ATTORNEY'S ACKNOWLEDGMENT

I, Eddie Hodges, on behalf of myself and as an authorized member and representative of Kennard Law, P.C., with its Houston address as 5120 Woodway Dr., Suite 10010, Houston, TX 77056, and as counsel for Plaintiffs in the *Peterson* Lawsuit, hereby (1) acknowledge that any claims, including for attorneys' fees, costs, or other recoverable expenses, that I and/or Kennard Law, P.C., hold against Defendants, or any Released Party, arising out of or related to the *Peterson* Lawsuit and/or any other claims of Plaintiffs, are fully satisfied by the consideration paid pursuant to the Agreement.

______________________________
**Eddie Hodges**
Kennard Law, P.C.
5120 Woodway Dr., Suite 10010
Houston, TX 77056

**Lottery.com d/b/a Sports.com d/b/a AutoLotto, Inc.**

By: ______________________________

Name:______________________________

Title: ______________________________

Date:______________________________

Gmail **Amar Ali <amarali1978@gmail.com>**

---

## Ryan Peterson Drafted Settlement Agreement

---

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Thu, Dec 21, 2023 at 4:46 PM
To: "amarali1978@gmail.com" <amarali1978@gmail.com>, "amar.ali@lottery.com" <amar.ali@lottery.com>
Cc: Alfonso Kennard <alfonso.kennard@kennardlaw.com>

Amar:

Here is the attached settlement agreement for Ryan.


**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard ATTORNEYS AT LAW





Click for my contact details


I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.


---

**Peterson-Lottery - Confidential Settlement and Release Agreement (DRAFT).docx**
43K

7:10 5G

372

EH

Eddie

Mon, Sep 18 at 5:42 PM

Please call me when you get a chance. Want to see where we stand on the settlement offer I emailed you on Sept. 11th. Thanks.

Thu, Sep 21 at 12:00 PM

Hey Amar. I will be sending over my clients counter offers to you today one by one.

Thu, Sep 21 at 2:22 PM

Thanks.

Fri, Sep 22 at 2:07 PM

Only received Carl's counter.

Are you sending counters on the other 3 matters?

Yes just waiting on approval should get today

iMessage

7:10 5G

372

EH

Eddie

Tue, Sep 26 at 3:06 PM

Only received counter for Carl. Did you send others?

I sent Ryans already yesterday and Brandon today let me know if you got it

Ok. I'll check for Ryan's and wait on Brandon's.

Mon, Oct 2 at 11:35 AM

Should have a response to you by tomorrow re your recent recent counteroffers.

Thank you I look forward to it. I am hoping we can resolve this soon for everyone

Me too!

Wed, Oct 4 at 12:48 PM

iMessage

7:10 5G

372

EH

Eddie

Wed, Oct 4 at 12:48 PM

Amar any update? Guys got word of the Nook deal and looking to get this resolved expeditiously. Thank you.

Wed, Oct 4 at 1:51 PM

Yes. I will have something over to you for everyone by tomorrow. I was sorting something out that is part of the settlement, which I will call you to discuss beforehand.

Thu, Oct 5 at 7:46 PM

Hey is there any update

Fri, Oct 6 at 9:07 AM

Yes. Call you this afternoon before I send it.

Mon, Oct 9 at 7:32 PM

Hey Amar. Let's touch base

iMessage

7:10 5G

372

EH

Eddie >

Mon, Oct 9 at 7:32 PM

Hey Amar. Let's touch base tomorrow I didn't hear from you Friday.

Tue, Oct 10 at 12:18 PM

Let me know when I should hear from you today

Tue, Oct 10 at 7:16 PM

Didn't hear back at 5? Is there a counter offer I can convey back or are we just stalling time

Wed, Oct 11 at 9:00 AM

Went to voicemail twice

For some reason my cellular service is not working. Only on wifi

Tue, Oct 24 at 10:05 AM

iMessage

Cash

7:10 5G

372

EH

Eddie

Tue, Oct 24 at 10:05 AM

Good Morning. Ryan is available between 1-2:30 pm today let me know if that works

Tue, Oct 24 at 11:12 AM

Will do. I'll message in an hour or so with a time slot that works

Tue, Oct 24 at 1:50 PM

Any word on tomorrow's schedule?

Yes after 3 pm works

Let's do 4 pm CT tomorrow. We'll send out a Zoom invite.

Great thanks. We will talk with you then.

Wed, Oct 25 at 3:53 PM

Did you send out the zoom invite?

iMessage

Cash

7:10 5G

372

EH

Eddie

Wed, Oct 25 at 3:53 PM

Did you send out the zoom invite?

Just sent it. Speak at 4 pm.

Fri, Oct 27 at 11:52 AM

Please call me. Thanks.

Fri, Oct 27 at 7:10 PM

sec.gov

Sat, Oct 28 at 4:22 PM

Clients are amendable to extend on week by week basis given we continue to make progress. Get you a counter on Ryan Monday. Have good weekend.

Great. Please send me an email to that effect on Monday. Thanks.

Tue, Oct 31 at 11:10 AM

iMessage

7:11 5G

372

EH

Eddie

Tue, Oct 31 at 11:10 AM

Should have a counter with letter confirming above to you shortly

Ok.

Tue, Oct 31 at 12:49 PM

Just sent.

Disregard the letter just sent it was the wrong version I just caught it

Tue, Nov 7 at 11:57 AM

You available tomorrow for a quick call?

Tue, Nov 7 at 2:36 PM

Yes. What time are you free?

Mon, Dec 4 at 9:37 AM

Amar, hope you've had a good weekend. We are looking for an update in this matter.

iMessage

Cash

7:11 5G

372

EH

Eddie >

Mon, Dec 4 at 9:37 AM

Amar, hope you've had a good weekend. We are looking for an update in this matter.

