**Exhibit 4**

**BEFORE THE BOARD OF DISCIPLINARY APPEALS
APPOINTED BY
THE SUPREME COURT OF TEXAS**

| | | |
|---|---|---|
| **IN THE MATTER OF** | **§** | |
| **ALFONSO KENNARD, JR.,** | **§** | **CAUSE NO. 65861** |
| **STATE BAR CARD NO. 24036888** | **§** | |

**JUDGMENT OF SUSPENSION**

On the 29th day of April, 2022, the above-styled and numbered disciplinary action was called for hearing before the Board of Disciplinary Appeals. Petitioner appeared by attorney and announced ready. Respondent, Alfonso Kennard, Jr., appeared by and through his attorney of record and announced ready. All questions of fact and all matters of law were submitted to the Board of Disciplinary Appeals for determination. Having considered the pleadings on file, having received evidence, and having heard the argument of counsel, the Board of Disciplinary Appeals is of the opinion that Petitioner is entitled to entry of the following findings, conclusions, and orders:

**Findings of Fact.** The Board of Disciplinary Appeals finds that:

(1) Respondent, Alfonso Kennard, Jr., State Bar Card Number 24036888, is licensed and authorized to practice law in the State of Texas by the Supreme Court of Texas.

(2) On or about September 25, 2020, a Petition for Disciplinary Action was entered in the Minnesota Supreme Court in a matter styled *In Re Petition for Disciplinary Action against Alfonso Kennard, Jr., a Non-Minnesota Attorney*, No. A20-1247, alleging that pursuant to Rule 8.5 of the Minnesota Rules of Professional Conduct (MRPC) Respondent was subject to the MRPC even though he was not licensed in Minnesota. The

Petition further alleged that Respondent violated MRPC 3.4(c) and 5.5(a) when he represented his law firm, Kennard Law, P.C. in a Minnesota court despite not being licensed in Minnesota. The Petition also alleged that Respondent violated MRPC 8.1(b) by failing to respond to the Director of the Office of Lawyers Professional Responsibility despite numerous requests to do so.

(3) On or about November 13, 2020, a Motion for Summary Relief was entered in the Minnesota Supreme Court in the matter styled *In Re Petition for Disciplinary Action against Alfonso Kennard, Jr., a Non-Minnesota Attorney*, No. A20-1247, based on Respondent's failure to respond to the disciplinary petition.

(4) On or about November 30, 2020, the Minnesota Supreme Court in the matter styled *In Re Petition for Disciplinary Action against Alfonso Kennard, Jr., a Non-Minnesota Attorney*, No. A20-1247, entered an order deeming the allegations in the Petition admitted based on Respondent's failure to respond to the Petition.

(5) On or about December 30, 2020, a Director's Memorandum of Law was filed in the Minnesota Supreme Court in the matter styled *In Re Petition for Disciplinary Action against Alfonso Kennard, Jr., a Non-Minnesota Attorney,* No. A20-1247, which recommended a thirty-day suspension of Respondent.

(6) On or about March 9, 2021, the Supreme Court of the State of Minnesota issued an Order in the matter styled *In Re Petition for Disciplinary Action against Alfonso Kennard, Jr., a Non-Minnesota Attorney*, No. A20-1247, which states in pertinent part:

> We permit lawyers not admitted to practice in Minnesota to provide legal services in Minnesota in certain circumstances. See Minn. R. Prof. Conduct 5.5(c)-(d). We also have the authority to discipline a lawyer who provides legal services in Minnesota even when that lawyer is not admitted to practice here. Minn. R. Prof. Conduct 8.5(a) ("A lawyer not admitted in this jurisdiction is also subject to the disciplinary authority of this jurisdiction if the lawyer provides . . . any legal services in this jurisdiction.").
>
> The court has independently reviewed the file and approves the Director's recommended discipline.
>
> Based upon all the files, records, and proceedings herein,
>
> IT IS HEREBY ORDERED THAT:

1. Respondent Alfonso Kennard, Jr., is suspended from the practice of law in Minnesota for a minimum of 30 days, effective 14 days from the date of this order.

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.

3. Respondent shall be eligible to have the suspension lifted following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of the Appellate Courts and serves upon the Director an affidavit establishing that he has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court. We expressly waive the reinstatement requirements in Rule 18(e)(4)(1), (f), RLPR, regarding satisfaction of continuing legal education obligations.

4. Within 1 year of the date of this order, respondent shall file with the Clerk of the Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. See Rule 4.A.(5), Rules for Admission to the Bar (requiring evidence that an applicant has successfully completed the Multistate Professional Responsibility Examination). Failure to timely file the required documentation shall result in automatic suspension, as provided in Rule 18(e)(3), RLPR.

(7) The Minnesota Rules of Professional Conduct that Respondent was found to have violated provide as follows:

3.4(c) Fairness to Opposing Party and Counsel

A lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists.

5.5(a) Unauthorized Practice of Law; Multijurisdictional Practice of Law

A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so, except that a lawyer admitted to practice in Minnesota does not violate this rule by conduct in another jurisdiction that is permitted in Minnesota under Rule 5.5(c) and (d) for lawyers not admitted to practice in Minnesota.

8.1(b) Bar Admission and Disciplinary Matters

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not . . . fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admission or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.

(8) Respondent, Alfonso Kennard, Jr., is the same person as the Alfonso Kennard, Jr., who is the subject of the Order described above.

