Exhibit 5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In the Matter of the Petition for Disciplinary Action against Alfonso Kennard, Jr., a Non-Minnesota Attorney. | 21-mc-21 JRT<br>**ORDER OF SUSPENSION** |

---

By an order of the Minnesota Supreme Court, filed on March 9, 2021, Alfonso Kennard, Jr., 5120 Woodway Drive, Suite 10010, Houston, TX 77057 who is not licensed to practice law in the State of Minnesota, has been suspended from the practice of law before the courts of the State of Minnesota, effective March 23, 2021.

Alfonso Kennard, Jr., has been admitted pro hac vice to practice as an attorney in this Court and his pro hac vice admission to the District of Minnesota has been revoked by court order on November 25, 2020 in case number 20-cv-1597 JRT-ECT. **IT IS THEREFORE ORDERED**, pursuant to Local Rule 83.6(d) of this Court that Alfonso Kennard, Jr., be and is hereby automatically suspended from the practice of law, effective March 23, 2021, and shall be ineligible to practice law before this Court during the same period that he is prohibited from practicing law by the Minnesota Supreme Court.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall serve this Order upon Alfonso Kennard, Jr., by mail and file proof of such service. This Order shall serve as the notice of reciprocal discipline that is to be provided by the Clerk of Court pursuant to Local Rule 83.6(i)(1).

DATED: March 11, 2021
at Minneapolis, Minnesota.

s/John R. Tunheim
JOHN R. TUNHEIM
Chief Judge
United States District Court

FILED

March 9, 2021

OFFICE OF APPELLATE COURTS

STATE OF MINNESOTA

IN SUPREME COURT

A20-1247

In re Petition for Disciplinary Action against
Alfonso Kennard, Jr., a Non-Minnesota Attorney.

ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Alfonso Kennard, Jr., a lawyer licensed to practice in Texas, committed professional misconduct in Minnesota warranting public discipline. The petition alleged that respondent engaged in the unauthorized practice of law by representing a party in a lawsuit filed in a Minnesota district court without being admitted to practice in Minnesota and continued to do so in violation of a court order, *see* Minn. R. Prof. Conduct 3.4(c), 5.5(a); and failed to cooperate with the Director's investigation, *see* Minn. R. Prof. Conduct 8.1(b), Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

In a November 30, 2020 order, we deemed the allegations in the petition admitted because respondent failed to file an answer to the petition, *see* Rule 13(b), RLPR, and directed the parties to file memoranda regarding the appropriate discipline to impose in this case. The Director recommends that the court suspend respondent for 30 days. Respondent did not make a recommendation as to the appropriate discipline.

We permit lawyers not admitted to practice in Minnesota to provide legal services in Minnesota in certain circumstances. *See* Minn. R. Prof. Conduct 5.5(c)–(d). We also have the authority to discipline a lawyer who provides legal services in Minnesota even when that lawyer is not admitted to practice here. Minn. R. Prof. Conduct 8.5(a) ("A lawyer not admitted in this jurisdiction is also subject to the disciplinary authority of this jurisdiction if the lawyer provides . . . any legal services in this jurisdiction.").

The court has independently reviewed the file and approves the Director's recommended discipline.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent Alfonso Kennard, Jr., is suspended from the practice of law in Minnesota for a minimum of 30 days, effective 14 days from the date of this order.

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.

3. Respondent shall be eligible to have the suspension lifted following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of the Appellate Courts and serves upon the Director an affidavit establishing that he has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court. We expressly waive the reinstatement requirements in Rule 18(e)(4)(1), (f), RLPR, regarding satisfaction of continuing legal education obligations.

4. Within 1 year of the date of this order, respondent shall file with the Clerk of the Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. *See* Rule 4.A.(5), Rules for Admission to the Bar (requiring evidence that an applicant has successfully completed the Multistate Professional Responsibility Examination). Failure to timely file the required documentation shall result in automatic suspension, as provided in Rule 18(e)(3), RLPR.

Dated: March 9, 2021

BY THE COURT:

Natalie E. Hudson

Natalie E. Hudson
Associate Justice