**Exhibit 7**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Dr. KARA BUCCI,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 19-1651** |
| | § | |
| **M.D. ANDERSON PHYSICIANS** | § | |
| **NETWORK,** | § | |
| **Defendant.** | § | **(JURY TRIAL DEMANDED)** |

**PLAINTIFF'S MOTION TO SET ASIDE INTERVENTION OF KENNARD LAW, P.C.**

TO THE HONORABLE COURT:

Plaintiff, Dr. Kara Bucci, by and through her counsel of record, ADAMS+CROW LAW FIRM (Samantha M. Adams), submits this Motion to Set Aside Intervention of Kennard Law P.C. pursuant to Fed. R. Civ. P. (60(b)(3). Plaintiff respectfully requests the Court set aside the intervention of Kennard Law P.C. ("Kennard") due to the misrepresentation by Kennard Law to the Court that the motion to intervene was unopposed. The intervention was (and is) opposed on substantive grounds because the basis of Kennard's claim of interest is subject to a dispute lying in contract and the Texas Disciplinary Rules of Professional Conduct. Moreover, and perhaps most importantly, a dispute over the very services contract that Kennard attached to his Motion to Intervene [Doc. 35] is subject to arbitration including whether the "assignment" of a property interest was lawfully made – the "assignment" upon which Kennard bases his effort to intervene. If Plaintiff had been contacted for concurrence, Plaintiff would have zealously opposed (and continues to do so) Kennard's intervention.

Plaintiff respectfully requests the Court set aside the order allowing intervention, [Doc. 37], and allow Plaintiff an opportunity to formally oppose Kennard's motion and to be heard by the Court on the same.

**FACTUAL BACKGROUND**

In late May 2020, Plaintiff discharged Kennard for cause and retained ADAMS+CROW LAW FIRM to take over prosecution of her claim against M.D. Anderson Physicians Network. See Declaration of Samantha M. Adams, Esq. at ¶ 1, attached here to as Exhibit A. Subsequently, Kennard filed an Unopposed Motion to Withdraw as counsel for which an Order was entered. See [Doc Nos. 17 and 18].

A week later, unbeknownst to Plaintiff and undersigned counsel, Kennard initiated a pattern of filings under seal that either misled and/or could have misled the Court in this case. The first such filing was a sealed Motion for Intervention representing to the Court that the motion was filed by Dr. Kara Bucci ***whom he no longer represented***. Id. at ¶ 2; see [Doc No. 19]. Because undersigned counsel was at that time awaiting approval of her *pro hac vice* appearance, the DC CM/ECF filing system did not notify her of this initial filing. Ex. A ¶ 8. Furthermore, Kennard did not provide a copy of the filing or give notice to any of the parties in this matter that he was filing a Motion for Intervention or that he was requesting that his motion be sealed, nor did he seek a position on either motion. Id. at ¶¶ 3, 6- 10.

The misleading filings continued for a number of months. For reasons unknown, and again without providing a copy or notice to Plaintiff and her counsel, Kennard refiled the same motions on July 24, 2020. see [Doc Nos. 24, 25, 26]. It was not until, October 13, 2020, when a sealed Order was entered by this Court, that counsel became aware that Kennard had already filed several pleadings under seal. This surprising news prompted an email interaction between undersigned

counsel and Mr. Kennard in which Ms. Adams requested that all documents ever filed under seal be provided as required by the Local Rules of civil procedure. Ex. A at ¶ 9 and Exhibit A1. Despite requesting the documents several times, no documents were provided. Then, on October 16, 2020, Kennard filed with the Court, for ***now the third time***, a Second Amended Motion to Seal, along with his Motion for Intervention. see [Doc. 34] This time, but only after already having filed the documents, Kennard provided a copy of the documents filed with the Court. Ex. A, ¶¶ 4 and 9 and Ex. A2. Within a few days of the filing, this Court granted Kennard's motion to intervene.

## ARGUMENT AND AUTHORITIES

### I. The Order Granting Kennard's Intervention Should be Set Aside Due to His Misrepresentation to this Court.

Pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure, this Court should set aside Kennard's intervention due to his misrepresentation to the Court that his Motion was unopposed. Fed. R. Civ. P. 60 ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for… fraud [], misrepresentation, or misconduct by an opposing party"). Because Kennard's misrepresentation and misconduct led the Court to issue an Order approving the Intervention before Plaintiff was able to oppose the same, relief under. Fed. R. Civ. P. 60(b)(3) is proper. Hesling v. CSX Transp., Inc., 396 F.3d 632, 641 (5th Cir. 2005) ("A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case."). Furthermore, this relief in this instance is necessary to right an injustice, as the intervention was improperly and unfairly obtained. Id.

