**Exhibit 17**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.** | **§** | |
| | **§** | |
| **Plaintiff,** | **§** | |
| **vs.** | **§** | **Civil Action No. L-11-174** |
| | **§** | |
| **RUMORS SPIRITS AND MORE, INC., *et al.*** | **§** | |
| | **§** | |
| **Defendants.** | **§** | |

**MEMORANDUM AND ORDER**

**Pending before the Court is a Motion for Additional Time to File Answer, (Dkt. 17), filed by Defendants Rumors Spirits and More, Inc. ("Rumors"), and Hector Benavides, Jr., Individually and d/b/a Rumors Country Patio ("Benavides"). Rumors's answer was due on March 13, 2012, and Benavides's on April 13, 2012. See Fed. R. Civ. P. 12(a)(1)(A)(i). They filed a joint answer on May 7, 2012, three days after Plaintiff J&J Sports Productions, Inc., ("J&J") requested entry of default but before it was entered. (Dkt. 11.) Because the answer was untimely, the Court ordered Defendants to request an extension of time. (Dkt. 16.) For the reasons that follow, Defendants' Motion for Additional Time will be GRANTED.**

**Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court has discretion to grant a motion for extension of time if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). In deciding such a motion, the Court will**

consider all relevant circumstances, including but not limited to: (1) the danger of prejudice to the non-movant, (2) the length of delay and its impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. See Miller v. Pikett, 2010 WL 3489365, at *2 (S.D. Tex., Sept. 1, 2010) (citation omitted); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 113 S.Ct. 1489 (1993).

In its Motion, Rumors blames its delay in answering on the registered agent's failure to "forward[] the Complaint to anyone at Defendant Rumors to answer the suit." (Dkt. 17 ¶ 5.) Benavides claims that his delay owes to the fact that his attorney, Jose Angel Becerra, was and remained away from the office for family reasons, which Benavides did not know when he forwarded him the Complaint per their usual procedure. (Dkt. 17 ¶ 6.) Attorney Becerra did not become aware of the suit until May 4, 2012, when Benavides called to inquire about its status. (Id.) Attorney Becerra promptly contracted Attorney Guillermo del Barrio, who filed an answer on behalf of both Defendants within days. (Id.) Based on these circumstances, the Court finds that Rumors and Benavides have not acted in bad faith in requesting this extension.

Further, there is no danger of prejudice to the non-movant in this case. As the Defendants note, J&J has been less than diligent in pursuing this case. Indeed, J&J served the

**Defendants and filed their motion for entry of default only pursuant to the Court's orders to take action lest the case be dismissed for want of prosecution. (Dkt. 3, 10.) Further, J&J bases its claim on events that occurred on December 6, 2008, (Dkt. 1 ¶ 6), yet did not file suit until three years later. (Dkt. 1.) Allowing Defendants additional time to respond to the complaint, under these circumstances, will not unduly prejudice J&J.**

**Similarly, the length of the requested delay is short relative to the circumstances of this case. Though granting the Motion will impact the proceedings by rendering moot the Plaintiff's request for entry of default, such a result is entirely proper given that "default judgments . . are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant [has] failed to meet a procedural time requirement.'" <u>Lacy v. Sitel Corp.</u>, 227 F.3d 290 (5th Cir. 2000) (quoting <u>Mason & Hanger-Silas Mason Co. v. Metal Trades Council</u>, 726 F.2d 166, 168 (5th Cir. 1983)).**

**For the foregoing reasons, Defendants' Motion for Additional Time, (Dkt. 17), is GRANTED. Accordingly, the Court allows Defendants' May 7 Answer. (Dkt. 14.) Given that the Defendants have now participated in the proceedings, J&J's Request for Entry of Default and Motion for Default Judgment (Dkts. 11-12) are hereby DENIED AS MOOT.**

**DONE at Laredo, Texas, this 31st day of May, 2012.**

**George P. Kazen**
**Senior United States District Judge**