**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RYAN PETERSON** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-00646-RP** |
| | § | |
| | § | |
| **LOTTERY.COM, INC. d/b//a** | § | |
| **SPORTS.COM, INC. d/b/a** | § | |
| **AUTOLOTTO, INC.** | § | |
| | § | **JURY DEMANDED** |
| ***Defendant.*** | § | |

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

---

NOW COMES, Ryan Peterson ("Plaintiff") files this response in opposition to Defendant Lottery.com d/b/a Sports.com d/b/a AutoLotto Inc.'s ("Defendant") Motion to Set Aside Entry of Default, filed on February 5, 2024, and will respectfully show onto the Court as follows:

## I. STATEMENT OF CASE

1. On June 8, 2023, Plaintiff, Ryan Peterson filed this lawsuit against Defendant.

2. On June 26, 2023, Amar Ali on behalf of Defendant accepted the Complaint and agreed to waive service on behalf of Defendant and authorized the filing of the waiver of service on behalf of Defendant. The parties stipulated that Defendant would file an Answer on or before July 27, 2023.

3. On July 11, 2023, Plaintiff's counsel Eddie Hodges Jr. filed a Motion to appear pro hac vice, which was granted by this Court on July 13, 2023.

4. During this time counsel for both parties engaged in discussions regarding settlement of Plaintiff's claims. Parties agreed to multiple extensions to the Answer date to allow parties to negotiate a reasonable resolution. Attorneys had numerous phone calls and Zoom conferences to discuss resolution and Defendant continued to assert that they would present Plaintiff with a reasonable offer.

5. On August 30, 2023, Plaintiff refiled the waiver of service according to Amar Ali's authorization and the Court's August 14, 2023 Order.

6. Plaintiff authorized his counsel to proceed with filing a Clerk's entry of default after Defendant failed to file an Answer after multiple agreed extensions past and no progress was being made during the time allotted for a reasonable resolution. Plaintiff did not want the Court to issue a Show Cause Order or a dismissal order for want of prosecution; so given Defendant's failure to file anything with the Court Plaintiff filed a Clerk's entry of default. Plaintiff gave proper notice to Amar Ali, and he admitted Defendant received notice of the Clerk's entry of default on September 11, 2023.

7. Thereafter, Defendant's counsel, Amar Ali, begged Plaintiff and his counsel not to file a default judgment and to continue to negotiate a reasonable settlement. Plaintiff agreed, and agreed to withhold from filing a motion for default judgment on a week-by-week basis. Parties continued to communicate in an attempt to reasonably resolve.

8. On December 12, 2023, the Court entered an Order that Plaintiff move for a default judgment against Defendant on or before January 5, 2024. Plaintiff gave notice to Attorney Amar Ali of this Order. Amar Ali explicitly told Plaintiff now that there is a deadline for Plaintiff to have to file a Motion for Default Judgment, Lottery.com will expedite settlement discussions in an attempt to resolve prior to the January 5, 2024 deadline. Plaintiff based on these representations

authorized his counsel to withhold from filing the Motion for Default Judgment to continue these discussions.

9. Parties had very thorough discussions over the next two weeks. Amar Ali made representations that they were finalizing the terms with their Lenders so that they can perform on the proposed settlement. Amar Ali gave notice that the company received funding, and if parties were to reach an agreement prior to the issuance of funds, funds can be earmarked for payment to Plaintiff based on the proposed settlement agreement.

10. On December 21, 2023, Amar asked Plaintiff's counsel to draft a proposed settlement agreement for Plaintiff based on the terms that were negotiated at that time. Plaintiff's counsel sent the proposed settlement agreement to Amar Ali and never received any correspondence from Amar Ali thereafter. Exhibit A.

11. On that same day, December 21, 2023, later that evening, Attorney Andrew Korn filed a notice of appearance on behalf of Defendant.

