# EXHIBIT A

## Eddie Hodges

**From:** Amar Ali <amarali1978@gmail.com>
**Sent:** Friday, August 11, 2023 9:51 AM
**To:** Eddie Hodges
**Cc:** amar.ali@lottery.com
**Subject:** Re: Wells, Carl vs. Lottery.com - 5300000324

I'm not the sort of lawyer that strings people along. Your client should know that. Moreover, they know how busy I have been trying to save the Company from being delisted and dealing with other existential crises.

Regardless, answering the complaint will be a major distraction for me and counterproductive to your clients getting a settlement offer soon. I will answer the petition first because of their unwillingness to provide a good faith extension.

--Amar

On Aug 11, 2023, at 9:21 AM, Eddie Hodges <eddie.hodges@kennardlaw.com> wrote:

Amar:

Thank you for that sentiment. I will convey that to my clients. However, I believe they are coming from a position that they have not received any wages in over a year; and they believe the company will continue to ask for extensions to string them along. If a reasonable settlement offer was currently on the table; they may have been more open to granting the extension. We appreciate your efforts though, but given the circumstances, my clients want more clarity that Lottery is making efforts to compensate them in the very near future.

Best Regards,
<image001.jpg>



I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.
CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

**From:** Amar Ali <amarali1978@gmail.com>
**Sent:** Friday, August 11, 2023 9:13 AM
**To:** Eddie Hodges <eddie.hodges@kennardlaw.com>
**Cc:** amar.ali@lottery.com
**Subject:** Re: Wells, Carl vs. Lottery.com - 5300000324

I am disappointed that your clients are unwilling to grant another extension. I will be needlessly spending time answering the compliant, which is valuable time I could have used to work through settlements.

This will obviously slow things down.

--Amar

On Aug 11, 2023, at 9:07 AM, Eddie Hodges <eddie.hodges@kennardlaw.com> wrote:

Amar:

I am following up from our conversation yesterday. I spoke with my clients, and they are not interested in granting any more extensions at this time. However, they are still interested in resolving these claims swiftly and amicably. Please let me know when you have any settlement offers to convey to my clients. Thank you, and I hope to hear from you soon.

Best Regards,
<image001.jpg>

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.
CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

**From:** Eddie Hodges <eddie.hodges@kennardlaw.com>
**Sent:** Thursday, July 27, 2023 12:56 PM

## Eddie Hodges

**From:** Amar Ali <amarali1978@gmail.com>
**Sent:** Thursday, November 9, 2023 3:35 AM
**To:** Eddie Hodges
**Cc:** amar.ali@lottery.com; Alfonso Kennard
**Subject:** Re: LTRY/Various Matters - Rule 408 Settlement Communications (Ryan/YES PERIOD)

Eddie-

I never received the email from you as promised by you and Alfonso yesterday during our phone conversation memorializing our oral agreement to extend the Rule 11 agreements on the Peterson matters and other 2 matters.

I will need that first thing this morning so that we can continue our efforts to settle the matters outside of court. Thanks.

--Amar

> On Nov 1, 2023, at 5:05 PM, Eddie Hodges <eddie.hodges@kennardlaw.com> wrote:
>
> Amar:
>
> According to the Lodestar calculation the attorney fees incurred as of today is north of $90k. But it is simple, this is a contingency case. The clients were forced to hire legal representation to protect their rights. Lottery has put these guys in a position where they are now contractually obligated to pay their representation a portion of any award/settlement. Any exchange in offers should put that into consideration.
>
> On another note, I believe we need to start making some progress with Carl and Brandon. It is tough message to convey that Lottery wants them to "punch sand" until a deal with Ryan is done. I understand that you want to use Ryan's deal as framework, but all three have their own separate views and authority. I think there should be room to continue to negotiate for all three in this brief bubble between now and the shareholders meeting. I think a counteroffer to their offer would be moving in the right direction. Carl has given notice that time is of the essence, and he wants his opportunity to resolve outside of Court.
>
> I appreciate your efforts here and I look forward to hearing from you regarding your response to Ryan's last demand and Carl and Brandon's previous offers.
>
> Best Regards,
> <image001.jpg>




I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.
CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

## Eddie Hodges

**From:** Amar Ali <amarali1978@gmail.com>
**Sent:** Thursday, December 21, 2023 5:36 PM
**To:** Eddie Hodges
**Cc:** amar.ali@lottery.com; Alfonso Kennard
**Subject:** Re: Ryan Peterson Drafted Settlement Agreement

Thanks, Eddie.

