IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN PETERSON, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-646-RP |
| | § | |
| LOTTERY.COM, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

**Lottery.com's: 1) Reply to *Plaintiff's Response in Opposition to Defendant's Motion to Set Aside Entry of Default*; and 2) Objection to Request for Judicial Notice**
**(Both contained in (Dkt. 20))**

Defendant Lottery.com, Inc. (Lottery.com): 1) replies to *Plaintiff's Response in Opposition to Defendant's Motion to Set Aside Entry of Default* (Dkt. 20) ("Response"); and 2) objects to Plaintiff Ryan Peterson's (Plaintiff) request for judicial notice imbedded in the Response.

**Plaintiff concedes the relief sought by the Motion**

The outcome of the Motion can be decided by reviewing the following two paragraphs:

| Lottery.com's Amended Motion to Set Aside Entry of Default ("Motion") (Dkt. 18); p. 1, ¶2 | Plaintiff's Response in Opposition to Defendant's Motion to Set Aside Entry of Default (Dkt. 20), p. 5, ¶17 (Emphasis added) |
|---|---|
| Outcome Determinative Event<br><br>The Court need not undertake the good cause analysis under Fed. R. Civ. P. 55(c) discussed *infra* when recent events make it unnecessary. Because *Plaintiff's First Amended Complaint* (Dkt. 16) adds a federal claim under the Fair Labor Standards Act. Id. at p. 1, 6-7, the Court must set aside the Clerk's Entry of Default (Dkt. 11) since this is a substantive change to the Complaint. (Authority contained in footnotes 1-2) | Lastly, the second paragraph in the Motion to set aside states, "Because Plaintiff's First Amended Complaint (Dkt. 16) adds a federal claim under the Fair Labor Standards Act. Id. at p. 1, 6-7,1 the Court must set aside the Clerk's Entry of Default (Dkt. 11) since this is a substantive change to the Complaint. Yet, Defendant decided to use the Motion to Set Aside for improper purposes, which arguments were presented that do not weigh into this Court's consideration of willfulness, prejudice, or lack of meritorious defenses by Defendant. **This response will solely address whether this Court should find "good cause"…** |

If we could only make our adversaries' best arguments go away by ignoring them.[1] The serious consequences for failing to oppose arguments is well known.[2] Nevertheless, Plaintiff intentionally "passed" at addressing Lottery.com's first argument in the Motion (Dkt. 18). This decision was fatal to Plaintiff's opposition. *See McGhee v. Fay Servicing, LLC*, 2023 U.S. Dist. LEXIS 36308, at *26-27 (M.D. La. March 2, 2023); *Heath v. TFS Dining*, LLC, 2022 U.S. Dist. LEXIS 48276, at *22 (W.D. Tex. March 18, 2022) (Howell, Mag.) adopted by 2022 U.S. Dist. LEXIS 100267 (W.D. Tex., May 3, 2022) (Pitman, J.):

> Plaintiffs failed to address Defendants' contentions… and have thus waived any argument… *United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010) ("failure to brief an argument in the district court waives that argument in that court" (citation omitted)); *see also Kellam v. Servs.*, No. 12-352, 2013 U.S. Dist. LEXIS 197235, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), aff'd sub nom. *Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)).

*See also Straubmuller v. JetBlue Airways Corp.*, 2023 U.S. Dist. LEXIS 155704, at *9 n.5 (D. Md. September 1, 2023) ("By failing to respond, Plaintiff has conceded this point.").

