**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RYAN PETERSON** *Plaintiff* | § § § | |
| **v.** | § | **CASE NO. 1:23-CV-00646-RP** |
| | § § § | |
| **LOTTERY.COM, INC. d/b//a SPORTS.COM, INC. d/b/a AUTOLOTTO, INC..** *Defendant,* | § § § § | |
| | § | **JURY DEMANDED** |
| | § § | |

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SET STRIKE CLERK'S ENTRY OF DEFAULT**

---

**NOW COMES**, Ryan Peterson ("Plaintiff") files this response in opposition to Defendant Lottery.com d/b/a Sports.com d/b/a AutoLotto Inc.'s ("Defendant") Motion to Strike Clerk's entry of Default, filed on February 5, 2024, and will respectfully show onto the Court as follows:

## <u>SUMMARY OF THE ARGUMENT</u>

The Plaintiff, Ryan Peterson, respectfully submits that the Defendant's Motion to Strike Clerk's entry of Default is moot and should be denied. The Defendant's argument is based on the premise that the Plaintiff's attorney was not admitted to practice in this jurisdiction at the time of filing the complaint. However, this argument is moot as the Plaintiff's attorney has since applied for and been granted admission to practice in this jurisdiction.

In this case, the Defendant's argument that the Plaintiff's attorney was not admitted to practice in this jurisdiction at the time of filing the complaint is moot. The Plaintiff's attorney has since been admitted to practice in this jurisdiction, and therefore, any decision by the court on this issue would have no practical effect on the parties.

Furthermore, the Plaintiff has filed an Amended Complaint, which supersedes the original complaint. The filing of an amended complaint renders the original complaint null and void. Therefore, any issues with the original complaint, including the admission status of the Plaintiff's attorney at the time of filing, are irrelevant.

For these reasons, Plaintiff respectfully requests that the Court **DENY** the Defendant's Motion to Strike Clerk’s entry of Default.

## ARGUMENTS AND AUTHORITIES

***I. The Defendant's Claim Regarding the Plaintiff's Counsel of Record is Moot***

The Defendant's claim that there is no indication that the lawyer listed on the acknowledgment of service is Defendant’s counsel of record is moot. The attorney in question applied for admission and was granted admission, thus legitimizing his role in the case. The Plaintiff also filed an Amended complaint, further solidifying the legitimacy of the attorney's role. This is in line with the Texas Rules of Civil Procedure, which state that an attorney may appear in a case by filing a pleading on behalf of a party (Tex. R. Civ. P. 8).

The mootness doctrine, derived from the Article III "case or controversy" requirement, demands that an actual, ongoing controversy exist at all stages of federal court proceedings. See U.S. Const. art. III, § 2; Preiser v. Newkirk, 422 U.S. 395, 401 (1975). The mootness doctrine ensures that the court's judgment will have practical effect on the parties. If events have transpired to render a court decision unnecessary or unable to provide effective relief, the case is moot and

generally must be dismissed. See Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992).

***II. Remedial Measures were taken regarding Appearances in this District***

The Defendant's assertion that the Plaintiff's attorney has not taken any remedial measures to disclose or cure his unauthorized appearances in this District is unfounded. The attorney's admission to the District rectifies any previous unauthorized appearances. The Defendant relies heavily on the case of Erbacci, Cerone, & Moriarty v. United States, 923 F. Supp. 482, 486 (S.D.N.Y. 1996) to argue that Attorney Hodges' unauthorized practice before this Court warrants striking the Clerk's Entry of Default. However, this case is distinguishable from the present case. In Erbacci, the attorneys sought to be admitted pro hac vice and simultaneously brought a motion before the court. In contrast, Attorney Hodges has since been admitted to practice in this District, and the Plaintiff has filed an Amended Complaint.

In accordance with Texas law, the Plaintiff's attorney's admission to the District rectifies any previous unauthorized practice. As per the Texas Disciplinary Rules of Professional Conduct, Rule 5.05, unauthorized practice of law is rectified upon admission to the bar

Moreover, the Defendant's reliance on Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) is misplaced. In Chambers, the court sanctioned an attorney for his bad faith conduct, which included misleading and lying to the court. In the present case, there is no evidence of bad faith conduct. Admission to practice in this District and the filing of the Amended Complaint demonstrate his good faith efforts to comply with the local rules.

The Defendant's claim that the Plaintiff's violations of the Local Rules warrant striking the Clerk’s Entry of Default is unfounded. The Plaintiff's attorney was admitted to practice in this

District on December 18, 2023. This does not invalidate the Amended Complaint filed on January 01, 2024, nor the Amended Motion to Set Aside Entry of Default filed February 05, 2024.

For these reasons, the Defendant's Motion to Strike Clerk's Entry of Default should be denied and declared moot.

## CONCLUSION

In conclusion, the Defendant's Motion to Strike Clerk's Entry of Default is without merit and should be **denied**. The Defendant's claims are moot given the attorney's successful application and admission to the District, which rectifies any previous appearances. The Plaintiff's attorney's admission to the District is a separate issue from the validity of the Original Complaint and does not invalidate it.

Dated: February 15th, 2024

**Respectfully submitted,**

kennard law P.C.

Eddie Hodges Jr.

Eddie Hodges Jr.
Texas Bar No.: 24116523
Email: Eddie.Hodges@kennardlaw.com
Alfonso Kennard Jr.
Texas Bar No.: 24036888
Email: Alfonso.Kennard@kennardlaw.com
5120 Woodway Dr., Suite 10010
Houston Texas 77056
(713) 742 -0900 (main)
(832) 558 -9412 (facsimile)
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I, Eddie Hodges Jr., Attorney for Plaintiff, certify that a correct copy of the foregoing has been served by electronic mail through ECF/Pacer case management system, on February 15, 2024, addressed to:

**ANDREW R. KORN**
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Lottery.com

Eddie Hodges Jr.

Eddie Hodges Jr.