IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN PETERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-646-RP |
| | § | |
| LOTTERY.COM, INC. | § | |
| | § | |
| Defendant. | § | |

**Lottery.com's Reply to *Plaintiff's Response in Opposition to Defendant's Motion to Set [sic] Strike Clerk's Entry of Default***

Defendant Lottery.com, Inc. (Lottery.com): 1) replies to *Plaintiff's Response in Opposition to Defendant's Motion to Set* [sic] *Clerk's Entry of Default* (Dkt. 24) ("Response").

*Defendant Lottery.com, Inc.'s Motion to Strike Entry of Default* (Dkt. 19) ("Motion") sets out just two grounds for striking the entry of default:

- First Ground: "Plaintiff's ineffectual service requires striking the Clerk's Entry of Default. Motion (Dkt. 19), at p. 2-3; and
- Second Ground: "Plaintiff's violations of the Local Rules warrant striking the Clerk's Entry of Default" *Id.*, at p. 3-9.

**Plaintiff fails to address Lottery.com's first ground for striking the entry of default**.

What is remarkable about Plaintiff's complete failure to address the first ground in the Motion is that this failure comes after Lottery.com recently warned Plaintiff's Counsel of the serious consequences for doing so. *See*:

- [Filed February 14, 2024 in this Case] *Lottery.com's: 1) Reply to Plaintiff's Response in Opposition to Defendant's Motion to Set Aside Entry of Default*… (Dkt. 23), at p. 1-3 (briefing the fatal consequences for failing to respond to an adversaries' arguments); and

- [Filed February 12, 2024 in Civil Action No. 1:23-CV-880-RP; *Brandon Marsh v. Lottery.com* [W.D. Tex. Austin Div.] *Lottery.com's: 1) Reply to Plaintiff's Response in Opposition to Defendant's Rule 12(B)(6) Motion to Dismiss…* (Dkt. 15), at p. 1-2 (briefing the fatal consequences for failing to respond to an adversaries' arguments).

What is even more remarkable about this failure is that it comes after the Court made Plaintiff's Counsel aware of the consequences of failing to respond to arguments made by Lottery.com. *See* Civil Action No. 1:23-CV-880-RP; *Brandon Marsh v. Lottery.com*; Text Order GRANTING [10] Motion to Set Aside (W.D. Tex. January 25, 2024) ("In light of the lack of opposition since no response was filed, IT IS ORDERED that Defendant's the Clerk's entry of default is VACATED and SET ASIDE.").

Plaintiff's 4-page response completely fails to contest Lottery.com's authority requiring striking the *Clerk's Entry of Default* (Dkt. 11) based on failures rendering service fatally defective. Therefore, the Court should strike the entry of default.[1] The local rules also support this result.[2]

---

[1] *Heath v. TFS Dining*, LLC, 2022 U.S. Dist. LEXIS 48276, at *22 (W.D. Tex. March 18, 2022) (Howell, Mag.) adopted by 2022 U.S. Dist. LEXIS 100267 (W.D. Tex., May 3, 2022) (Pitman, J.):

> Plaintiffs failed to address Defendants' contentions… and have thus waived any argument… *United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010) ("failure to brief an argument in the district court waives that argument in that court" (citation omitted)); *see also Kellam v. Servs.*, No. 12-352, 2013 U.S. Dist. LEXIS 197235, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), aff'd sub nom. *Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)).

*See also Straubmuller v. JetBlue Airways Corp.*, 2023 U.S. Dist. LEXIS 155704, at *9 n.5 (D. Md. September 1, 2023) (Emphasis added) ("By failing to respond, Plaintiff has **conceded** this point.").

[2] *Moerbe v. Adcock*, 2021 U.S. Dist. LEXIS 258741, at *3 (W.D. Tex. April 30, 2021) (Pitman, J.) (Citing former Local Rule) ("In light of Plaintiff's lack of opposition, the Court will grant Defendants' motion as unopposed."); *Rivera v. First Franklin Fin. Corp.*, 2019 U.S. Dist. LEXIS 82581, at *5 (W.D. Tex. March 7, 2019) (Pitman, J.) ("This Court's local rules supply it with the authority to grant motions as unopposed when no response is timely filed."); *Joe Hand Promotions, Inc. v. Franceschini*, 2018 U.S. Dist.

