IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN PETERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | 1:23-CV-646-RP |
| | § | |
| LOTTERY.COM, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

**Lottery.com's Response to Plaintiff's Motion for Sanctions**

Defendant Lottery.com, Inc. (Lottery.com) responds to *Plaintiff's Motion for Rule 11 Sanctions and Request for Show Cause Order Against Defendant and Defendant's Counsel* (Dkt. 22) ("Motion for Sanctions"). The Court can dispose of the Motion for Sanctions based on the following three findings:

1. Plaintiff knowingly violated Rule 11 to accelerate presenting a Rule 11 motion for sanctions.
2. Plaintiff failed to meet their burden to show compliance with Rule 11's mandatory safe harbor provision.
3. A fee award to Lottery.com is warranted pursuant to Rule 11(c)(2). The Motion for Sanctions had no hope of success.

The Well-Established Law on how to present and file a Rule 11 Motion

The "'safe harbor' provision in Rule 11 is a mandatory prerequisite for a Rule 11 motion." *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 385, 388 (5th Cir. 2022). Rule 11's strict procedures are well known. *See e.g.*, *Connor v. Stewart*, 2018 U.S. Dist. LEXIS 147960, *4-5 (W.D. Tex. August 30, 2018) (Pitman, J.) (Emphasis added):

> Although Connor failed to raise this argument in her briefing on Defendants' motion for sanctions, she now points out that they failed to serve their motion for sanctions on her before filing with the Court as required by Rule 11. Her argument is not waived, because compliance with Rule 11's safe harbor provision is mandatory—a court cannot impose Rule 11 sanctions if the moving party failed to provide safe-harbor notice. **Informal notice is insufficient**; the moving party must serve the motion for sanctions in accordance with Federal Rule of Civil Procedure 5. The moving party has the burden to show compliance with Rule 11.
>
> Defendants have not met their burden. In their motion for sanctions, they aver that they "warned [Connor] about the frivolous nature of [her] claims and [gave her] an opportunity to nonsuit or withdraw [her claims] in satisfaction of Rule 11(c)(2)." They do not provide any evidence that they served their motion in accordance with Rule 5, as Rule 11(c)(2) requires. On the contrary, their billing records list no service of the motion prior to its filing on March 1, 2018, suggesting that it was never served. **Defendants' failure to show their compliance with Rule 11's safe harbor provision precludes entry of a Rule 11 sanction**. Their motion for attorney's fees must be denied.

*Aubrey v. Barlin*, 2016 U.S. Dist. LEXIS 60144, at *5-7 (W.D. Tex. May 5, 2016) (Citations without parentheticals omitted) (Emphasis added):

> Where the party seeking sanctions does not "comply with this procedural prerequisite . . . the sanction and payment of costs and attorneys' fees . . . cannot be upheld under Rule 11." "**Informal notice . . . is not an adequate substitute**" for compliance with the Rule 11 "safe harbor" provision…
>
> Here, Defendants failed to demonstrate to the Court that they complied with the "safe harbor" provision of Rule 11 by serving copies of their Motions for Sanctions on the Plaintiffs at least twenty-one days prior to filing the motions for sanctions with the Court. Though Plaintiffs were likely aware that Defendants planned to move for sanctions at the conclusion of the trial based upon their previous motions for sanctions, the Fifth Circuit has not ruled that the PSLRA creates an exception to Rule 11's **strict** "safe harbor" rule. *In re Pratt*, 524 F.3d at 586 (holding that informal notice is insufficient to satisfy the procedural requirements of Rule 11 or Federal Rule of Bankruptcy Procedure 9011); *Florance v. Bush*, 2010 WL 2710665, at *2 (N.D. Tex. June 24, 2010) (explaining that the safe harbor provision of Rule 11 "is **strictly** construed and substantial compliance is insufficient"). While there is no question that the conduct warrants sanctions, this Court has **no option** but to ultimately deny the request.

*Hudnall v. Tex.*, 2022 U.S. Dist. LEXIS 129347, at *6 (W.D. Tex. July 21, 2022) (Castañeda, Mag.) ("the movant must comply with the Federal Rule 11 'safe harbor' provision"); *Van Tiem*

*v. First Am. Home Warranty Corp.*, 2021 U.S. Dist. LEXIS 252601, at *8 (E.D. Tex. May 12, 2021) ("Notably, **strict** compliance with Rule 11's safe harbor provision is required…"); *Valentine v. Jagodzinski*, 2016 U.S. Dist. LEXIS 155378, at *7 (W.D. Tex. November 9, 2016) (Austin, Mag.) ("for a court to have the ability to issue sanctions under Rule 11, the requesting party must comply with the safe harbor provision."); *Ports Am. Gulfport, Inc. v. Johnson*, 2023 U.S. Dist. LEXIS 353, at *7 (E.D. La. January 3, 2023) (Emphasis added):

> Sanctions **cannot** be imposed under Rule 11(c)(2) unless the procedural provisions of the rule, including the safe harbor requirement, **are fully complied with**. *See In re Pratt*, 524 F.3d 580, 588 & n.30 (5th Cir. 2008) ("[W]e have continually held that strict compliance with Rule 11 is mandatory." (collecting cases)).

