IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN PETERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | 1:23-CV-646-RP |
| | § | |
| LOTTERY.COM, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

**<u>Lottery.com's Response to Plaintiff's Motion to Strike</u>**

Defendant Lottery.com, Inc. responds to *Plaintiff's Motion to Strike* (Dkt. 22).

The sole authority Plaintiff provides for striking *Defendant Lottery.com, Inc.'s Amended Motion to Set Aside Entry of Default* (Dkt. 18)[1] is Federal Rule of Civil Procedure 12(f). *See* Motion to Strike (Dkt. 22), at p. 3. The Court must deny Plaintiff's Motion to Strike Lottery.com's Motion because Rule 12(f) applies only to pleadings.[2] And "motions are not pleadings." *Vikas*

[1] (Dkt. 18) is an amended motion, replacing (Dkt. 17). *Klebe v. Univ. of Tex. Health Sci. Ctr.*, 2009 U.S. Dist. LEXIS 103727, at *3 n.1 (W.D. Tex. November 6, 2009) (Austin, Mag.) (Amended Motion supercedes prior Motion, mooting the prior motion). Although (Dkt. 17) is now replaced and mooted by (Dkt. 18), Plaintiff nevertheless seeks to strike it. Since striking (Dkt. 17) may imply that Lottery.com has done something justifying striking a filing, Lottery.com opposes the Motion to Strike as to (Dkt. 17) also.

[2] *Berry v. Loancity*, 2021 U.S. Dist. LEXIS 2307, *2 (M.D. La. January 6, 2021):

> According to the language of Rule 12(f), only material found in a "pleading" may be struck pursuant to Rule 12(f). *See Burnett v. ARCCA Inc.*, [ 2016 U.S. Dist. LEXIS 24137] (W.D. La. Feb. 25, 2016) ("Motions to strike under Rule 12(f) are not authorized to be filed against other motions, only pleadings."); *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 664 (N.D. Tex. 2011) ("Rule 12(f) applies only to pleadings, not to other filings or documents.").

*Nafta Traders, Inc. v. Hewy Wine Chillers, LLC*, 2019 U.S. Dist. LEXIS 180124, at *11 (N.D. Tex. July 23, 2019) ("Rule 12(f) only applies to pleadings as defined by Federal Rule of Civil Procedure 7(a)").

*WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 454 (5th Cir. 2022).[3] This includes motions to set aside entries of default. *See e.g.*, *Wilson v. Columbia Gas Transmission, LLC*, 2015 U.S. Dist. LEXIS 12151, at *96 (S.D. Ohio February 2, 2015) ("motion to strike is DENIED. Rule 12(f) does not permit the Court to strike motions because the rule only applies to pleadings… A motion to set aside an entry of default is not a pleading within the meaning of Rule 7(a) of the Federal Rules of Civil Procedure."); *cf. Windsor Worldwide Grp., Inc. v. Veho UK Ltd.*, 2017 U.S. Dist. LEXIS 168712, at *7-8 (S.D. Tex. October 12, 2017) ("Fed. R. Civ. P. 12(f). But that provision also applies only to pleadings. A reply to a motion to set aside an entry of default is not within its scope."). Stated another way, only material included in a pleading may be the subject of a motion to strike and motions, briefs, memoranda, exhibits, objections, or affidavits **may not** be attacked by a motion to strike. *Jeter v. Montgomery County*, 480 F.Supp.2d 1293, 1296 (M.D. Ala. 2007).

The Court must deny Plaintiff's Motion to Strike because it is an impermissible and procedurally improper vehicle for striking Lottery.com, Inc.'s Amended Motion to Set Aside

[3] *Stockade Cos. v. Kelly Rest. Grp., LLC*, 2017 U.S. Dist. LEXIS 94097, at *2-4 (W.D. Tex. June 19, 2017) (Pitman, J) (Internal quotations omitted) ("Fed. R. Civ. P. 15 Cmte. Notes ([A] motion is not a pleading as defined in Rule 7 … Fed. R. Civ. P. 7(a) (identifying pleadings as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer."); *Fontenot v. Crow*, 4 F.4th 982, 1019, 1057 n.46 (10th Cir. 2021) ( A motion is not a pleading); *H.S. Field Servs., Inc. v. CEP Mid-Continent, LLC*, 2015 U.S. Dist. LEXIS 10254, at * (N.D. Okla. January 29, 2015) ("Case law further supports the conclusion that a motion is not a 'pleading' within the meaning of the Federal Rules of Civil Procedure."); *Gates v. Syrian Arab Republic*, 646 F.3d 1, 5 (D.C. Cir. 2011) (Internal quotation marks omitted) ("A motion is not a pleading. Indeed, Rule 7(b) describes a motion as a request for an order and Rule 7(a) does not include a motion in its list of documents considered pleadings.") *Dick Frohn & Dick Frohn Ins. Agency, Inc. v. PCNB Corp.*, 2010 U.S. Dist. LEXIS 34229 at *3 n.1 (S.D. Miss. Apr. 7, 2010) ("Rule 7 defines pleadings as including only various forms of complaints and answers…").

