**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **RYAN PETERSON** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-00646-RP** |
| | § | |
| | § | |
| **LOTTERY.COM, INC. d/b//a** | § | |
| **SPORTS.COM, INC. d/b/a** | § | |
| **AUTOLOTTO, INC.** | § | |
| | § | **JURY DEMANDED** |
| ***Defendant.*** | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS AND REQUEST FOR SHOW CAUSE ORDER AGAINST DEFENDANT AND DEFENDANT'S COUNSEL**

**TO THE HONORABLE DISTRICT COURT JUDGE**:

NOW COMES, Plaintiff, Ryan Peterson (hereinafter "Plaintiff") files this Reply in Support of its Motion for Sanctions and Request for Show Cause Order under Fed. R. Civ. P. 11(c)(3), and in support respectfully requests the Honorable District Court Judge to **GRANT** Plaintiff's Motion for Sanctions and Request for Show Cause Order for the following reasons:

## REPLY IN SUPPORT OF MOTION

### I. Defendant's Response to the Motion for Sanctions is UNTIMELY, therefore, the Court may Grant the Motion as UNOPPOSED.

1. Plaintiff filed his Rule 11 Motion for Sanctions on February 7, 2024.

2. LR-CV-7(D)(2) states:

> Time limits. **A response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion**. A response to other motions shall be filed not later than 14 days after the filing of the motion, except as provided by Rule CV-15. If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.

3. Plaintiff's Motion for Sanctions is classified as a "case management motion," which required Defendant to file a response within seven (7) days of the Motion. Therefore, the deadline to file a response to Plaintiff's Motion was February 14, 2024. However, Defendant filed its response on February 21, 2024, seven days after the response was due. Therefore, under the local rules this Court may grant Plaintiff's Motion as unopposed. Thus, we respectfully ask the Court to do just that and enter a show cause order against Defendant and its counsel for the sanctionable conduct outlined in the Motion.

## II. Defendant's Late Response Failed to Address the Sanctionable Conduct in Plaintiff's Motion.

4. Defendant's response was untimely, and more importantly the response failed to address any of the sanctionable conduct highlighted in the Motion for Sanctions. Specifically, violations of local rules L.R. AT-4(d) and L.R. AT-7(c), and Tex. R. Disc. Professional Conduct 3.04 & 4.04. Failure to address the sanctionable conduct in their untimely response is evidence that Defendant has waived any objection to argue that it did not engage in sanctionable conduct.

5. Defendant has waived any argument that their Motion to Set Aside was only used for an improper purpose to attack and harass Plaintiff's counsel and delay these proceedings. Defendant used irrelevant information in its Motion to Set Aside for no other purpose other than to harass and embarrass a non-party (Plaintiff's counsel, who is not a

witness in this case); delaying these proceedings.

6. Defendant has attempted to escape from having to respond as to why their conduct is not sanctionable. Defendant should not be allowed to bypass their obligations and duty to respond to the merits of the Motion for Sanctions. Defendant only argues that this Court should deny Plaintiff's Motion for failure to comply with Rule 11's safe harbor provisions. Here, Plaintiff has moved this Court to issue a Show Cause Order and set it for a hearing to determine whether or not Defendant's conduct is sanctionable under its inherent power under Rule 11(c)(3). Based on Defendant's untimely response, lack of any substantive arguments to the alleged sanctionable conduct, and callous disregard for this Court, we respectfully ask this Court to issue a Show Cause Order against Defendant and its counsel.

## III. The safe harbor provision does not apply to Plaintiff's Request for a Show Cause Hearing under Rule 11(c)(3).

7. While Rule 11(c)(2) does include a safe harbor provision, Rule 11(c)(3)—the provision under which Plaintiff has requested sanctions and the authority by which the Court may issue its show cause order—does not. *Compare* Fed. R. Civ. P. 11(c)(2) with Fed. R. Civ. P. 11(c)(3); *see also Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (explaining that, unlike subsection 11(c)(2), subsection 11(c)(3) does not contain a safe harbor provision).

8. In addition to the sanctioning authority of Rule 11, federal courts have undisputed, inherent power to regulate practice in cases pending before them. C*hambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991). This power originates from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition

of cases." *Natural Gas Pipeline v. Energy Gathering, Inc*., 2 F.3d 1397, 1406 (5th Cir. 1993) (quoting *Link v. Wabash R. Co*., 370 U.S. 626, 630 (1962)), cert. denied, 510 U.S. 1073 (1994). In exercising this power, a court can sanction a party for abuse of judicial processes. *See Chambers*, 501 U.S. at 43-44.

9. In Defendant's untimely response, the only argument that is made is (1) Plaintiff knowingly violated Rule 11 to accelerate presenting a Rule 11 motion for sanctions; and (2) Plaintiff failed to meet their burden to show compliance with Rule 11's mandatory safe harbor provision.

