**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RYAN PETERSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **1:23-CV-646-RP** |
| | § | |
| **LOTTERY.COM, INC.,** | § | |
| **Defendant.** | § | |

**Defendant Lottery.com, Inc.'s Motion to Dismiss for Failure to State a Claim**

1. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Lottery.com, Inc. ("Lottery.com) challenges *Plaintiff's Second Amended Complaint* (Dkt. 38) for failing to state a claim upon which relief can be granted.

**The Challenged Pleading**

2. The SAC contains the following "causes of action" and a request for declaratory relief erroneously designated as a cause of action (SAC, at pp. 24-25):

- Violations of the Fair Labor Standards Act – 29 U.S.C. §206(A). SAC, at pp.11-14;
- Breach of Contract. SAC, at pp.14-16;
- Common Law Fraud and Fraud in the Inducement. SAC, at pp. 16-22; and
- Quantum Meruit/Unjust Enrichment. SAC, at pp. 22-24.

Because the SAC fails to comply with Fed. R. Civ. P. 8 (and where required, Fed. R. Civ. P. 9(b)) as to each of these causes of action, the Court must dismiss the SAC for failure to state a claim.

**Summary of this Motion**

3. Plaintiff's claims fail Rule 12(b)(6) because they:
- do not state sufficient facts to plausibly allege a cause of action;[1] or
- fail to plead all required elements of a cause of action;[2] or

[1] *Bradford v. Nationwide Ins. Co. of Am.*, 2018 U.S. Dist. LEXIS 90599, at *2-3 (W.D. Tex. May 31, 2018) (Pitman, J.); *Bige, Inc. v. Penn-America Ins. Co.*, 2015 U.S. Dist. LEXIS 119357, at *5 (W.D. Tex. September 8, 2015) (Pitman, J.) (Complaint is insufficient when it alleges — but does not show — that the pleader is entitled to relief).

[2] *See Pollett v. Aurora Loan Servs.*, 455 Fed. Appx. 413, 415 (5th Cir. 2011) (Emphasis added) ("The district court correctly determined that [Plaintiff] had failed to state a claim for wrongful foreclosure under Texas law **because he failed to plead all elements of that cause of action**").

- omit facts concerning pivotal elements;[3] or
- are not based on a cognizable legal theory;[4] or
- are barred because Plaintiff pleaded themself out of court.[5]

**Standard of Review**
**<u>Motion to Dismiss for Failure to State a Claim under Rule 12(B)(6)</u>**

4. The Court reviews motions under 12(b)(6) under the well-known standards set forth in *Bell Twombly*, 550 U.S. 544, 570 (2007) and *Iqbal*, 556 U.S. 662, 678 (2009). The Court is familiar with the Rule 12(b)(6) standards and is experienced in applying them.[6] The Fifth Circuit reviews de novo the district court's decision to dismiss claims pursuant to Fed. R. Civ. P. 12(b)(6).[7]

5. In addition to the standards set forth in *Twombly* and *Iqbal* for pleading sufficiency pursuant to Rule 12(b)(6), claims sounding in fraud must meet the heightened pleading requirements of Rule 9(b).[8] This daunting standard[9] applies to all of Plaintiff's claims sounding in fraud, such as fraud,

---

[3] *See Puente v. Ridge*, 324 Fed. Appx. 423, 428 (5th Cir. 2009) ("[W]hen a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."); *Matta v. May*, 888 F. Supp. 808, 813 (S.D. Tex. 1995) ("If a complaint omits facts concerning pivotal elements of the pleader's claim, the court is justified in assuming the nonexistence of such facts.").

[4] Claims may be dismissed under Rule 12(b)(6) "on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019); *Kingvision Pay-Per-View, Ltd. v. Betancourt*, 2011 U.S. Dist. LEXIS 53822, at *3 (S.D. Tex. May 19, 2011) (A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) may be granted when the Complaint fails to state a legally cognizable claim).

[5] *See generally Sierra v. Dallas Co.*, 2023 U.S. Dist. LEXIS 198973, at *6 (N.D. Tex. October 18, 2023) (Because Plaintiff is the master of his own pleadings, he may plead himself out of court); *Carbon Six Barrels v. Proof Rsch.,* 83 F.4th 320, 324 (5th Cir. 2023) ("Dismissal based on a successful affirmative defense can be appropriate when that defense appears on the face of the complaint.").

[6] *See e.g.*, *Phillips v. Ethicon Endo-Surgery,* 2024 U.S. Dist. LEXIS 101704, at * (W.D. Tex. June 6, 2024) (Lane, Mag) *adopted in part* 2024 U.S. Dist. LEXIS 122638 (W.D. Tex., July 11, 2024) (Pitman, J.).

[7] *Torrey v. Infectious Diseases Soc'y of Am.*, 86 F.4th 701, 704 (5th Cir. 2023).

[8] *See Star Fund V (US), L.P. v. Barclays Bank, PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (Fraud must be pled with particularity under Fed. Rule Civ. Proc. 9(b)); *Pennington v. Vail Prods.*, 2004 U.S. Dist. LEXIS 1263, at *5 (N.D. Tex. January 8, 2004) ("Fraud claims must be averred with specificity…").

[9] *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) ("We …apply [Rule 9(b)] with force, without apology."); *Riker-Vanholland v. Transouth Fin. Corp.*, 2004 U.S. Dist. LEXIS 16081, at *14 (N.D. Iowa August 13, 2004) ("It is difficult for even some of the most seasoned attorneys to

fraudulent inducement, and inequitable conduct.[10] Rule 9(b)'s heightened pleading requirement applies with equal force to all elements of fraud.[11]

Dispositive authority on two of Plaintiff's causes of action (Fraud and Breach of Contract)

6. "Fraud claims against corporate or business entities require allegations that specifically identify names of individuals who made the misrepresentation, **that those individuals had authority to speak for the corporation**, and state what was said or written and when." *Turner v. Harvard MedTech of Nev., LLC*, 2023 U.S. Dist. LEXIS 21177, at *10 (D. Nev. February 8, 2023) (Emphasis added); *Buchoz v. Klein*, 143 Tex. 284, 184 S.W.2d 271, 271 (Tex. 1944) (Because Plaintiff based his breach of contract claim on the theory that the Signer had authority from Defendants to execute the contract in their name, the burden was on Plaintiff to prove the Signer's authority).

