IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN PETERSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-646-RP |
| | § | |
| LOTTERY.COM, INC., | § | |
| Defendant. | § | |

**Lottery.com, Inc.'s Reply regarding Motion to Dismiss for Failure to State a Claim**

1. Defendant Lottery.com, Inc. ("Lottery.com) replies to *Plaintiff's Response in Opposition to Defendant's Rule 12(B)(6) Motion to Dismiss* (Dkt. 41) ("Response").[1]

Plaintiff's failure to respond to Lottery.com's arguments requires dismissal.

2. Plaintiff abandoned their claims by failing to address one or more of Lottery.com's arguments for dismissing those claims contained in *Defendant Lottery.com, Inc.'s Motion to Dismiss for Failure to State a Claim* (Dkt. 39) ("MTD").[2]

Recent Event Affecting the Outcome of the MTD

3. Lottery.com filed the MTD on August 24, 2024. On August 28, 2024, Judge Lane made his *Report and Recommendation of the United States Magistrate Judge* (Dkt. 48) ("R&R") in *Marsh v. Lottery.com*,

---

[1] The pleading at issue is *Plaintiff's Second Amended Complaint* (Dkt. 38) ("SAC") containing the following "causes of action" and a request for declaratory relief (erroneously designated as a cause of action):

- Violations of the Fair Labor Standards Act – 29 U.S.C. §206(A). SAC, pp. 11-14;
- Breach of Contract. SAC, pp. 14-16;
- Common Law Fraud and Fraud in the Inducement. SAC, pp. 16-22;
- Quantum Meruit/Unjust Enrichment. SAC, pp. 22-24; and
- Declaratory Judgment – Domain Name Ownership. SAC, pp. 24-25.

[2] *See Medina v. Parkside Lending LLC*, 2020 U.S. Dist. LEXIS 130815, at *10 (W.D. Tex. July 23, 2020) (Austin, Mag.) *adopted by* 2020 U.S. Dist. LEXIS 243234 (W.D. Tex. November 17, 2020) (Citations omitted) ("Failure to respond to an argument in a motion to dismiss constitutes waiver of that issue at the district court. By failing to address this argument, Plaintiffs abandoned these claims. Defendants are, therefore, entitled to dismissal with prejudice of these claims.").

Inc., No. 23-cv-880-RP. The R&R is also reported by LEXIS at *Marsh v. Lottery.Com, Inc.*, 2024 U.S. Dist. LEXIS 154613. Because Plaintiff's causes of action in this Case are the same as the ones disposed of by Judge Lane in *Marsh v. Lottery.com*, the R&R is determinative of the outcome here.[3]

<u>Necessity is the Mother of Invention</u>

4. Forced to pivot because of the dispositive recommendations in the R&R, Plaintiff attempts to oppose dismissal because the MTD for "fails to consider the existence of a unilateral contract." *See* Response, p. 2. The SAC fails to contain the word *unilateral*. The Response uses the word *unilateral* **31** times. However, Plaintiff cannot supplement the allegations of the SAC through a response to a motion to dismiss. *Shockley v. EMC Mortg. Corp.*, 2011 U.S. Dist. LEXIS 168142, at *10 (N.D. Ga. September 28, 2011) ("Plaintiff cannot supplement the allegations of her Complaint through a brief in response to a motion to dismiss."); *In re GDC Technics, LLC*, 643 B.R. 417, 429-430 (Bankr. W.D. Tex. 2022) ("Subsequent pleading cannot cure a legally deficient claim for relief… Because a trial court may only consider the allegations set forth in a complaint at the motion to dismiss stage, setting forth more specific factual allegations in response to a motion to dismiss does not supplement the complaint."). To the extent an objection is required, Lottery.com objects to Plaintiff alleging or referring to "unilateral contracts" because that matter is outside the SAC.

<u>Plaintiff's failure to plausibly allege agency. Still fatal to Plaintiff's contract and fraud claims.</u>

5. Two words Plaintiff should have considered discussing more frequently are agent and agency, appearing in the Response just 5 times (most of which are in general or conclusory fashion).

6. The SAC is still fatally deficient. Plaintiff does not dispute that they must plead agency with

[3] Although Plaintiff's counsel filed the Peterson opposition 12 days after the R&R, Plaintiff's counsel failed to inform the Court of the R&R's existence. *Hartsell v. Source Media*, 2003 U.S. Dist. LEXIS 5250, at *9 (N.D. Tex. Mar. 31, 2003) (Lynn, J.) ("The duty of candor includes a 'continuing duty to inform the Court of any development which may conceivably affect the outcome of the litigation.'") (Emphasis in original).

particularity.[4] In this Case, authority is a component of reliance, and reliance must be plead with particularity.[5] Moreover, because Plaintiff completely failed to allege agency, the SAC fails the Rule 8 standard for pleading.[6] *See Wilhite v. Acell Investors Ltd.*, 2014 U.S. Dist. LEXIS 8478, at *8 (N.D. Tex. January 23, 2014).

