IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN PETERSON, Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-646-RP |
| | § | |
| LOTTERY.COM, INC., Defendant. | § | |

**Lottery.com, Inc.'s Motion for Status Conference**

1. Defendant Lottery.com, Inc. ("Lottery.com) requests that the Court set a status conference – by telephone or Zoom Video Conference – to discuss the preferred method for the parties to jointly move to dismiss this Case. *See* FED. R. CIV. P. 16(a)(1) ("the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as expediting disposition of the action").

Plaintiff's attorneys of record are no longer representing Plaintiff

2. The PACER Docket Sheet for this Case identifies Eddie Robert Hodges, Jr. as Plaintiff's Lead Attorney and Alfonso Kennard, Jr. as an attorney for Plaintiff.[1]

[1] *See* Exhibit 1. Lottery.com requests that the Court take judicial notice of the PACER Docket Sheet in this Case and the following cases filed against Lottery.com by Messrs. Hodges and Kennard, including the PACER Docket sheets:

- *Yes Period, LLC v. Lottery.com* (1:23-cv-616-RP);
- *Marsh v. Lottery.com* (1:23-cv-880-RP); and
- *Wells v. Lottery.com* (1:23-cv-1081-RP).

*See Vanbaulen v. Wells Fargo Fin. Tex. LLC*, 2020 U.S. Dist. LEXIS 63092, at *6, 2020 WL 1817311 (E.D. Tex. Mar. 13, 2020) (Collecting cases) (District court may properly take judicial notice of its own records); *Flores v. U.S. Attorney General*, 2011 U.S. Dist. LEXIS 42007, at *22, 2011 WL 1486593 (W.D. Tex. Mar. 16, 2011) (Mathy, Mag.) ("The records of the District Clerk indicate plaintiff Eric Flores has filed numerous suits in the El Paso Division of this Court. The docket sheets pertaining to plaintiff

3. Eddie Robert Hodges, Jr. signed the last filing submitted on behalf of Plaintiff in this Case, a *Transcript Order Form* on April 29, 2025. (Dkt. 52).

4. State Bar of Texas records[2] currently show that Mr. Hodges is now working for the Office of the Attorney General – Texas. *See* Exhibit 2. State Bar of Texas records currently show that Mr. Kennard resigned in lieu of discipline on September 19, 2025.[3] *See* Exhibit 3. The Record does not indicate that Mr. Hodges or Mr. Kennard notified the Court of their change in status. Mr. Kennard is now prohibited from representing Plaintiff Ryan Peterson. *Magaha v. Holmes*, 886 S.W.2d 447, 448-449 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding); *Hall v. Southwest Airlines Co*., 282 F.R.D. 419 (N.D. Tex. 2012); *See also Liu v. Wells Fargo Bank*, 2019 U.S. Dist. LEXIS 225929, at *2

---

Eric Flores' prior suits in this Court are public record documents available to the undersigned through the CM/ECF system and available to any person through PACER; this report takes judicial notice of the public record documents pertaining to Flores' prior suits in this District.").

[2] Lottery.com requests that the Court take judicial notice of the attached records of the State Bar of Texas, available through:

> https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&Template=/CustomSource/MemberDirectory/Search_Form_Client_Main.cfm&Find=1

*See Hubbard v. Midland Credit Mgmt.*, 2013 U.S. Dist. LEXIS 162086, at *9-11 & n.4, 2013 WL 6027899, at *4 & n.4 (N.D. Tex. Nov. 13, 2013) (Taking judicial notice of information contained on the State Bar of Texas website); *Hall v. Nationstar Mortg. LLC*, 2013 U.S. Dist. LEXIS 169101, at *2, n.2 (E.D.N.Y. November 22, 2013) ("The Court takes judicial notice of the fact that Hall is not a licensed attorney in either New York State or this district."); *Langdale v. Villamil*, 813 S.W.2d 187, 189-190 (Tex. App.—Houston [14th Dist.] 1991, no writ) (Court may take judicial notice of whether an attorney holds a license to practice law in Texas).

[3] Previous findings of Mr. Kennard's professional misconduct are identified in this Case in *Defendant Lottery.com, Inc.'s Amended Motion to Set Aside Entry of Default* (Dkt. 18), p. 8-13; and *Marsh v. Lottery.com* (1:23-cv-880-RP) in Judge Lane's R&R (Dkt. 48), p. 1-4 *adopted* (Dkt. 60), p. 2 ("Additionally, in accordance with the report and recommendation, the Court refers Alphonso Kennard, Jr. to the Disciplinary Committee for the Western District of Texas.").

n.1, 2019 WL 7875056 (E.D. Tex. Dec. 12, 2019) (The unauthorized practice of law is a crime in Texas).[4]

Recent Events

5. As a result of direct communication between themselves, Plaintiff Ryan Peterson and Lottery.com, Inc. decided they want this Case dismissed without prejudice. *See* Exhibit 4. Given the unique way that Plaintiff Ryan Peterson's attorneys had their representation terminate, Lottery.com requests a status conference to discuss: 1) the Court's preferred method for presentation of a joint request to dismiss this Case without prejudice; and 2) any other matter that may aid the efficient administration or termination of this Case.

Local Court Rule CV-10(b) Required Information:

Signature: Andrew R. Korn
ANDREW R. KORN
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500

Attorney for Defendant Lottery.com, Inc.

[4] Lottery.com discussed this Court's prohibition against practice by licensed attorneys who are not admitted in this District in *Defendant Lottery.com, Inc.'s Motion to Strike Entry of Default* (Dkt. 19), p. 2-9.

## Certificate of Conference

On February 2, 2026, the undersigned conferred with Eddie Hodges, Jr., who remains designated as Lead Attorney for Plaintiff on the PACER Docket. *See* Exhibit 1. Mr. Hodges stated that his employment with the Texas Attorney General prohibits him from representing Mr. Peterson. Mr. Hodges did file a motion to withdraw in the Appeal from this Case (No. 25-50261) which the Court granted. *See* Exhibit 5. Mr. Hodges acknowledged that he had not withdrawn from this Case, but would be filing a motion to do so, possibly that day. Lottery.com is unopposed to Mr. Hodges request to withdraw as attorney for Plaintiff Ryan Peterson.

However, because of the duty to inform the Court about the status of the Case, Lottery.com cannot keep waiting until Mr. Hodges completes the process of withdrawing to inform the Court about Plaintiff's intent to dismiss his claims and the inability of his counsel to file the dismissal. *See Hartsell v. Source Media*, 2003 U.S. Dist. LEXIS 5250, at *9, 2003 WL 21245989 (N.D. Tex. Mar. 31, 2003) (Citing *Bd. of License Comm'rs. v. Pastore*, 469 U.S. 238, 240, 83 L. Ed. 2d 618, 105 S. Ct. 685 (1985) (quoting *Fusari v. Steinberg*, 419 U.S. 379, 391, 42 L. Ed. 2d 521, 95 S. Ct. 533 (1975)) ("The duty of candor includes a 'continuing duty to inform the Court of any development which may conceivably affect the outcome of the litigation.'").

Andrew R. Korn
ANDREW R. KORN

## Certificate of Service

I certify that on the 3rd day of February, 2026, I e-mailed a copy of this instrument to Plaintiff Ryan Peterson at: rpeterson@serenitysoft.com.

Andrew R. Korn
ANDREW R. KORN