IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN PETERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-646-RP |
| | § | |
| LOTTERY.COM, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Lottery.com, Inc.'s ("Lottery.com") Motion for Status Conference. (Mot., Dkt. 54). On November 5, 2025, the Fifth Circuit affirmed in part and reversed in part this Court's Order dismissing Plaintiff Ryan Peterson's ("Plaintiff") claims against Lottery.com. (Mandate, Dkt. 53). The Fifth Circuit mandate was docketed on November 26, 2025. (*Id.*). Lottery.com now represents to the Court that, though Plaintiff's two attorneys of record did not move to withdraw as counsel in this case, Mr. Alfonso Kennard, Jr. is no longer licensed to practice law in Texas,[1] as he resigned in lieu of discipline in September 2025, and Mr. Eddie Robert Hodges, Jr. now works for the Office of the Attorney General of Texas. (*Id.* at 2). Based on Lottery.com's communications directly with Plaintiff, it appears that Plaintiff's attorneys did not inform him of their respective changes in employment. (Email from Pl., Dkt. 54-4). Lottery.com further represents that Plaintiff himself informed Lottery.com that he wishes to withdraw his claims and for this action to be dismissed. (*Id.*; Mot., Dkt. 54, at 3). Lottery.com now asks the Court for a status conference given the unique way Plaintiff's attorneys' representation terminated.[2]

[1] The Court also notes that Mr. Kennard's license to practice in the Western District of Texas was revoked on September 25, 2025. (*In the Matter of Alfonso "Fonz" Kennard Jr.*, W.D. Tex. Sept. 25, 2025).
[2] Counsel for Lottery.com also represents that he conferred with Mr. Eddie Hodges, who confirmed that he can no longer represent Plaintiff due to his employment with the Attorney General of Texas. (Mot., Dkt. 54,

The Court will grant the motion for a telephonic status conference. Though Lottery.com does not state whether this motion is opposed or unopposed, which would normally be required under Local Rule CV-7(g), the Court understands that this is a unique circumstance. The Court will therefore grant the motion in its discretion without waiting for a response. **Plaintiff Ryan Peterson, Mr. Eddie Hodges, and counsel for Lottery.com are required to attend the telephone status conference**. The Court will also require counsel for Lottery.com to send a copy of this Order to Plaintiff and to Mr. Eddie Hodges.

Accordingly, **IT IS ORDERED** that Lottery.com's Motion for Status Conference, (Dkt. 54), is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties and Mr. Eddie Hodges shall appear by phone for a telephone conference on **Tuesday, February 17, 2026, at 9:30 a.m. Central Time**.

The parties are directed to use the below dial-in information:

**Please call in 5 minutes prior to start of hearing.**

1. Toll free number: 1-855-244-8681
2. Meeting number: 2317 325 7654

If there are questions regarding the telephonic appearance, the parties should contact Julie Golden, Courtroom Deputy, at julie_golden@txwd.uscourts.gov.

The use of speaker phones is prohibited during a telephonic appearance. Additionally, because earlier hearings in other cases may be in progress at the time attorneys call in for their scheduled conference, attorneys should call in with their phones on "mute" and wait for the Courtroom Deputy to call this case before they speak.

at 4). Mr. Hodges purportedly stated that he would move to withdraw from this case; to date, he has not done so. (*Id.*).

**IT IS FINALLY ORDERED** that counsel for Lottery.com shall serve Plaintiff and Mr. Hodges with a copy of this Order.[3]

**SIGNED** on February 4, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

[3] Counsel for Lottery.com may send the Order to Plaintiff via email, as they have previously successfully communicated in that manner. (*See* Email from Pl., Dkt. 54-4). It is not clear how counsel for Lottery.com communicated with Mr. Eddie Hodges; if it was via email, counsel may likewise send him this Order via email.