We are working to finalize our Lenders so that we have the ability to perform on the terms of a proposed settlement. We have had limited bandwidth the last few days, but I will see if I can get a response to your last counter or at least the message that Alfonso sent me with respect to where he believes Ryan will come down to.

Give me 24 hours please.

Ok thank you for the update.

Mon, Dec 4 at 2:38 PM

One last thing. You mentioned you had an offer for Brandon and

iMessage

7:11 5G

372

EH

Eddie

Mon, Dec 4 at 2:38 PM

One last thing. You mentioned you had an offer for Brandon and Carl but we didn't receive it. Can we set up a call in this next 48 hours with Alfonso and I. Thank you.

Thu, Dec 7 at 1:39 PM

Call you back in a few.

Thu, Dec 7 at 5:07 PM

I will call you and Alfonso this evening...promise.

Wed, Dec 13 at 1:43 PM

pdf FILE_2120.pdf
PDF Document · 112 KB

Haven't heard from you but we received this filing from the Court today. I will forward it to

iMessage

7:11 5G

372

EH
Eddie

Wed, Dec 13 at 1:43 PM

FILE_2120.pdf
PDF Document · 112 KB

Haven't heard from you but we received this filing from the Court today. I will forward it to your email as well.

Wed, Dec 13 at 6:05 PM

At trial.

Thu, Dec 21 at 1:51 PM

Amar I have the agreements drafted for each let me know if you have time today to discuss

Please send me the drafts so I can review for our call. We'll need to talk this evening.

I can send you the draft now just waiting on confirmation from Brandon and Carl but of course it

iMessage

Cash

7:11

5G

FILE_2120

Done



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN PETERSON,<br><br>Plaintiff,<br><br>v.<br><br>LOTTERY.COM, INC.,<br>*d/b/a* SPORTS.COM, INC.,<br>*d/b/a* AUTOLOTTO, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:23-CV-646-RP |

**ORDER**

Plaintiff Ryan Peterson ("Plaintiff") filed this action on June 8, 2023. (Dkt. 1). To date, Defendant Lottery.com, Inc. ("Defendant") has not appeared in this action. Plaintiff moved for entry of default against Defendant on September 8, 2023, (Dkt. 10), and the Clerk entered default as to Defendant on September 11, 2023, (Dkt. 11). Plaintiff must now move for default judgment. *See* W.D. Tex. Loc. R. CV-55 ("If a defendant is in default, the court may require the plaintiff to move for entry of a default and a default judgment. If the plaintiff fails to do so within the prescribed time, the court may dismiss the action, without prejudice, as to the defendant.").

Federal Rule of Civil Procedure 55 governs the entry of default judgment. "Default under Rule 55 is a two-step process: (1) the entry of default and (2) the subsequent entry of a default judgment." *Can Capital Asset Servicing, Inc. v. Huerta, Jr.*, No. SA-15-CV-1049-XR, 2016 WL 8223267, at *1 (W.D. Tex. Mar. 31, 2016) (citing Fed. R. Civ. P. 55). "An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original).



Here, Plaintiff moved for *entry* of default against Defendant on September 8, 2023. (Dkt. 10). The Clerk's Office entered default as to Defendant on September 11, 2023. (Dkt. 11). Plaintiff has yet to complete the second step in the process by moving for default judgment. Fed. R. Civ. P. 55(b).

Accordingly, **IT IS ORDERED** that Plaintiff move for default judgment against Defendant on or before January 5, 2024.

**SIGNED** on December 12, 2023.

7:11

5G

FILE_2120

Done

Rule 55 is a two-step process: (1) the entry of default and (2) the subsequent entry of a default judgment." *Can Capital Asset Servicing, Inc. v. Huerta, Jr.*, No. SA-15-CV-1049-XR, 2016 WL 8223267, at *1 (W.D. Tex. Mar. 31, 2016) (citing Fed. R. Civ. P. 55). "An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment.*" *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original).



Here, Plaintiff moved for *entry* of default against Defendant on September 8, 2023. (Dkt. 10). The Clerk's Office entered default as to Defendant on September 11, 2023. (Dkt. 11). Plaintiff has yet to complete the second step in the process by moving for default judgment. Fed. R. Civ. P. 55(b).

Accordingly, **IT IS ORDERED** that Plaintiff move for default judgment against Defendant on or before January 5, 2024.

**SIGNED** on December 12, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

7:11 5G

372

EH

Eddie

received this filing from the Court today. I will forward it to your email as well.

Wed, Dec 13 at 6:05 PM

At trial.

Thu, Dec 21 at 1:51 PM

Amar I have the agreements drafted for each let me know if you have time today to discuss

Please send me the drafts so I can review for our call.  We'll need to talk this evening.

I can send you the draft now just waiting on confirmation from Brandon and Carl but of course it will be similar structure

Thu, Dec 21 at 4:26 PM

Ok

Read 1/11/24

iMessage

Cash

9:44 5G+

346

+1 (281) 686-0402

Fri, Nov 17 at 10:01 PM

We just had our shareholders meeting today. Let's speak Monday!

Sat, Nov 18 at 10:47 AM

I believe the agreed extension expired today.

1 Reply

And I don't believe the agreed extension expired, but if you are not willing to keep the extension in place, let me know now and I will have our legal team get to work. Thanks.

Sat, Nov 18 at 11:57 AM

No need to go back to defensive mode. I honestly don't care at this point. My point, however, is that we need to discuss that and the underlying resolution. Don't be a hothead, man!