(9) The Order issued by the Supreme Court of the State of Minnesota is final.

(10) Respondent was personally served with the Petition for Reciprocal Discipline and Order to Show Cause on Petition for Reciprocal Discipline and Hearing Notice on September 22, 2021.

(11) Respondent's Original Answer and Response to Petition for Reciprocal Discipline was filed on January 19, 2022.

**Conclusions of Law**. Based upon the foregoing findings of fact, the Board of Disciplinary Appeals makes the following conclusions of law:

(1) This Board has jurisdiction to hear and determine this matter. TEX. RULES DISCIPLINARY P. R. 7.08(H).

(2) Respondent's Motion to Dismiss is DENIED.

(3) Respondent's answer to the Order to Show Cause on Petition for Reciprocal Discipline was due on October 22, 2021. TEX. RULES DISCIPLINARY P. R. 9.02.

(4) Despite being duly served, Respondent failed to file an answer within 30 days. TEX. RULES DISCIPLINARY P. R. 9.03.

(5) Because Respondent failed to answer timely, Rule 9.03 requires that the Board enter a judgment imposing reciprocal discipline. TEX. RULES DISCIPLINARY P. R. 9.03, 17.05.

(6) Pursuant to BODA Internal Procedural Rule 7.03, the Chair exercised discretion to receive testimony and evidence from Respondent despite his failure to file a timely answer.

(7) Even if Respondent had timely raised defenses, Respondent's testimony and evidence failed to establish any defense under Rule 9.04 by clear and convincing evidence.

(8) Reciprocal discipline identical, to the extent practicable, to that imposed by the Supreme Court of the State of Minnesota, is warranted in this case. TEX. RULES DISCIPLINARY P. R. 9.03.

(9) Respondent should be suspended for thirty (30) days.

It is, accordingly, **ORDERED**, **ADJUDGED**, and **DECREED** that Respondent, Alfonso Kennard, Jr., State Bar Card No. 24036888, is hereby SUSPENDED from the practice of law in Texas for a period of thirty (30) days beginning May 5, 2022, and extending through June 4, 2022.

It is further **ORDERED**, **ADJUDGED**, and **DECREED** that Respondent, Alfonso Kennard, Jr., during said suspension is prohibited from practicing law in Texas, and accordingly with respect to practicing law in Texas, holding himself out as a Texas attorney at law, performing any legal service for others in Texas, accepting any fee directly or indirectly for Texas legal services or holding himself out to others using his name, in any manner, in conjunction with the words "attorney," "counselor," or "lawyer" in Texas.

It is further **ORDERED** that Respondent, Alfonso Kennard, Jr., within fifteen (15) days of the date of this judgment, shall notify in writing each and every justice of the peace, judge, magistrate, and chief justice of each and every court, if any, in which Respondent has any legal matter pending, if any, of his suspension, of the style and cause number of the pending matter(s),

and of the name, address, and telephone number of the client(s) Respondent is representing in that court. Respondent is also **ORDERED** to mail copies of all such notifications to the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Capitol Station, Austin, Texas 78711.

It is further **ORDERED** that Respondent shall file with the State Bar of Texas, Statewide Compliance Monitor, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), within fifteen (15) days of the date of this judgment, an affidavit stating that Respondent has notified in writing each and every justice of the peace, judge, magistrate, and chief justice of each and every court in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address, and telephone number of the client(s) Respondent is representing in court.

It is further **ORDERED** that Respondent, Alfonso Kennard, Jr., within fifteen (15) days of the date of this judgment, shall notify each of his current clients and opposing counsel, if any, in writing, of his suspension. In addition to such notification, Respondent is **ORDERED** to return all files, papers, unearned fees paid in advance, and all other monies and properties which are in his possession or control but which belong to current or former clients, if any, to those respective clients or former clients, or to another attorney designated by such client or former client, within thirty (30) days of the date of this judgment, if requested.

It is further **ORDERED** that Respondent shall file with the State Bar of Texas, Statewide Compliance Monitor, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), within fifteen (15) days of the date of this judgment, an affidavit stating that all current clients and opposing counsel have been notified of Respondent's suspension and that all files, papers, monies, and other property belonging to all current clients have been returned as ordered

herein. If Respondent should be unable to return any file, papers, money, or other property requested by any client or former client, Respondent's affidavit shall state with particularity the efforts made by Respondent with respect to each particular client and the cause of his inability to return to said client any file, paper, money, or other property.

It is further **ORDERED** that Respondent, Alfonso Kennard, Jr., within fifteen (15) days of the date of this judgment, surrender his Texas law license and permanent State Bar Card to the Statewide Compliance Monitor, Office of the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Capitol Station, Austin, Texas 78711, for transmittal to the Clerk of the Supreme Court of Texas.

It is further **ORDERED** that a certified copy of the Petition for Reciprocal Discipline on file herein, along with a copy of this Judgment, be sent to the Office of the Chief Disciplinary Counsel of the State Bar of Texas, P.O. Box 12487, Austin, Texas 78711.

It is further **ORDERED** that this Judgment of Suspension shall be made a matter of public record and be published in the *Texas Bar Journal*.

Signed this 5th day of May 2022.

______________________________
**CHAIR PRESIDING**

Board members Jason Boatright and Cindy Tisdale did not participate in this decision.