Kennard's actions show a blatant disregard for our judicial process, and his highly concerning behavior should not be ignored. On October 16, 2020, Kennard filed two motions misrepresenting that he had conferred with Plaintiff's Counsel: Second Amended Sealed Motion

to Seal Pleading and Sealed Motion for Intervention ("Motion"), seeking to intervene in this matter to assert a contractual lien/interest in the outcome of the case. [Doc. Nos. 33 and 34]. Specifically attached to Kennard's Motion is a certificate of conference stating that Kennard "re-conferred" with Plaintiff's Counsel on October 16th, 2020 and that his Motion is "unopposed." This is a gross misrepresentation to Court. Plaintiff and her Counsel neither agreed to the sealing of any documents nor to the intervention and never even saw the motions filed until they had already been filed several times. Ex. A at ¶¶ 3-10; Ex. A2. Indeed, undersigned counsel spoke with Kennard, only once very briefly, on June 16, 2020, at which time Kennard asked for the undersigned counsel's position regarding his motion to withdraw as counsel. Ex. A at ¶ 5. Kennard also explained he was preparing to file a motion to "protect his interest" unless plaintiff would be interested in buying him out of the case. The undersigned counsel informed Kennard she was unfamiliar with such a motion to "protect his interest" and requested not only proof of his interest but a copy of the proposed motion to discuss the motion and a potential buy-out with her client and then confer with Kennard. Id. Kennard neither forwarded the proposed motion nor asked for Plaintiff's position regarding the same. Id. at ¶¶ 3, 6-10. He also never mentioned or asked for Plaintiff's position regarding filing the Motion under seal. Id. at ¶ 8. In fact, before filing the Motion multiple times, Kennard never attempted to communicate with the undersigned again. Id. at ¶ 6.

The nature and substance of the Motion was only discovered when a copy of the Motion was finally provided, on October 16, 2020, after Kennard had already attempted to file it ***three*** times under seal without the knowledge or concurrence of Plaintiff's Counsel. It is fundamentally unfair and a violation of the duty of candor to the Tribunal for Kennard to represent that his Motions were unopposed. TX ST RPC Rule 3.03. Nevertheless, because of Kennard's

misrepresentation, this Court entered an Order granting the intervention before Plaintiff was able to file a response in opposition.

Although Plaintiff and her counsel were initially forced to decipher the sequence of events without being able to view the sealed documents, undersigned counsel finally obtained endorsed copies all documents filed under sealed on December 4, 2020, by Court Order. [Doc. 42] The record is clear and shows that Kennard intentionally misrepresented concurrence of his intervention as a ploy so this Court would enter an order in his favor. This misconduct is extremely inappropriate and a direct violation of the Texas Disciplinary Rules of Professional Conduct. TX ST RPC Rule 3.03. Kennard purposely filed *ex parte* motions in June and again in July, and when the Court struck those pleadings for failing to follow this Court's procedural requirements pertaining to Local Rule 7.1, he fabricated a concurrence from Plaintiff's Counsel. See [Doc 32] and [Doc 33] at ⁋⁋ 2 and 3 (Kennard telling the Court, "[o]n June 26, 2020, the Applicant filed a pleading for intervention. The disclosure of the pleading would seriously jeopardize the ability of Applicant to successfully secure its interest in this cause of action. On October 13, 2020, this Court struck down Applicant's Sealed Motion for Intervention for failure to include a Certificate of Conference. In order to remedy this error, Applicant files its Second Amended Motion to Seal Pleading with the required Certificate of Service to be evaluated and ruled on.") His request for filing under seal exposes the purpose of his misrepresentation – the fear that his interest would be challenged if disclosure of the pleading was made. Nevertheless, this Court did not accept his *ex parte* filing and struck the pleadings for failing to provide certificates of conference. Instead of properly attempting to confer with Plaintiff and her counsel in good faith, Kennard further misrepresented that he had already done so and presented his Motion as unopposed. His misrepresentation is blatant. By his own admission, he sought to file under seal because he believed

that disclosure would jeopardize his ability to successfully secure his interest. This in itself and his attempts to file *ex parte* documents are evidence Kennard knew intervention would be opposed.

Accordingly, this Court should set aside the Intervention due to Kennard's obvious misrepresentation and misconduct toward the Court.

### II. The Order Granting Intervention Should be Set Aside Because the Court May Lack Jurisdiction Over the Contract Dispute Upon Which Kennard Sought Intervention.