12. Plaintiff filed an Amended Complaint on January 4, 2024, asserting new claims under the Fair Labor Standards Act ("FLSA"). Defendant did not file a responsive pleading to the Amended Complaint.

13. On January 11, 2024, Attorney Andrew Korn reached out to Plaintiff's counsel in an attempt to confer over the Motion to Set Aside Entry of Default which he attached a proposed draft. In response, Plaintiff's counsel gave notice to Attorney Korn that the information in the proposed Motion was harassing and was not being used for the purpose of satisfying the requirements of good cause to set aside entry of default. The original draft contained information about Plaintiff's attorney, Alfonso Kennard's alleged criminal history and disciplinary charges and cases that have no relevance to this case, and mostly out of context. Exhibit A.

14. On January 12, 2024, Attorney Andrew Korn sent an updated draft without the information about criminal history and was given notice by Plaintiff's counsel that his conduct was in violation of Tex. R. Disc. Prof'l. Cond. 4.04. Instead the new motion that was sent was a direct attack on Plaintiff's attorney Eddie Hodges Jr. After Plaintiff gave notice to Attorney Korn of the violations of Tex. R. Disc. Prof'l. Cond. 4.04; there was no further communication by Attorney Korn until this Motion was filed. Exhibit A.

15. On February 5, 2024, Defendant filed a Motion to Set Aside [Dkt. 17] and an amended motion to set aside entry of default [Dkt. 18]. The Amended Motion to Set Aside was similar to the Motion sent to Plaintiff's counsel, which included information about Alfonso Kennard's alleged criminal history solely to gain an advantage in this forum. Not only does Defendant's Amended Motion to Set Aside include irrelevant information about Attorney Kennard's alleged criminal history, but it also contains disciplinary charges, civil proceedings against Plaintiff's counsel solely to gain an advantage in this civil matter. Plaintiff has simultaneously filed a Motion for Sanctions with this Motion that will address the Defendant's use of irrelevant information in its filing of this Motion to Set Aside.

16. Instead of using the Motion to Set Aside to address this Court's standard of review; Defendant took it upon itself to irresponsibly attack Plaintiff's counsel under the guise of "credibility." Credibility of Plaintiff's counsel is irrelevant to this Court's review of whether good cause exists to set aside the entry of default. In determining whether good cause exists to set aside the entry of default the Court examines the following factors: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. Courts may also consider whether the public interest was implicated, whether there

was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default. *Beitel v. OCA, Inc*., 551 F.3d 359 (5th Cir. 2008).

17. Lastly, the second paragraph in the Motion to set aside states, "Because Plaintiff's First Amended Complaint (Dkt. 16) adds a federal claim under the Fair Labor Standards Act. Id. at p. 1, 6-7,1 the Court must set aside the Clerk's Entry of Default (Dkt. 11) since this is a substantive change to the Complaint. Yet, Defendant decided to use the Motion to Set Aside for improper purposes, which arguments were presented that do not weigh into this Court's consideration of willfulness, prejudice, or lack of meritorious defenses by Defendant. This response will solely address whether this Court should find "good cause," given that Defendant had over eight months to respond to this lawsuit and failed to do so upon having multiple notices of filings. Therefore, based on Defendant's improper candor and respect to the legal profession and this Court, we respectfully ask this Court to **DENY** Defendant's Motion to Set Aside Entry of Default.

## II. ARGUMENTS AND AUTHORITIES

18. Lost in Defendant's improper 20-page Motion, is the standard of review for this Court to assess whether good cause exists to set aside entry of default. This Court must examine Defendant's Motion based on the following factors: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. Courts may also consider whether Defendant acted expeditiously to correct the default. The district court need not consider all of the above factors in ruling on a Defendant's motion; the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause."