--Amar

On Dec 21, 2023, at 4:46 PM, Eddie Hodges <eddie.hodges@kennardlaw.com> wrote:

Amar:

Here is the attached settlement agreement for Ryan.

<image001.jpg>

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.
CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

<Peterson-Lottery - Confidential Settlement and Release Agreement (DRAFT).docx>

735

[redacted]

Tue, Nov 7 at 1:36 PM

Yes. What time are you free?

Mon, Dec 4 at 8:37 AM

Amar, hope you've had a good weekend. We are looking for an update in this matter.

We are working to finalize our Lenders so that we have the ability to perform on the terms of a proposed settlement. We have had limited bandwidth the last few days, but I will see if I can get a response to your last counter or at least the message that Alfonso sent me with respect to where he believes Ryan will come down to.

Give me 24 hours please.

Ok thank you for the update.

[redacted]

Court today. I will forward it to your email as well.

Wed, Dec 13 at 5:05 PM

At trial.

Thu, Dec 21 at 12:51 PM

Amar I have the agreements drafted for each let me know if you have time today to discuss

Please send me the drafts so I can review for our call. We'll need to talk this evening.

I can send you the draft now just waiting on confirmation from Brandon and Carl but of course it will be similar structure

Delivered

Thu, Dec 21 at 3:26 PM

Ok

**Eddie Hodges**

---

| | |
|---|---|
| **From:** | Eddie Hodges |
| **Sent:** | Thursday, January 11, 2024 3:10 PM |
| **To:** | Andrew Korn |
| **Cc:** | Alfonso Kennard |
| **Subject:** | RE: Civil Action No. 1:23-CV-646-RP; Ryan Peterson v. Lottery.com; In the United States District Court for the Western District of Texas, Austin Division ("Peterson Case"). |

Counsel:

We are opposed. And at this point it has become a bit harassing. The information you have provided again includes irrelevant case law and frivolous arguments. If you file your Motion to Set Aside with the information attached in the draft provided (including information about Alfonso Kennard's alleged criminal history or cases that have no relevance to this proceeding); we will move for sanctions. The information you have provided is incorrect and we will respond to the Court accordingly. Based on your previous nonresponse to our Motion for Sanctions, I will assume you are opposed to the Motion if it becomes necessary for us to file. This email will serve as a conference on the Motion for Sanctions if your Motion to Set Aside is not corrected with truthful information, relevant facts, and relevant case law.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
**Office:** 713.742.0900 **Direct:** 346.980.8204
**Fax:** 832.558.9412 **Toll Free:** 855.KENNLAW
**Email:** eddie.hodges@kennardlaw.com
**Website:** WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW



I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.
CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

---

**From:** Andrew Korn <andrew@receiverandrewkorn.com>
**Sent:** Thursday, January 11, 2024 2:16 PM
**To:** Eddie Hodges <Eddie.Hodges@kennardlaw.com>
**Cc:** Alfonso Kennard <Alfonso.Kennard@kennardlaw.com>
**Subject:** RE: Civil Action No. 1:23-CV-646-RP; Ryan Peterson v. Lottery.com; In the United States District Court for the Western District of Texas, Austin Division ("Peterson Case").

Counsel:

Having not heard back from you, I inquire again about the following two motions in the Peterson Case.