Additionally, filing a response opposing just **some** of the grounds of a motion violates Local Rule CV-7(D) (1) Responses (Emphasis added):

---

[1] Some litigants have unsuccessfully tried. *See, e.g.*, *Kuhn v. Mansfield*, 2007 U.S. App. Vet. Claims LEXIS 1993, at *5-6 (U.S. App. Vet. Cl. December 14, 2007) (Citations to the Record omitted):

> the Court will address the Secretary's refusal to address all arguments raised by the appellant. In particular, the Court must correct a misstatement in the Secretary's brief. The Secretary states that "there is no need for the Court to consider other arguments raised by Appellant to the extent that he specifically asks this Court for remand of the decision." The determination of the contentions that the Court must address is for the Court to make - not for the Secretary. It may not be necessary for the Court to address all of the issues raised in his brief. It does not follow, however, that the Secretary may refuse to address all issues raised by the appellant in his brief…

[2] *Apex Colors, Inc. v. Chemworld Int'l Ltd., Inc.*, 2018 U.S. Dist. LEXIS 186046, at *7-8 (N.D. Ind. October 31, 2018) (Collecting Cases).

> Generally. Any party opposing a motion shall file a response and supporting documents as are then available. The response **must contain** a concise statement of the **reasons for opposition** to the motion **and citations of the legal authorities** on which the party relies.

By failing to provide argument and authority opposing Lottery.com's first argument for setting aside the entry of default, Plaintiff impliedly states that the Motion (Dkt. 18) is unopposed. *Moerbe v. Adcock*, 2021 U.S. Dist. LEXIS 258741, at *3 (W.D. Tex. April 30, 2021) (Pitman, J.) (Citing former Local Rule) ("In light of Plaintiff's lack of opposition, the Court will grant Defendants' motion as unopposed."); *Rivera v. First Franklin Fin. Corp.*, 2019 U.S. Dist. LEXIS 82581, at *5 (W.D. Tex. March 7, 2019) (Pitman, J.) ("This Court's local rules supply it with the authority to grant motions as unopposed when no response is timely filed."); *Joe Hand Promotions, Inc. v. Franceschini*, 2018 U.S. Dist. LEXIS 224778, at *4 (W.D. Tex. October 25, 2018) (Pitman, J.) (Concluding that the entry of default should be set aside when no response filed by Plaintiff); Civil Action No. 1:23-CV-880-RP; *Brandon Marsh v. Lottery.com*; Text Order GRANTING [10] Motion to Set Aside (W.D. Tex. January 25, 2024) (Copy attached as Exhibit 1) ("In light of the lack of opposition since no response was filed, IT IS ORDERED that Defendant's the Clerk's entry of default is VACATED and SET ASIDE.").

Therefore, the Motion should be granted and the entry of default set aside.

**Plaintiff fails to controvert the evidence that his attorney misrepresented the Certificate of Service in *Plaintiff's Motion for Entry of Default* (Dkt. 10)**

*Plaintiff's Motion for Entry of Default* (Dkt. 10) contains the following certificate of service:

**CERTIFICATE OF SERVICE**

I certify that on this 8th day of September 2023, a true and correct copy of this Motion for Default Judgment was filed with the Court using the Court's CM/ ECF system and served on Defendant through email to counsel of record Amar Ali (amar.ali@lottery.com; amarali1978@gmail.com).

**Amar Ali, Esq.**
Texas Bar No.: 24042295
5656 N. Central Expy., #401
Dallas, Texas 75206
(214) 682-6835
Email: amar.ali@lottery.com
Email: amarali1978@gmail.com
ATTORNEY FOR DEFENDANT

Alfonso Kennard, Jr.

Amar Ali's Declaration (Dkt. 18-1), at p. 7-8, para. 15-16 establishes that Plaintiff did not serve Ali with the Motion for Entry of Default (Dkt. 10) as certified by Alfonso Kennard. Plaintiff filed the Motion on September 8, 2023, but instead, waited to serve it until after receiving the Clerk's Entry of Default (Dkt. 11) on September 11, 2023. The Ali Declaration also provides that: "Mr. Hodges admitted that his law firm only sent the clerk's default to me after-the-fact, but that we did not need to address the entry of default because he would not be moving for default judgment until such time that we were at a settlement impasse." *Id.* at p. 8, para 17. The Response (Dkt. 20), at p. 2, para 6, states:

> Plaintiff authorized his counsel to proceed with filing a Clerk's entry of default… Plaintiff filed a Clerk's entry of default. Plaintiff gave proper notice to Amar Ali, and he admitted Defendant received notice of the Clerk's entry of default on September 11, 2023.