**Plaintiff's claim to have fixed everything, so "nothing to see here," is not an adequate defense or excuse for his Counsel's misconduct.**

On the second and only ground for relief that Plaintiff responded to, the Court should strike the *Clerk's Entry of Default* (Dkt. 11) as a sanction. To avoid consequences for Plaintiff's Counsel's knowing and repeated violations of the local rules and federal authority to supporting Lottery.com's arguments, Plaintiff's Counsel analogizes to Texas state rules, then time travels to make a "retroactive cure" for his misconduct. Response (Dkt. 24), at p. 2-3. But what Plaintiff's Counsel does **not** do is **dispute the facts** contained in the Motion (Dkt. 19). These facts establish Plaintiff's Counsel's intentional and habitual violations of the local rules. Which Plaintiff's Counsel has been getting away with. But at least two things support granting the Motion and striking the entry of default. First, the Motion does not seek to invalidate or strike any of Plaintiff's Complaints. Instead, the Motion just seeks to take away the advantage Plaintiff obtained by violating the local rules. Second, because the Court does not take its rules lightly,[3] striking the *Clerk's Entry of Default* (Dkt. 11) as a sanction prohibits the offending party from keeping any advantage it obtained by disregarding the local rules.

---

LEXIS 224778, at *4 (W.D. Tex. October 25, 2018) (Pitman, J.) (Concluding that the entry of default should be set aside when no response filed by Plaintiff).

[3] *Savis, Inc. v. Cardenas*, 2023 U.S. Dist. LEXIS 162731, at *18 (N.D. Ill. September 13, 2023) ("The Court's Local Rules are not suggestions."); *Phillips v. Mid-South Transp. Mgmt.*, 2022 U.S. Dist. LEXIS 55367, at *5 (W.D. Tenn. March 28, 2022) ("Noncompliance with the Local Rules must not be lightly taken because they 'promote the efficient operation of the district courts . . . .'"); Burgess v. Wm. Bolthouse Farms Inc., 2009 U.S. Dist. LEXIS 121713, at *2 n.1 (E.D. Cal. Dec. 8, 2009). ("The Local Rules of this Court are not advisory guidelines but are mandatory requirements that must be complied with."); *Webb v. Langley*, 2007 U.S. Dist. LEXIS 108269, at *6 (N.D. Ga. May 10, 2007) ("the deadlines and requirements of the Local Rules and the Federal Rules of Civil Procedure are not aspirational or advisory in nature."); *Gregg v. SBC/Ameritech*, 2005 U.S. Dist. LEXIS 12577, at *21-22 (S.D. Ohio June 24, 2005) (Permitting parties to disregard the rules "would effectively mean that the Court has abdicated case management responsibility by elevating the parties' whims over the Federal Rules of Civil Procedure, the Local Civil Rules, and Court Orders. The Court refuses to endorse such misconduct."); *In re O'Brien*, 312 F.3d 1135, 1137 (9th Cir. 2002) (Citations omitted):

Local Court Rule CV-10(b) Required Information:
Signature: /s/ Andrew R. Korn
ANDREW R. KORN
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Defendant Lottery.com, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Eddie Hodges, Jr.
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Email: eddie.hodges@kennardlaw.com
ATTORNEY FOR PLAINTIFF

/s/ Andrew R. Korn
ANDREW R. KORN

---

> The "rules of practice and procedure were not whimsically created by judges who derive some sort of pleasure from the policing functions that the existence of such local rules necessarily entails." These rules serve a critical function in that they maximize ever more scarce judicial resources… We file this order for publication to remind all counsel, once again, of the potential consequences of a failure to comply.

*Porter v. Brancato*, 171 F.R.D. 303, 305 (D. Kan. 1997) (Courts "hold parties and their attorneys to a reasonably high standard of diligence in observing the court's rules of procedure."); *United States v. Robinson*, 860 F. Supp. 565, 568 (N.D. Ill. 1994) ("The Federal Rules of Civil Procedure are not window dressings to be viewed, admired but soon forgotten once out of sight.' …A lackadaisical attitude towards the rules disserves the efficient and proper administration of justice."); Civil Action No. C-97-493; *Joe Hand Promotions v. Torres*, Order Striking Pleading (S.D. Tex. May 27, 1998) (Head, J.) ("It is the duty of all who appear before this Court to be familiar with the Local Rules and to follow them. It is inefficient and expensive for the parties and for the Court when the Local Rules are disregarded, because the Court must strike the pleadings to enforce its rules...") (Copy attached as Exhibit 1).