*See also Roberts v. Gallagher*, 2023 U.S. Dist. LEXIS 78231, at *3 (D. Ariz. May 3, 2023) ("Failure to comply with the safe harbor provision precludes an award of Rule 11 sanctions.").

<u>To summarize</u>: informal service like letters or e-mails – instead of delivery of the exact Rule 11 Motion filed – **do not** suffice. *Uptown Grill,* 46 F.4th 374, at 389 (Holding "that the Rule 11 safe harbor provision requires identicality."); *Garcia v. Rauch-Milliken Int'l, Inc.*, 2020 U.S. Dist. LEXIS 206768, at *9 (W.D. Tex. Oct. 16, 2020) (Farrer) adopted by 2020 U.S. Dist. LEXIS 242338 (W.D. Tex., Nov. 3, 2020) ("The Fifth Circuit… has rejected the use of informal warning letters.").

Plaintiff's Motion for Sanctions was doomed for failure by its non-compliance with Rule 11.

<u>The non-compliant Motion for Sanctions</u>

Plaintiff's *Certificate of Conference/Safe Harbor* (Dkt. 21) (at p. 14) eventually reveals that Plaintiff did not serve any Rule 11 Motion on Lottery.com prior to filing the Motion for

Sanctions (Dkt. 21). The most Plaintiff's counsel "served" prior to filing (Dkt. 21) was an expression of future intent. *Id.* ("Plaintiff's counsel gave notice that if the Motion was filed as is Plaintiff **would file** a Motion for Sanctions under Rule 11…"). Plaintiff states that Lottery.com "has been marked opposed, and had more than twenty-one (21) days to withdraw/change their Motion to Set aside." *Id.* But twenty-one days from what? One of the threatening emails attached as Exhibit 21-1?

Plaintiff did not serve the Motion for Sanctions until the day Plaintiff filed it (February 7, 2023) – giving Lottery.com only fourteen days with the Motion for Sanctions before this Response was due. This method of shortening Lottery.com's review and response time violates Rule 11. *Hubbard v. Blakemore*, 2021 U.S. Dist. LEXIS 218573, at *3 (W.D. Tex. August 4, 2021) (Pitman, J.) ("a party must first serve his opponent with the Rule 11 motion, wait 21 days, and file the motion only if the opposing party has not yet withdrawn the questioned document or otherwise corrected the alleged misconduct."); *Askins v. Hagopian*, 713 Fed. Appx. 380, 381(5th Cir. 2018):

> The record also indicates that Hagopian served Askins' counsel with a copy of the Rule 11 motion on the day he filed the motion with the district court. Thus, he failed to comply with the safe harbor provision… Moreover, although Hagopian's counsel sent an e-mail stating that the lawsuit was "frivolous and vexatious" to Askins' counsel nearly a year before filing the motion, this e-mail was insufficient to comply with the safe harbor provision. As we have stated previously, "[t]here is no indication in . . . Rule 11 . . . or in the advisory notes to support [the] contention that a motion for sanctions may be filed with the court without serving the respondent with a copy at least twenty-one days in advance."

<u>The Oxymoronic "fix"</u>

Evidence that Plaintiff knowingly violated Fed. R. Civ. P. 11(C)(2) comes from Plaintiff's own words. Motion for Sanctions (Dkt. 21), at p. 11, para. 27 ("Defendant may

argue that Plaintiff failed to follow the safe harbor provisions under Rule 11 prior to filing their Motion for Sanctions."). Plaintiff claims it "gave notice to Defendant's counsel" on January 11 & 12, 2024, that if Lottery.com filed motions including information deemed "irrelevant" by Plaintiff, then Plaintiff would "file this Motion for Sanctions." *Id.* However, Plaintiff omits record citations supporting these contentions. If the Court assumes the references to "giving notice" are somewhere contained in the 16 pages of Exhibit 21-1, this Exhibit provides no evidence of compliance with Rule 11. **No copy** of any motion for sanctions appears in Exhibit 21-1. There is no indication that a copy of a motion for sanctions was served via any communication in Exhibit 21-1.