Entry of Default (Dkt. 18).[4] Because Plaintiff seeks to strike Dkt. 18 in its entirety (as opposed to striking the portions selected by Plaintiff as actually harmful) the Motion to Strike seeks impermissible relief. *In re Griego*, 2023 Bankr. LEXIS 1427, at *6 (Bankr. W.D. Tex. May 31, 2023) ("The Court finds that Rule 12(f) is an improper vehicle to achieve the Griegos' desired result. The text of the rule implies that its purpose is to strike certain defenses or causes of action, not whole pleadings.").

Plaintiff fails to show any grounds for granting a Motion to Strike

Even if the Court extended application of motions to strike to motions, Plaintiff failed to carry the heavy burden to obtain an order striking Lottery.com's *Amended Motion to Set Aside Entry of Default* (Dkt. 18). *Adams Cty. Water Ass'n, Inc. v. City of Natchez*, 2012 U.S. Dist. LEXIS 17347, at *4 (S.D. Miss. Feb. 13, 2012):

---

[4] *Mid-Continent Cas. Co. v. Paradise Palms Resort Homeowners Ass'n Inc.*, 2021 U.S. Dist. LEXIS 264209, at *3-4 (M.D. Fla. May 7, 2021) ("**the motion to strike is procedurally improper under Federal Rule of Civil Procedure 12(f) because a motion to strike is only properly directed to pleadings**, which PPR's response to the motion for default judgment is not."); *In re Bridges*, 582 B.R. 816, 818 (Bankr. N.D. Ga. February 27, 2018):

> The Motion to Dismiss is a motion and not a pleading. Fed. R. Civ. P. 7(a); *Alyshah v. Georgia*, 2006 U.S. Dist. LEXIS 66546 at *6. "Federal Rule 12(f) is not a mechanism that permits the filing of a 'motion to strike another motion.'" *In re Aida's Paradise, LLC*, 485 B.R. 806, 812 (Bankr. M.D. Fla. 2013). "**The terms of the rule make clear** that only material included in a 'pleading' may be subject of a motion to strike." *Lowery v. Hoffman*, 188 F.R.D. at 653… "**Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike**." 2-12 Moore's Federal Practice - Civil § 12.37 (2017). Because Defendants' "Pre-Answer Motion to Dismiss is not a 'pleading' within the meaning of Rule 12(f), the Plaintiff's Motion to Strike **must be denied**."

*Nationwide Mut. Ins. Co. v. Overlook LLC*, 785 F. Supp. 2d 502, 516 n.8 (E.D. Va. 2011) (Internal citations omitted) ("[A] motion is not a pleading.' … As a result, the Court recognizes that **it is not proper under Fed. R. Civ. P. 12(f) to make a motion to strike a motion**.").

(Emphasis added to all citations above).

> Federal courts view Rule 12(f) motions with disfavor both because "striking a portion of a pleading is a drastic remedy", and such motions are often "sought by the movant simply as a dilatory tactic." Thus, 12(f) motions are infrequently granted by the courts.
>
> To prevail under Rule 12(f), the movant must show that "'that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" Showing both (1) unrelatedness and (2) prejudice is said to be a "high bar."

*Snearl v. City of Port Allen*, 2022 U.S. Dist. LEXIS 105470, at *38 (M.D. La. June 13, 2022) (Rule 12(f) standard is a heavy burden and a high bar); *Fortman v. Nissan Motor Co.*, 2022 U.S. Dist. LEXIS 127983, at *3 & 7 (W.D. Tex. March 30, 2022) (Lane, Mag.) ("matters should be stricken only where they possess 'no possible relation to the controversy' …And '[a]ny doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party.")