10. As stated in the motion, on January 11, 2023, Plaintiff's counsel gave notice to Defendant's counsel that their proposed Motion to Set Aside contains harassing and improper information and should solely focus on Defendant's burden of showing "good cause." On January 11 & 12th Plaintiff's counsel gave notice to Defendant's counsel if it were to include that irrelevant information that Plaintiff would be forced to report Defendant and file this Motion for Sanctions based on violations of Rule 4.04. Twenty-five (25) days later Defendant filed their Motion to Set Aside, including the irrelevant information mentioned above that Defendant previously removed in different draft. Thus, Defendant had notice of the arguments of Plaintiff's Motion for Sanctions. Defendant completely disregarded that notice, filed their Motion anyways, and even filed an Amended Motion, in which they had an opportunity to change the language in the Motion.

11. Defendant argues that, "The Court is not acting on "its own initiative" when a party makes a request for the action. Sua sponte means that the court acts on its own. So, asking the Court to *sua sponte* rule is inconsistent with the concept and takes the spontaneity out

of *sua sponte*. *Shah v. Holder*, 736 F.3d 1125, 1126 (7th Cir. 2013).”(A common theme by Defendant, i.e. citing cases outside the 5th Circuit).

12. However, in *Deutsch v. Henry*, in the Honorable Judge Lee Yeakel’s Court, the Defendant in that case filed a similar Opposed Motion for Sanctions, as Plaintiff did here, under Rule 11(c)(3), based on an attorney engaging in a pattern of offensive attacks against another attorney. *Deutsch v. Henry*, 1:15-cv-00490-LY (W.D. Tex. Dec. 7, 2016)[Dkt. #83]; *Mayes v. Kollman*, 560 F. App’x 389, 395 (5th Cir. 2014) (*citing United States v. Young*, 470 U.S. 1, 9 (1985) (observing that “inflammatory attacks on the opposing advocate” have “no place in the administration of justice and should neither be permitted nor rewarded; a trial judge should deal promptly with any breach [of this rule] by either counsel”).

13. In *Deutsch*, after the Opposed Sanctions Motion was filed, the Court held a hearing, and eventually issued an Order to Show Cause and set it for an evidentiary hearing. *Deutsch v. Henry*, 1:15-cv-00490-LY (W.D. Tex. Dec. 7, 2016)[Dkt. #103]. A court may impose sanctions on its own initiative under Rule 11(c)(3) even after a party has moved for Rule 11 sanctions without complying with the safe harbor provision. *See Brunig v. Clark*, 560 F.3d 292, 297-98 & n.18 (5th Cir. 2009); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). Rule 11(c)(3) requires courts to issue a show cause order before sua sponte imposing sanctions. *See* FED. R. CIV. P. 11(c)(3). In *Deutsch*, the Honorable Judge Yeakel overruled Plaintiff’s objection that Defendant failed to comply with the “safe harbor provisions,” of Rule 11 when it filed its opposed Motion asking the Judge to issue a show cause order without complying with the “safe harbor provisions.” *Deutsch v. Henry*, 1:15-

cv-00490-LY (W.D. Tex. Dec. 7, 2016)[Dkt. #103 pg. 4 n.2]. Here, we ask this Court to follow Judge Yeakel's precedent in the Western District by overruling Defendant's untimely objection that Plaintiff's counsel failed to comply with the "safe harbor provisions," under Rule 11, and use the Court's inherent power to issue a Show Cause Order.

14. Plaintiff is not requesting this Court sua sponte impose sanctions against Defendant. Instead, Plaintiff is requesting this Court to use its inherent powers under 11(c)(3) to issue a Show Cause Order ordering Defendant and its counsel to show cause as to why its conduct is not sanctionable based on the Motion to Set Aside being presented with an improper purpose, to harass Plaintiff's counsel, who is not a party or a witness to this lawsuit. Defendant could have addressed the sanctionable conduct in a timely response but failed to do so.

15. Plaintiff has identified the sanctionable conduct (i.e. the use of Alfonso Kennard's alleged criminal history, disciplinary charges, civil cases with no relevance or context solely to gain an advantage in this forum) by Defendant in its Motion that should be subject for review at a Show Cause hearing, including violations of:

TEX. R. DISC. PROF'L. COND. 3.04(c)(2)(3),

TEX. R. DISC. PROF'L. COND. 4.04

L.R. AT-4(d)

L.R. AT-7(c)

13. The purpose of the rule is to "deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "to spare innocent parties and

overburdened courts from the filing of frivolous motions/lawsuits." *Deutsch v. Henry*, A-15-CV-1238-LY-ML (W.D. Tex. Dec. 7, 2016).

14. It is unfortunate and ironic that Defendant failed to address any of these violations in their untimely response. What is even more ironic is that Defendant seeks fees associated with this Motion for Sanctions, yet Plaintiff would have never filed this Motion if Defendant had not filed irrelevant information in their Motion to Set Aside. The lack of a substantive response demonstrates Defendant's lack of respect for this Court, since it did not have the decency to address any of the violations alleged in the Motion for Sanctions.