7. Plaintiff alleges a written employment contract with Lottery.com. SAC (at p. 14, ¶53). However, Plaintiff fails to attach the contract or allege its terms. Moreover, Plaintiff fails to allege: 1) that Lottery.com's board of directors directly authorized an employment contract with Plaintiff (*i.e.* by board resolution after duly noticed meeting);[12] or 2) who entered into the agreement for Lottery.com and how Lottery.com authorized that person to enter into a written employment contract with Plaintiff. *Expro Ams., LLC v. Sanguine Gas Exploration, LLC*, 351 S.W.3d 915, 923 n.5 (Tex.

---

adequately plead fraud with Rule 9(b) particularity, so it comes as no surprise that… a pro se litigant, has found the task daunting.").

[10] *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) ("Although the language of Rule 9(b) confines its requirements to claims of ... fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud.") ; *Samsung Elec. Co., Ltd. v. Texas Instruments, Inc.*, 1996 U.S. Dist. LEXIS 15111, at *7 (N.D. Tex. April 18, 1996) (Rule 9(b) applies to claims of inequitable conduct).

[11] *Fingles v. Cont'l Cas. Co.*, 2010 U.S. Dist. LEXIS 41643, at *20 n.7 (E.D. Pa. Apr. 28, 2010).

[12] *In re Solutia, Inc.*, 2007 Bankr. LEXIS 1576, at *49-50 (Bankr. S.D.N.Y. May 1, 2007) ("A corporation acts through its board of directors. The board of directors act by passing resolutions and by appointing officers to whom it delegates certain, but necessarily limited, authority.").

App.—Houston [14th Dist.] 2011, pet. denied) (Enforceable agreements must be made by someone with authority). This is a fatal omission by Plaintiff because:

> A president of such a company, or a corporation for that matter, has no actual authority by virtue of his position alone to bind his company by contract. In order to bind a [] corporation by the contract of its president, he must be authorized to make it either by the statutes of this state, the terms of the by-laws, or by appropriate action taken by the directors, trustees or other governing body. Neither does any apparent authority exist in such officer by virtue of his position.

*Manuf. Equip. Co. v. Cisco Clay & Coal Co.*, 15 S.W.2d 609, 613 (Tex. 1929) (Citations omitted).

8. Plaintiff's fraud claims (SAC, at pp. 16-22) do not allege how any of the people making representations had authority to make the representations on behalf of Lottery.com. **Agency is never presumed**. *Buchoz v. Klein*, 143 Tex. 284; *Private School Found., Inc. v. Bullin*, 2021 Tex. App. LEXIS 10118, at *21 (Tex. App.—Amarillo Dec. 22, 2021, pet. denied) ("The law does not presume agency."). As an Executive Vice President of Lottery.com, Plaintiff ought to be aware whether Lottery.com's Board of Directors delegated authority to any person to make binding employment decisions for Lottery.com's officers.[13] But Plaintiff failed to allege facts supporting reasonable reliance on any representation **as authorized by** Lottery.com. "[A] party dealing with an agent must ascertain both the fact and the scope of the agent's authority, and, if the party deals with the agent without having done so, he deals with the agent at his own risk." *Sw. Land Title Co. v. Gemini Fin. Co.*, 752 S.W.2d 5, 7 (Tex. App.—Dallas 1988, no writ). Without alleging facts supporting agency, Plaintiff failed to plausibly establish fraud or contract claims. *Id.* at 7-8; *See e.g.*, *Reitz v. Cvy of Alexandria, LLC*, 2024 U.S. Dist. LEXIS 58457, at *7-12 (E.D. Va. March 29, 2024):

> Plaintiff's claim can proceed… only if Plaintiff has adequately alleged that an agent made misrepresentations on behalf of Defendant… Plaintiff fails to specifically allege the parameters of this alleged agency relationship, which is insufficient to state a claim… as Plaintiff has failed to adequately allege an actual agency or apparent agency relationship… the Court will dismiss…

---

[13] *Douglass v. Panama, Inc.*, 487 S.W.2d 228, 233 (Tex. App.—Houston [14th Dist.] 1972) aff'd 504 S.W.2d 776 (Tex. 1974) (finding no actual authority of the president of a corporation to promise employees bonuses because under Texas statutes "the business and affairs of a corporation are managed by the board of directors and not by . . . anyone else in the absence of an agreement or, as to third parties, apparent authority").

*Burback v. Oblon*, 2022 U.S. Dist. LEXIS 128867, at *26-28 (E.D. Tex. July 20, 2022) (Citations omitted) (Emphasis added):

> Plaintiffs must demonstrate that Oblon was acting on behalf of those entities when he undertook the allegedly fraudulent actions… for all of the fraud claims, **Plaintiffs' allegations regarding Oblon's agency must be pleaded with the particularity required under Rule 9(b)**…
>
> The Court concludes that the FAC does not plead sufficient facts establishing that… Oblon was acting on behalf of those entities when he made the allegedly fraudulent statements. Instead, the FAC relies exclusively on Oblon's role within the entities and conclusory, boilerplate statements that in those roles, he had some form of authority to act on their behalf. These allegations are insufficient to link the Moving Entity Defendants to Oblon's allegedly fraudulent acts. Accordingly, Plaintiffs' fraud claims against the Moving Entity Defendants will be dismissed.

Because Plaintiff failed to allege facts plausibly supporting agency, Plaintiff failed to state contract and fraud claims on which relief can be granted. Therefore, the Court must dismiss those claims.

**Count 1: Violations of the Fair Labor Standards Act – 29 U.S.C. §206(A)**

9. This is one of those Cases where the face of the operative pleading conclusively establishes the highly compensated employee exemption from the FLSA's minimum wage requirements. *See Garcia v. Pegaso Energy Servs., LLC*, 2024 U.S. Dist. LEXIS 66461, at *7-10 (W.D. Tex. April 11, 2024) (Lane, Mag.):

> To be exempt… the employee must satisfy three conditions: (1) the employee must meet certain criteria concerning the performance of executive, administrative, and professional duties; (2) the employee must meet certain minimum income thresholds [total annual compensation of at least $107,432]; and (3) the employee must be paid on a salary basis.