7. There is no allegation in the SAC about any Lottery.com action sufficing to create apparent agency. Plaintiff did not allege that Lottery.com's board of directors delegated any authority.[7]

---

[4] A majority of courts require that agency be pleaded with particularity. *See Burback v. Oblon*, 2022 U.S. Dist. LEXIS 128867, at *27-28 (E.D. Tex. July 20, 2022); *Whitney Nat'l Bank v. Med. Plaza Surgical Ctr. L.L.P.*, 2007 U.S. Dist. LEXIS 7371, at *8-15 (S.D. Tex. Feb. 1, 2007) (collecting cases). This requirement is consistent with the Fifth Circuit's strict interpretation of Rule 9(b), "applied with bite and without apology." *Moncibais v. Newrez LLC*, 2024 U.S. Dist. LEXIS 76058, at *10-11 (S.D. Tex. Mar. 1, 2024).

[5] *Abdee Sharifan v. Neogenis Labs, Inc.*, 622 F. Supp. 3d 478, 491 n.9 (S.D. Tex. 2022) (Citations and quotation marks omitted):

> The Fifth Circuit… and other district courts within this circuit have either held or strongly suggested that Rule 9(b)'s particularity requirement extends to allegations of actual reliance. In other words, to surmount the hurdle of Rule 9(b), a plaintiff must describe the circumstances of [his] reliance with particularity.

[6] Plaintiff alleges only that "[o]n March 30, 2020, Plaintiff and Defendant entered into a written employment agreement whereby Plaintiff was employed to perform services as Vice President of Research and Development for Lottery.com." SAC, at ¶53. However, Plaintiff did not attach an employment agreement and doesn't identify who at Lottery.com – by name or description – "agreed" to any terms on behalf of the Company. Plaintiff references an "offer letter" that contained "essential terms of the employment relationship (*Id.*) but also fails to attach it to the SAC or identify in the SAC who at Lottery.com made the offer letter. Plaintiff further alleges that the offer letter was "eventually amended by Plaintiff's February 2022 promotion to Executive Vice President." *Id.* (Referencing Exhibit A). Exhibit A does not reference or incorporate any prior letter(s) or agreement(s).

[7] In Texas and Delaware, corporate power exists solely in the Board. *See* Tex. Bus. Org. Code §21.401(a) (Management by Board of Directors); 8 Del. C. §141(a) (Board of Directors…). Unless delegated, hiring is the function of the board of directors, sitting as a body. *Id.*; *See generally Tomlin v. Ceres Corp.*, 507 F.2d 642, 648 (5th Cir. 1975) ("A corporation executes its business affairs by, and is bound by, the actions of its board of directors.").

Assigning corporate titles does not create agency.[8] Therefore, Plaintiff's fraud and contract claims[9] must be dismissed. *Whitney Nat'l Bank v. Med. Plaza Surgical Ctr. L.L.P.*, 2007 U.S. Dist. LEXIS 7371, at *14-15 (S.D. Tex. Feb. 1, 2007); *See e.g., White v. Cyr*, 2020 U.S. Dist. LEXIS 57968, at *16-20 (W.D. Tex. April 2, 2020) (Fraud claim did not plausibly allege facts to demonstrate agency); *Singleton v. Synchrony Bank*, 2019 U.S. Dist. LEXIS 44038, 1t *8 (S.D. Tex. March 18, 2019) (Plaintiff failed to plead fraud "with the particularity required by Rule 9(b)… [the] allegations fall[ing] short because the relationship between [Plaintiff] and the salesman is central to his claim, but he has not alleged that the salesman represented [Defendant], nor has he established an agency relationship with the necessary particularity.").[10]

Still Naked. But Unafraid.

8. Apparent authority is based on estoppel. *Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007). Plaintiff – the party relying on estoppel has the burden of proof – and the failure to plead and prove any of the elements "is fatal." *See Rahlek, Ltd. v. Wells*, 587 S.W.3d 57, 72 (Tex. App.—Eastland 2019, pet. denied). The sole allegations of agency in the SAC come from the titles alleged for the people that

[8] *Douglass v. Panama, Inc.*, 487 S.W.2d 228, 233 (Tex. App.—Houston [14th Dist.] 1972) aff'd 504 S.W.2d 776 (Tex. 1974). (Finding no actual authority of the president of a corporation to promise employees bonuses because under Texas statutes "the business and affairs of a corporation are managed by the board of directors and not by . . . anyone else in the absence of an agreement or, as to third parties, apparent authority"); *Expro Ams., LLC v. Sanguine Gas Exploration, LLC*, 351 S.W.3d 915, 921(Tex. App.—Houston [14th Dist.] 2011, pet. denied) ("A finding of actual authority cannot be based merely on the words or deeds of the agent.").