Week to week, remember?

iMessage

Cash

9:45 5G+

346

+1 (281) 686-0402

My main concern now is aptly communicating with our client base—no one likes target dates that come and go. That's basic human psyche.

Thu, Nov 23 at 10:11 PM

Happy Thanksgiving. Never got a number today. We told our clients we would have a number to chew on.

Which likely makes for a bad Thanksgiving for them. And that doesn't help me down the line with them.

Let me know please.

Fri, Nov 24 at 11:11 AM

Please advise if you will be providing an update today.

Sat, Nov 25 at 2:09 PM

Can I call you later?

iMessage

Cash

9:45 5G+

346

+1 (281) 686-0402

Sat, Nov 25 at 2:09 PM

Can I call you later?

Yes. Please do.

I'm working all weekend so I'm available.

Sat, Nov 25 at 9:21 PM

?

Sun, Nov 26 at 11:04 AM

Good morning. I'll call you today.

Sun, Nov 26 at 4:21 PM

?

Sun, Nov 26 at 7:03 PM

Any word? My runway is closing fast.

Sun, Nov 26 at 10:11 PM

Yes. When will you be in tomorrow morning?

iMessage

9:45 5G+

346

+1 (281) 686-0402

Sun, Nov 26 at 10:11 PM

Yes. When will you be in tomorrow morning?

8 am

Or 10:30 am.

Mon, Nov 27 at 8:51 AM

Call you at 10:30 am

I'll be an available.

Mon, Nov 27 at 10:02 AM

You'll be unavailable?

I'll be available. All thumbs over here this morning.

🤣

Lol

iMessage

Cash

9:45 5G+

346

+1 (281) 686-0402 >

Lol

I'm on a conference call. Will call you as soon as I hang up.

👍🏽

Just called you. Please call me back.

On the other line with Matthew. Call you right back

Ok

Thanks

I'm ready

Will call you as soon as I hang up with Matthew

Mon, Nov 27 at 3:16 PM

iMessage

9:45 5G+

346

+1 (281) 686-0402

Mon, Nov 27 at 3:16 PM

?

Hang on. Handling another minor crisis.

I just got another lengthy email.

From Brier?

Yup

I don't know him. He is filing a TRO tomorrow. I will likely need some more backstory here.

Or get my client out of the way here in what appears to be a shareholder dispute.

We already sued him.

Case No. 8:23-cv-2594-KKM-TGW

Let me handle this minor crisis

iMessage

Cash

9:45 5G+

346

+1 (281) 686-0402

We already sued him.

Case No. 8:23-cv-2594-KKM-TGW

Let me handle this minor crisis and I'll call you when I come up for air.

Ok

Mon, Nov 27 at 5:04 PM

I will need to respond on this by cob. It involves my client.

Give me a call when you get a chance.

Mon, Nov 27 at 6:38 PM

Lookout for a Microsoft Teams invite via your email

Tentatively for 6:30 CT

Ok

iMessage

9:45 5G+

346

+1 (281) 686-0402

Ok

Didn't get the link

Join conversation
teams.microsoft.com

Tue, Nov 28 at 10:16 PM

Yo

I have basement authority for Ryan, which he has approved, on a take it or leave it basis. Worked hard here and I believe it to be fair and reasonable.

Wed, Nov 29 at 10:36 AM

?

Please send me the offer. I'm in a meeting.

Below accounts for and includes consideration for the 70k in current/past owed bonus. Also,

iMessage

9:45 5G+

346

+1 (281) 686-0402

Ok

Didn't get the link

Join conversation
teams.microsoft.com

Tue, Nov 28 at 10:16 PM

Yo

I have basement authority for Ryan, which he has approved, on a take it or leave it basis. Worked hard here and I believe it to be fair and reasonable.

Wed, Nov 29 at 10:36 AM

?

Please send me the offer. I'm in a meeting.

Below accounts for and includes consideration for the 70k in current/past owed bonus. Also,

iMessage

9:45 5G+

346

+1 (281) 686-0402

Below accounts for and includes consideration for the 70k in current/past owed bonus. Also, per Ryan, he already had a 20 percent bonus structure before. And his salary is not more and he will have more responsibilities. That said, below accounts for all issues and he will concede additional compensation and a higher bonus rate and will leave the reimbursement as-is. While we believe he would get double backpay, he will make a concession there as well (for settlement purposes forego the "doubling")

1. Reimbursement: 26k
2. Backpay with FLSA claim consideration: 570k cash (400 is backpay, 70 is past bonus, and 100 is discounted statutory damages)
3. Additional damages: 125k

iMessage

9:46 5G+

346

+1 (281) 686-0402

1. Reimbursement: 26k
2. Backpay with FLSA claim consideration: 570k cash (400 is backpay, 70 is past bonus, and 100 is discounted statutory damages)
3. Additional damages: 125k

$721,000 total (look back)

4. Salary: CTO position @ 350k plus 20 percent bonus and contract for a term for 1 year that automatically renews each year absent 30 days notice of intent to terminate by either party with a guaranteed 1 year severance @ 350k if they terminate with or without cause (look forward)

It was time to cut to the chase, I made it happen, I believe this to be fair and equitable, and so the ball is in your court. This is on the table through the end of the week.

iMessage

9:46 5G+

346

+1 (281) 686-0402

It was time to cut to the chase, I made it happen, I believe this to be fair and equitable, and so the ball is in your court. This is on the table through the end of the week.

I still need the email for the other two. Especially since our stated goal is to get these done this week.

Wed, Nov 29 at 9:06 PM

?

I need to discuss offer with my client.

Understood. Timeframe?

I reporting back daily at this point.