Notwithstanding Kennard's misrepresentation to the Court, Kennard's intervention may be improper and/or premature as there is a dispute over a number of matters relating to the contract at issue in Kennard's motion to intervene including, relevant to this Court's present charge, the validity of Kennard's alleged assignment which appears to run afoul of Texas Law and must be arbitrated with the American Arbitration Association. See [Doc No. 35] at § IX. Because the employment and fee agreement presented to the Court by Kennard, [Doc No. 35] mandates that any disputes under the contract be arbitrated, this Court may lack subject matter jurisdiction over the subject matter of Kennard's Motion and may be prevented from adjudicating any issues arising from the contract or deciding on Kennard's application for intervention until these issues are arbitrated. Fed. R. Civ. P. 12(h)(3); Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). In fairness to all parties and the Bench, these questions should be fully-briefed and Plaintiff respectfully requests the opportunity to do so and to be heard on this matter.

In addition to setting aside the Intervention due to the misrepresentation, Plaintiff respectfully requests Kennard's intervention be set aside as this Court may lack subject matter jurisdiction to presently preside over the same.

**RELIEF REQUESTED**

Plaintiff asks the Court to set aside the intervention of Kennard Law P.C. and allow Plaintiff 21 days from entry of an Order granting this Motion to respond to Kennard's Motion for Intervention. Plaintiff further moves the Court to sanction Kennard Law P.C. for Alfonso Kennard's misconduct and compensate Plaintiff by awarding attorney fees and cost related to the briefing, oral argument and efforts by the undersigned to confer with Kennard on this matter and for any other relief the Court deems appropriate.

Respectfully submitted,

ADAMS +CROW LAW FIRM

By: *Samantha M. Adams*

Samantha M. Adams
5051 Journal Center Blvd. NE, Suite 320
Albuquerque, New Mexico 87109
Phone: (505) 582-2819
Fax: (505) 212-0439
Sam@adamscrow.com
*Attorney for Dr. Bucci*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on November 16, 2020 I spoke with Elizabeth Kroger regarding my intent to file this motion. Ms. Kroger advised via e-mail communication on November 17, 2020 that she did not oppose this motion.

On December 4, 2020 a copy of this Motion was e-mailed to Alfonso Kennard of Kennard Law, PC and Mr. Kennard advised he opposed the Motion.

On December 7, 2020 Alfonso Kennard was contacted again, via e-mail, and in good faith to allow him an opportunity to provide proof that he did confer with Plaintiff's counsel regarding his intervention. No proof was provided and therefore this Motion is necessary. See E-mail communication, attached hereto as Exhibit B.

The motion is thus opposed.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been served by electronic mail via CM/ECF and email to counsel for Defendant on this 8th day of December 2020 as follows:

Elizabeth Mata Kroger, kroger@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, LLP
808 Travis Street, Suite 1100
Houston, TX 77002
Phone: (713) 632-1700 Fax: (713) 222-0101

Alfonso Kennard, Jr. alfons.kennard@kennardlaw.com
Kennard Miller Hernandez, P.C.
2603 Augusta Drive, Suite 1450
Houston, Texas 77057

By: *Samantha M. Adams*
Samantha M. Adams

Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DR. KARA BUCCI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-01651 |
| | § | |
| M.D. ANDERSON PHYSICIANS NETWORK, | § | |
| Defendant | § | |

**DECLARATION OF SAMANTHA M. ADAMS, ESQ.**

Samantha M. Adams, Esq. pursuant to 28 USC 1746, hereby state as follows:

I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration under penalty of perjury. The factual allegations set out in the following Declaration are based on my personal knowledge, recollection, and belief.

1. I was engaged by Dr. Mary Kara Bucci in late May 2020 to take over the prosecution of the above-referenced matter due to Dr. Bucci's concerns about representation by the Kennard Law firm theretofore. The Court permitted my law firm to appear in this case on 1 July 2020. [Doc Nos. 15, 16, 20, & 21]

2. The Court entered an order permitting Mr. Kennard to withdraw from this case on 19 June 2020, [Doc. No. 18], but *seven days ater* Mr. Kennard filed a sealed Motion for Intervention on 26 June 2020, representing to the Court that the motion was filed *y* Dr. Kara Bucci *hom he no on er represented*. [Doc. No. 19].

3. Prior to the Court entering its order allowing the intervention on 23 October 2020, I participated in only one single phone conversation with Mr. Kennard (on 16 June 2020) and one email exchange with him. We have scoured our email accounts and records and, at no time did Mr.

Kennard ever send me copies of *proposed* motions/orders on his effort to intervene in this case and/or to seal any documents. Nor did Mr. Kennard *ever* ask for my concurrence/position on any motion.

4. The one set of filings Mr. Kennard's office sent to me was on 16 October 2020 but only ***after*** they were already filed, and only ***after*** I demanded he send me the proposed motions/orders. E-mails between Adams and Kennard, 15 Oct 2020, attached hereto as Exhibit A1; E-mail from Romero to Adams providing copy of filings under seal, attached hereto as Exhibit A2; E-mail Notification of filings from DC CM/ECF, attached hereto as Exhibit A3.