*Willfulness*

19. Defendant asserts that Plaintiff's counsel was required to inquire with Amar Ali prior to filing and causing the Clerk to enter entry of default. Defendant asserts that Plaintiff's counsel choice not to inquire somehow shows Defendant did not willfully refuse to proceed to defend this case. However, their Motion also states that Amar Ali did receive notice of the lawsuit on June 26, 2023, and Clerk's Entry of Default Judgment on September 11, 2023, and this Court's December 12, 2023 Order, but Defendant waited until December 21, 2023 to file a notice of appearance. Moreover, it is not the decision of Plaintiff's counsel whether to file an entry of default, but a decision made by the Plaintiff to avoid, DWOP or show cause orders. That was Defendant's only mentioning of the "willfulness" element in their Motion to Set Aside. **There was more irrelevant information about Plaintiff's counsel than information that shows Defendant did not act willful by failing to respond or participate in this lawsuit for six months after being served, and two months after receiving notice of entry of default.**

*Setting it aside would prejudice the adversary*

20. Defendant argues that the Motion to Set Aside does not prejudice to Plaintiff, however, as filed the Motion to Set Aside prejudices Plaintiff as it relates to the irrelevant attacks against Plaintiff's counsel. The information produced by Defendant in its Motion to Set Aside is prejudicial and not directly related to the applicable standards for this Court to review. Plaintiff has also filed a Motion for Sanctions and Request for Show Cause Order simultaneously with this Motion asking the Court to take judicial notice of the Motion for being filed with an improper purpose and including information in violation of Tex. R. Disc. Prof'l. Cond. 3.04; 4.04; LR. AT-4; L.R. AT-7.

21. Defendant asserts in their Motion "Plaintiff never moved to obtain a default judgment after the Court ordered him to do so by January 5, 2024." However, as explained above, Defendant's counsel Amar Ali continuously begged Plaintiff and his counsel not to file a Motion for Default Judgment because Defendant was attempting to expedite the settlement prior to the January 5, 2024 deadline. Plaintiff even sent a proposed settlement agreement on December 21, 2023, with the thought the negotiations were still ongoing. Surreptitiously, that evening, Defendant filed a notice of appearance. It is now disingenuous for Defendant to assert that Plaintiff failed or missed deadlines, or did not act expeditiously, when Defendant was working behind the scenes to extend those deadlines to the fullest extent, until Defendant filed its notice of appearance on December 21, 2023.

22. Time has always been of the essence for Plaintiff, hence Plaintiff moving for Clerk's entry of default to avoid DWOP or show cause order. Defendant attempts to argue that Plaintiff has used the clerk's entry of default as an unfair tactic in ongoing negotiations; however that argument is frivolous given that all Defendant had to do at any time was file a responsive pleading to undo the entry of default. Defendant had knowledge of the Clerk's entry of default since September 11, 2023, by admission in their Motion. **Defendant's only offering of unfair prejudice relates to shifting the blame to Plaintiff for not filing a Motion for Default when Defendant was negotiating behind the scenes asking Plaintiff to not to file the Motion until the Court's deadline.**

*Lack of meritorious defenses*

23. Majority of Defendant's Motion contains irrelevant information about Plaintiff's counsel that should be disregarded by the Court. Defendant has attempted to provide the Court with meritorious defenses to satisfy their burden of "good cause." These defenses could have been

presented in a timely responsive pleading, however, Defendant waited over six months to participate in this lawsuit.

24. One would think that Defendant would have filed an answer by now setting up whatever defenses they could allege consistent with the obligations of Defendant and their counsel under Rule 11 of the Federal Rules of Civil Procedure. Instead of doing that, Defendant have put in their motion to set aside the entry of default descriptions of what they contend are meritorious defenses to the claims made against them in the Amended Complaint. Outside of the tortious interference claim, none of the purported meritorious defenses would carry the day for Defendant if this case went forward.