> Motion to Set Aside Entry of Default. Conference draft sent yesterday. Revised conference draft (which contains additional grounds for relief) is attached.
>
> Motion to Strike Entry of Default. Summary provided yesterday. Conference draft (with Exhibit 1) attached.

My cell # is 214-535-9622. Please call that number if you would like to discuss anything relating to these motions. If not, I'd still appreciate you doing the minimum to comply with the local rule by letting me know your Client's position on these motions, and specific reason(s) why.

***Andy "Gator" Korn***
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
214-521-0500 (Office)
**www.andrewrkornpllc.com**
**www.receiverandrewkorn.com**

---

**From:** Andrew Korn
**Sent:** Wednesday, January 10, 2024 2:24 PM
**To:** Eddie Hodges <Eddie.Hodges@kennardlaw.com>
**Cc:** Alfonso Kennard <Alfonso.Kennard@kennardlaw.com>
**Subject:** Civil Action No. 1:23-CV-646-RP; Ryan Peterson v. Lottery.com; In the United States District Court for the Western District of Texas, Austin Division ("Peterson Case").

Counsel:

I am communicating about two motions in the Peterson Case.

Motion to Set Aside Entry of Default. First, please let me know whether Plaintiff is opposed to setting aside entry of default. If we can't file an agreed or unopposed motion to set aside the entry of default, I will be filing a motion substantially like the draft attached. I am still putting together the Appendix and Mr. Ali is still confirming items for possible inclusion in his Declaration. I intend to file this Motion as early as tomorrow afternoon. Please respond timely with your client's position on this Motion.

Motion to Strike Entry of Default. Second, please let me know whether Plaintiff is opposed to an order striking the entry of default for either of two reasons.

**Reason 1: Contempt and violation of the Local Rules.** Mr. Hodges unauthorized filing of the Complaint in this Case, and in four other Cases in the District (Wells; Marsh; Yes Period; and 5:23cv1131, *Kendrick v. University of the Incarnate Word*) requires the striking of the entry of default. *See generally, Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) ("[A] federal court has the power to control admission to its bar and to discipline attorneys who appear before it.").

Mr. Hodges eventual admission to this District does not cure his unauthorized practice before this Court. *Erbacci, Cerone, & Moriarty v. United States*, 923 F. Supp. 482, 486 (S.D.N.Y. 1996):

> Finally, it must be noted that the fact that plaintiffs' attorneys submitted their motion for admission pro hac vice simultaneously with their Rule 6(b) motion in no way excuses plaintiffs' attorneys' conduct. By bringing a motion for admission pro hac vice, plaintiffs' attorneys seek the right to practice before this Court. **It is axiomatic that unless and until that motion is granted, plaintiffs' attorneys may not practice before this Court.** Yet, at the very same time that plaintiffs' attorneys sought to be admitted to practice before this Court, Botti brought the Rule 6(b) motion. Bringing such a motion obviously constitutes practice before this Court, and Botti should have sought admission pro hac vice **before** bringing the Rule 6(b) motion.

Even where one court refused to strike pleadings as too harsh a sanction for the appearance of a non-admitted attorney, the court recognized that some sanction is required. *See e.g.*, *Practice Management Associates, Inc. v. Walding*, 138 F.R.D. 148 (M.D. Fla. 1991) ("the Court cannot agree with Defendant's attorney that this matter

should be entirely disregarded. Local Rule 2.01 [requiring admission to practice] serves the important purpose of regulating and screening the attorneys who come before the Court. Allowing counsel to ignore Local Rule 2.01without sanction will surely undermine that purpose.”).

This is a knowing pattern of violations.