Plaintiff uses the term "proper" notice but does not explain what that means. The Response (Dkt. 20) does not state that Plainitff served Lottery.com, or gave it any notice or indication it was seeking a Clerk's Entry of Default – until after Plaintiff obtained one. Moreover, none of

these statements are supported by sworn declaration or affidavit. **Not** from the Plaintiff (to corroborate that he actually "authorized counsel to proceed with the filing a Clerk's entry of default"). **Not** from Alfonso Kennard, Esq. (who falsely certified that *Plaintiff's Motion for Entry of Default* (Dkt. 10) was served on September 8, 2023). And **not** from Eddie Hodges, Jr., Esq. (who admitted to Ali that *Plaintiff's Motion for Entry of Default* (Dkt. 10) was not served until **after** Plaintiff secured an entry of default). Plaintiff's failure to submit controverting testimony from these three witnesses raises the adverse inference that it could not be done.[3]

---

[3] *See United States v. Wilson*, 322 F.3d 353, 343 (5th Cir. 2003) (noting that a negative inference is drawn when the missing witness has information "peculiarly within his knowledge"); *Herbert v. Wal-Mart Stores*, Inc., 911 F.2d 1044, 1046–47 (5th Cir. 1990) (holding that adverse inference rule applies when party "'has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction [at issue]'"); *Welch v. All Am. Check Cashing, Inc.*, 2015 U.S. Dist. LEXIS 86591, at *35 (S.D. Miss. July 2, 2015) ("The Fifth Circuit 'has long recognized that a party's failure to call available witnesses or produce evidence that would clarify or explain disputed factual issues can give rise to a presumption that the evidence, if produced, would be unfavorable to that party."); *Brooks v. Dretke*, 2004 U.S. Dist. LEXIS 30467, at *14, n.28 (W.D. Tex. June 2, 2004 (Biery, J.) (Summarizing *U.S. v. Wilson*) as follows:

> *United States v. Wilson*, 322 F.3d 353, 363 & n.14 (5th Cir. 2003), (holding that such an inference is not permissible where the uncalled witness was equally available to both parties but it is applicable "when the person not called is connected in some way to one of the parties and 'it might be expected that his testimony, if given, would corroborate' that party's theory of the case," such as where the missing witness was one party's attorney whose legal advice was at issue).

*See e.g.*, *Sun Life Assur. Co. v. Conroy*, 2006 U.S. Dist. LEXIS 11773, at *13 (D.R.I. Jan. 12, 2006):

> The court is unable to find that the Moving Parties have acted in good faith. The arguments they have presented in the Moving Defendants' Mem. are either contradicted or seriously undermined by the facts to which Attorney Factor attests in his affidavit. The court draws an adverse inference from the failure of the Moving Defendants to support their arguments with affidavits or to challenge Attorney Factor's sworn statement with their own sworn statements.

*Accord McInnes v. Yamaha Motor Cor*p., 659 S.W.2d 704, 712 (Tex. App.–Corpus Christi 1983) aff'd 673 S.W.2d 185 (Tex. 1984) (Citing 1 Ray, Texas Practice, Law of Evidence, § 101, p. 159-61 (West 1980). (Emphasis added):

All facts stated by Plaintiff in the Response (Dkt. 20) is argument of counsel, as Plaintiff has no sworn proof of its own to rely on. To the extent Plaintiff reliefs on correspondence or text messages between counsel for the parties, Plaintiff fails to cite to any, except for a general citation to Exhibit A relating to contentions in paragraphs 10, 13-14.