Realizing that Plaintiff comes up short on providing the mandatory, strict notice required, Plaintiff's justification for proceeding on sanctions is to have the Court do the work. *See* (Dkt. 21), at p. 11-12, para. 27:

> However, this Court may impose sanctions on its own initiative under Rule 11(c)(3) even after a party has moved for Rule 11 sanctions without complying with the safe harbor provision… Therefore, we ask this Court to exercise its power under Rule 11(c)(3) to Order Defendant to show cause why its conduct described herein is not in violation of Rule 11(b).

The Court is not acting on "its own initiative" when a party makes a request for the action. *Sua sponte* means that the court acts on its own. So, asking the Court to *sua sponte* rule is inconsistent with the concept and takes the spontaneity out of *sua sponte*. *Shah v. Holder*, 736 F.3d 1125, 1126 (7th Cir. 2013) ("It is difficult to understand how action in response to a litigant's motion could occur sua sponte. That phrase means action on a tribunal's own initiative. If the tribunal acts in response to a litigant's request, the step is not on its own

initiative."); *Aurora Loan Servs., LLC v. Thanh Van Le*, 2011 U.S. Dist. LEXIS 40719, at *5 (E.D. Cal. Apr. 5, 2011):

> The very fact that plaintiff filed a motion requesting relief from this court — i.e., requesting that the court "order remand to the state court" — appears to take the issue out of the realm of sua sponte court action. E.g., Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 352 (9th Cir. 1999) ("The traditional definition of sua sponte is that the court acts of "its own will or motion.") (citing Black's Law Dictionary at p. 1424 (6th ed. 1990) (emphasis added).) In short, it is an oxymoron for plaintiff to direct the court to act "sua sponte."

*United States v. Zukerman*, 129 F. Supp. 2d 198, 200 (E.D.N.Y. 2000) ("[A] defendant's 'suggestion' that the Court depart sua sponte is an oxymoron.").

<u>Award of Fees</u>

An award of attorney's fees is warranted for having to respond to the Motion for Sanctions. *See Roor Int'l BV v. Stinky's Smoke Shop, LLC*, 2021 U.S. Dist. LEXIS 226332, at *7 (E.D. Tex. November 24, 2021) (Citations omitted):

> Importantly,
>
> [a]n award of reasonable expenses under Rule 11(c)(2) is not a sanction for violating Rule 11(b). A court is therefore not required, in considering a request for reasonable expenses pursuant to Rule 11(c)(2), to apply the substantive requirements of Rule 11(c)(4)-(6). Instead, the court applies the requirements of Rule 11(c)(2) itself, which provides that the award of expenses to the prevailing party must be "warranted" and "reasonable."
>
> Here, Defendants argue they are entitled to reasonable expenses pursuant to Rule 11(c)(2) because Plaintiff's Sanctions Motion lacked merit and was filed solely to drive up litigation costs and harass Defendants and their counsel. The Court agrees that an award of reasonable expenses is warranted. Because Plaintiff's Sanctions Motion was withdrawn, the Court did not have an opportunity to rule on the merits of the motion. But if it had, the Court would have denied Plaintiff's Sanctions Motion because it lacked merit, reiterated arguments made in prior motions, and included "abusive language toward opposing counsel."

In this Case, Plaintiff knew its motion was prohibited by Rule 11, but proceeded regardless. Even if Plaintiff's Counsel felt personally aggrieved, that does not justify some of the language he chose to use in the Motion for Sanctions. *See, e.g.* (Dkt 22), at p. 10, para 22 ("Defendant has continued to exhibit this aggressive, intimidating, careless, classless, and unprofessional conduct in this litigation."); p. 12, para. 29 ("Defendant decided to take the classless route…").

Conclusion & Prayer

For the reasons identified above, Plaintiff's Motion for Sanctions (Dkt. 21) must be denied for failing to comply with Rule 11's "safe-harbor" requirement.

Lottery.com requests that if the Court determines that Lottery.com is the prevailing party on the Motion for Sanctions (Dkt. 21) that the court award Lottery.com its reasonable expenses, including attorney's fees, incurred for the Motion for Sanctions (Dkt. 21) and that the Court give Lottery.com an opportunity to file an application for those expenses. *See Roor Int'l BV*, 2021 U.S. Dist. LEXIS 226332, at *9.

Local Court Rule CV-10(b) Required Information:
Signature: Andrew R. Korn
ANDREW R. KORN
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Defendant Lottery.com, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Eddie Hodges, Jr.
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Email: eddie.hodges@kennardlaw.com
ATTORNEY FOR PLAINTIFF

ANDREW R. KORN