Plaintiff does not allege any harm. The Motion to Strike contains the lamentations of Plaintiff's counsel about the "attack" on him (*i.e.* Defendant's filing public information about Plaintiff's counsel's lack of candor and credibility as Exhibits to the Motion). Motion to Strike (Dkt. 22), at p. 4. There is a statement in Plaintiff's Motion to Strike that "the filing of the Defendant's Motion at this stage of the litigation **[recognizing there will be a point where the filing of the Exhibits will be more appropriate]**[5] has caused improper harassment **[as opposed to the proper kind of harassment?]** of the defendant [*sic*]." *Id.* But there is no

[5] This is a fatal admission. *Snearl v. City of Port Allen*, 2022 U.S. Dist. LEXIS 105470, at *37 (M.D. La. June 13, 2022) (Rule 12(f) movant "must show that the 'presence [of the challenged allegations] in the pleading throughout the proceeding will be prejudicial[.]'").

declaration or affidavit from Plaintiff[6] or Plaintiff's counsel about how they've been prejudiced,[7] harassed, embarrassed, harmed, or even inconvenienced by Lottery.com's Amended Motion to Set Aside Entry of Default (Dkt. 18).[8] Plaintiff does not meaningfully explain what matter(s) in (Dkt. 18) are redundant, immaterial, impertinent, or scandalous. *See* Rule 12(f); *Fortman v. Nissan Motor Co.*, 2022 U.S. Dist. LEXIS 127983, at *7 (W.D. Tex. March 30, 2022) (Lane, Mag.) ("Defendants offer nothing but vague and conclusory statements with no showing of how and to what degree they will be prejudiced by the inclusion of these allegations. Without more, Defendants' motion fails."); *Auto Wax Co., Inc. v. Mothers Polishes Waxes Cleaners, Inc.*, 2002 U.S. Dist. LEXIS 3635, 2002 WL 368526, at *5 (N.D. Tex. 2002) ("Conclusory statements about unfair prejudice ... are not enough to justify its motion to strike; a stronger showing is required under Fed. R. Civ. P. 12(f).").

Plaintiff does **not** deny that the Exhibits about Plaintiff's Counsel are all true and correct copies from public sources. Plaintiff does **not** contend that any of the information in

---

[6] It's not clear from the Motion to Strike (Dkt. 22) that Plaintiff's Counsel has even informed Plaintiff about the filing of Lottery.com's Amended Motion to Set Aside Entry of Default (Dkt. 18).

[7] The only reason given for how Plaintiff is prejudiced is the general allegation that "Plaintiff is prejudiced by Defendant's Motion because it contains misrepresentations about Plaintiff's counsel credibility." Motion to Strike (Dkt. 22), at p. 2.

[8] Plaintiff accuses Defendant of filing (Dkt. 18) for purposes of harassing or "attempting to" embarrass Plaintiff's Counsel. *See* Motion to Strike (Dkt. 22), at p. 4. That blatant misrepresentations" were "submitted" with no purpose but to harass and embarrass or the improper purposes of to harass and attempt to embarrass. *Id.*, at p. 2 & 4. But nowhere does Plaintiff say he is currently suffering/expects to be suffering harassment or embarrassment because of (Dkt. 18). *Cf. Video Gaming Techs., Inc. v. Castle Hill Studios LLC*, 2019 U.S. Dist. LEXIS 101574, at *8 (N.D. Okla. June 18, 2019) (To obtain protection from annoyance, embarrassment, oppression, or undue burden or expense under Rule 26(c)(1), "[i]n establishing the requisite harm, the party seeking protection must make a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.")

the Exhibits is false. Plaintiff complains – without specifics – that Defendant has submitted "blatant misrepresentations without context on the record." (Dkt. 22), at p. 4.

You'd think that Plaintiff's Counsel would be in the best position to address the: 1) findings and statements about him by the Judges and tribunals who've disciplined or sanctioned him; 2) sworn statements from former employees about him; 3) court filings by opposing counsel about him; and 4) the law enforcement information about him (including Deputy Constables' notes of conversations with Plaintiff's Counsel). However, Plaintiff's Counsel passed on the opportunity to provide "context on the record" by failing to submit **any** evidence controverting the Ali Declaration and other Exhibits supporting *Lottery.com, Inc.'s Amended Motion to Set Aside Entry of Default* (Dkt. 18). *See* Exhibits 18-1 – 18-18.