15. Defendant's counsel, Andrew Korn, has purposely, alluded to multiple matters that the Attorney Korn does not reasonably believe is relevant to such proceeding (i.e. Motion to Set Aside arguments about Plaintiff's counsel). Andrew Korn has improperly stated his personal opinion in this proceeding as to the credibility of Plaintiff's counsel and the credibility of Plaintiff's counsel's law firm. That opinion violates professional conduct rules, is an offensive attack, and is irrelevant to Defendant's burden in a Motion to Set Aside in violation of TEX. R. DISC. PROF'L. COND. 3.04(c)(2)(3).

16. Defendant's counsel, Andrew Korn, has presented (after notice of sanctionable conduct) criminal history and disciplinary history of Alfonso Kennard Jr. solely to gain an advantage in a civil matter. TEX. R. DISC. PROF'L. COND. 4.04(b)(1).

17. By violating multiple Texas Disciplinary Rules of Conduct, Defendant's counsel, Andrew Korn, has also violated Local Rule AT-4(d) by failing to refrain from acting upon or manifesting bias or prejudice towards any person involved in litigation.

18. This Court may impose sanctions on its own initiative under Rule 11(c)(3) even

after a party has moved for Rule 11 sanctions without complying with the safe harbor provision. *See Brunig v. Clark*, 560 F.3d 292, 297-98 & n.18 (5th Cir. 2009). Therefore, we ask this Court to exercise its power under Rule 11(c)(3) to Order Defendant to show cause why its conduct described herein is not in violation of local rules and the Texas disciplinary code.

19. Defendant's remedial attempt to state that Defendant has prevailed on this Motion and deserves fees associated with the filing of this Motion is completely contradictory because Plaintiff would never have filed this Motion if Defendant would have left out the personal attacks against Plaintiff's attorneys in their Motion to Set Aside. Instead, Defendant took the classless route just to try to gain an advantage where none is to be found.

20. It was necessary for Plaintiff's attorneys to prepare this motion for sanctions. Plaintiff has incurred attorneys' fees and other expenses in the filing of this motion and prosecuting this case. After a show cause hearing, and a finding of sanctionable conduct by Defendant and Attorney Korn, Plaintiff asks this Court to award Plaintiff reasonable attorney fees in an amount to be shown at a hearing and by a subsequent attorneys' fee declaration to be filed after a Show Cause hearing on this motion. Plaintiff should also be awarded costs and expenses for filing and prosecuting this motion.

21. Defendant and its counsel did not exercise due diligence. Specifically, Defendant filed its response seven days late, which warrants Defendant's position as unopposed to Plaintiff's Request for a Show Cause Order and Hearing. Using the Motion to Set Aside for an improper purpose to harass, needlessly delaying the case (already delayed by

Defendant for over eight months), and making offensive attacks towards Plaintiff's counsel solely for an advantage in this civil proceeding, is sanctionable conduct that warrants this Court to use its inherent powers under 11(c)(3) to issue a Show Cause Order. The arguments presented by Defendant and its Counsel in the Motion to Set Aside are completely irrelevant to Defendant's burden and is groundless especially because Defendant had actual knowledge the information in the Motion was irrelevant and harassing, which should have convinced Defendant's counsel to refrain from raising the frivolous arguments in their Motion to Set Aside. And because Defendant and its counsel has not shown diligence, the court should award Plaintiff any other equitable sanction, including but not limited to all costs for inconvenience, harassment, and out-of-pocket expenses caused by the improper filing of the Motion to Set Aside.

## IV. CONCLUSION & PRAYER

For these reasons, Plaintiff asks the Court to intervene to stop Defendant and Defendant's counsel's repeated, misrepresentations, and offensive personal attacks against Plaintiff's counsel. Such conduct is the epitome of bad faith litigation conduct that should be sanctioned under this Court's inherent power.

Plaintiff respectfully ask this Court to issue a Show Cause Order and set it for a hearing to determine whether or not Defendant's conduct is sanctionable and to impose Rule 11 sanctions on Defendant and Defendant's attorneys of record as set forth above, including costs, expenses, and attorneys' fees. Plaintiff also asks the District Judge to refer Attorney Andrew Korn to the District Disciplinary Committee for appropriate review.

Respectfully submitted,

kennard law P.C.

/s/ Eddie R. Hodges Jr.

**Eddie Hodges Jr.**
Texas Bar No. 24116523
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
5120 Woodway Drive Suite 10010
Houston, Texas 77056
Telephone: (713) 742-0900
Facsimile: (713) 742-0951
Email: eddie.hodges@kennardlaw.com
Email: alfonso.kennard@kennardlaw.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, Eddie Hodges Jr., Attorney for Plaintiff, certify that a correct copy of the foregoing has been served by electronic mail through ECF/Pacer case management system, on February 22, 2024, addressed to:

**ANDREW R. KORN**
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
**Attorney for Lottery.com**

/s/ Eddie R. Hodges Jr.

Eddie Hodges Jr.