The same exemption statute - 29 U.S.C. §213 - applies to minimum wage and overtime claims.

10. During the period for which Plaintiff seeks compensation, Plaintiff alleges that Lottery.com employed Plaintiff as its Executive Vice President, Technology, paying Plaintiff by salary of $350,000.00 annually. SAC at p. 4, ¶8. Plaintiff describes their duties and responsibilities in a management role. SAC, at p. 7, ¶27. Plaintiff describes themself as "the head of IT and Cyber Security" and claims to be subject to Lottery.com's *Insider Trading Policy*. SAC, at p. 10, ¶36. Plaintiff seeks compensation for their "management" services. SAC, at p. 22, ¶72. If one of the duties of a high compensation employee is managing the enterprise or managing a customarily recognized department

or subdivision of the enterprise, that employee is exempt from FLSA coverage because that employee is performing one of the duties of an executive employee. [https://www.dol.gov/agencies/whd/fact-sheets/17a-overtime](https://www.dol.gov/agencies/whd/fact-sheets/17a-overtime) (Highly Compensated Employees).

11. Therefore, based on the face of the SAC, Plaintiff's FLSA claims must be dismissed because Plaintiff describes himself as employed in a bona fide executive capacity. *See Guilbeau v. Schlumberger Tech. Corp.*, 2022 U.S. Dist. LEXIS 11092, at *12 (W.D. Tex. Jan. 21, 2022) ("A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties."); *Miller v. Infinite Percent Partners, LLC*, 2021 U.S. Dist. LEXIS 114026, at *4-7 (N.D. Cal. June 17, 2021) (Some Citations omitted) (Emphasis added):

> [Plaintiff] argues in her opposition that "[e]xempt employees are still entitled to the benefits of the FLSA if they are paid no minimum wage for 3 months." Plaintiff cites no authority, and the Court has found none, in support of this proposition. **On the contrary, the plain language of 29 U.S.C. § 213 clearly exempts "any employee employed in a bona fide executive, administrative, or professional capacity" from the minimum wage provisions of 29 U.S.C. § 206.** Accordingly, the Court finds that Plaintiff has not plausibly alleged a violation of the FLSA's minimum wage provisions.

## Count 2: Breach of Contract

12. "At will employment is an important and longstanding doctrine in Texas."[14] "Texas law imposes a strong presumption in favor of at-will employment."[15] To overcome the long-standing rule in Texas of employment at will, Plaintiff had to clearly and specifically allege an express agreement to the contrary.[16] Plaintiff failed to do so. *Sapp v. Chamberlain Coll. of Nursing*, 2020 U.S. Dist. LEXIS 120390, at *14 (S.D. Tex. July 9, 2020) ("Neither Rule 9(b) nor Texas law will allow a plaintiff to use bare allegations of fraud to circumvent the at-will nature of an employment relationship.").

---

[14] *Rieves v. Buc-EE's LTD*, 532 S.W.3d 845, 850 (Tex App.—Houston [14 Dist.] 2017, no pet.) (Observing that "Texas has zealously guarded against any erosion of the at-will employment doctrine.").

[15] *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 866 (5th Cir. 1999).

[16] *Brown v. Sabre, Inc.*, 173 S.W.3d 581, 585 (Tex. App.—Fort Worth 2005, no pet.).

13. Plaintiff failed to allege plausible facts of an enforceable agreement. Plaintiff refers to a written employment agreement but then calls it an "offer letter." SAC, at p. 14, ¶53. Plaintiff then contends that the offer letter was "amended" by a promotion, which Plaintiff refers to as Exhibit A. *Id*. However, Exhibit A is not a contract. Therefore, Plaintiff has alleged nothing by way of contract, amended by the nothing in Exhibit A.

14. Plaintiff was constructively terminated when Plaintiff did not receive salary for first bi-weekly pay period Plaintiff alleges Lottery.com missed (July 22, 2022). SAC, at p. 12, ¶45 & p. 14, ¶56. *See Traweek v. Global Solutions & Logistics LLC*, 2015 U.S. Dist. LEXIS 98098, at *15 (N.D. Ala. July 28, 2015):

> assuming that Traweek was still employed following the January 17th meeting, Global's failure to pay his wages can, in itself, be considered an "adverse employment action."
>
> *See, e.g., Penn. State Police v. Suders*, 542 U.S. 129, 134, 124 S. Ct. 2342, 159 L. Ed. 2d 204 (2004) (stating that "an extreme cut in pay" can, under some circumstances, provide a basis for alleging constructive discharge); *Bass v. Bd. of Cnty. Comm'rs*, 256 F.3d 1095, 1118 (11th Cir. 2001) (stating in a Title VII case that an adverse employment action can be "conduct that alters the employee's compensation").

Although Plaintiff maintains he was not "furloughed,"[17] Plaintiff knew immediately, and continually, that he would only be paid for work as an employee if the fortune of Lottery.com turned around.[18]

---

[17] SAC, at p. 4, ¶¶13-14. A furlough is a form of lay-off. *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 287 & n. 11, 66 S. Ct. 1105, 90 L. Ed. 1230 (1946).

[18] *See*:

| Date | Event | SAC |
|---|---|---|
| July 29, 2022 | Lottery.com files Form-8K, giving notice that it does not currently have sufficient financial resources to fund its operations or pay certain existing obligations, including its payroll and related obligations. | p. 4, ¶12 |
| August 16, 2022 | Lottery.com filed a Form 10-Q stating that on July 28, 2022, the Board determined that the Company did not have sufficient financial resources to fund its operations or pay certain existing obligations, including its payroll and related obligations | p. 4, ¶15 |
| March 29, 2023 | Lottery.com unable to pay "members of the team" until the company resolves its current state of insolvency" | p. 19-20 |
| April – July 2023 | Plaintiff told payroll would start back up if he "completed work," Plaintiff continued working, but Lottery continually failed to pay | p. 20 |

**Count 3: Common Law Fraud and Fraud in the Inducement**

15. The misrepresentations that Plaintiff attributes to Lottery.com are not actionable. SAC, at pp. 16-21, ¶67:

- Katie Lever. Non-actionable opinion/legal opinion.
- Richard Kivel. Statements were conditional on future events and uncertain.
- Sohail Quraeshi. Statement depended on conditional events and uncertain.
- Matt McGahan. Statement made after representations complained about. No inducement. No reliance. Statement was conditional on future events and uncertain.
- Amar Ali. Question asked. Not a statement of existing fact or a promise. Made during time period Plaintiff was adverse to Lottery.com on the claims made in this Case. No reliance on litigation adversary.
- Rob Stubblefield. Too vague or general, was conditional on future events and uncertain. Made during time period Plaintiff was adverse to Lottery.com in this Case. No reliance on litigation adversary.