[9] *Expro Ams., LLC v. Sanguine Gas Exploration, LLC*, 351 S.W.3d 915, 923 n.5 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (Enforceable agreements must be made by someone with authority).

[10] Plaintiff's characterization of *Elaazami* at page 2 of the Response fails to recognize that factual allegations are needed to connect a title to a person's apparent authority to bind a principal. For example, Texas' Third Court of Appeals found evidence of authority lacking in *Impact Floors of Tex., L.P. v. At Your Disposal, Inc.*, 2019 Tex. App. LEXIS 5659, at *14 (Tex. App.—Austin July 9, 2019, no pet.) (Mere appointment of a person as a vice president does not by itself establish apparent authority as a matter of law to execute contracts on behalf of the company; Summary Judgment Movant presented no evidence concerning the authority typically wielded by someone with the Title of the signer).

Plaintiff associates with Lottery.com. Response, at p. 2, ¶2 ("Plaintiff identifies several executive officers, board members, and the chairman of the board, by name, who either have actual authority or apparent authority under Texas law to bind Defendant to its misrepresentations and contracts. Dkt. 38 ¶29, 67."); p. 15, ¶ 28. Plaintiff's labels are insufficient to establish apparent authority. *In re Rohrig Invs., LP*, 584 B.R. 382, 403-404 (Bankr. N.D. Ga. 2018):

> With respect to apparent authority, Plaintiff has alleged Charlie Loudermilk is the manager and sole owner of 3110. Plaintiff's allegations are devoid of any actions, statements, or other manifestations by Charlie Loudermilk indicating that any of the Loudermilk Parties, their employees, or their attorneys were authorized to act on behalf of 3110 in negotiating the Settlement Agreement… O.C.G.A. § 14-11-301 sets forth the authority of members and managers to act on behalf of an LLC and to bind the LLC, depending on whether the LLC is member-managed or manager-managed. Plaintiff does not allege any facts from which the Court can reasonably conclude that anyone other than Charlie Loudermilk has the power to authorize others to act on behalf of 3110…
>
> Plaintiff has not alleged any course of dealings or special circumstances from which the Court could reasonably infer that any other Loudermilk entity or employees were acting with apparent authority. Although Plaintiff has alleged that Mr. Howard has extensive management control over The Loudermilk Companies, Plaintiff has not alleged that Mr. Howard or any of the Loudermilk Parties has any history of negotiating the settlement of disputes among related third parties on behalf of 3110…

As to contract claims, Plaintiff does not identify who made the alleged promises that bind Lottery.com. As to fraud claims, Plaintiff never connects the alleged fraudulent representations to the scope of the purported agency. *See Buffalo Xerographix v. Hartford Ins.*, 540 F. Supp. 3d 382, 393 (W.D.N.Y. May 18, 2021). Meaning the SAC fails to plausibly allege how any speaker had authority to bind Lottery.com on the subject matter of the statement made by the speaker. Instead, Plaintiff invites the Court to do exactly what *Twombly* prohibits. Accept labels with no factual enhancement. *Garza v. Gibraltar*, 2024 U.S. Dist. LEXIS 111755, at *8-9 (W.D. Tex. May 15, 2024) (Lane, Mag.) *adopted in part by*, 2024 U.S. Dist. LEXIS 124783 (W.D. Tex., July 16, 2024) (Citing *Twombly*) (Internal citations omitted) (Emphasis added)("Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief, this standard demands

more than unadorned accusations, **labels** and conclusions, a formulaic recitation of the elements of a cause of action, or **naked assertion**[s] devoid of further factual enhancement.").

Refuse and Lose.

9. Plaintiff's refusal to acknowledge and address three agency fundamentals is fatal to the fraud and breach of contract claims:

- Courts never presume an agency relationship exists;
- Plaintiff has the burden of proving agency; and
- Whether an agency relationship exists is generally a question of fact that must be supported by factual allegations in the Complaint.

*See Undavia v. Avant Med. Group, P.A.*, 468 S.W.3d 629, 634 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Lytikainen v. Schaffer's Bridal LLC*, 409 F. Supp. 3d 767, 778 (D. Ariz. 2019); *See generally Smith v. Lynch*, 115 F. Supp. 3d 5, 9 n.6 (D.D.C. 2015) (Ignoring a fundamental flaw in Complaint was fatal).