Thu, Nov 30 at 4:29 PM

Any update?

iMessage

Cash

9:46 5G+

346

+1 (281) 686-0402

Thu, Nov 30 at 4:29 PM

Any update?

Email forthcoming on the other two?

Fri, Dec 1 at 8:16 PM

Yo

Need something to report back. The others were advised an offer would be forthcoming and it wasn't. Ryan expected to hear something back by today. I'm exhausting all my options here and have diligently worked to broker a deal. Please let me know something before this all blows up for an otherwise preventable lack of communication.

Thu, Dec 7 at 3:51 PM

I will assume impasse since there really is nothing left to assume in

iMessage

9:46 5G+

346

+1 (281) 686-0402 >

Thu, Dec 7 at 3:51 PM

I will assume impasse since there really is nothing left to assume in light of the radio silence.

Thu, Dec 7 at 5:07 PM

No impasse. Just swamped locking down investors. I will call you this evening...promise.

Thu, Dec 7 at 10:19 PM

Still here and waiting.



GIPHY via #images

I've been on the phone for 4 hours. My brain is fried. Give me 30 mins

iMessage

9:46 5G+

346

+1 (281) 686-0402

Roger that.

I've been working, with no break since 3:30 this morning. I feel you.

My day started around the same time but I spent an 30 mins meditating before started the marathon day. I don't think I've showered though.

HA HA

Showers are overrated.

You ready?

Our cutoff is tomorrow. Need a yes or no on Ryan and a firm offer on the other two gents. There has been a collective vote of no confidence on these particular issues it appears. I'm going to bed.

Let's just talk tomorrow am.

iMessage

9:46 5G+

346

+1 (281) 686-0402

Let's just talk tomorrow am.

🤣



GIF Keyboard via #images

Sat, Dec 9 at 2:53 PM

Are we done talking? Each time you said we would chat or have an offer or anything, has lead to zilch. Let me know, please. I made a commitment to work with you, but thus far has been one-sided. Honoring my end of that commitment.

Sat, Dec 9 at 5:50 PM

No we aren't done talking

iMessage

Cash

9:46 5G+

346

+1 (281) 686-0402

Sat, Dec 9 at 5:50 PM

No we aren't done talking

Sun, Dec 10 at 12:32 PM

I have no choice, given my own fiduciary responsibilities, but to move forward. I understand that may change the dynamic, but we were left with no choice. That said, we are open to any discussions during that process, if and when your client is prepared to have them, genuinely. Take care. I won't be reaching out anymore, but you know how to reach us if you so choose. I'll await communication from your external counsel.

Mon, Dec 11 at 7:57 AM

Morning! You up for a call at 8 am?

Sure

iMessage

9:46 5G+

346

+1 (281) 686-0402

Mon, Dec 11 at 7:57 AM

Morning! You up for a call at 8 am?

Sure

Called.

In parking garage

Wed, Dec 13 at 6:16 PM

Just got out of court

Call me. I'll be in the car for at least 40 mins

Sat, Dec 16 at 3:39 PM

Did I miss something?

Sun, Dec 17 at 10:23 PM

Now what? We haven't heard from you and you said Friday. I mean there ain't anything for us to do with the Court until the 5th, but if this isn't funded by

iMessage

9:46 5G+

346

+1 (281) 686-0402

Sun, Dec 17 at 10:23 PM

Now what? We haven't heard from you and you said Friday. I mean there ain't anything for us to do with the Court until the 5th, but if this isn't funded by Christmas, I can't assure the same demand will be on the table. As for the other two, if no agreement is in place, regardless of funding date, the appetite for a lower dollar acceptance that they may accept now may change. Lots of dynamics here as you know. And, every time we tell them something will happen on X date, it doesn't happen.

Mon, Dec 18 at 9:52 AM

I'm working on it internally. Didn't have anything to report over the weekend.

Tue, Dec 19 at 2:18 PM

Tried you a couple of times

iMessage

9:46 5G+

346

+1 (281) 686-0402

Tue, Dec 19 at 2:18 PM

Tried you a couple of times. Went straight to voicemail.

On a plane

Tue, Dec 19 at 4:45 PM

On a conference call

I'm available now

Ok

Also, please do not be side-stepping us in this process.

1 Reply

Tue, Dec 19 at 6:58 PM

Huh?

Call me

Tue, Dec 19 at 8:48 PM

iMessage

9:46 5G+

346

+1 (281) 686-0402

Tue, Dec 19 at 8:48 PM

?

Tue, Dec 19 at 9:51 PM

I'll have to call you tomorrow. My wife who is nearly 5 months pregnant is not feeling well.

Wed, Dec 20 at 8:35 AM

Ok. Understood. Hope she feels better soon

Thu, Dec 21 at 1:48 PM

Prosperity came through. Nice work. We doing a deal now?

I've asked Eddie to send me the drafts to review for our call this evening. Thanks.

Fri, Dec 22 at 9:44 AM

?

Are you still out point of contact

iMessage

9:46 5G+

346

+1 (281) 686-0402

Tue, Dec 19 at 8:48 PM

?

Tue, Dec 19 at 9:51 PM

I'll have to call you tomorrow. My wife who is nearly 5 months pregnant is not feeling well.

Wed, Dec 20 at 8:35 AM

Ok. Understood. Hope she feels better soon

Thu, Dec 21 at 1:48 PM

Prosperity came through. Nice work. We doing a deal now?

I've asked Eddie to send me the drafts to review for our call this evening. Thanks.

Fri, Dec 22 at 9:44 AM

?

Are you still out point of contact

iMessage

9:47 5G+

346

+1 (281) 686-0402

I've asked Eddie to send me the drafts to review for our call this evening. Thanks.