5. In the one phone conversation 16 June 2020 between Mr. Kennard and me, prior to the intervention order, Mr. Kennard called my office and indicated he would be withdrawing as counsel and seeking to file a motion with the Court "to protect his interest in any settlement or judgment." After I asked Mr. Kennard to provide details about what he meant by "a motion to protect his interest in any settlement or judgment," he responded with an explanation that my client could avoid the motion if she wanted to buy him out of the case instead stating specifically: "you guys can just buy me out; otherwise, I'll be hanging over your heads." When I asked Mr. Kennard to explain what he meant by buying him out, he threw out a number and said we could "negotiate." I explained I was unfamiliar with the type of motion he was contemplating filing and asked him to send me the proposed motion so I could discuss the motion with my client as well as Mr. Kennard's offer to Dr. Bucci that she could buy him out. Mr. Kennard agreed to send me the motion so I could consider the same and further discuss the matter with my client and with him.

6. Prior to 15 October 2020, Mr. Kennard never called me or emailed me back, and I never spoke to him again.

7. Our records indicate Mr. Kennard never sent me or anyone at my office the proposed motion nor did he tell me or anyone at my office what the motion would be called or what the substance of the motion would read.

8. Mr. Kennard has never discussed the sealing of any motion or paper with me or anyone at my office. Indeed, I did not realize documents were being sealed and filed nor did I understand why any papers or motions *shou d* be sealed.

9. In fact, Mr. Kennard sent me the proposed motion and order for intervention (and attendant motion/order to seal the same) only ***after*** he had already filed them under seal and only ***after*** I demanded copies, on 15 October 2020, of all papers he had filed. see Ex A1 E-mail exchange between Adams and Kennard, 15 October 2020 (Adams demanding copies of documents and Kennard promising to send them); see Ex. A2 E-mail from Romero to Adams, 16 October 2020 (***explaining they had all been recently filed***)

10. Mr. Kennard's attempt to misrepresent his actions continues where, in his email on 15 Oct 2020, Mr. Kennard said he would send to all counsel "our motion in intervention under seal" and further stated "if you are no longer unopposed to our filing of the motion, let us know, we will gladly refile again if that is the case." see Ex. A1. I was never asked *and never to d Mr. ennard* that I did not oppose his filing a motion in intervention. Our records indicate that no one in our office was ever provided a copy of the motion, as I had requested of Mr. Kennard on 16 June 2020 or asked for concurrence. Mr. Kennard misrepresented to the Court that our office was unopposed. Mr. Kennard's effort to re-write history in an email that was intended to cover up his misrepresentation is simply additional evidence of his knowing and intentional act to rebuff the Texas Rules of Professional Conduct, the local rules and the Court's procedures. There has been

no mistake. Mr. Kennard well knows I was never asked to agree – nor did I ever agree – to his intervention or to sealing any papers in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 8 December 2020, in Albuquerque, New Mexico.

____________________________
Samantha M. Adams, Esq.

Exhibit A1

[redacted]

From: Alfonso Kennard <alfonso.kennard@kennardlaw.com>
**Date:** October 15, 2020 at 7:53:24 PM MDT
To: Samantha Adams <sam@adamscrow.com>
Cc: Daniel Salas <daniel.salas@kennardlaw.com>, Christine James <christine@adamscrow.com>, Cecily Perez <cecily.perez@kennardlaw.com>, Elizabeth Mata Kroger <kroger@mdjwlaw.com>, Jacqueline Kafka <Jackie@adamscrow.com>, letterdesign@sbcglobal.net, Leticia Diaz <leticia.diaz@kennardlaw.com>
**Subject: [EXTERNAL] Re: [EXTERNAL] Re: [EXTERNAL] Re: Bucci v. MDAPN: Sealed Document**

I already advised we would be sending. Shall I stop spending time with my children this evening because you have made the same request twice within a one hour span?

My office will send to all counsel our motion in intervention under seal. If you are no longer unopposed to our filing of the motion, let us know. We will gladly refile again if that is the case.




Click for my contact details

BOARD CERTIFIED Texas Board of Legal Specialization LABOR AND EMPLOYMENT LAW

Super Lawyers

AV PREEMINENT Martindale-Hubbell Lawyer Ratings

LEGAL LEADERS 2017 TOP RATED LAWYERS

THE NATIONAL TRIAL LAWYERS TOP 100 TRIAL LAWYERS

Case 4:19-cv-01656 Document 43-1 Filed on 12/08/20 in TXSD Page 6 of 19

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.
CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this E-mail is legally privileged and confidential information which is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0906 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

On Oct 15, 2020, at 8:48 PM, Samantha Adams <sam@adamscrow.com> wrote:

Please send the papers you filed yesterday without having provided notice to the counsel in the case. I've asked for it twice.