25. Plaintiff is suing his current employer for owed wages for completed work since July 2022. Plaintiff asserted in his Complaint he has remained employed after the company furloughed many other employees. Plaintiff alleges that he has received no compensation during the relevant period [July 2022 to present], and therefore, Plaintiff is not exempt from FLSA laws. Plaintiff has also filed a breach of contract claim for unpaid wages. *See Igal v. Brightstar*, 250 S.W.3d 78, 82 (Tex. 2008) (finding a worker in Texas has a choice either to file an administrative claim with the TWC or a common law breach of contract claim in district court). Defendant has no meritorious defense that Plaintiff received any compensation during the relevant time period nor any meritorious defense that Plaintiff has continued to work each week since July 2022 without compensation. Defendant's defenses that Plaintiff is exempt [lost exemption during relevant period] and no contract exists [promise to pay wages once performance is tendered] is not persuasive enough for the Court to consider that Defendant would be able to defeat any of Plaintiff's pleaded claims.

26. Moreover, Defendant's meritorious defense that Plaintiff's fraud and misrepresentation claims are not pled with particularity is not a meritorious complete defense to Plaintiff's claims of

fraud and misrepresentation. Plaintiff has plead with particularity the who, what, when, and why as to the alleged fraud and misrepresentation by Defendant, which satisfies his Rule 9(b) burden. *See Flexible Innovations Ltd. v. IdeaMax*, No. 4:12-CV-856-A (N.D. Tex. Mar. 29, 2013) (failing to persuade the Court a meritorious defense based on conclusory allegations, denying the Motion to Set Aside).

27. Defendant attempts to assert affirmative defenses in their Motion to Set Aside, but Defendant has waived such defenses when it failed to appear and file a timely responsive pleading. "The Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit in order to escape default judgment." *Broadcast Music, Inc. v. M.T.S. Enterprises*, 811 F.2d 278 (5th Cir. 1987) (emphasis added).

*Whether Defendant acted expeditiously to correct the default*

28. There is not any indication in the record that Defendant, by and through its Attorney Ali Amar, was unaware of the suit against them. The Motion states Defendant Amar authorized waiver of service of the summons, and Defendants were properly served with the Complaint. *Cf. A.L.T. Corporation v. Small Business Administration*, 801 F.2d 1451, 1458-59 (5th Cir. 1986) (for default judgment to withstand collateral attack, service need not comply with Rule 4 but only with constitutionally minimal due process requirements).

29. Defendant was served with this lawsuit back in June 2023. Defendant was served and received notice of the Entry of Default in September 2023. Defendant was served and received notice of this Court's December 12th Order. Defendant filed a notice of appearance on December 21, 2023. Defendant then waited until February 5, 2024, to file a Motion to Set Aside. Thus, Defendant wasted six months of time to participate in this lawsuit and an additional two months

to file some sort of responsive pleading. Defendant has yet to file an Answer or timely responsive pleading.

30. Defendant has now wasted **eight months** of Plaintiff's and this Court's time and resources. During this time, Plaintiff continues to be fully employed by Defendant and keeping the company technologically operational and secure, without any compensation. Similar to *Broadcast*, Defendant should not be allowed to halfway appear, and pull frivolous excuses out of the hat like a rabbit in order to escape default judgment. Typically, in eights months after a complaint is filed, substantive discovery has somewhat been completed, and the case would be set for a potential trial date. However, here, this case has not been set for an Initial Conference **eight months** into the case. At no fault of Plaintiff, who was diligently in progressing the case, and open to fruitful conversations for resolution to forgo this process, but instead Defendant continues to create excuses and stall tactics to keep this case from progressing.

31. Instead of providing this Court evidence of Defendant acting expeditiously; Defendant's Motion shifts the blame to Plaintiff's counsel as a direct attack with irrelevant information, which violates Texas Disciplinary Rules and Local Rules. Plaintiff respectfully asks this Court to take judicial notice of the classless acts of Defendant's counsel Andrew Korn and Ali Amar. We ask the Court to take their motives and intent in consideration when deciding whether Defendant has presented this Court with "good cause" to set aside the entry of default. The Defendant was given multiple notices prior to the filing of the Motion to Set Aside that the Motion should be limited to the applicable standard, not a direct attack on Plaintiff. Instead, **one month later**, Defendant filed their Motion including information about Kennard's alleged criminal history, disciplinary charges, just to get an unfair advantage in a civil matter. How that information is relevant is up in the air,

but we ask the Court to take that information into consideration when it analyzes whether good cause has been satisfied.