**Reason 2: False and insufficient service**. The Order on service (Dkt. 8) required you to do certain things to perfect service under Rule 4. Instead, you filed an AO 399 waiver form attached to Dkt. 9 you obtained without Amar Ali’s permission. Then, you sought and obtained entry of default without complying with the Order on service (*i.e.* furnishing proof that Defendant was sent two copies of the complaint). You also failed to comply with the Order on service because there is no indication “there is no indication from Defendant or its registered agent that the lawyer listed on the acknowledgement of service is in fact Defendant’s counsel of record.” These failures make service fatally defective and require that the Court strike the entry of default. *See Cuevas v. Novoa*, 2023 U.S. Dist. LEXIS 42517, at *4-5 (N.D. Tex. February 14, 2023):

> because Plaintiff did not properly effectuate service of process, the Company is entitled to dismissal of this action against it without prejudice pursuant to Rule 12(b)(5). As a result… [Defendant’s] Motion to Strike Clerk's Entry of Default, Doc. 104, should be GRANTED.

***Andy “Gator” Korn***
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
214-521-0500 (Office)
**www.andrewrkornpllc.com**
**www.receiverandrewkorn.com**

**Eddie Hodges**

| | |
|---|---|
| **From:** | Eddie Hodges |
| **Sent:** | Friday, January 12, 2024 1:05 PM |
| **To:** | Andrew Korn |
| **Cc:** | Alfonso Kennard |
| **Subject:** | RE: Civil Action No. 1:23-CV-646-RP; Ryan Peterson v. Lottery.com; In the United States District Court for the Western District of Texas, Austin Division ("Peterson Case"). |

Counsel:

My client is still opposed. Your newly drafted Motion has taken out previous arguments about Attorney Kennard's alleged criminal history and substituted it with a direct attack against me alleging that I have been violating local rules, which is incorrect because I sought, applied, and gained admission to the Western District and filed Motion for Pro Hac Vice when applicable. These arguments are frivolous and irrelevant to the applicable standard for filing a Motion to Set Aside in the 5th Circuit. You also continue to cite to cases not relevant to this District.

Your certificate of conference is also inaccurate, which states, "Plaintiff's attorneys can't or won't provide any specifics about their opposition. Instead, Plaintiff's attorneys each made separate threats of sanctions and State Bar involvement." We have provided you with specific reasons why we are opposed, and any and all mentioning of "sanctions and state bar involvement" stem from multiple drafts, sent by you, of your Motion to Set Aside that included irrelevant, harassing information, and even included information about Alfonso Kennard's "alleged criminal history," solely to gain an advantage in this civil lawsuit, which is a direct violation of Tex. R. Disc. Prof'l. Cond. 4.04. So, it is improper to try to make it appear that we are threatening sanctions and state bar involvement without the proper context of what was conveyed to us that lead to the comments on "sanctions and state bar involvement." Again, the Motion that was attached herein was nothing more than a personal attack on me in an attempt to gain an advantage; when the arguments are now moot because I gained admission in this District, and at all times Alfonso Kennard Jr. was admitted in this District.

The local rule, which you continue to cite that I have violated states:

(f) Appearance Pro Hac Vice. (1) In General. An attorney who is licensed by the highest court of a state or another federal district court, but who is not admitted to practice before this court, may represent a party in this court pro hac vice only by permission of the judge presiding. Unless excused by the judge presiding, **an attorney is ordinarily required to apply for admission to the bar of this court**.

Here, due to multiple cases in this District **I applied for admission and was granted admission**; therefore, these arguments are moot and irrelevant. The Motion to Set Aside should focus solely on your burden of proof; not attacking Plaintiff's attorney because he applied for admission and was granted admission as required by the local rule. To the extent that Amar Ali is now denying waiving service of the Complaint, after authorizing the execution of the waiver of service, we will address that issue with the Court, if necessary. All other issues, we will respond to the Court accordingly. Thank you for reaching out.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
**Office:** 713.742.0900 **Direct:** 346.980.8204
**Fax:** 832.558.9412 **Toll Free:** 855.KENNLAW
**Email:** eddie.hodges@kennardlaw.com
**Website:** WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW




I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.
CONFIDENTIALITY STATEMENT: Furthermore, the information contained in this e-mail is legally privileged and confidential information that is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution, or reproduction of this message is strictly prohibited. Therefore, if you have received this communication in error, please notify me immediately by telephone at 713.742.0900 and delete the misdirected message from your system. Thank you for your attention to this subject matter stated herein.