Additionally, Lottery.com's evidence shows that Alfonso Kennard has made misrepresentations in a certificate of service before. *See* Motion (Dkt. 18) at p. 9-10.

**Various contentions by Plaintiff that make no sense**

**Plaintiff's Counsel is Plaintiff's Worst Enemy.** Plaintiff contends that Lottery.com knew that the Clerk's Entry of Default would be set aside based on Lottery.com's first argument but used the Motion "for improper purposes." Response (Dkt. 20), at p. 5, para. 17. However, Plaintiff refused to agree to set aside the entry of default,[4] even **after** this Court set aside the entries of defaults on similar grounds in two other cases brought by Plaintiff's Counsel against Lottery.com.[5] It was Plaintiff's tactical misconduct in obtaining the entry of default,[6] and subsequent obduracy, that required Plaintiff to file the Motion (Dkt. 18).

---

> Where a party fails to call witnesses who have knowledge of the facts and whose testimony is available to him, such failure **creates a presumption that the testimony, if produced, would have been unfavorable to the party on the issue involved**… Moreover, where a party does not attempt to prove a particular fact by a certain person whom he could readily call for that purpose, **there is a presumption that it could not be done**.

[4] *See* Exhibit 2.

[5] Civil Action No. 1:23-CV-1081-RP; *Carl Wells v. Lottery.com*; In the United States District Court for the Western District of Texas, Austin Division (Dkt. 8) *Order*; and Civil Action No. 1:23-CV-880-RP; *Brandon Marsh v. Lottery.com*; In the United States District Court for the Western District of Texas, Austin Division (Text Order GRANTING [10] Motion to Set Aside) (January 25, 2023) (Exhibit 1).

[6] *See* Ali Declaration (Dkt. 18-1), at p. 3-10.

**<u>Plaintiff's claim of delay is misplaced.</u>** Plaintiff claims that Lottery.com is responsible for delay because – and contends that one of Lottery.com's arguments is frivolous – "given that all Defendant has to do at any time was file a responsive pleading to undo the default." Response (Dkt. 20), at p. 7, para 22; *See also Id.*, at p.8, para. 24 ("One would think that Defendant would have filed an answer by now setting up whatever defenses they could allege consistent with the obligations of Defendant and their counsel under Rule 11 of the Federal Rules of Civil Procedure."); *Id.*, at p. 11-12, para 33. ("there was never ill-intent by Plaintiff's counsel in filing the Entry of Default because it is well known that an entry of default could have been easily set aside or negated by Defendant filing a responsive pleading at any time after September 11, 2023."). These statements are incorrect. Less than a month before Plaintiff's Counsel made these statements, this Court told Lottery.com – in another case brought by Plaintiff's Counsel against Lottery.com[7] – the following:

> the Court reminds Defendant that even though its motion to dismiss is moot, the motion was improper because it was filed even though the Clerk's entry of default against Defendant had not yet been set aside. "The Fifth Circuit has explained that a party who has defaulted must succeed in setting aside the default before they can file motions that go to the merits of the case." Defendant must file a motion to set aside the Clerk's entry of default entered on December 11, 2023, before it can file another motion to dismiss, answer, or other pleading that goes to the merits of this case.

(Dkt. 22) *Order*, at p. 2 (Citations omitted).

**<u>Plaintiff did not present evidence or authority sufficient to keep Lottery.com defaulted</u>**

**<u>Excusable Conduct</u>**. While Plaintiff recasts this good cause factor as "willfulness," Plaintiff cites no authority to support its arguments. Response, at p. 6, para. 19. Moreover,

[7] Civil Action No. 1:23-CV-616-RP; *Yes Period, LLC v. Lottery.com*; In the United States District Court for the Western District of Texas, Austin Division

Plaintiff does not dispute the duty owed to an opposing attorney under *Dondi*, as incorporated into the Local Rules. Plaintiff does not dispute that his attorney's violated *Dondi*. Plaintiff does not dispute that Lottery.com's attorney was justified in expecting that Plaintiff's Counsel would not take advantage of him by causing any default or dismissal to be entered without first inquiring about his intention to proceed.