Counsel on each side of this Case are witnesses to the sharp practices used by Plaintiff's Counsel to obtain the entry of default. Until Plaintiff recently chose not to oppose the Motion to Set Aside the Entry of Default with evidence, the credibility of these attorney witnesses was likely an outcome determinative issue. (Dkt. 18), at p. 4-13. Lottery.com had to open the evidence. Lottery's attorney provided his sworn testimony (Dkt. 18-1). At issue was whether Plaintiff's Counsel lied in the certificate of service about serving Lottery.com's counsel with the Motion for Entry of Default **prior** to obtaining it. Lottery.com's evidence shows that Plaintiff's Counsel did lie. (Dkt. 18-1). Lottery.com brought forward evidence from other cases where Plaintiff's Counsel was untruthful, including misrepresentations in a certificate of service. (Dkt. 18), at p. 4-13. Separately, but certainly in combination, Lottery.com's Exhibits show that Plaintiff's Counsel is an unreliable and incredible witness with a penchant and

reputation for untruthfulness. The Court had to choose between two versions of events. Lottery.com presented evidence showing why its Case was more credible.

Contrary to Plaintiff's statement in the Motion to Strike (Dkt. 22), at p. 1 that: "Credibility of Plaintiff's counsel is irrelevant to this Court's review of whether good cause exists to set aside the entry of default;" Plaintiff told the Court in a Response (Dkt. 20), at p. 12 (filed the same day) that: "whether to grant relief from the entry of default 'is left to the sound discretion of the district court, since it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties."

The Motion to Strike does not address who Plaintiff is worried will see (Dkt. 18). The Judge? That's not to worry – even if the evidence is irrelevant. *See Harris v. Rivera*, 454 U.S. 339, 346-47, 102 S. Ct. 460, 70 L. Ed. 2d 530 (1981) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions."); *United States v. Smith*, 465 F.2d 388, 391-92 (8th Cir. 1972) ("A trained, experienced Federal District Court Judge, as distinguished from a jury, must be presumed to have exercised the proper discretion in distinguishing between the proper and the improper evidence introduced at trial and to have based his decision only on the latter…"). The public? Plaintiff's Counsel already holds himself out as someone who is unconcerned about such things. *See e.g.*, https://kennardlaw.com/ ("We do not concern ourselves with reputation; we concern ourselves only with our

character."). Outside this proceeding, Plaintiff's Counsel is Joan Jett.[9] In here, he's the eggshell plaintiff.[10] Plaintiff's claims of prejudice are not credible.

While Plaintiff's Counsel may take offense to the derogation of his credibility as a witness, "a district court should not strike challenged allegations or pleadings simply because they 'offend the sensibilities' of the objecting party." *Id.*, at p. 301- 302 (W.D. Tex. 2017) (Lane, Mag.); *cf. Downing v. Goldman Phipps PLLC*, 2015 U.S. Dist. LEXIS 87126, at *22 (E.D. Mo. July 6, 2015) ("while an apparently inevitable personal sense of injury is not an isolated phenomenon in our system of adversary litigation, it is not to be automatically equated with a legal right to redress.").

## Conclusion & Prayer

Motions to Strike motions are not permitted by the rules of civil procedure. But if they were, "[i]n short, [Plaintiff] has failed to carry [their] burden of showing that the challenged allegations [and materials] have 'no possible relation to the controversy' to merit imposition of the 'drastic remedy of striking a portion of the[m]." *Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 303 (W.D. Tex. 2017) (Lane, Mag.). Plaintiff has failed to properly allege, must less establish, prejudice.

Therefore, Lottery.com requests the Court sign an order denying Plaintiff's Motion to Strike (Dkt. 22).

---

[9] *See* Joan Jett, *Bad Reputation*, (Blackheart Records 1980); Music video currently available at: https://www.youtube.com/watch?v=LeYn_W14zTU&list=OLAK5uy_kceLSbF1ivNJArDKG27F798JTRvRzmWQo

[10] *Kellum v. Bernlillo County Commission*, 2015 U.S. Dist. LEXIS 190131, at *9 (D.N.M. June 12, 2015) ("An eggshell plaintiff is susceptible to exaggerated or additional injury because of the plaintiff's existing weakness or condition.").

Local Court Rule CV-10(b) Required Information:
Signature: [signature]
ANDREW R. KORN
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Defendant Lottery.com, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Eddie Hodges, Jr.
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Email: eddie.hodges@kennardlaw.com
ATTORNEY FOR PLAINTIFF

[signature]
ANDREW R. KORN