Plaintiff fails to specify which of these statements are contained or reflected in public filings, which negate reliance based on disclaimers within them, such as the *Cautionary Note Regarding Forward-Looking Statements*. *See e.g.*, SAC, at pp. 60-62.

16. Plaintiff fails to plausibly allege: 1) that these statements are false or how they were recklessly made and if so, why they are false; 2) how any of these statements were relied on; 3) what Plaintiff gave up as a result; and 4) what Lottery.com received as a result. Plaintiff fails to provide specific times that the statements were made, giving four to five-month ranges for the date of some of the representations. Plaintiff fails to identify the specific means of transmission, alleging with respect to **every** representation: "WHERE: Verbal conversations, text messages and e-mails." SAC, at pp. 20-23. These failures to plead with particularity require dismissal of Plaintiff's fraud claims. *U.S. Enercorp, Ltd. v. SDC Mont. Bakken Expl.,* 2014 U.S. Dist. LEXIS 93660, at *26-27 (W.D. Tex. July 10, 2014): *In re iPhone 4s Consumer Litig.*, 637 Fed. Appx. 414, 416 (9th Cir. 2016) (Fed. R. Civ. P. 9(b) requires Plaintiff to explain what is false or misleading about the statement made and why it is false).

17. Plaintiff's complaints about representations occurring **after** Plaintiff's employment contract Agreement (March 30, 2020) fail to state a plausible claim and must be dismissed. SAC, at p. 3, ¶6; p. 14, ¶53; *Halper v. Univ. of the Incarnate Word*, 90 S.W.3d 842, 847 (Tex. App.—San Antonio 2002, no pet.); *Studer v. Moore*, 2021 Tex. App. LEXIS 1209, at *4 (Tex. App.—Houston [14th Dist.] Feb. 18, 2021, no pet.) ("[A]n at-will employee cannot bring fraud claims that depend on continued employment.").

18. Plaintiff's complaints about representations occurring **after** Plaintiff's claims **arose (June 8, 2023)**[19] fail to state a plausible claim and must be dismissed. *AKB Hendrick, LLP v. Musgrave Enters.*, 380 S.W.3d 221, 232 (Tex. App.—Dallas 2012, no pet.) ("Generally, reliance on representations made in a business or commercial transaction is not justified when the representation takes place in an adversarial context."). 63% of the amount of salary Plaintiff seeks is for time allegedly employed by Lottery.com **after** Plaintiff initiated arbitration against Lottery.com (that is now the subject of this Case), accusing Lottery.com of fraud. *See* SAC, at p. 14, ¶50. Fraud is a serious allegation.[20] The claims Plaintiff ultimately made in this Case cast Plaintiff and Lottery.com in an adversarial context because a "characteristic of litigation" is its "adversarial nature." *Coma v. United States*, 2022 U.S. Dist. LEXIS 141662, at *6-7 (M.D. Pa. August 9, 2022); *See also Zamora v. GC Servs., LP*, 2018 U.S. Dist. LEXIS 244730, at *1 (W.D. Tex. November 21, 2018) ("The Court reminds Mr. Zamora that a lawsuit is an adversarial proceeding…").

---

[19] Plaintiff's adversity to Lottery.com existed on (and most certainly **before**) June 8, 2023, the date Plaintiff filled his original complaint (Dkt. 1) in this Case.

[20] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) ("[A] lawsuit containing the serious and stigmatizing allegations of fraud damages the reputation of those accused so long as the lawsuit remains pending."); *McNeill v. Butz*, 480 F.2d 314, 320 (4th Cir. 1973); ("The charges smack of deliberate fraud. These relatively serious accusations in effect allege dishonesty and thereby impugn plaintiff's good name, reputation, honor, and integrity."); *cf. Morales-Carrera v. Ashcroft*, 74 Fed. Appx. 324, 325, 2003 U.S. App. LEXIS 15208 (5th Cir. 2003) (Fraud is a crime involving moral turpitude).

19. The SAC further negates the reasonable reliance element of fraud because since Plaintiff was an at will employee, Plaintiff is barred from complaining about any of Lottery.com's future conduct. *See Allamon v. Acuity Specialty Products, Inc.*, 877 F.Supp.2d 498, 523-524 (E.D. Tex. 2012) ("because she is an at-will employee, she is barred under Texas law from asserting fraudulent inducement claims"); *Hinds v. Orix Cap. Markets, L.L.C.*, 2003 U.S. Dist. LEXIS 15942, at *20 (N.D. Tex. Sept. 11, 2003) ("The promise of at-will employment provides no guarantees as to the employer's future conduct and, as such, does not provide a reasonable basis for reliance."); *See Brown v. Swett & Crawford of Texas, Inc.*, 178 S.W.3d 373, 379-80 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (Plaintiff's "status as an at-will employee preclude[d] his claim for fraudulent inducement as a matter of law"): *PAS, Inc. v. Engel*, 350 S.W.3d 602, 612-13 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (Employee's at-will status precludes a fraud claim as a matter of law because the employee cannot establish detrimental reliance which is an essential element of a fraud claim).

20. Last, because Plaintiff's fraud claims revolve around an employment contract, Plaintiff's fraud claims are barred by the economic loss rule. *Homeland Ins. Co. of N.Y. v. Clinical Pathology Labs., Inc.*, 2021 U.S. Dist. LEXIS 145626, at *22-23 (W.D. Tex. August 4, 2021) (Pitman, J.) ("Because Homeland's claim depends on the existence and enforceability of the 2017 Policy, it revolves around the insurance policy between the parties and is thus barred by the economic loss rule.").