Count 1: FLSA Minimum Wages (Still inapplicable to Plaintiff)

10. The R&R is determinative on the outcome of Plaintiff's FLSA claim. *See* R&R, p. 7-10.

11. Plaintiff's points out a meaningless difference in *Miller*, like it a meaningful distinction. Plaintiff contends that they are non-exempt under the FLSA because Plaintiff was **not** paid. Miller argued that exempt employees are still entitled to the benefits of the FLSA if they are **not** paid. *Miller v. Infinite Percent Partners, LLC*, 2021 U.S. Dist. LEXIS 114026, at *6 (N.D. Cal. June 17, 2021). Another Court recently came to the same conclusion as *Miller*. *Buan v. AATRU Med., LLC*, 2024 U.S. Dist. LEXIS 92161, at *7 (D. Minn. May 23, 2024) ("Ultimately, because Aatru promised to pay Buan $240,000, Aatru satisfied FLSA's minimum wage requirements regardless of whether it ultimately paid Buan.").

Count 2: Breach of Contract (Plaintiff still an at will employee with no enforceable rights)[11]

12. The R&R is determinative on the outcome of the breach of contract claim. *See* R&R, p. 11-17.

13. Subject to Lottery.com's objection to Plaintiff's allegation of "unilateral contracts" outside the pleadings, the Court must still dismiss Plaintiff's breach of contract action. A unilateral contract must include essential terms, which are "the time of performance, the price to be paid, and the service to be rendered, and in the context of employment agreements, may typically include 'compensation, duties or responsibilities.'" *City of Pearsall v. Tobias*, 533 S.W.3d 516, 521 (Tex. App.—San Antonio 2017, pet. denied). Plaintiff contends that "the offer letter can be used as evidence of one of the essential terms in these unilateral contracts." Response, p. 10.[12] It is unclear whether Plaintiff is referring to the unknown offer letter, or the "amending" document attached as Exhibit A. SAC, ¶53. Where are the rest of the essential terms? There are no allegations in the SAC plausibly stating a unilateral employment contract. This fatal omission requires dismissal of Plaintiff's breach of contract claim. *Lemons v. Meguerian*, 2024 U.S. App. LEXIS 7316, at *9 (3d Cir. Mar. 28, 2024) (Without identifying essential terms, Court cannot tell whether contract was kept or broken, which is "fatal" to the breach of contract claim); *Ward v. Litton Loan Servicing*, 2012 U.S. Dist. LEXIS 199874, at *3 (C.D. Cal. Apr. 10, 2012) ("Plaintiffs make vague references to the existence of a contract .... but provide no specifics as to the alleged contract's purported terms. Without the specifics of the alleged contract, Plaintiffs are incapable of alleging breach or damages.").

---

[11] Lottery.com has already addressed Plaintiff's failure to state a claim on the breach of contract claim due to fatal omissions on agency. *See supra*, at ¶5-9.

[12] *Twombly* requires more than this. *Interspan Distribution Corp. v. Liberty Ins. Underwriters, Inc.*, 2008 U.S. Dist. LEXIS 26259, *20 (S.D. Tex. 2008):

> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.

Count 3: Common Law Fraud Claim (Still insufficient)

14. The R&R is determinative on the outcome of Plaintiff's fraud claim. *See* R&R, p. 17-25.

15. The SAC still fails Rule 9(b). The layout of the Response makes it even clearer that with one exception discussed infra, Plaintiff failed to identify who the alleged false statements were made to. SAC, ¶67) ("Defendant made the following false statements representations…"). *Siemens Med. Solutions USA, Inc. v. Sunrise Med. Tech., Inc.,* 2005 U.S. Dist. LEXIS 43560, *14 (N.D. Tex. Mar. 16, 2005) (Rule 9(b) requires identifying to whom false statements were made). This omission conveniently insulates the SAC from dismissal based on unreasonable reliance and immateriality.

16. The SAC contains no specific false promises. And some statements are identified as quotes when they clearly aren't. *See e.g.*, SAC, p. 20:

> WHO: Amar Ali-CLO (Apparent Authority)
> WHAT: Material Representation:
>
> i. **"Asked Plaintiff to complete work in return for payroll starting back up and reimbursements being paid out."**

As stated, this is non-actionable. *Bilodeau v. McAfee, Inc.*, 2013 U.S. Dist. LEXIS 89226, at *21 (N.D. Cal. June 24, 2013) ("importantly, the complaint paraphrases the allegedly false representations made by Defendants without citation, failing to provide the specificity that would be required to put Defendants on notice, or to permit the Court to evaluate the validity of Plaintiff's fraud claim.").