Fri, Dec 22 at 9:44 AM

?

Are you still out point of contact or is it the receiver dude?



GIPHY via #images

Fri, Dec 22 at 4:45 PM

I'll remain as the point of contact for settlement purposes. Andy will manage the lawsuit. We still intend to get this settled.

Delivered

iMessage

Gmail **Exhibit 1-G** **Amar Ali <amarali1978@gmail.com>**

## Lottery Cases

**Eddie Hodges** <eddie.hodges@kennardlaw.com> Mon, Dec 11, 2023 at 8:51 AM
To: "amarali1978@gmail.com" <amarali1978@gmail.com>, "amar.ali@lottery.com" <amar.ali@lottery.com>
Cc: Alfonso Kennard <alfonso.kennard@kennardlaw.com>, Agostina Steier <agostina.steier@kennardlaw.com>

Amar:

Good Morning Amar. I hope you are doing well. I am sending you the latest filings in the Lottery cases. We filed Motions for Clerk Entry of Default for each of the cases. However, our clients are not litigious, and we intend to continue to negotiate a reasonable resolution for all cases. We do not anticipate filing a motion for default in the near future, but given the lack of correspondence recently, and to avoid the Court issuing a show-cause order; we filed our motions. We are hoping that we can come to a deal this week or before the holidays. Alfonso and I are still available for a phone call whenever you are available and ready. We look forward to talking with you soon.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
Office: 713.742.0900 Direct: 346.980.8204
Fax: 832.558.9412 Toll Free: 855.KENNLAW
Email: eddie.hodges@kennardlaw.com
Website: WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW



Eddie R. Hodges Jr.
Associate Attorney
kennard

Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

**3 attachments**

- **0003. (12-08-2023) MOTION for Clerks Entry of Default against LOTTERY.COM dba SPORTS.COM dba AUTOLOTTO INC. by Ca.pdf**
  246K
- **0005. (12-08-2023) MOTION for Clerks Entry of Default against LOTTERY.COM dba SPORTS.COM dba AUTOLOTTO INC. by Br.pdf**
  246K
- **0011. (12-08-2023) MOTION for Clerks Entry of Default against LOTTERY.COM dba SPORTS.COM dba AUTOLOTTO INC. by Ye.pdf**
  246K

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CARL WELLS** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-01081-RP** |
| | § | |
| | § | |
| **LOTTERY.COM, INC. d/b//a** | § | |
| **SPORTS.COM, INC. d/b/a** | § | |
| **AUTOLOTTO, INC.** | § | |
| | § | **JURY DEMANDED** |
| ***Defendant.*** | § | |

---

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

---

TO THE HONORABLE JUDGE:

Comes now Carl Wells, ("Plaintiff") files this Motion for Entry of Default Judgment pursuant to pursuant to Rule 55 of the Federal Rules of Civil Procedure for the repeated failure of Defendant to participate at all in this matter, despite being served with this lawsuit on October, 17, 2023. Thus, Plaintiff will show the Court as follows:

## I. BACKGROUND FACTS

The Defendant in this case has defaulted. Therefore, Plaintiff request that this Court grant the judgment prayed for in their Original Complaint. As stated in the Original Complaint, Plaintiff prays for the following relief:

a) All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to back

pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

b) A Declaratory Judgment from the AAA declaring that Plaintiff is the sole owner of the Domain Names <lottery.com> and <sports.com>;

c) Past, present, and future physical pain and mental suffering;

d) Compensatory damages, including, but not limited to, emotional distress;

e) Liquidated Damages;

f) Punitive damages in an amount above the minimum jurisdictional limits of the Court;

g) Reasonable attorneys' fees as allowed by law (with conditional awards in the event of appeal);

h) Pre-judgment interest at the highest rate permitted by law;

i) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

j) Costs of Court; and

Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by proper amendment thereto.

## II. <u>EVIDENCE SUBMITTED</u>

In Support of the foregoing Motion, Plaintiff respectfully shows the Court as follows:

1. Plaintiff filed its Original Complaint and filed a Rule 11 Agreement with Defendant's counsel, Ali Amar on October 17, 2023 for Defendant to file its

Answer on or before November 7, 2023. After the time expired in the Rule 11 Agreement; Defendant failed to appear and file an answer. Dkt. 2.

2. Defendant's failure to answer Plaintiffs' Original Complaint in a timely fashion and failure to make any efforts to contact Plaintiffs' counsel or the Court, prompts The Court's to Consider whether this case was ripe for a Default Judgement.

3. Defendant is neither an infant nor incompetent and has the capacity to sue or be sued.

4. As [t]he court … in *Gold & Silver Buyers, Inc.*, [Defendant]'s failure to answer or otherwise appear, within the time required by the Federal Rules, places it in default, and after reviewing the well-pleaded facts alleged in the complaint, entry default judgment is warranted. *McNiel v. Gold & Silver Buyers, Inc.*, CIVIL ACTION H-13-3206, at *3 (S.D. Tex. Sep. 16, 2014). By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact . . . and is barred from contesting on appeal the facts thus established." *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The court, therefore, [found Defendant] liable for unpaid overtime wages as requested in the plaintiff's motion for default judgment. *Id.* The court also [found Defendant] liable for an equal amount of liquidated damages for its willful conduct, as established by the facts alleged in the complaint. *Id.*

*5.* Here, similar to *Gold & Silver Buyers, Inc.* Case, the Defendant, failed to answer or otherwise appear within the time required by the Federal Rules of Civil Procedure and the Rule 11 agreement in place, which makes Defendant in default. *See id.* Therefore, Defendant has admitted the well-pleaded allegations of fact and

is barred from contesting, *See id.* Accordingly, Plaintiff motions this Court to render a default judgment against Defendant, Lottery.com.