Best,

Sam Adams
Adams+Crow Law Firm

On Oct 15, 2020, at 6:10 PM, Alfonso Kennard <alfonso.kennard@kennardlaw.com> wrote:

I believe you are mistaken. Additionally, we misrepresented nothing to you. I am happy to have those discussions if needed with Ms. Kroger included. I made it abundantly clear to you that we intended to maintain our financial interest in this matter. You did not object. Any filings are specifically related to our maintaining that interest. That's it. This is not that confusing. I am happy to send you what we file. Thanks.




Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws. CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this E-mail is legally privileged and confidential information which is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0906 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

On Oct 15, 2020, at 6:52 PM, Samantha Adams <sam@adamscrow.com> wrote:

Mr. Kennard, you are mistaken. You and I spoke only once very briefly so you are incorrect to describe anything about “what we discussed since the beginning” as if we have had more than one brief conversation in which you promised to send me information that you never did. Specifically, in our last conversation, you stated you would send me a draft document to share with my client regarding what you claim to be your “firm interest” in any settlement or judgment that might come to frutition.

It has been months and months since that lone conversation we had. You never sent anything to me. I have no idea what you claim is your “firm interest.” You misrepresented the content of your conversations and negotiations with Ms. Kroger and now you have filed a paper into a case in which you are no longer an attorney.

Please send the paper you filed as sealed to Ms. Kroger and to me .

Thank you for your professionalism from the point forward.

*Sam Adams*

<image001.jpg> M M D M
MANAGING PARTNER
ADAMS+CROW LAW FIRM

5051 Journal Center Blvd NE, Suite 320 Albuquerque, New Mexico 87109
505.582.2819 F 505.212.0439 adamscrowlaw.com

---

*This correspondence, including any accompanying attachments or files, may contain confidential, privileged, or otherwise legally protected information. If you have received this correspondence and are not the intended recipient, please notify the sender by replying through email or by calling (505) 582-2819.*

*Please be advised that the disclosure, copying, dissemination or other use of this information by anyone other than the intended recipient is prohibited.*

---

Alfonso Kennard <alfonso.kennard@kennardlaw.com>
Thursday, October 15, 2020 5:46 PM
Samantha Adams <sam@adamscrow.com>
Daniel Salas <daniel.salas@kennardlaw.com>; Christine James <christine@adamscrow.com>; Cecily Perez <cecily.perez@kennardlaw.com>; Elizabeth Mata Kroger <kroger@mdjwlaw.com>; Jacqueline Kafka <Jackie@adamscrow.com>
[EXTERNAL] Re: Bucci v. MDAPN: Sealed Document

Sam:

This is what we discussed since the beginning about maintaining our firm interest.




Click for my contact details

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.
CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this E-mail is legally privileged and confidential information which is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0906 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

On Oct 15, 2020, at 6:43 PM, Samantha Adams <sam@adamscrow.com> wrote:

Messrs. Kennard and Salas,

I understand your office filed a sealed document in our case yesterday but we were not provided with notice of the same. The Texas Rules of Civil Procedure require you to provide notice to the parties and since you no longer represent a party in this case, it is unclear upon what basis you would have filed any paper in this case at all.

Please provide a copy of the document you filed under seal .

Sam Adams

<image001.jpg> M M D M
MANAGING PARTNER
ADAMS+CROW LAW FIRM

5051 Journal Center Blvd NE, Suite 320 Albuquerque, New Mexico 87109
505.582.2819 F 505.212.0439 adamscrowlaw.com

---

*This correspondence, including any accompanying attachments or files, may contain confidential, privileged, or otherwise legally protected information. If you have received this correspondence and are not the intended recipient, please notify the sender by replying through email or by calling (505) 582-2819.*

*Please be advised that the disclosure, copying, dissemination or other use of this information by anyone other than the intended recipient is prohibited.*

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is SAFE.

This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is SAFE.

This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is SAFE.

Exhibit A2

**Catherine Gonzalez**

---

**From:** Samantha Adams
**Sent:** Thursday, October 22, 2020 4:14 PM
**To:** Christine James; 'Hope Pendleton'; Catherine Gonzalez
**Subject:** FW: [EXTERNAL] Re: Kara Bucci v. MD Anderson Physicians Network
**Attachments:** Ex. A.pdf; Motion for Intervention .pdf; Order to Seal.pdf; Proposed Order on Mtn for Intervention.pdf; Second Amended Motion to Seal Pleading.pdf

---

Fransheska Romero <fransheska.romero@kennardlaw.com>
Friday, October 16, 2020 8:52 PM
Kroger@mdjwlaw.com; Samantha Adams <sam@adamscrow.com>
Daniel Salas <daniel.salas@kennardlaw.com>; Alfonso Kennard <alfonso.kennard@kennardlaw.com>; Lydia Giron <lydia.giron@kennardlaw.com>
[EXTERNAL] Re: Kara Bucci v. MD Anderson Physicians Network

Counsel:

Please see the attached documents that were filed under seal today October 16, 2020. These should be Doc. No. 33, 34, and 35. If you have any questions, do not hesitate to contact Mr. Kennard or Mr. Salas.