32. Even a look a Defendant's certificate of conference and the emails attached to the Motion; Plaintiff's attorneys provided specifics of their opposition and only brought up bringing sanctions or bar action after Defendant sent a proposed motion with irrelevant information about Plaintiff's counsel alleged criminal history, disciplinary charges, with the sole purpose of attempting to gain an unfair advantage. Plaintiff's counsel is not a party to this lawsuit, and the arguments of by Defendant show a lack of candor for this tribunal. These issues will be thoroughly flushed out in the Motion for Sanctions.

33. Surprisingly, Defendant asserts in their Motion:

> "There is little indication that Lottery.com is "blameworthy or culpable" for its failure to respond to the plaintiff's complaint in a timely fashion. Lottery.com's conduct is instead "excusable" considering the customs and obligations of members of the Bar for honor, professionalism, and civility. It is not "inexcusable" to trust your opposing counsel to maintain these standards in dealings between you. Lottery.com proffered a credible, good-faith explanation for the delay that negates "any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." Dkt. 18 pg. 20.

To state that there is little indication that Lottery is "blameworthy or culpable" after admitting to have received service of the Complaint in June 2023, received service of the entry of default in September 2023, and received service of the December 12th Order on that day, it is kind of disingenuous to blame Defendant's failure to respond on Plaintiff's counsel. Plaintiff's counsel fulfilled its obligation by giving notice to Defendant of the filings, and it is disingenuous to state that Defendant was trusting Plaintiff's counsel to prosecute his claims. Moreover, there was never ill-intent by Plaintiff's counsel in filing the Entry of Default because it is well known that an entry of default could have been easily set aside or negated by Defendant filing a responsive pleading at

any time after September 11, 2023. If anything, waiting until after Defendant asked for and received a proposed settlement offer from Plaintiff to file a notice of appearance is clear that Defendant purposely waited until the last minute to participate in the lawsuit, with a default judgment lingering. Thus, we ask this Court to disregard this statement by Defendant and take into consideration their actions over the last **eight months**.

34. All in all, we understand that Defendant's burden to prove meritorious defenses may be minimal, however, the decision whether to grant relief from the entry of default "is left to the sound discretion of the district court, since it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties. *Enron Oil* at 96; *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985) ("The decision to set aside a default decree lies within the sound discretion of the district court."). Based on the information presented, this Court is in the best position to assess Defendant's bad faith, lack of candor, disrespect to this tribunal, and unwillingness to participate until it was time to undo a default; to evaluate the credibility Defendant, and to determine whether "good cause" exists. Therefore, we respectfully ask this Court to **DENY** Defendant's Motion to Set Aside Entry of Default.

## III. PRAYER

For all the foregoing reasons, Plaintiff respectfully request that the Court **DENY** Defendant's Motion to Set Aside Entry of Default, and for all other relief at law or in equity to which Plaintiff is justly entitled.

Respectfully submitted,

Kennard Law P.C.

Eddie R. Hodges Jr.

**Eddie Hodges, Jr.**
Texas Bar No.: 24116523

Federal ID No. 3479748
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Federal ID No. 713316
Kennard Law, P.C.
5120 Woodway Dr. Suite 10010
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Email: eddie.hodges@kennardlaw.com
Email: alfonso.kennard@kennardlaw.com
Email: filings@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, Eddie Hodges Jr., Attorney for Plaintiff, certify that a correct copy of the foregoing has been served by electronic mail through ECF/Pacer case management system, on February 7, 2024, addressed to:

**ANDREW R. KORN**
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
**Attorney for Lottery.com**

Eddie R. Hodges Jr.

Eddie Hodges Jr.