---

**From:** Andrew Korn <andrew@receiverandrewkorn.com>
**Sent:** Friday, January 12, 2024 12:22 PM
**To:** Eddie Hodges <Eddie.Hodges@kennardlaw.com>
**Cc:** Alfonso Kennard <alfonso.kennard@kennardlaw.com>
**Subject:** Civil Action No. 1:23-CV-646-RP; Ryan Peterson v. Lottery.com; In the United States District Court for the Western District of Texas, Austin Division (“Peterson Case”).

Re: Defendant Lottery.com, Inc.’s Motion to Strike Entry of Default

Counsel:

Attached is an updated version of *Defendant Lottery.com, Inc.’s Motion to Strike Entry of Default*. After reviewing this draft Motion with your Client, please let me know whether your Client has reconsidered his opposition to striking the entry of default in the Peterson Case.

***Andy "Gator" Korn***
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
214-521-0500 (Office)
**www.andrewrkornpllc.com**
**www.receiverandrewkorn.com**

---

**From:** Eddie Hodges <Eddie.Hodges@kennardlaw.com>
**Sent:** Thursday, January 11, 2024 3:10 PM
**To:** Andrew Korn <andrew@receiverandrewkorn.com>
**Cc:** Alfonso Kennard <alfonso.kennard@kennardlaw.com>
**Subject:** RE: Civil Action No. 1:23-CV-646-RP; Ryan Peterson v. Lottery.com; In the United States District Court for the Western District of Texas, Austin Division ("Peterson Case").

Counsel:

We are opposed. And at this point it has become a bit harassing. The information you have provided again includes irrelevant case law and frivolous arguments. If you file your Motion to Set Aside with the information attached in the draft provided (including information about Alfonso Kennard's alleged criminal history or cases that have no relevance to this proceeding); we will move for sanctions. The information you have provided is incorrect and we will respond to the Court accordingly. Based on your previous nonresponse to our Motion for Sanctions, I will assume you are opposed to the Motion if it becomes necessary for us to file. This email will serve as a conference on the Motion for Sanctions if your Motion to Set Aside is not corrected with truthful information, relevant facts, and relevant case law.

Best Regards,

**Eddie Hodges, Jr.**
Associate Attorney

Kennard Law, P.C.
5120 Woodway Drive | Suite 10010 | Houston, Texas 77056
**Office:** 713.742.0900 **Direct:** 346.980.8204
**Fax:** 832.558.9412 **Toll Free:** 855.KENNLAW
**Email:** eddie.hodges@kennardlaw.com
**Website:** WWW.KENNARDLAW.COM
HOUSTON / SAN ANTONIO / AUSTIN / EL PASO / RIO GRANDE VALLEY / SOUTHERN CALIFORNIA / WASHINGTON D.C.

Kennard
ATTORNEYS AT LAW

**Eddie Hodges**

---

**From:** Alfonso Kennard
**Sent:** Thursday, January 11, 2024 6:29 PM
**To:** amar.ali@lottery.com; Andrew Korn
**Cc:** Eddie Hodges; Alfonso Kennard; Filings@kennardlaw
**Subject:** Extortion Attempt

I am now aware of an extortion attempt you have concocted. It will be met with resistance and it will be addressed with the Bar as well. I refer you to Rule 4.04 of the Texas Rules of Disciplinary Procedure. You have been placed on notice.
Regards,

Rule 4.04 - Respect for Rights of Third Persons, Tex. R. Disc. Prof'l. Cond. 4.04 | Casetext Search + Citator
casetext.com




**Alfonso Kennard, Jr.**
***Managing Shareholder***

**Kennard Law P.C.**
***Direct Line:*** ***713.742.0906***
***Toll Free:*** **855.kennlaw**
***Email:*****alfonso.kennard@kennardlaw.com**

kennardlaw.com