**Lack of Prejudice**. Plaintiff admits setting aside the motion does not prejudice Plaintiff. Response (Dkt. 20), at p. 6, para. 20. Nevertheless, Plaintiff proceeds to contend that "as filed the Motion to Set Aside prejudices Plaintiff as it relates to the irrelevant attacks against Plaintiff's counsel." *Id.* Plaintiff provided no evidence or authority on how the Exhibits about his attorney Alfonso Kennard (Dkt. 18-2 – 18-13) – all obtained through publicly available sources – prejudiced Plaintiff in a way that impacts a motion to set aside an entry of default.

**Meritorious Defense**. Plaintiff states that "Defendant's burden to prove meritorious defenses may be minimal." Response (Dkt. 20), at p. 12, para. 24. But Lottery.com does not have prove defenses, it must merely present them.[8] Plaintiff does not address Lottery.com's potentially huge defense/counterclaim for breach of fiduciary duty. Plaintiff's breach of fiduciary duty cause of action could completely bar Plaintiff's recovery or result in 1) Plaintiff forfeiting all claims for unpaid compensation; 2) an order requiring Plaintiff to disgorge all

---

[8] *Coim USA, Inc. v. Sjobrand, Inc.*, 2022 U.S. Dist. LEXIS 159573, at * (N.D. Tex. April 5, 2022); *See also Am. Empire Surplus Lines Ins. Co. v. Restoration Inc.*, 2022 U.S. Dist. LEXIS 58512, at *4 (E.D.N.Y. March 30, 2022) (Emphasis added)):

> Although I find that Concord's default was willful, Concord has **set out** a meritorious defense, and American Enterprise has not established prejudice. Considering these three factors against the backdrop of the judicial preference for resolving cases on the merits rather than by default, a default judgment is unwarranted.

amounts Lottery.com previously paid Plaintiff; and 3) a judgment against Plaintiff any damages to Lottery.com resulting from Plaintiff's breach. Motion (Dkt. 18), at p. 18-19.

Plaintiff makes the argument that Lottery.com has "waived" affirmative defenses by "fail[ing] to appear and file a timely responsive pleading. Response, at p. 9, para. 24. Then Plaintiff makes an unrelated argument with a Case Citation. *Id.* Perhaps Plaintiff just misses that if everyone in default "waived" defenses, no one could ever meet the test of setting out meritorious defenses.

## Conclusion

Lottery.com's evidence and authority is strong enough to carry its burden to set aside the Clerk's Entry of Default (Dkt. 11). Plaintiff abandoned its opposition to setting the entry of default aside (based on Plaintiff amending the Complaint after Entry of Default). Plaintiff's jeremiad about attacks on his counsel does not diminish the evidence or denigrate the binding and persuasive authority Lottery.com presented in support of its good cause showing.

Therefore, Lottery.com requests that the Court sign an Order setting aside and vacating the Clerk's Entry of Default (Dkt. 11) in this Case and allowing Lottery.com to file its first responsive pleading or motion within a reasonable time.

## Objection to Plaintiff's Request for Judicial Notice

Plaintiff asks the Court "to take judicial notice of the classless acts of Defendant's counsel Andrew Korn and Ali Amar [*sic*]." Response (Dkt. 20), at p. 10. Plaintiff's request for

judicial notice is: 1) procedurally irregular;[9] 2) another violation of the local rules;[10] and **not** an available subject for judicial notice.[11] Not surprisingly, Plaintiff provides no authority supporting this request for judicial notice. Even proponents of broad use of judicial notice[12] know it is improper to seek judicial notice of opinions.[13] Therefore, Lottery.com objects to this request for judicial notice.