**Count 4: Quantum Meruit/Unjust Enrichment**

Not enough law. Not enough facts. = Not Fair Notice

21. The SAC, at p. 22-23, fails to allege enough facts to state a facially plausible claim for quantum meruit. Plaintiff alleges "render[ing] valuable sales services to Defendant by participating in management of Defendant's business." SAC, at p. 22, at ¶72. Defendant concludes that he is "entitled to recover the reasonable value of his management services." *Id.* General and conclusory references

to "valuable services"[21] and "management"[22] without any specifics about the tasks performed does not sufficiently state a claim for quantum meruit. *Dynamic Robotic Sols., Inc. v. Simwon Tech., Inc.*, 2024 U.S. Dist. LEXIS 120801, at *23 (W.D. Tex. July 10, 2024) (Dismissing quantum meruit claim); *Zimnicki v. Krysiak Constr. Corp.*, 2022 U.S. Dist. LEXIS 166317, at *22-23 (E.D.N.Y. Sept. 14, 2022); *Accord Law Offices of John L. Juliano, P.C. v. Jensen*, 673 F. App'x 291, 294 (4th Cir. 2016) (Complaint failed to provide "fair notice" of quantum meruit for services because it did not identify any work Plaintiff had performed); *Cf. Johnson v. Luchin*, 2012 Tex. App. LEXIS 8055, at *4 (Tex. App.—Houston [14th Dist.] Sep. 25, 2012, no pet.) (To recover in quantum meruit, a party must provide specific evidence about the fair market value of each discrete task performed).

<u>Plaintiff failed to adequately allege nonpayment</u>

22. An essential allegation for recovering in quantum meruit is nonpayment for the beneficial services provided. *See Hill v. Shamoun & Norman*, 544 S.W.3d 724, 741 (Tex. 2018); *Cf. Il Ventures, LLC v. Factory 14 Uk Acquisition VI Ltd.*, 2023 U.S. Dist. LEXIS 226718, at *14-15 (W.D. Tex. December 20, 2023) (Lane, Mag.) *adopted by* 2024 U.S. Dist. LEXIS 2528 (W.D. Tex., Jan. 5, 2024) (Pitman, J.) (Finding quantum meruit adequately pleaded when Plaintiff alleged that "Defendants accepted benefits from Plaintiffs without compensating Plaintiffs"). Yet Plaintiff doesn't say that Lottery.com did not compensate Plaintiff. Instead, Plaintiff complains about not being paid at a biweekly salary totaling $250,000.00 per year. *See e.g.*, SAC, at pp. 23, ¶75 (Emphasis added) ("Plaintiff was not properly compensated for his work **at the applicable salary** that he contracted to earn.").

---

[21] *See In re SpecAlloy Corp.*, 582 B.R. 801, 807 (Bankr. M.D. Ala. 2018) ("Neither the Court nor the Trustee is obliged to accept Audientis' vague and conclusory assertion that valuable services were rendered at face value.").

[22] *See Lotfi v. Star Career Acad.*, 2017 U.S. Dist. LEXIS 59125, at *14 (S.D.N.Y. Mar. 23, 2017). ("Lotfi's allegation that Quad was involved in Star's 'day to day management,' SAC ¶ 59, is conclusory and therefore does little to help her.").

Plaintiff refuses to plead for what's allowed under quantum meruit

23. The measure for recovery in quantum meruit is the reasonable value of the services provided.[23] By seeking recovery in quantum meruit for an amount based on agreed salary, Plaintiff's request for quantum meruit fails to state a legally cognizable claim. *Cf. O.C.T.G., LLP v. Laguna Tubular Prods. Corp.*, 557 S.W.3d 175, 202 (Tex. App.—Houston [14th Dist.] 2018, pet. dism'd by agr.) ("Laguna points to evidence of amounts charged or paid as evidence of reasonable expenses. But this evidence does not necessarily reflect the reasonableness of those amounts because parties operating in a freedom-of-contract realm can agree to pay amounts that are unreasonable."). Refusing to stay within the limits of the law now leaves Plaintiff an insufficient complaint on his quantum meruit/unjust enrichment claims. *Koeller v. Numrich Gun Parts Corp.*, 675 F. Supp. 3d 260, 270 n.5 (N.D.N.Y. 2023) ("the plaintiff must also plead cognizable damages to survive a defendant's motion to dismiss under Rule 12(b)(6)."); *Burns v. Stratos*, 581 F. Supp. 3d 687, 696 (E.D. Pa. 2022) *aff'd* 2023 U.S. App. LEXIS 14854 (3d Cir. Pa., June 15, 2023) (Dismissing claims seeking benefit of the bargain damages on causes or action where that measure of damages was unavailable); *Hassan v. Facebook, Inc.*, 2019 U.S. Dist. LEXIS 122803, at *9 (N.D. Cal. July 23, 2019) ("Plaintiffs must plead legally cognizable contract damages to state a contract claim. Because they have not done so, Claim Three is dismissed…").

You're not that innocent. Plaintiff pleads themself out of Court on equitable claims

24. Plaintiff's specific allegations have pleaded Plaintiff out of court on quantum meruit/unjust

[23] *In re Palms at Water's Edge, L.P.*, 334 B.R. 853, 857-58 (Bankr. W.D. Tex. 2005) (Citations omitted):

> The measure of recovery in a quantum meruit action is the reasonable value of services rendered and materials furnished. In determining what is reasonable under the circumstances, the end accomplished, as well as the time and effort expended, should be taken into consideration. The test for the value of services under quantum meruit is not the value of the services to the defendant, but what would be the usual, reasonable and customary compensation for such services.

enrichment. First, Plaintiff pleaded themself out of Court for any recovery accruing after **June 8, 2023**, the date Plaintiff filed suit against Lottery.com (Dkt. 1), because Plaintiff unmistakably knew – by at least the date Plaintiff filed suit – that Lottery.com: 1) was not paying Plaintiff; 2) never intended to pay Plaintiff; and 3) kept asking Plaintiff to work but wasn't going to pay Plaintiff. *See supra* at n.18. And Plaintiff knew there was no money to pay Plaintiff, and there might never be, as early as July 29, 2022. *Id.* Therefore, all quasi contract and equitable theories of recovery are barred by virtue of that knowledge and Plaintiff cannot state a claim upon which relief can be granted for any compensation thereafter.[24]

No plausible cause of action for Unjust Enrichment

25. The Court can dismiss Plaintiff's unjust enrichment claim because unjust enrichment is not a "distinct" or independent cause of action. *Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N.A.*, 999 F.3d 970, 972 (5th Cir. 2021); *Nickel Bridge Cap., LLC v. Hendrickson*, 2024 U.S. Dist. LEXIS 73091, at *18 (S.D. Tex. April 22, 2024) (Dismissing unjust enrichment claim pursuant to *Midwestern Cattle* because unjust enrichment is not a distinct cause of action under Texas law).