17. The SAC fails to adequately allege how the representations complained of were false. *See Gardner v. Forest River, Inc.*, 2017 U.S. Dist. LEXIS 103310, at *17-18 (W.D. Tex. July 5, 2017) (Dismissing fraud claims on the basis that "plaintiffs do not explain why either statement was fraudulent"); *Siragusa v. Arnold*, 2014 U.S. Dist. LEXIS 96392, at *11-18 (N.D. Tex. July 16, 2014) ("Because Plaintiff does not provide adequate factual detail concerning the alleged representations or Arnold's intent, the Court GRANTS Defendants' Motion to Dismiss Siragusa's common law fraud claim."); *In re BP p.l.c.*, 2013 U.S. Dist. LEXIS 171459, at *61 (S.D. Tex. Dec. 2, 2013) ("Because

Alameda County has not adequately alleged that the above statements were false when made, they cannot form the basis of a viable 10(b) claim."). For example, the statement attributed to Rob Stubblefield in approximately June 2024. SAC, p. 20 ("**Once** the company gets funding from UCIL or another outside investor then everyone will get paid. Were [sic] just waiting for the S1 to be finalized.") (Emphasis added). Plaintiff failed to allege that the funding Mr. Stubblefield referred to in June 2024 occurred without Lottery.com paying Plaintiff.

<u>Plaintiff's Fraud Claim: Too unbelievable to be plausible. Made implausible by alternate explanation.</u>

18. In the Response, at pages 11-17, Plaintiff contends that:

- Six people (all representatives of Lottery.com with actual or apparent authority);
  - separately made false statements to Plaintiff over two years;
    - for the purpose of obtaining Plaintiff's work;
      - with no intention of compensating Plaintiff.[13]

The explanation provided for the falsity of most of these representations is because Lottery.com never intended to compensate Plaintiff. SAC, at p. 17-21.

19. "The presence of an obvious alternative explanation for assertedly unlawful conduct may

[13] Plaintiff alleges – no intent to perform in conclusory fashion while – while also pleading how Lottery.com paid Plaintiff as agreed for more than two years. SAC, at ¶6-9, 61. *See Hernandez v. Ikon Ofc. Solutions, Inc.*, 306 Fed. Appx. 180, 182 (5th Cir. 2009) ("Significantly, the complaint also affirmatively allege[s] that [Lottery.com] initially performed under the contract."); *Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010)) (Affirming 12(b)(6) dismissal of fraud claim) ("All of these events point away from an inference that Potter never intended to pay."); *Ascend Performance Materials Operations LLC v. MasTec Power Corp.*, 2024 U.S. Dist. LEXIS 128437, at *8-9 (S.D. Tex. July 22, 2024):

> No other facts or details are alleged to create an inference that MasTec didn't intend to perform under the contract when it was made. Given the heightened pleading requirements of Rule 9(b), the lack of any details that corroborate allegation of a fraudulent scheme, and the fact that MasTec initially performed its obligations under the contract, Ascend's allegations as a whole don't plausibly plead an intention not to perform… As such, Ascend hasn't sufficiently stated a claim for fraud under Texas law. The motion to dismiss will be granted on this basis.

justify dismissal under Rule 12(b)(6). Allegations are implausible when there exists a concrete, obvious alternative explanation for the defendant's conduct. An inference pressed by the plaintiff is not plausible if the facts he points to are precisely the result one would expect from lawful conduct in which the defendant is known to have engaged." *Fritton v. Taylor Corp.*, 2023 U.S. Dist. LEXIS 145940, at *22 (D. Minn. August 21, 2023) (Citations and internal quotations omitted); *JSW Steel (USA) Inc. v. Nucor Corp.*, 586 F. Supp. 3d 585, 595 (S.D. Tex. 2022):

> When faced with two possible explanations for a defendant's conduct, only one of which results in liability, a plaintiff cannot offer allegations that are "merely consistent with" their favored explanation but are also consistent with the alternative explanation. *Twombly*, 550 U.S. at 557. "[S]omething more" is needed. *Id.* at 560. The plaintiff must plead facts excluding the possibility that the "obvious alternative explanation" is true, *id.* at 567, which requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The SAC establishes an obvious alternative explanation for the unlawful conduct alleged. No money. Meaning that Lottery.com has not secured the money to make payments to anyone and that Lottery.com remains insolvent and unable to pay any employees. *See e.g.*, SAC, at p. 6, 20. Plaintiff alleges that since July 29, 2022, Lottery has "not currently ha[d] sufficient financial resources to fund its operations or pay certain existing obligations, including its payroll and related obligations.") SAC, at p. 4, ¶16. This is reflected in the Lottery's lack of cash. SAC, at p. 64 (Lottery.com Condensed Consolidated Balance Sheets).[14] Despite Plaintiff's penchant for including or attaching public