## III. <u>STANDARD FOR ENTRY OF DEFAULT</u>

The Federal Rules of Civil Procedure provide that the clerk "shall" enter a default when a party "has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." FED. R. CIV. P. 55(a). The Fifth Circuit has explained the distinction between a default, entry of default, and a default judgment under Rule *55:*

> A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.

*New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original). As set forth in detail below, entry of default against the non-answering Defendant, Lottery.com, is warranted because they have failed to answer Plaintiff's Complaint in accordance to the Rule 11 agreement.

## IV. <u>ARGUMENT AND AUTHORITIES</u>

Rule 55 of the Federal Rules of Civil Procedure allows entry of a default when a party against whom a judgment for affirmative relief is sought has failed to "plead or otherwise defend as provided by the federal rules." FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). In the instant case, the clerk should enter a default against Lottery.com because they have not -and did not- file an Answer or other responsive pleading to Plaintiff's Complaint. Indeed, to this date, Defendant

Lottery.com has not filed an Answer or otherwise shown they will defend against Plaintiff's claims.

Entry of default judgment is warranted after consideration of the Fifth Circuit's discretionary factors.

First, there can be no material issues of fact because "[o]nce a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages." *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725, at *2 (E.D. Tex. Nov. 26, 2013).

Second, Plaintiff has suffered, and will continue to suffer, substantial prejudice as Lottery.com's inaction has "threaten[ed] to bring the adversary process to a halt, effectively prejudicing plaintiff's interest." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *2 (E.D. Tex. June 15, 2017). Even if there were some potential prejudices to Lottery.com, it would be offset by Lottery.com's own intentional failure to participate in these proceedings to defend itself.

Finally, there is no evidence that the default was caused by a good faith mistake or excusable neglect by Lottery.com. Defendant was served, counsel conferred during the time period allotted, but after the time expired Defendant failed to Answer the Complaint in this matter.

Plaintiff satisfies the procedural requirements for obtaining an entry of default from the clerk. Moreover, Defendant, Lottery.com, are not infants, incompetent, or currently in the military. *See* FED. R. CIV. P. 55(b). Thus, because Defendant Lottery.com's time for answering Plaintiff's Original Complaint has expired, the Court should grant Plaintiff's Motion for Entry of Default.

## V. <u>CONCLUSION</u>

For these reasons. Plaintiff, Carl Wells asks the Court to grant this Motion for Entry of Default against Defendant, Lottery.com, and grant all relief sought and to which Plaintiff is justly entitled.

Respectfully Submitted,

**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Federal I.D. No. 713316
**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
Federal Bar No.: 3479748
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Main: (713) 742-0900
Fax: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
Email: filings@kennardlaw.com
**ATTORNEYS FOR PLAINTIFFS**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this 8th day of December 2023, a true and correct copy of this Motion for Default Judgment was filed with the Court using the Court's CM/ ECF system and served on Defendant through email to counsel of record Amar Ali (amar.ali@lottery.com; amarali1978@gmail.com).

**Amar Ali, Esq.**
Texas Bar No.: 24042295
5656 N. Central Expy., #401
Dallas, Texas 75206
(214) 682-6835
Email: amar.ali@lottery.com
Email: amarali1978@gmail.com
ATTORNEY FOR DEFENDANT

____________________
Alfonso Kennard, Jr.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRANDON MARSH** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-00880-RP** |
| | § | |
| | § | |
| **LOTTERY.COM, INC. d/b//a** | § | |
| **SPORTS.COM, INC. d/b/a** | § | |
| **AUTOLOTTO, INC.** | § | |
| | § | **JURY DEMANDED** |
| ***Defendant.*** | § | |

---

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

---

TO THE HONORABLE JUDGE:

Comes now Brandon Marsh, ("Plaintiff") files this Motion for Entry of Default Judgment pursuant to pursuant to Rule 55 of the Federal Rules of Civil Procedure for the repeated failure of Defendant to participate at all in this matter, despite being served with this lawsuit on October, 17, 2023. Thus, Plaintiff will show the Court as follows:

## I. BACKGROUND FACTS

The Defendant in this case has defaulted. Therefore, Plaintiff request that this Court grant the judgment prayed for in their Original Complaint. As stated in the Original Complaint, Plaintiff prays for the following relief:

a) All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to back

pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

b) A Declaratory Judgment from the AAA declaring that Plaintiff is the sole owner of the Domain Names <lottery.com> and <sports.com>;

c) Past, present, and future physical pain and mental suffering;

d) Compensatory damages, including, but not limited to, emotional distress;

e) Liquidated Damages;

f) Punitive damages in an amount above the minimum jurisdictional limits of the Court;

g) Reasonable attorneys' fees as allowed by law (with conditional awards in the event of appeal);

h) Pre-judgment interest at the highest rate permitted by law;

i) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

j) Costs of Court; and

Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by proper amendment thereto.

## II. <u>EVIDENCE SUBMITTED</u>

In Support of the foregoing Motion, Plaintiff respectfully shows the Court as follows:

1. Plaintiff filed its Original Complaint and filed a Rule 11 Agreement with Defendant's counsel, Ali Amar on October 17, 2023 for Defendant to file its

Answer on or before November 7, 2023. After the time expired in the Rule 11 Agreement; Defendant failed to appear and file an answer. Dkt. 4.

2. Defendant's failure to answer Plaintiffs' Original Complaint in a timely fashion and failure to make any efforts to contact Plaintiffs' counsel or the Court, prompts The Court's to Consider whether this case was ripe for a Default Judgement.