Regards,

Frans es a Romero
Case Mana er

kennard
ATTORNEYS AT LAW

**Kennard Law, P.C.**
2 03 Au usta Drive Suite 1450 ouston, Texas 77057
**Direct** 34 .980.8212
**Office** 713.742.0900
**Fax** 713.742.0951
**Toll Free** 855. ENNLAW
rans es a.romero ennardlaw.com

Website Ma

O STON SAN ANTONIO A STIN EL PASO RIO GRANDE ALLE SO T ERN CALIFORNIA WAS INGTON D.C.




Click for my contact details

I.R.S. CIRC LAR 230 DISCLOS RE As required b nited States Treasur Re ulations, ou s ould be aware t at t is communication is not intended or written b t e sender to be used, and it cannot be used, b an reci ient or t e ur ose o avoidin enalties t at ma be im osed on t e reci ient under nited States ederal tax laws.

CONFIDENTIALIT STATEMENT Furt ermore, t e in ormation contained in t is E mail is le all rivile ed and con idential in ormation w ic is intended onl or t e use o t e individual or entit to w om it is addressed. I t e reader o t is messa e is not t e intended reci ient, ou are ereb noti ied t at an use, dissemination, distribution or re roduction o t is messa e is strictl ro ibited. T ere ore, i ou ave received t is communication in error, lease noti me immediatel b tele one at 713.742.0900 and delete t e misdirected messa e rom our s stem. T an ou or our attention to t is sub ect matter stated erein.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is SAFE.

Exhibit A3

**Catherine Gonzalez**

---

**From:** DCECF LiveDB txs.uscourts.gov
**Sent:** Friday, October 1 , 2020 :21 PM
**To:** DC Notices txsd.uscourts.gov
**Subject:** [EXTERNAL] Activity in Case 4:1 cv 01 1 Bucci v. M.D. Anderson Physicians Network Sealed Motion

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**SOUTHERN DISTRICT OF TEXAS**

## Notice of Electronic Filing

The following transaction was entered by Kennard, Alfonso on 10/16/2020 at 9:21 PM CDT and filed on 10/16/2020

**Case Name:** Bucci v. M.D. Anderson Physicians Network
**Case Number:** 4:19-cv-01651
**Filer:** Kennard Law, P.C.
**Document Number:** 33

**Docket Text:**
**Amended SEALED MOTION *To Seal Pleading* by Kennard Law, P.C., filed. (Attachments: # (1) Proposed Order) (Kennard, Alfonso)**

**4:19-cv-01651 Notice has been electronically mailed to:**

Alfonso Kennard , Jr filings@kennardlaw.com, alfonso.kennard@kennardlaw.com, argentina.barrios@kennardlaw.com, christyle.giron@kennardlaw.com, daniel.salas@kennardlaw.com, daria.strukova@kennardlaw.com, eddie.hodges@kennardlaw.com, fransheska.romero@kennardlaw.com, lance.blankenship@kennardlaw.com, leticia.diaz@kennardlaw.com, lydia.giron@kennardlaw.com, michelle.sanchez@kennardlaw.com

Arlyn G Crow arlyn@adamscrow.com

Elizabeth Mata Kroger kroger@mdjwlaw.com, cleary@mdjwlaw.com, nancyg@mdjwlaw.com, rebeccae@mdjwlaw.com, veronicar@mdjwlaw.com

Samantha M Adams sam@adamscrow.com, adamscrowfilings@gmail.com, anita@adamscrow.com, christine@adamscrow.com, lisa@adamscrow.com

**4:19-cv-01651 Notice has not been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=10/16/2020] [FileNumber=34250054-0] [b1a57d590614ebd3b723680d67b47a2003ea38439ddcd59c292f8a697751eecbc085cfdc22983077045cc73284097e10d0ce5535f5bb58c7a863445e941bafea]]
**Document description:**Proposed Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=10/16/2020] [FileNumber=34250054-1] [30a137b821e7002713ce8cbb690589925641c5615c3f012f358b9e15452aebe404414b3e1a983e4fcf26c4c319a903d11b5770453465c9f2485f024aaf9d1722]]

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is SAFE.