Plaintiff asks the Court "to take judicial notice of the Motion for being filed with an improper purpose and including information in violation of Tex. R. Disc. Prof'l. Cond. 3.04; 4.04; LR. AT-4; L.R. AT-7." Response (Dkt. 20), at p. 6, para. 20. This request suffers from the same defects as the previous request for judicial notice. Moreover, Plaintiff filed *Plaintiff's*

---

[9] *Wealthmark Advisors Inc. v. Phx. Life Ins. Co.*, No. 2017 U.S. Dist. LEXIS 129480, at *2 n.2 (W.D. Tex. Aug. 15, 2017) (Chestney, Mag.) (It is procedurally improper to seek affirmative relief by way of Response); *Gregory v. City of Tarpon Springs*, 2016 U.S. Dist. LEXIS 138123, at *13 (M.D. Fla. Oct. 5, 2016) ("[I]mbedding requests in a response in opposition to a motion is an inappropriate method of requesting any form of relief from the Court."); *Barton v. Bray & Gillespie III Mgmt. LLC*, 2007 U.S. Dist. LEXIS 100374, at *4 (M.D. Fla. Apr. 17, 2007) ("It is inappropriate to bury a request for relief in a memorandum in opposition."); *cf. Bice v. BP Exploration & Prod.*, 2022 U.S. Dist. LEXIS 230234, at *11 (E.D. La. December 22, 2022) (Observing the "procedural irregularity of seeking affirmative relief in a response to a motion"); *Awdziewicz v. Meriden*, 115 A.3d 1084, 1095 (Conn. 2015) (The doctrine of judicial notice cannot be used to subvert pleading requirements. Judicial notice does not obviate the necessity for the proper framing of issues, whether of fact or of law because facts cannot be proven by evidence or established by judicial notice until and unless they are properly pleaded.).

[10] Local Rule CV-7(C)(1) ("All motions must state the grounds therefor and cite any applicable rule, statute, or other authority, justifying the relief sought.").

[11] Federal Rule of Evidence 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute..").

[12] Paul J. Kiernan, *Better Living Through Judicial Notice*, Litigation, 36 Litigation 42, 45 (Fall 2009) ("Be bold in your requests for judicial notice.").

[13] *Id.* at 44 ("Someone opposing the court's notice of a requested fact needs to hit hard on whether the 'fact' is really a matter of opinion.").

*Motion for Rule 11 Sanctions and Request for Show Cause Order Against Defendant and Defendant's Counsel* (Dkt. 22) alleging these matters. It is difficult to understand how the disputed facts and law that are at issue in a Motion for Sanctions can be disposed of by using judicial notice.[14] Therefore, Lottery.com objects to this request for judicial notice.

Local Court Rule CV-10(b) Required Information:

Signature: Andrew R. Korn
ANDREW R. KORN
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Defendant Lottery.com, Inc.

---

[14] *Motio, Inc. v. BSP Software LLC*, 2016 U.S. Dist. LEXIS 193379, at *30 (N.D. Tex. May 27, 2016):

> Federal Rule of Evidence 201 "provides that a court can take judicial notice of an 'adjudicative fact' if the fact is 'not subject to reasonable dispute' because it either '(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" … "In other words, judicial notice extends only to indisputable adjudicative facts." … *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830-31 (5th Cir. 1998) (holding that determination in prior court proceeding was open to dispute, disputed by the parties, and "not the type of self-evident truth that no reasonable person could question, a truism[] that approach[es] platitude[] or banalit[y]"). Thus, "[s]ince the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing."

*See generally United States v. Harrison*, 651 F.2d 353, 355 (5th Cir. 1981) ("the nature of judicial notice, which dispenses with the necessity of proof.").

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Eddie Hodges, Jr.
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Email: eddie.hodges@kennardlaw.com
ATTORNEY FOR PLAINTIFF

Andrew R. Korn

ANDREW R. KORN