26. "Unjust enrichment occurs when a person has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." *King v. Baylor Univ.*, 46 F.4th 344, 367 (5th Cir. 2022). This occurs in one of three ways:

> A party may recover under an unjust enrichment theory when one person has obtained a benefit from another by [1] fraud, [2] duress, or [3] the taking of undue advantage.

27. Plaintiff's "unjust enrichment is based on Defendant's fraudulent representations." SAC, at pp. 23, ¶77. *Luppino v. York*, 2017 U.S. Dist. LEXIS 221246, at *20 (W.D. Tex. Nov. 27, 2017) ("The

---

[24] *West Teleservices, Inc. v. Carney*, 75 S.W.3d 455, 460 (Tex. App.—San Antonio 2001, no pet.). ("no recovery can be had in quantum meruit where the plaintiff 'had actual knowledge and understanding prior to' performing the services in question that he or she would not receive compensation."); *See generally Twp. of Middletown v. Simon*, 937 A.2d 949, (N.J. 2008) (Emphasis added) (When a Plaintiff is not "innocent" (*i.e.* of the belief that Plaintiff will be paid) that Plaintiff is "deemed to officiously confer a benefit and may not recover.").

Court has already concluded that Luppino failed to plead fraud with adequacy. For that reason, Luppino's claim of unconscionability…also failed."). Plaintiff was also required to plead unjust enrichment with particularity. *Aponte v. Wyndham Vacation Resorts, Inc.*, 2016 U.S. Dist. LEXIS 141608, at *14-15 (W.D. Tex. October 12, 2016):

> plaintiffs do not sufficiently allege facts that Wyndham obtained a benefit by fraud, duress, or the taking of an undue advantage. While there is no doubt that plaintiffs conclude these things, the complaint does not include a factual recitation that meets the requirements of Fed. R. Civ. P. 8 and 9.

*See also Paige-Hull v. Wofford*, 2008 U.S. Dist. LEXIS 70987, at *25 (N.D. Tex. Sept. 17, 2008) (Duress is a closely related species of legal fraud); *Am. United Life Ins. Co. v. Mays*, 2017 U.S. Dist. LEXIS 120031, at *15 (E.D. Va. July 31, 2017) ("Defendant Whitney has not pled all the elements of duress, let alone with the particularity required by Rule 9(b)…"); *Vaughn v. World Sav. Bank, FSB*, 2013 U.S. Dist. LEXIS 66630, at *6 (C.D. Cal. February 22, 2013).

28. The Court should dismiss Plaintiff's unjust enrichment claim because Plaintiff failed to plead specific plausible facts showing: 1) that Lottery.com obtained a benefit by fraud, duress or the taking of undue advantage;[25] 2) how this occurred; and how and why it is unconscionable.[26]

Declaratory Judgment

A judicially remedial right which must attach itself to a cause of action. (So, not a cause of action)

29. Public information[27] shows that Lottery.com acquired the domain names:

[25] Plaintiff's claim for unjust enrichment fails to meet even a Rule 8 pleading standard. *Shanghai Hailian Elec. Tools Co. v. Home Depot U.S.A., Inc.*, 2017 U.S. Dist. LEXIS 146919, at *2 (N.D. Tex. Sept. 12, 2017) (Plaintiff failed to plead unjust enrichment because it did not allege that Defendant obtained a benefit from it by fraud, duress, or the taking of an undue advantage).

[26] *See e.g.*, *Gershfeld v. Teamviewer Us Inc.*, 2021 U.S. Dist. LEXIS 137353, at *10 n.4 (C.D. Cal. June 24, 2021) (Dismissing claim with prejudice where Plaintiff "does not allege a single fact explaining why Defendant's pricing was unconscionable.").

[27] *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *Delta Elecs., Inc. v. Vicor Corp.*, 2024 U.S. Dist. LEXIS 49036, at * (W.D. Tex. March 20, 2024) (SEC filings considered "publicly available information"); *Celeste v. Intrusion Inc.*, 2022 U.S. Dist. LEXIS 226841, at *17 (E.D. Tex. December 16, 2022) ("SEC filings" considered "public documents").

- lottery.com in March 2017, for the total purchase price of $935,000.00[28]; and
- Sports.com on April 5, 2021, for the total purchase price of $6,000,000.00.[29]

30. As "cause of action" No. 5, Plaintiff requests a declaration of ownership over two of Lottery.com's domain names. SAC, at pp. 24-25 (invoking the federal Declaratory Judgment Act, 28 U.S.C. §2201, at ¶84) This request fails to state a claim upon which relief can be granted. *See generally SJM Irrevocable Fam. Trust v. City of Runaway Bay*, 2024 U.S. Dist. LEXIS 141775, at *14 (N.D. Tex. August 9, 2024) ("the Court notes that declaratory relief, in itself, is not an independent cause of action but a form of relief."); *Tetelestai Mgmt. Grp., LLC v. Kiavi Funding, Inc.*, 2023 U.S. Dist. LEXIS 184462, at *6 (W.D. Tex. October 13, 2023) ("declaratory relief is merely a theory of recovery on an underlying cause of action—it is a procedural device that does not create any substantive rights or causes of action."). Because Plaintiff fails to plausibly allege a viable substantive cause of action, Plaintiff's request for declaratory judgment must be dismissed. *Tetelestai,* at *7 (Because Plaintiff failed to state any substantive claim—its request for declaratory relief fails as a matter of law."); *Christiana Trust v. Jacob*, 2016 U.S. Dist. LEXIS 197163, at *14 (W.D. Tex. March 4, 2016); *Wesner v. Southall*, 2023 U.S. Dist. LEXIS 178430, at *8 (N.D. Tex. September 22, 2023) ("declaratory judgment action cannot stand alone.").