[14] On August 19, 2024, Lottery.com filed its most recent Form 10-Q, publicly available at https://www.nasdaq.com/market-activity/stocks/ltry/sec-filings, showing only $27,952.00 in cash (Consolidated Balance Sheet for period ending June 30, 2024). F-2. And stating at F-7:

> In connection with the Company's Operational Cessation, the Company has experienced recurring net losses and negative cash flows from operations and has an accumulated deficit of approximately $247 million and working capital of approximately negative $8.9 million on June 30, 2024. For the quarter ended June 30, 2024, the company sustained a loss of $5.9 million. For the year ending December 31, 2023 the company sustained a net loss of $25.5 million. The Company sustained a loss from operations of $60.0 million and $53.0 million for the years ending December 31, 2022, and 2021, respectively. Subsequently, the Company sustained additional operating losses and anticipates additional operating losses for the next twelve months. These conditions raise substantial doubt about the Company's ability to continue as a going concern.

information about the financial condition of Lottery.com, Plaintiff has not alleged that since July 29, 2022, Lottery.com has had the money to pay Plaintiff, or that Lottery.com improperly paid or preferred other creditors over Plaintiff. Since Plaintiff alleges that they are still employed as Lottery.com's Executive Vice President, Technology (SAC, ¶53) serving as "head of IT and Cyber Security" (SAC, ¶36). *See also* SAC, ¶36), (Identifying many important sounding "tasks completed" by Plaintiff including: 1) managing company cloud accounts; 2) managing email systems and communication systems for board members; and 3) providing due diligence on merger and acquisition talks). Someone in those positions would have access to the information to confirm the Company's current financial condition. *See Guitar Trust Estate v. Boyd*, 120 S.W.2d 914, 918 (Tex. Civ. App.—Eastland 1938, no writ) (No fraud between parties with equal means of knowledge).

20. Last, Plaintiff's characterization of their fraud claim is self-defeating. Opinions are non-actionable. Statements predicting future events are not actionable. *Zar v. Omni Indus., Inc.*, 813 F.2d 689, 693 (5th Cir. 1987) ("The generally accepted rule in Texas jurisprudence is that future predictions and opinions… cannot form a basis for fraud as a matter of law."). Statements about making payment if various conditions occur are not actionable. See *United Mobile Homes, Inc. v. ING Inv. Mgmt.*, LLC, 34 Fed. Appx. 876, 877 (3d Cir. 2002) ("District Court did not err in dismissing the complaint):

> District Court found that no intentional or negligent misrepresentation had occurred. UMH alleges, however, that ING falsely represented that, if UMH qualified for a multi-million dollar loan, ING would be willing to lend UMH the money. The District Court found this to be a conditional statement that does not misrepresent a presently existing or past fact. It was nothing more than a statement of a possible future conditional event. Thus, this statement fails to meet the requirements of a claim of intentional misrepresentation.

Count 4: Quantum Meruit/Unjust Enrichment claim

21. The R&R is determinative on the outcome of Plaintiff's quantum meruit/unjust enrichment

claim. *See* R&R, p. 25-30. If the Court evaluates the SAC on a "passive claim" of unjust enrichment, the Court is correct to apply a third party nexus. The third-party nexus in "passive" unjust enrichment is supported by Texas law and was discussed over twenty years ago in *Mowbray v. Avery*, 76 S.W.3d 663, 689 (Tex. App.—Corpus Christi 2002, pet. denied). Interpreting *Mowbray*, Judge Cardone wrote:

> Texas law also reveals that unjust enrichment can touch 'passively received' benefits, where the nexus is some related third party's acts against the plaintiff, when it would be 'unconscionable for the receiving party to retain' them.

*Cty. of El Paso v. Jones*, 2009 U.S. Dist. LEXIS 113141, at *35 (W.D. Tex. Dec. 4, 2009).

22. Plaintiff addressed Lottery.com's argument about how Plaintiff pleaded themself out of court (by seeking non-recoverable damages) by stating only:

> Plaintiff has alleged that Plaintiff is entitled to recover the reasonable value of his management services rendered to Defendant. Dkt. 38 ¶ 72. Plaintiff alleges such services to the Company provided by Plaintiff, at the request of and on behalf of Defendant, have a reasonable fair market value in excess of the minimum jurisdictional limits of this Court, for all of which Plaintiff hereby sues. Dkt. 38 ¶ 77.