3. Defendant is neither an infant nor incompetent and has the capacity to sue or be sued.

4. As [t]he court … in *Gold & Silver Buyers, Inc.*, [Defendant]'s failure to answer or otherwise appear, within the time required by the Federal Rules, places it in default, and after reviewing the well-pleaded facts alleged in the complaint, entry default judgment is warranted. *McNiel v. Gold & Silver Buyers, Inc.*, CIVIL ACTION H-13-3206, at *3 (S.D. Tex. Sep. 16, 2014). By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact . . . and is barred from contesting on appeal the facts thus established." *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The court, therefore, [found Defendant] liable for unpaid overtime wages as requested in the plaintiff's motion for default judgment. *Id.* The court also [found Defendant] liable for an equal amount of liquidated damages for its willful conduct, as established by the facts alleged in the complaint. *Id.*

*5.* Here, similar to *Gold & Silver Buyers, Inc.* Case, the Defendant, failed to answer or otherwise appear within the time required by the Federal Rules of Civil Procedure and the Rule 11 agreement in place, which makes Defendant in default. *See id.* Therefore, Defendant has admitted the well-pleaded allegations of fact and

is barred from contesting, *See id.* Accordingly, Plaintiff motions this Court to render a default judgment against Defendant, Lottery.com.

## III. <u>STANDARD FOR ENTRY OF DEFAULT</u>

The Federal Rules of Civil Procedure provide that the clerk "shall" enter a default when a party "has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." FED. R. CIV. P. 55(a). The Fifth Circuit has explained the distinction between a default, entry of default, and a default judgment under Rule *55:*

> A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.

*New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original). As set forth in detail below, entry of default against the non-answering Defendant, Lottery.com, is warranted because they have failed to answer Plaintiff's Complaint in accordance to the Rule 11 agreement.

## IV. <u>ARGUMENT AND AUTHORITIES</u>

Rule 55 of the Federal Rules of Civil Procedure allows entry of a default when a party against whom a judgment for affirmative relief is sought has failed to "plead or otherwise defend as provided by the federal rules." FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). In the instant case, the clerk should enter a default against Lottery.com because they have not -and did not- file an Answer or other responsive pleading to Plaintiff's Complaint. Indeed, to this date, Defendant

Lottery.com has not filed an Answer or otherwise shown they will defend against Plaintiff's claims.

Entry of default judgment is warranted after consideration of the Fifth Circuit's discretionary factors.

First, there can be no material issues of fact because "[o]nce a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages." *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725, at *2 (E.D. Tex. Nov. 26, 2013).

Second, Plaintiff has suffered, and will continue to suffer, substantial prejudice as Lottery.com's inaction has "threaten[ed] to bring the adversary process to a halt, effectively prejudicing plaintiff's interest." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *2 (E.D. Tex. June 15, 2017). Even if there were some potential prejudices to Lottery.com, it would be offset by Lottery.com's own intentional failure to participate in these proceedings to defend itself.

Finally, there is no evidence that the default was caused by a good faith mistake or excusable neglect by Lottery.com. Defendant was served, counsel conferred during the time period allotted, but after the time expired Defendant failed to Answer the Complaint in this matter.

Plaintiff satisfies the procedural requirements for obtaining an entry of default from the clerk. Moreover, Defendant, Lottery.com, are not infants, incompetent, or currently in the military. *See* FED. R. CIV. P. 55(b). Thus, because Defendant Lottery.com's time for answering Plaintiff's Original Complaint has expired, the Court should grant Plaintiff's Motion for Entry of Default.

## V. CONCLUSION

For these reasons. Plaintiff, Brandon Marsh asks the Court to grant this Motion for Entry of Default against Defendant, Lottery.com, and grant all relief sought and to which Plaintiff is justly entitled.

Respectfully Submitted,

**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Federal I.D. No. 713316
**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
Federal Bar No.: 3479748
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Main: (713) 742-0900
Fax: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
Email: filings@kennardlaw.com
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that on this 8th day of December 2023, a true and correct copy of this Motion for Default Judgment was filed with the Court using the Court's CM/ ECF system and served on Defendant through email to counsel of record Amar Ali (amar.ali@lottery.com; amarali1978@gmail.com).

**Amar Ali, Esq.**
Texas Bar No.: 24042295
5656 N. Central Expy., #401
Dallas, Texas 75206
(214) 682-6835
Email: amar.ali@lottery.com
Email: amarali1978@gmail.com
ATTORNEY FOR DEFENDANT

_______________
Alfonso Kennard, Jr.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **YES PERIOD, LLC D/B/A SERENITY SOFTWARE** | § | |
| | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-00616-RP** |
| | § | |
| | § | |
| **LOTTERY.COM, INC. d/b//a SPORTS.COM, INC. d/b/a AUTOLOTTO, INC.** | § | |
| | § | |
| | § | |
| | § | **JURY DEMANDED** |
| ***Defendant.*** | § | |

---

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

---

TO THE HONORABLE JUDGE:

Comes now Yes Period, LLC d/b/a Serenity Software, ("Plaintiff") files this Motion for Entry of Default Judgment pursuant to pursuant to Rule 55 of the Federal Rules of Civil Procedure for the repeated failure of Defendant to participate at all in this matter, despite being served with this lawsuit on June 26, 2023. Thus, Plaintiff will show the Court as follows:

## I. <u>BACKGROUND FACTS</u>

The Defendant in this case has defaulted. Therefore, Plaintiff request that this Court grant the judgment prayed for in their Original Complaint. As stated in the Original Complaint, Plaintiff prays for the following relief:

a) All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to back

pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

b) A Declaratory Judgment from the AAA declaring that Plaintiff is the sole owner of the Domain Names <lottery.com> and <sports.com>;

c) Past, present, and future physical pain and mental suffering;

d) Compensatory damages, including, but not limited to, emotional distress;

e) Liquidated Damages;

f) Punitive damages in an amount above the minimum jurisdictional limits of the Court;

g) Reasonable attorneys' fees as allowed by law (with conditional awards in the event of appeal);

h) Pre-judgment interest at the highest rate permitted by law;

i) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

j) Costs of Court; and

Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by proper amendment thereto.