Case 4:23-cv-01651 Document 17-7 Filed on 05/24 ... Page 51 of 119

## Catherine Gonzalez

**From:** DCECF LiveDB txs.uscourts.gov
**Sent:** Friday, October 1 , 2020 : PM
**To:** DC Notices txsd.uscourts.gov
**Subject:** [EXTERNAL] Activity in Case 4:1 cv 01 1 Bucci v. M.D. Anderson Physicians Network Sealed Motion

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**SOUTHERN DISTRICT OF TEXAS**

## Notice of Electronic Filing

The following transaction was entered by Kennard, Alfonso on 10/16/2020 at 9:36 PM CDT and filed on 10/16/2020
**Case Name:** Bucci v. M.D. Anderson Physicians Network
**Case Number:** 4:19-cv-01651
**Filer:** Kennard Law, P.C.
**Document Number:** 34

**Docket Text:**
**SEALED MOTION *FOR INTERVENTION* by Kennard Law, P.C., filed. (Attachments: # (1) Proposed Order) (Kennard, Alfonso)**

**4:19-cv-01651 Notice has been electronically mailed to:**

Alfonso Kennard , Jr filings@kennardlaw.com, alfonso.kennard@kennardlaw.com, argentina.barrios@kennardlaw.com, christyle.giron@kennardlaw.com, daniel.salas@kennardlaw.com, daria.strukova@kennardlaw.com, eddie.hodges@kennardlaw.com, fransheska.romero@kennardlaw.com, lance.blankenship@kennardlaw.com, leticia.diaz@kennardlaw.com, lydia.giron@kennardlaw.com, michelle.sanchez@kennardlaw.com

Arlyn G Crow arlyn@adamscrow.com

Elizabeth Mata Kroger kroger@mdjwlaw.com, cleary@mdjwlaw.com, nancyg@mdjwlaw.com, rebeccae@mdjwlaw.com, veronicar@mdjwlaw.com

Samantha M Adams sam@adamscrow.com, adamscrowfilings@gmail.com, anita@adamscrow.com, christine@adamscrow.com, lisa@adamscrow.com

**4:19-cv-01651 Notice has not been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=10/16/2020] [FileNumber=34250057-0] [4922c4bcd972e81ff732f521b87d5c75da5fdb001559eeb94542cc9b29675ff6860ebb39bfec605234e323d73483b34fca879d40e27a7330733147fe063572fe]]
**Document description:**Proposed Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=10/16/2020] [FileNumber=34250057-1] [844fca485393c492f569d9c4fd3225ec3990ea6ea6f7bcea1f6678c7f341675e315a523301785f6a253633d54dbde74423aa1e48deba3c1b59f692e6b723b089]]

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is SAFE.

## Catherine Gonzalez

**From:** DCECF LiveDB txs.uscourts.gov
**Sent:** Friday, October 1 , 2020 :41 PM
**To:** DC Notices txsd.uscourts.gov
**Subject:** [EXTERNAL] Activity in Case 4:1 cv 01 1 Bucci v. M.D. Anderson Physicians Network Sealed Exhibits

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**SOUTHERN DISTRICT OF TEXAS**

## Notice of Electronic Filing

The following transaction was entered by Kennard, Alfonso on 10/16/2020 at 9:40 PM CDT and filed on 10/16/2020

**Case Name:** Bucci v. M.D. Anderson Physicians Network
**Case Number:** 4:19-cv-01651
**Filer:** Kennard Law, P.C.
**Document Number:** 35

**Docket Text:**
**SEALED EXHIBITS *EXHIBIT A* re: [34] SEALED MOTION *FOR INTERVENTION* by Kennard Law, P.C., filed. (Kennard, Alfonso)**

**4:19-cv-01651 Notice has been electronically mailed to:**

Alfonso Kennard , Jr filings@kennardlaw.com, alfonso.kennard@kennardlaw.com, argentina.barrios@kennardlaw.com, christyle.giron@kennardlaw.com, daniel.salas@kennardlaw.com, daria.strukova@kennardlaw.com, eddie.hodges@kennardlaw.com, fransheska.romero@kennardlaw.com, lance.blankenship@kennardlaw.com, leticia.diaz@kennardlaw.com, lydia.giron@kennardlaw.com, michelle.sanchez@kennardlaw.com

Arlyn G Crow arlyn@adamscrow.com

Elizabeth Mata Kroger kroger@mdjwlaw.com, cleary@mdjwlaw.com, nancyg@mdjwlaw.com, rebeccae@mdjwlaw.com, veronicar@mdjwlaw.com

Samantha M Adams sam@adamscrow.com, adamscrowfilings@gmail.com, anita@adamscrow.com, christine@adamscrow.com, lisa@adamscrow.com

**4:19-cv-01651 Notice has not been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=10/16/2020] [FileNumber=34250062
-0] [59bccac76327f0585b052422d2331c06db05cd25d33cabe473dac1196131206ec
522b7866bd6dd4f63612e84bfdf1e34b7ce6f8ff3e27977d0a6dd48a8df639d]]

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is SAFE.