*"That's mine now!"* [30]

---

[28] https://www.sec.gov/Archives/edgar/data/1673481/000121390021059537/ea150558ex99-2_lottery.htm, at p. 14.

[29] https://www.sec.gov/Archives/edgar/data/1673481/000121390021051465/fs42021a3_tridentacq.htm, at p. 86.

[30] *See* https://www.youtube.com/watch?v=yGB-4DUVIWo (at 0:01–0:23 and 1:00–1:13) for examples of other baseless ownership claims.

31. Because the request for declaratory relief is not tied to a cause of action within the jurisdiction of the Court, Plaintiff's request for declaratory judgment must be dismissed. *Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982).

32. Plaintiff does not identify which cause of action gives rise to a partial[31] or full ownership of Lottery.com's property based on paying "renewal fees" for that property. SAC, at p. 24-25. Plaintiff did not allege a general basis for how paying "renewal fees" on a domain name could establish any interest in any property.[32] Plaintiff failed to allege any factual or legal basis for divesting Lottery.com's property.

33. Plaintiff makes two other nonsensical assertions for entitlement to Lottery.com's <lottery.com> and <sports.com> domain names. First: "by virtue of the joint development." SAC, at p. 24. Second: "rendering of services under the Domain Names, and the shared quality control exercised with respect to the services offered under the Domain Name [singular form in original] since 2022." *Id.* No plausible facts are alleged to explain or identify what Plaintiff did to be entitled to ownership or why these vague categories entitle Plaintiff to ownership of Lottery.com's property. These fundamental pleading failures require dismissal.[33]

---

[31] The SAC fails to provide notice of which cause of action supports Plaintiff's request for an order "declaring that Plaintiff is the owner, or at a minimum is an equal co-owner of the Domain Names <lottery.com> and <sports.com> and is entitled to a percentage interest, or at minimum an undivided one-half (50%)…" SAC, at p. 24, ¶83.

[32] *See generally* Tex. Att'y Gen. Op. No. JC-0421, p. 2 (2001) ("Five types of lien are recognized in Texas: (1) contractual; (2) constitutional; (3) common law; (4) statutory; and (5) equitable.").

[33] *Watson v. FedEx Express*, 2024 U.S. App. LEXIS 2056, at *8-9 (5th Cir. January 30, 2024) (District court correctly dismissed claim because "even liberally construed, [Appellant's] allegations are wholly conclusory and devoid of the factual allegations necessary to withstand a motion to dismiss."); *Doe v. Robertson*, 751 F.3d 383, 387 (5th Cir. 2014) ("A complaint must fail if it offers only naked assertions devoid of further factual enhancement."); *Reeves v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 143859, at *12 (W.D. Tex. 2015) ("Even construing such language liberally, the Court finds this language incomprehensible, and is at a loss to detect 'a claim to relief that is plausible on its face.'"); *Anderson v. Jewelers*, 2010 U.S. Dist. LEXIS 141728, at * (N.D. Tex., Dec. 2, 2010) (Recommending dismissal where, for among other reasons, complaint was a "jumble of incoherent words and

The SAC must also be dismissed for failing to show that: 1) payment for any "renewal fees" paid on Lottery.com's behalf was properly presented to Lottery.com; and 2) Lottery.com will likely refuse to pay any renewal fees paid on its behalf in the future for <lottery.com> and <sports.com> domain names. *See Joseph v. Rodriguez*, 2022 U.S. Dist. LEXIS 250146 (S.D. Tex. November 18, 2022) (Citations omitted):

> When seeking declaratory relief, a plaintiff must allege facts showing that "it appears there is a substantial likelihood that he will suffer injury in the future." In order to receive declaratory relief "for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." Joseph has pled no facts showing that he continues to face the threat … or that there is a real and immediate threat of repeated exposure to a… threat. As such, he is not entitled to a declaratory judgment.

Plaintiff has not alleged facts showing a likelihood of future injury. Plaintiff has not alleged that Plaintiff will pay Lottery.com's renewal fees in the future, or that there is an immediate threat that Plaintiff will have to do so in the future.

34. The SAC shows how Plaintiff improperly presented a claim for "reimbursement" of the "renewal payments" on <lottery.com> and <sports.com>. Plaintiff alleges:

- Plaintiff is an executive officer of Lottery.com and an "insider". SAC, at p. 1; 10-11. This position imposes fiduciary duties on Plaintiff to Lottery.com.[34] A fiduciary's duty of loyalty

---

nonsensical phrases").

[34] *In re Estate of Poe*, 591 S.W.3d 607, 627-28 (Tex. App.—El Paso 2019, pet. filed) ("Nearly everywhere, and certainly in Texas, it is well established that officers of a corporation, by virtue of their authority, privileges and trust, have a strict fiduciary obligation to their corporation. That fiduciary obligation gives rise to a duty of loyalty…"); *Hoggett v. Brown*, 971 S.W.2d 472, 487 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) ("A fiduciary duty requires the fiduciary to place the interest of the other party before his or her own."); *Healey v. Healey*, 529 S.W.3d 124, 135 (Tex. App.—Tyler 2017, pet. denied) ("A fiduciary may not use his position to self-deal."); *Daniel v. Falcon Interest Realty Corp.*, 190 S.W.3d 177, 185 (Tex. App.—Houston [1st Dist.] 2005, no pet. ("an agent who uses his position to gain a business opportunity belonging to the employer commits an actionable wrong.").