Response, at p. 18, ¶31.a. But Plaintiff mischaracterizes their own SAC, which states the following at pages 25-26 (Emphasis added):

> 72. Plaintiff continues to **render valuable sales services to Defendant by participating in management** of Defendant's business, the benefits of which were accepted by Defendant. **Plaintiff rendered management services** with an understanding and expectation that Plaintiff would be **compensated for his services as agreed**.
>
> 75**. Plaintiff was not properly compensated for his work at the applicable salary that he contracted to earn**. Such services to the Company provided by Plaintiff, at the request of and on behalf of Defendant, have a reasonable fair market value in excess of the minimum jurisdictional limits of this Court, **for all of which Plaintiff hereby sues**.
>
> 78. **Plaintiff now seeks damages in the amount of all respective unpaid wages, bonuses, and reimbursements,** plus liquidated damages. Plaintiff seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant.

These statements identify a minimum amount for purposes of jurisdiction and allege that "the reasonable value of" Defendant's "management services" is his "applicable salary." Moreover, ¶78

contains what Plaintiff is specifically seeking[15] – which is **not** recoverable in quantum meruit or unjust enrichment. *Vandelay Hosp. Grp. LP v. Cincinnati Ins. Co.*, 2020 U.S. Dist. LEXIS 149196, at *15 (N.D. Tex. Aug. 18, 2020) ("Because [Plaintiff] seeks damages that are not recoverable…as a matter of law, the court concludes that [Plaintiff] has failed to plead a plausible [] claim, and there is therefore no reasonable basis on which the court can conclude that [Plaintiff] could recover on this claim…").[16]

23. Realizing Plaintiff pleaded itself out of court by seeking nonrecoverable damages, Plaintiff has pivoted after the R&R to argue that Plaintiff's "inclusion of the wages" for his requested quantum meruit "provides facts as to what the reasonable value of his services are based on past performance." Response, ¶31.a. This argument fails because evidence of amount paid is not evidence of reasonableness.[17]

Missing **one** element of a cause of action is a **complete** failure

24. The Court can't evaluate the sufficiency of any factual allegations without measuring them to each of the elements of the claim.[18] Because Plaintiff failed to plead all the elements of quantum

[15] *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London*, 32 F.4th 1347, 1362 (11th Cir. 2022) (Specific allegations as to the types of damages govern over the general).

[16] *See also Barinaga v. Ariel Wireless, Inc.*, 2002 U.S. Dist. LEXIS 25555, at *21 (D. Or. July 2, 2002).

[17] *O.C.T.G., LLP v. Laguna Tubular Prods. Corp.*, 557 S.W.3d 175, 202 (Tex. App.—Houston [14th Dist.] 2018, pet. dism'd by agr.) ("Laguna points to evidence of amounts charged or paid as evidence of reasonable expenses. But this evidence does not necessarily reflect the reasonableness of those amounts because parties operating in a freedom-of-contract realm can agree to pay amounts that are unreasonable."); *Torrez v. Sanders*, 163 S.W.3d 133, 134 (Tex. App.—San Antonio 2005, no pet.) "Proof of amounts charged or paid is not proof of reasonableness"); *Fort Worth Hotel, Ltd. v. Enserch Corp.*, 977 S.W.2d 746, 762-763 (Tex. App.—Fort Worth 1998, no pet.) ("mere proof of amounts charged or paid does not raise an issue of reasonableness and such amounts ordinarily cannot be recovered without evidence showing the charges were reasonable.").

[18] *See Mitskog v. U.S. DOJ*, 2023 U.S. Dist. LEXIS 83359, at *4 (D.D.C. May 12, 2023) (Citing *Iqbal*) ("A complaint has facial plausibility when a plaintiff pleads all of the elements of their claim and supports those elements with enough factual allegations to 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"); *SDC Info. Servs. v. Intelligroup, Inc.*, 2012 U.S. Dist. LEXIS 80792, at *5 (D.N.J. Jun. 11, 2012) ("Plaintiff has failed to make factual allegations that would state a claim for unjust enrichment… in fact, the Complaint does not even

meruit and unjust enrichment (*See* MTD at p. 13-18), the Court must dismiss these claims.

Count 5: (Declaratory Judgment – Domain Name Ownership)

25. The SAC failed to provide the grounds supporting Plaintiff's claim for ownership of Lottery.com's domain names. *See* SAC, ¶80-86. Despite Lottery.com challenging Plaintiff to identify the legal basis for their ownership claim (MTD, at ¶30-32), the Response fails to identify any authority supporting Plaintiff's right to own Lottery.com's domain names. *See* Response, at ¶38-42. No cause of action alleged by Plaintiff supports a direct ownership interest in Lottery.com's domain names. Plaintiff's recharacterization of the basis of this claim fails to make it more than a general creditor. *See* Response, at ¶39. A general creditor has no right in or lien upon property of the debtor. *Est. of Stonecipher v. Est. of Butts*, 591 S.W.2d 806, 809 (Tex. 1979).