## II. <u>EVIDENCE SUBMITTED</u>

In Support of the foregoing Motion, Plaintiff respectfully shows the Court as follows:

1. Plaintiff filed its Original Complaint and filed a Rule 11 Agreement with Defendant's counsel, Ali Amar on June 26, 2023 for Defendant to file its Answer

on or before July 27, 2023. After the time expired in the Rule 11 Agreement; Defendant failed to appear and file an answer. Dkt. 10.

2. Defendant's failure to answer Plaintiffs' Original Complaint in a timely fashion; prompts The Court's to Consider whether this case was ripe for a Default Judgement.

3. Defendant is neither an infant nor incompetent and has the capacity to sue or be sued.

4. As [t]he court … in *Gold & Silver Buyers, Inc.*, [Defendant]'s failure to answer or otherwise appear, within the time required by the Federal Rules, places it in default, and after reviewing the well-pleaded facts alleged in the complaint, entry default judgment is warranted. *McNiel v. Gold & Silver Buyers, Inc.*, CIVIL ACTION H-13-3206, at *3 (S.D. Tex. Sep. 16, 2014). By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact . . . and is barred from contesting on appeal the facts thus established." *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The court, therefore, [found Defendant] liable for unpaid overtime wages as requested in the plaintiff's motion for default judgment. *Id.* The court also [found Defendant] liable for an equal amount of liquidated damages for its willful conduct, as established by the facts alleged in the complaint. *Id.*

*5.* Here, similar to *Gold & Silver Buyers, Inc.* Case, the Defendant, failed to answer or otherwise appear within the time required by the Federal Rules of Civil Procedure and the Rule 11 agreement in place, which makes Defendant in default. *See id.* Therefore, Defendant has admitted the well-pleaded allegations of fact and

Case 1:23-cv-00616-RP Document 1-11 Filed 02/08/23 Page 4 of 7

is barred from contesting, *See id.* Accordingly, Plaintiff motions this Court to render a default judgment against Defendant, Lottery.com.

## III. STANDARD FOR ENTRY OF DEFAULT

The Federal Rules of Civil Procedure provide that the clerk "shall" enter a default when a party "has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." FED. R. CIV. P. 55(a). The Fifth Circuit has explained the distinction between a default, entry of default, and a default judgment under Rule *55:*

> A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.

*New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original). As set forth in detail below, entry of default against the non-answering Defendant, Lottery.com, is warranted because they have failed to answer Plaintiff's Complaint in accordance to the Rule 11 agreement.

## IV. ARGUMENT AND AUTHORITIES

Rule 55 of the Federal Rules of Civil Procedure allows entry of a default when a party against whom a judgment for affirmative relief is sought has failed to "plead or otherwise defend as provided by the federal rules." FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). In the instant case, the clerk should enter a default against Lottery.com because they have not -and did not- file an Answer or other responsive pleading to Plaintiff's Complaint. Indeed, to this date, Defendant

Lottery.com has not filed an Answer or otherwise shown they will defend against Plaintiff's claims.

Entry of default judgment is warranted after consideration of the Fifth Circuit's discretionary factors.

First, there can be no material issues of fact because "[o]nce a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages." *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725, at *2 (E.D. Tex. Nov. 26, 2013).

Second, Plaintiff has suffered, and will continue to suffer, substantial prejudice as Lottery.com's inaction has "threaten[ed] to bring the adversary process to a halt, effectively prejudicing plaintiff's interest." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *2 (E.D. Tex. June 15, 2017). Even if there were some potential prejudices to Lottery.com, it would be offset by Lottery.com's own intentional failure to participate in these proceedings to defend itself.

Finally, there is no evidence that the default was caused by a good faith mistake or excusable neglect by Lottery.com. Defendant was served, counsel conferred during the time period allotted, but after the time expired Defendant failed to Answer the Complaint in this matter.

Plaintiff satisfies the procedural requirements for obtaining an entry of default from the clerk. Moreover, Defendant, Lottery.com, are not infants, incompetent, or currently in the military. *See* FED. R. CIV. P. 55(b). Thus, because Defendant Lottery.com's time for answering Plaintiff's Original Complaint has expired, the Court should grant Plaintiff's Motion for Entry of Default.

## V. CONCLUSION

For these reasons. Plaintiff, Yes Period, LLC d/b/a Serenity Software asks the Court to grant this Motion for Entry of Default against Defendant, Lottery.com, and grant all relief sought and to which Plaintiff is justly entitled.

Respectfully Submitted,

______________________

**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Federal I.D. No. 713316
**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
Federal Bar No.: 3479748
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Main: (713) 742-0900
Fax: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
Email: filings@kennardlaw.com
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that on this 8th day of December 2023, a true and correct copy of this Motion for Default Judgment was filed with the Court using the Court's CM/ ECF system and served on Defendant through email to counsel of record Amar Ali (amar.ali@lottery.com; amarali1978@gmail.com).

**Amar Ali, Esq.**
Texas Bar No.: 24042295
5656 N. Central Expy., #401
Dallas, Texas 75206
(214) 682-6835
Email: amar.ali@lottery.com
Email: amarali1978@gmail.com
ATTORNEY FOR DEFENDANT



Alfonso Kennard, Jr.