Exhibit B

[redacted]

**From:** Samantha Adams
**Sent:** Monday, December 7, 2020 1:01 PM
**To:** Alfonso Kennard; Catherine Gonzalez
**Cc:** Christine James; Daniel Salas; Leticia Diaz; Cecily Perez
**Subject:** RE: Position Sought on Motion to Set Aside Intervention

Mr. Kennard, thank you for your quick response. We want to be sure you understand that our motion to set aside intervention pertains to your failure to confer with us in good faith and in accord with the local rules and Judge Hanen's procedures. Our motion is based on two things: (1) the fact that you and I spoke once on 16 June 2020 and then never again until our recent phone calls *after* the intervention and sealing was allowed; and (2) our electronic records and email accounts show we never received any documents for our review/approval/concurrence from your office between 16 June 2020 and 16 October 2020.

In an effort to confer with you in good faith and potentially avoid filing this motion to set aside the intervention, please provide to us all emails and other correspondence from your office to our office demonstrating you provided documentation of the motions/orders you filed with the Court between 16 June 2020 and 13 October 2020.

I sincerely would like to avoid wasting your time and the Court's time with this motion practice if it turns out I'm wrong and your office did send over the proposed motions/orders on the intervention and the sealing. If we missed any items or email traffic, we are willing to admit the same and move on. Our records do not indicate we've missed anything.

Please provide this documentation no later than noon tomorrow as we will file the Motion immediately thereafter.

Thank you for your attention to this important matter.

Best,

Sam

**SAMANTHA M. ADAMS**
MANAGING PARTNER
ADAMS+CROW LAW FIRM

+ 5051 Journal Center Blvd NE, Suite 320 + Albuquerque, New Mexico 87109
+ PHONE 505.582.2819 + FAX 505.212.0439 + WEB adamscrowlaw.com

---

*This correspondence, including any accompanying attachments or files, may contain confidential, privileged, or otherwise legally protected information. If you have received this correspondence and are not the intended recipient, please notify the sender by replying through email or by calling (505) 582-2819.*

*Please be advised that the disclosure, copying, dissemination or other use of this information by anyone other than the intended recipient is prohibited.*

**From:** Alfonso Kennard <alfonso.kennard@kennardlaw.com>
**Sent:** Friday, December 4, 2020 8:45 AM
**To:** Catherine Gonzalez <catherine@adamscrow.com>
**Cc:** Samantha Adams <sam@adamscrow.com>; Christine James <christine@adamscrow.com>; Daniel Salas <daniel.salas@kennardlaw.com>
**Subject:** [EXTERNAL] Re: Position Sought on Motion to Set Aside Intervention

We are opposed.




Click for my contact details

BOARD CERTIFIED Texas Board of Legal Specialization LABOR AND EMPLOYMENT LAW

Super Lawyers

AV PREEMINENT Martindale-Hubbell Lawyer Ratings

LEGAL LEADERS 2017 TOP RATED LAWYERS SPRING LITIGATION

MILLION DOLLAR ADVOCATES FORUM

MULTI-MILLION DOLLAR ADVOCATES FORUM

THE NATIONAL TRIAL LAWYERS TOP 100 TRIAL LAWYERS

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws. CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this E-mail is legally privileged and confidential information which is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0906 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

On Dec 4, 2020, at 9:43 AM, Catherine Gonzalez <catherine@adamscrow.com> wrote:

Good Morning, Mr. Kennard:

Please advise of your position to the attached, Motion to Set Aside Intervention of Kennard Law, P.C., which we intend to file today. If we do not hear back from your office by 4:00 PM, we will note your position as opposed.

Thank you,

<image001.jpg>**CATHERINE M. GONZALEZ**
**Attorney**
ADAMS+CROW LAW FIRM

+ 5051 Journal Center Blvd NE, Suite 320 + Albuquerque, New Mexico 87109

**+ PHONE** 505.582.2815 **+ FAX** 505.212.0439 **+ WEB** adamscrowlaw.com

______

*This correspondence, including any accompanying attachments or files, may contain confidential, privileged, or otherwise legally protected information. If you have received this correspondence and are not the intended recipient, please notify the sender by replying through email or by calling (505) 582.2819.*

*Please be advised that the disclosure, copying, dissemination or other use of this information by anyone other than the intended recipient is prohibited.*

<Motion to Set Aside Intervention of Kennard Law PC.pdf>

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is SAFE.