Even if Plaintiff was not an officer of Lottery.com, "his role as the head of IT and Cyber Security" (SAC, at p. 10) various management functions (SAC, at p. 7, ¶27 – using "manage" or "managing" at least four times) imposes fiduciary duties on Plaintiff in favor of Lottery.com. *Stress Eng. Servs. Inc. v. Olson*, 2022 U.S. Dist. LEXIS 161691, at *14-16 (S.D. Tex. Aug. 4, 2022); *Eurecat US, Inc. v. Marklund*, 527 S.W.3d 367, 380 (Tex. App.—Houston [14th Dist.] 2017, no pet.):

prohibits taking "any advantage" or profit inconsistent with its duty to the principal.[35]

- Plaintiff "financially maintained the registration of the domains <lottery.com> and <sports.com> (including annual renewal fees) and 16 other company domains continuously since August 8, 2022. Plaintiff has personally paid the annual renewal fees without any reimbursements." SAC, at p. 11. Plaintiff does not allege that anyone asked Plaintiff to do so or that Lottery.com authorized Plaintiff to do so with personal funds. Plaintiff does not allege warning Lottery.com that Lottery.com risked losing domain names to Plaintiff if Plaintiff paid a renewal fee on Lottery.com's behalf.

- "total costs Plaintiff has personally expended include: "maintaining the domain names are [sic] $988.45." SAC, at p. 11, ¶38.

- Lottery.com has not reimbursed Plaintiff "for his personal financial contribution in keeping the domain names active." SAC, at pp. 11, ¶37.

- Plaintiff asked Lottery.com to "reimburse Plaintiff for the expenses related to the renewal of the Domain Names that allow the domain names to be operational and in Defendant's control." SAC, at p. 25, ¶85. (It appears that this amount is $988.45. SAC, at p. 25, ¶86).

Missing from the SAC is an allegation that Plaintiff presented to Lottery.com the amounts actually paid for <lottery.com> and <sports.com>'s "renewal fees." Plaintiff had a duty to strictly account to Lottery.com for all charges.[36] As 2 of the 18 domain names that Plaintiff alleges to be maintaining on behalf of Lottery.com, <lottery.com> and <sports.com>'s pro rata share of the total renewal fees would be $55.46 each. From Plaintiff's departure of their duty to provide a meaningful accounting, we have Plaintiff complaining about a nominal amount, unsupported by any legal theory. Despite the the SAC's lack of supporting allegations (or perhaps, because of the lack of supporting allegations),

---

[35] *InterFirst Bank Dall., N.A. v. Risser*, 739 S.W.2d 882, 899-900 (Tex. App.—Texarkana 1987).

[36] *See Republic Nat'l Bank & Trust Co. v. Bruce*, 105 S.W.2d 882, 885 (Tex. 1937) ("The law ought and does demand…a strict accounting [from the Trustee]"); *Gurley v. Lindsley*, 459 F.2d 268, 275 (5th Cir. 1972) (Fiduciaries have the duty and obligation to account to the Beneficiary); *In re Lowry Graphics, Inc.*, 86 B.R. 74, 77 (Bankr. S.D. Tex. 1988) (Trustee has duty to provide a "prompt and informative accounting."); *Sierad v. Barnett*, 164 S.W.3d 471, 480 (Tex. App.—Dallas 2005, no pet.) (Fiduciary duty requires fully accounting); *Maxwell's Unknown Heirs v. Bolding*, 36 S.W.2d 267, 268 (Tex. Civ. App.—Waco 1931, no writ) (Strict and accurate accounting); *Marchese v. Nelson*, 809 F. Supp. 880, 892 (D. Utah 1993) (Fiduciary required to provide understandable statements).

Plaintiff concludes entitlement to at least "*Half!*" [37] of the <lottery.com> and <sports.com> domain names. But asks for all of it.

Plaintiff's Admission bars declaratory relief

35. By calling Plaintiff's payment of Lottery.com's "annual renewal fees" "*personal financial contributions*," Plaintiff eliminated any case or controversy, because Plaintiff admits making the payments as a gift. *Pace Indus. Union-Mgmt. Pension Fund v. Westrock RKT Co.*, 2022 U.S. Dist. LEXIS 250534, at * (N.D. Ga. September 29, 2022) (collecting definitions with the consensus on the ordinary meaning of "contribution" being "voluntary" and "given").

## Conclusion

"[W]hen a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted."[38] Weighing the SAC for legal sufficiency under Fed. R. Civ. P. 12(b)(6) reveals that it lacks a single plausible claim for relief.

"The purpose of Rule 12(b)(6) motion is to allow the court to eliminate lawsuits that are fatally flawed in their legal premises and destined to fail, sparing litigants the burdens of unnecessary pretrial and trial activity."[39] "The purpose of a 12(b)(6) motion to dismiss is to dispose of suits when plaintiffs fail 'to give the defendant fair notice of what the claim is and the grounds upon which it rests.'").[40]

The Court gave Plaintiff additional chances to file a sufficient complaint. But Plaintiff refused to do so. Therefore, the Court fulfills the purpose of Rule 12(b)(6) by granting this Motion and dismissing with prejudice all claims contained in the SAC.

---

[37] *See* https://www.youtube.com/watch?v=uVBXhVS70Fg. Eddie Murphy, *Delirious*, (HBO 1983).

[38] *G&G Closed-Circuit Events v. Houston Hobby Invs., Inc.*, 59 F. Supp. 3d 781, 784 (N.D. Tex. 2014).

[39] *D.R. v. Devereux Adv. Behav. Health*, 2019 U.S. Dist. LEXIS 65419, at *7-8 (S.D. Tex. April 17, 2019).

[40] *Dominguez v. Target Corp.*, 2019 U.S. Dist. LEXIS 32121, at *29 (S.D. Tex. Feb. 8, 2019).

## Prayer

Defendant Lottery.com, Inc. requests that the Court sign an order dismissing with prejudice all claims contained in the SAC (Dkt. 38). Alternatively, Lottery.com requests that the Court dismiss each claim alleged by Plaintiff that the Court finds insufficient under Fed. R. Civ. P. 12(b)(6). Lottery.com requests any other relief to which it is justly entitled under Fed. R. Civ. P. 12(b)(6).

Local Court Rule CV-10(b) Required Information:

Signature: Andrew R. Korn
ANDREW R. KORN
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Defendant Lottery.com, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of August, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Eddie Hodges, Jr.
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Email: eddie.hodges@kennardlaw.com
ATTORNEY FOR PLAINTIFF

Andrew R. Korn
ANDREW R. KORN