26. A claim fails when no substantive right exists. *Lamar Co., L.L.C. v. Goshen Springs Prop. III LLC*, 2021 U.S. Dist. LEXIS 262101, at *17 (N.D. Ga. April 5, 2021); *Hao v. GoDaddy.com LLC*, 2023 U.S. Dist. LEXIS 72042, *5-6 (D. Ariz. Apr. 25, 2023):

> Hao's complaint includes a count seeking a declaratory judgment that he owns the domain name.
>
> It is well settled that the Declaratory Judgment Act is only procedural. As such, the Declaratory Judgment Act leaves substantive rights unchanged. A party cannot obtain any declaration of rights that do not exist under substantive law; it must rely on valid legal predicate. Therefore, a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right of such relief.

---

recite the elements of these two claims."); *Dickson v. United States*, 2024 U.S. Dist. LEXIS 35340, at *29 (E.D. Tex. January 11, 2024) (Stetson, Mag.) *adopted* by 2024 U.S. Dist. LEXIS 34214 (E.D. Tex., Feb. 27, 2024)( In evaluating the sufficiency of a Complaint, the Court "must determine" whether a Plaintiff "has sufficiently plead all the elements of a[] claim under Texas law."); *See, e.g. Recio-Garcia v. Ditech Fin. LLC*, 2018 U.S. Dist. LEXIS 173084, at *6-7 (W.D. Tex. June 6, 2018) (Manske, Mag.) adopted by 2018 U.S. Dist. LEXIS 173080 (W.D. Tex., July 10, 2018) (Pitman, J.) ("a plaintiff must plead all wrongful foreclosure elements within their complaint and provide some plausible basis for their claim in order to survive a motion to dismiss."); *Bushman v. Lockheed Martin Corp.*, 2001 U.S. Dist. LEXIS 16800, at *9 (N.D. Tex. October 16, 2001) (Pre-Twombly) ("If plaintiff is going to assert a breach of contract claim, he must plead all of the elements of such claim.").

27. "A dismissal for failure to state a claim can be based on the lack of a cognizable legal theory." *Boone v. City of Phoenix*, 2022 U.S. Dist. LEXIS 207255, at *9-10 (D. Ariz. November 15, 2022). When a claim provides no discernible legal basis, it does "not satisfy the mandate in Rule 8(a)(2) that Plaintiff provide 'a short and plain statement of the claim showing the pleader is entitled to relief.'" *Id.*, at *10.

Conclusion

28. In assessing plausibility, "[e]mpirical analysis reflects that the 'checklist' approach is ascendant in the Fifth Circuit." *Kimbrough v. Khan*, 2019 U.S. Dist. LEXIS 239530, at *27-28, (N.D. Tex. Apr. 8, 2020). Plaintiff's method of omitting the substance needed to maintain causes of action is either: 1) reckless, given the judicial preference for checklist review; or 2) strategic, recognizing that Plaintiff lacks support for factual allegations upon which relief can be granted. Either way, the result is the same for an insufficient complaint like the SAC. Dismissal.

29. Plaintiff failed to sufficiently plead any of their four causes of action and request for declaratory relief. Plaintiff did manage to plead themself out of court on several of the causes of action. "Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss." *Wells Fargo Bank, N.A. v. Sutherland*, 2017 U.S. Dist. LEXIS 218818, at *4 (W.D. Tex. November 28, 2017) (Lane, Mag.). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Regalado v. Mgt. & Training Corp.*, 2021 U.S. Dist. LEXIS 234736, at *6 (N.D. Tex. December 8, 2021) (Citing *Iqbal*, 556 U.S. at 678-79). The Court gave Plaintiff another opportunity to plead sufficiently. Now that Plaintiff has failed to do so, the Court "must faithfully fulfill" its "gatekeeping role [to] ensure the sufficiency of pleadings"[19] by dismissing Plaintiff's Case with prejudice for failing to state a claim upon which relief can be granted.

---

[19] *See* Schwartz & Appel, *Rational Pleading in the Modern World of Civil Litigation: The Lessons and Public Policy Benefits of Twombly and Iqbal*, 33 Harv.J.L. & Pub. Pol'y 1107, 1149 (2010).

Local Court Rule CV-10(b) Required Information:

Signature: Andrew R. Korn
ANDREW R. KORN
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Defendant Lottery.com, Inc.

CERTIFICATE OF SERVICE

I certify that on the 20th day of September, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Eddie Hodges, Jr.
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Email: eddie.hodges@kennardlaw.com
Attorney for Plaintiff

Andrew R. Korn
ANDREW R. KORN